JUDGE CASTEL

10 CIV 5713

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMBLAZE LTD.<br>　　　　Plaintiff,<br>vs.<br>APPLE INC.<br>　　　　Defendant. | Case No.:<br><br>COMPLAINT FOR PATENT INFRINGEMENT<br>(Trial by Jury Demanded) |

RECEIVED JUL 28 2010 U.S.D.C. S.D.N.Y. CASHIERS

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Emblaze, Ltd. ("Emblaze"), formerly known as Geo Interactive Media Group, Ltd., for its Complaint against Defendant, Apple Inc. ("Apple"), alleges as follows:

### I. PARTIES

1. Emblaze is an international Israeli corporation doing business world wide in development and marketing of innovative high-tech technologies and products. Emblaze's main offices are situated at Emblaze House, 22 Zarhin Street, Ra'anana, Israel 43662.

2. Emblaze is a publicly held company with shares registered and traded on the main London stock exchange continuously since 1996.

3. Upon information and belief, Apple is a California corporation, doing business worldwide, with its principal offices situated at One Infinite Loop, Cupertino, California 95014.

4. Emblaze maintains several regular and established places of business, and this district has served as its center for North American activities for development of the technologies that are the subject matter of this claim.

5.      Upon information and belief, Apple maintains several regular and established places of business within this district, including at 767 Fifth Avenue, New York, New York 10153.

## II.     JURISDICTION AND VENUE

6.      Subject matter jurisdiction is based on 28 U.S.C. §§ 1331 and 1338(a), in that this action arises under the patent laws of the United States (35 U.S.C. § 1, *et seq.*).

7.      Venue lies in this Court pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## III.    COUNT I – PATENT INFRINGEMENT

8.      Emblaze is the owner of several United States Patents, including U.S. Patent No. 6,389,473 ("the '473 Patent"). A true and correct copy of the '473 Patent is attached hereto as Exhibit A.

9.      The '473 patent claims methods for real-time broadcasting over a network, such as over the Internet.

10.     Emblaze developed the technology described and claimed in the '473 patent and has used this technology in its products.

11.     Emblaze first unveiled the technology described and claimed in the '473 patent in a live video streaming broadcast from the White House during Easter, 1998. Emblaze's live streaming technology allows transmission of live audio and video to multiple devices, saves on data traffic, does not require devoted streaming servers, and allows reliable streaming even through firewalls.

12.     Upon information and belief, Apple has used and continues to use, sold and/or offered to sell in New York and elsewhere and/or imported into New York and elsewhere products incorporating "HTTP Live Streaming Standard technology" that have been and can be used for real-

time broadcasting and that infringe one or more of claims 9, 10, 11, 12, 18, 19 and 23 of the '473 patent in violation of 35 U.S.C. § 271.

13. Apple announced the introduction of its HTTP Live Streaming Standard technology into its products on or about mid-2009, and such technology is embedded into Apple's best selling products in this district and world wide (iPhone; iPod Touch; iPad; and Quick Time X which is part of Apple's Snow Leopard operating system installed in MAC notebooks and desktop computers).

14. Upon information and belief, the acts of infringement by Apple are willful, intentional and in conscious disregard of Emblaze's rights under the '473 patent.

15. Shortly after Apple's CEO, Steve Jobs, announced Apple's adoption of the HTTP Live Streaming Standard technology into its products, Emblaze informed Apple that Apple's HTTP Live Streaming Standard technology infringes the '473 patent and offered Apple a license to practice under the '473 patent.

16. To date, Apple has declined to take a license under the '473 patent.

17. As a result of Apple's infringement of the claims of the '473 patent, Apple has made and will continue to make unlawful gains and profits, and Emblaze has been and will continue to be deprived of revenue that it would otherwise have generated but for such infringement.

18. Emblaze has been and will continue to be irreparably harmed by Apple's infringement of the '473 patent.

19. The extent of Emblaze's damages cannot be determined except by an accounting.

## IV. JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Emblaze requests a trial by jury.

## V. PRAYER FOR RELIEF

Wherefore, Emblaze prays for relief as follows:

A. A judgment that Apple has infringed the '473 Patent in violation of 35 U.S.C. §§ 271;

B. An order enjoining and restraining Apple, its officers, directors, agents, servants, employees, affiliates, attorneys and all others in active concert or participation with Apple, from infringing the '473 Patent, pursuant to 35 U.S.C. § 283;

C. A judgment awarding Emblaze its damages, but not less than a reasonable royalty, resulting from Apple's infringement, pursuant to 35 U.S.C. § 284;

D. An accounting of Apple's revenue from the sale, licensing or other distribution of Apple's infringing products;

E. A judgment that Apple's acts of infringement have been in willful, knowing, and deliberate disregard of Emblaze's patent rights, and awarding Emblaze enhanced damages pursuant to 35 U.S.C. § 284;

F. A judgment awarding Emblaze its costs, disbursements, and attorneys' fees incurred in prosecuting this action pursuant to 35 U.S.C. §§ 284 and/or 285;

G. A judgment awarding Emblaze pre- and post-judgment interest on any monetary award; and

H.  Such other relief as the Court may deem just, equitable, and proper.

COHEN PONTANI LIEBERMAN & PAVANE, LLP

Date: July 28, 2010          By: _____
                                 Martin B. Pavane (MP 4871)
                                 Edward M. Weisz (EW 4461)
                                 Roger S. Thompson (RT 2117)
                                 551 Fifth Avenue
                                 New York, New York 10176
                                 *Attorneys for Plaintiff Emblaze, Ltd.*