**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EMBLAZE LTD. | 10 CIV 5713 (PKC) |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| APPLE INC. | |
| Defendant. | |

## DEFENDANT APPLE INC.'S ORIGINAL ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant Apple Inc. ("Apple") files this Original Answer, Affirmative Defenses and Counterclaims to Plaintiff's Original Complaint for Patent Infringement (the "Complaint") filed by Emblaze, Ltd. ("Emblaze").

## I.     PARTIES

1.     Apple is without sufficient information or knowledge to either admit or deny the allegations in paragraph 1 and therefore denies the same.

2.     Apple is without sufficient information or knowledge to either admit or deny the allegations in paragraph 2 and therefore denies the same.

3.     Apple admits that it is a California corporation with its principal offices situated at One Infinite Loop, Cupertino, California 95014.

4.     Apple is without sufficient information or knowledge to either admit or deny the allegations in paragraph 4 and therefore denies the same.

5.     Apple admits that it maintains several places of business within this jurisdiction, including at 767 Fifth Avenue, New York, New York 10153.

1

## II.   JURISDICTION AND VENUE

6.      Apple admits that this Court has subject matter jurisdiction over this action.

7.      Apple does not contest at this time that venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b).  Apple denies, pursuant to 28 U.S.C. §§ 1404, that this district is the most convenient forum for the parties and witnesses.

## III.   COUNT I - PATENT INFRINGEMENT

8.      Apple admits that what appears to be a copy of United States Patent No. 6,389,473 ("the '473 patent") is attached as Exhibit A to Emblaze's Complaint.  Apple is without sufficient information or knowledge to either admit or deny the remaining allegations in paragraph 8 and therefore denies the same.

9.      Apple is without sufficient information or knowledge to either admit or deny the allegations in paragraph 9 and therefore denies the same.

10.      Apple is without sufficient information or knowledge to either admit or deny the allegations in paragraph 10 and therefore denies the same.

11.      Apple is without sufficient information or knowledge to either admit or deny the allegations in paragraph 11 and therefore denies the same.

12.      Apple admits that it has used and continues to use, has sold and/or offered to sell in New York and elsewhere products incorporating Apple's HTTP Live Streaming technology. Apple denies that its HTTP Live Streaming technology or any other Apple products or services infringe any claims of the '473 patent.

13.      Apple admits that it announced the introduction of Apple's HTTP Live Streaming technology on or about mid-2009, and that such technology is utilized in certain of Apple's products.  Apple denies the remaining allegations in paragraph 13.

14.     Apple denies the allegations in paragraph 14.

15.     Apple admits that Emblaze sent a letter to Apple on October 29, 2010 alleging that Apple's HTTP Live Stream Standard technology infringes the '473 patent and offering to discuss possible licensing under the '473 patent.  Apple denies the remaining allegations in paragraph 15.

16.     Apple admits that it has declined to take a license under the '473 patent.

17.     Apple denies the allegations in paragraph 17.

18.     Apple denies the allegations in paragraph 18.

19.     Apple denies the allegations in paragraph 19.

**IV.    JURY DEMAND**

20.     Apple also demands a trial by jury.

**V.    PRAYER FOR RELIEF**

21.     Apple opposes Emblaze's requested relief against Apple or any other relief Emblaze requests against Apple.

**VI.    DENIAL OF ANY REMAINING ALLEGATIONS**

22.     Except as specifically admitted herein, Apple denies any remaining allegations in Emblaze's Complaint.

**VII.    AFFIRMATIVE DEFENSES**

23.     Apple incorporates by reference the foregoing paragraphs in their entirety and asserts the following Affirmative Defenses.

<u>**FIRST AFFIRMATIVE DEFENSE**</u>
<u>**(No Infringement)**</u>

24.     Apple does not infringe and has not infringed any valid and enforceable claim of the '473 patent.

3

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

25.     Claims of the '473 patent are invalid for failure to satisfy the conditions for

patentability set forth in Title 35 of the United States Code, including without limitation §§ 101,

102, 103, and 112.

## THIRD AFFIRMATIVE DEFENSE
### (Laches, Waiver, Estoppel)

26.     Emblaze's claims are barred in whole or in part by the doctrines of laches, waiver,

and/or estoppel.

## FOURTH AFFIRMATIVE DEFENSE
### (Notice, Damages, and Costs)

27.     Emblaze's claims for damages, if any, are statutorily limited by 35 U.S.C. § 286

and/or §287.

28.     Emblaze is barred from recovering costs in connection with this action under 35

U.S.C. § 288.

## RESERVATION OF AFFIRMATIVE DEFENSES

29.     Apple hereby reserves the right to supplement and/or amend its affirmative

defenses as discovery proceeds in this case.

## VIII.   COUNTERCLAIMS

Incorporating by reference the foregoing paragraphs in their entirety, Apple asserts the

following counterclaims against Emblaze.

## PARTIES

1.      Counterclaim Plaintiff, Apple, is a California Corporation with its principal place

of business at One Infinite Loop, Cupertino, California 95014.

2.      On information and belief based on Plaintiff's Complaint, Counterclaim Defendant Emblaze, Ltd. is an Israeli corporation having a principal place of business at Emblaze House, 22 Zarhin Street, Ra'anana, Israel 43662.

## JURISDICTION AND VENUE

3.      These counterclaims arise under the patent laws of the United States as enacted under Title 35 of the United States Code and the provisions of the Federal Declaratory Judgment Act. The jurisdiction of this Court is proper under 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

4.      Venue is technically proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400.  Apple asserts, pursuant to 28 U.S.C. §§ 1404, that this district is not the most convenient forum for the parties and witnesses.

## COUNT I – DECLARATION OF NON-INFRINGEMENT

5.      Based on Emblaze's filing of this action and Apple's Affirmative Defenses, an actual controversy has arisen and now exists between Emblaze and Apple as to whether Apple has infringed or is infringing one or more claims of the '473 patent.

6.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Apple requests the declaration of the Court that Apple does not infringe and has not infringed any valid and enforceable claim of the '473 patent.

## COUNT II – DECLARATION OF PATENT INVALIDITY

7.      Based on Emblaze's filing of this action and Apple's Affirmative Defenses, an actual controversy has arisen and now exists between Emblaze and Apple as to the validity of the claims of the '473 patent.

8.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Apple requests the declaration of the Court that the '473 patent is invalid.

## JURY DEMAND

9.     Apple demands a trial by jury.

## PRAYER FOR RELIEF

Apple respectfully requests a judgment against Emblaze as follows:

      A.     A declaration that Apple does not infringe and has not infringed any valid and enforceable claim of the '473 patent;

      B.     A declaration that the '473 patent is invalid;

      C.     That Emblaze take nothing by its Complaint against Apple;

      D.     That the Court enter judgment against Emblaze and in favor of Apple and that Emblaze's Complaint be dismissed with prejudice;

      E.     That the Court enter a judgment that this is an exceptional case under 35 U.S.C. § 285 and enter a judgment awarding Apple its costs and reasonable attorneys' fees; and

      F.     That the Court grant Apple whatever further relief the Court may deem just and proper.

Dated:  September 10, 2010

Respectfully submitted,

GREENBERG TRAURIG, LLP

By:  _____
Scott J. Bornstein
bornsteins@gtlaw.com
James J. DeCarlo
decarloj@gtlaw.com
Julie P. Bookbinder
bookbinderj@gtlaw.com
MetLife Building
200 Park Avenue, 34th Floor
New York, New York 10166
Tel.: (212) 801-9200
Fax: (212) 801-6400
*Attorneys for Defendant Apple Inc.*

7