

**FILED**

DEC 22 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EMBLAZE LTD., | Case No.    Case No. C-11-01079-SBA |
| Plaintiff, | [PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF CONFIDENTIAL DISCOVERY MATERIALS |
| v. | |
| APPLE INC., | |
| Defendant. | |

Plaintiff Emblaze Ltd. ("Plaintiff") and Defendant Apple Inc. ("Defendant") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following [Proposed] Stipulated Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

### 1.    PURPOSES AND LIMITATIONS

(a)    Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

1

(b)     The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a). Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below. If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

## 2.     **DEFINITIONS**

(a)     "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

(b)     "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party, (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation, and (iii) outside, independent attorneys contracted to provide legal advice to a Party in connection with this action.

(c)     "Patents-in-suit" means U.S. Patent No. 6,389,473, and any other patent asserted in this action, as well as any related patents, patent applications, provisional patent applications, continuations, and/or divisionals.

(d)     "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

(e)     "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

(f)     "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," as provided for in this Order. Protected Material shall not include: (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that have been disseminated to the public.

1         (g)    "Receiving Party" means any Party who receives Discovery Material from a

2 Producing Party.

3         (h)    "Source Code" means computer code, scripts, assembly, object code, source

4 code listings and descriptions of source code, object code listings and descriptions of object code, and

5 Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the

6 hardware design of any ASIC or other chip.

7     **3.**    **COMPUTATION OF TIME**

8         The computation of any period of time prescribed or allowed by this Order shall be

9 governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

10     **4.**    **SCOPE**

11         (a)    The protections conferred by this Order cover not only Discovery Material

12 governed by this Order as addressed herein, but also any information copied or extracted therefrom,

13 as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or

14 presentations by Parties or their counsel in court or in other settings that might reveal Protected

15 Material.

16         (b)    Nothing in this Protective Order shall prevent or restrict a Producing Party's

17 own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall

18 preclude any Receiving Party from showing any Protected Material to an individual who prepared the

19 Protected Material.

20         (c)    Nothing in this Order shall be construed to prejudice any Party's right to use

21 any Protected Material in court or in any court filing with the consent of the Producing Party or by

22 order of the Court.

23         (d)    This Order is without prejudice to the right of any Party to seek further or

24 additional protection of any Discovery Material or to modify this Order in any way, including,

25 without limitation, an order that certain matter not be produced at all.

26

27

28

5.    **DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

6.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)    Basic Principles.  All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function.  Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b)    Patent Prosecution Bar.  Absent the written consent of the Producing Party, any person who receives one or more items specifically designated "PROSECUTION BAR MATERIAL" shall not be involved, directly or indirectly, in any of the following activities: advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the disclosure in patent applications or specifications or the scope of claims in patents or patent applications relating to the functionality, operation, and design of streaming media technology (generally or as described in any patent in suit), before any foreign or domestic agency, including the United States Patent and Trademark Office.  Further, any person employed by, related to, or representing a Receiving Party who receives one or more items designated "PROSECUTION BAR MATERIAL" by a Producing Party shall not be involved, directly or indirectly, in the acquisition of patents (including patent applications), or the rights to any such patents or patent applications with the right to sublicense, relating to the functionality, operation, and design of streaming media technology.  These prohibitions are not intended to and shall not preclude counsel from participating in reissue or reexamination proceedings on behalf of a Party challenging or defending the validity of any patent. These prohibitions shall begin when access to "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" materials are first received by the affected individual, and shall end one (1) year after the final resolution of this action,

4

1  including all appeals, provided, however, that if all of the "PROSECUTION BAR MATERIAL"

2  received by a person becomes publicly known or available through no fault of the Receiving Party,

3  the restrictions imposed on the person by this paragraph 6.(b) shall also end.

4          (c)    <u>Secure Storage</u>. Protected Material must be stored and maintained by a

5  Receiving Party at a location and in a secure manner that ensures that access is limited to the persons

6  authorized under this Order.

7          (d)    <u>Legal Advice Based on Protected Material</u>. Nothing in this Protective Order

8  shall be construed to prevent counsel from advising their clients with respect to this case based in

9  whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material

10  itself except as provided in this Order.

11          (e)    <u>Limitations</u>. Nothing in this Order shall restrict in any way a Producing

12  Party's use or disclosure of its own Protected Material. Nothing in this Order shall restrict in any

13  way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become

14  publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to

15  the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or

16  provided by the Producing Party to the Receiving Party or a non-party without an obligation of

17  confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or

18  (v) pursuant to an order of the Court.

19         **7.**   **DESIGNATING PROTECTED MATERIAL**

20          (a)    <u>Available Designations</u>. Any Producing Party may designate Discovery

21  Material with any of the following designations, provided that it meets the requirements for such

22  designations as provided for herein: "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS'

23  EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE

24  CODE." Any Producing Party that desires Discovery Material to be governed by the prosecution bar

25  herein may further designate any "CONFIDENTIAL - ATTORNEYS' EYES ONLY" or

26  "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" Discovery

27  Material with the additional designation "PROSECUTION BAR MATERIAL," provided that (i)

28  such material actually contains confidential technical information concerning current or future

1    software, products, or services of the Producing Party that are currently offered or sold by, or are

2    planned to be offered or sold by, the Producing Party; and (ii) otherwise meets the requirements of

3    "CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – OUTSIDE

4    ATTORNEYS' EYES ONLY - SOURCE CODE" described below.

5              (b)    Written Discovery and Documents and Tangible Things. Written discovery,

6    documents (which include "electronically stored information," as that phrase is used in Federal Rule

7    of Procedure 34), and tangible things that meet the requirements for the confidentiality designations

8    listed in Paragraph 7(a) may be so designated by placing the appropriate designation on every page of

9    the written material prior to production. For digital files being produced, the Producing Party may

10   mark each viewable page or image with the appropriate designation, and mark the medium, container,

11   and/or communication in which the digital files were contained. In the event that original documents

12   are produced for inspection, the original documents shall be presumed "CONFIDENTIAL –

13   ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate during the

14   copying process.

15             (c)    Depositions and Testimony. Parties or testifying persons or entities may

16   designate depositions and other testimony with the appropriate designation by indicating on the

17   record at the time the testimony is given or by sending written notice of how portions of the transcript

18   of the testimony are designated within thirty (30) days of receipt of the transcript of the testimony. If

19   no indication on the record is made, all information disclosed during a deposition shall be deemed

20   "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within which it may be

21   appropriately designated as provided for herein has passed. Any Party that wishes to disclose the

22   transcript, or information contained therein prior to the designation of portions of the transcript or the

23   expiration of the period provided herein for designating portions of the transcript, may provide

24   written notice of its intent to treat the transcript as non-confidential, after which time, any Party that

25   wants to maintain any portion of the transcript as confidential must designate the confidential

26   portions within fourteen (14) days, or else the transcript may be treated as non-confidential. Any

27   Protected Material that is used in the taking of a deposition shall remain subject to the provisions of

28   this Protective Order, along with the transcript pages of the deposition testimony dealing with such

Protected Material.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties."  Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

**8.   DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a)   A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b)   Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)   The Receiving Party's Outside Counsel;

(ii)   Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(iii)   Not more than three (3) representatives of the Receiving Party who are officers or employees of the Receiving Party, who may be, but need not be, in-house counsel for the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this case, provided that:  (a) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

1              (iv)    Any outside expert or consultant retained by the Receiving Party to

2    assist in this action, provided that disclosure is only to the extent necessary to perform such work;

3    and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the

4    Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current

5    officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of

6    retention to become an officer, director or employee of a Party or of a competitor of a Party; and (c)

7    no unresolved objections to such disclosure exist after proper notice has been given to all Parties as

8    set forth in Paragraph 12 below;

9              (v)    Court reporters, stenographers and videographers retained to record

10   testimony taken in this action;

11             (vi)    The Court, jury, and court personnel;

12             (vii)    Graphics, translation, design, and/or trial consulting personnel, having

13   first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

14             (viii)    Mock jurors who have signed an undertaking or agreement agreeing

15   not to publicly disclose Protected Material and to keep any information concerning Protected

16   Material confidential;

17             (ix)    Any mediator who is assigned to hear this matter, and his or her staff,

18   subject to their agreement to maintain confidentiality to the same degree as required by this

19   Protective Order; and

20             (x)    Any other person with the prior written consent of the Producing Party.

21

22   **9.**    **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL –**
     **ATTORNEYS' EYES ONLY"**

23           (a)    A Producing Party may designate Discovery Material as "CONFIDENTIAL –

24   ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential

25   and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such

26   Discovery Material is likely to cause economic harm or significant competitive disadvantage to the

27   Producing Party. The Parties agree that the following information, if non-public, shall be presumed

28   to merit the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation:  trade secrets, pricing

STIPULATED PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS

1     information, financial data, sales information, sales or marketing forecasts or plans, business plans,

2     sales or marketing strategy, product development information, engineering documents, testing

3     documents, employee information, and other non-public information of similar competitive and

4     business sensitivity.

5             (b)     Unless otherwise ordered by the Court, Discovery Material designated as

6     "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

7             (i)     The Receiving Party's Outside Counsel, except that unless otherwise

8     agreed no Outside Counsel who is involved in competitive decision-making, as defined by *U.S. Steel*

9     *v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), shall have access to Discovery Material

10     designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY";

11           (ii)     Outside Counsel's immediate paralegals and staff, and any copying or

12     clerical litigation support services working at the direction of such counsel, paralegals, and staff;

13          (iii)     Any outside expert or consultant retained by the Receiving Party to

14     assist in this action, provided that disclosure is only to the extent necessary to perform such work;

15     and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the

16     Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer,

17     director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention

18     to become an officer, director, or employee of a Party or of a competitor of a Party; (c) such expert or

19     consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*,

20     730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and (d) no

21     unresolved objections to such disclosure exist after proper notice has been given to all Parties as set

22     forth in Paragraph 12 below;

23          (iv)     Court reporters, stenographers and videographers retained to record

24     testimony taken in this action;

25          (v)     The Court, jury, and court personnel;

26          (vi)     Graphics, translation, design, and/or trial consulting personnel, having

27     first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

28

(vii)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(viii)    Any other person with the prior written consent of the Producing Party.

## 10.    DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE"

(a)    To the extent production of Source Code becomes necessary to the prosecution or defense of the case, a Producing Party may designate Source Code as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

(b)    Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

(c)    Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be subject to the provisions set forth in Paragraph 11 below, and may be disclosed, subject to Paragraph 11 below, solely to:

(i)    The Receiving Party's Outside Counsel, except that unless otherwise agreed no Outside Counsel who is involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), shall have access to Discovery Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE";

(ii)    Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(iii)    Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention

1   to become an officer, director or employee of a Party or of a competitor of a Party; (c) such expert or

2   consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*,

3   730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and (d) no

4   unresolved objections to such disclosure exist after proper notice has been given to all Parties as set

5   forth in Paragraph 12 below;

6              (iv)     Court reporters, stenographers and videographers retained to record

7   testimony taken in this action;

8              (v)     The Court, jury, and court personnel;

9              (vi)     Any mediator who is assigned to hear this matter, and his or her staff,

10   subject to their agreement to maintain confidentiality to the same degree as required by this

11   Protective Order; and

12              (vii)    Any other person with the prior written consent of the Producing Party.

13   **11.    DISCLOSURE AND REVIEW OF SOURCE CODE**

14         (a)     Any Source Code that is produced by Plaintiff shall be made available for

15   inspection in electronic format at the office of its outside counsel, Cozen O'Connor, located at 277

16   Park Avenue, New York, NY 10172 or any other location mutually agreed by the Parties. Any

17   Source Code that is produced by Apple Inc. will be made available for inspection at the East Palo

18   Alto offices of its outside counsel, Greenberg Traurig, LLP, or any other location mutually agreed by

19   the Parties. Source Code will be made available for inspection between the hours of 8 a.m. and 6

20   p.m. on business days (i.e., weekdays that are not Federal holidays), although the Parties will be

21   reasonable in accommodating reasonable requests to conduct inspections at other times.

22         (b)     Prior to the first inspection of any requested Source Code, the Receiving Party

23   shall provide thirty (30) days notice of the Source Code that it wishes to inspect. The Receiving

24   Party shall provide fourteen (14) days notice prior to any additional inspections.

25         (c)     Source Code that is designated "CONFIDENTIAL – OUTSIDE

26   ATTORNEYS' EYES ONLY - SOURCE CODE" shall be produced for inspection and review

27   subject to the following provisions, unless otherwise agreed by the Producing Party:

28

STIPULATED PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS

1              (i)      All Source Code shall be made available by the Producing Party to the

2    Receiving Party's outside counsel and/or experts in a secure room on a secured computer without

3    Internet access or network access to other computers, as necessary and appropriate to prevent and

4    protect against any unauthorized copying, transmission, removal or other transfer of any Source Code

5    outside or away from the computer on which the Source Code is provided for inspection (the "Source

6    Code Computer" in the "Source Code Review Room"). The Producing Party shall install tools that

7    are sufficient for viewing and searching the code produced, on the platform produced, if such tools

8    exist and are presently used in the ordinary course of the Producing Party's business. The Receiving

9    Party's outside counsel and/or experts may request that commercially available software tools for

10   viewing and searching Source Code be installed on the secured computer, provided, however, that (a)

11   the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party

12   approves such software tools; and (c) such other software tools are reasonably necessary for the

13   Receiving Party to perform its review of the Source Code consistent with all of the protections herein.

14   The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed

15   software tool(s) at least fourteen (14) days in advance of the date upon which the Receiving Party

16   wishes to have the additional software tools available for use on the Source Code Computer.

17             (ii)     No recordable media or devices capable of recording and/or storing

18   audio, visual or electronic data, including without limitation sound recorders, computers, cellular

19   telephones, peripheral equipment, cameras, CDs, DVDs, flash drives or storage drives or media of

20   any kind, shall be permitted into the Source Code Review Room.

21             (iii)    The Receiving Party's outside counsel and/or experts shall be entitled

22   to take notes relating to the Source Code, which notes may be taken on a computer that has any and

23   all camera functions, audio recording functions, data transfer functions, and internet capabilities

24   locked or otherwise made inoperable, and these notes taken on said computer may only include

25   names of source code files, line numbers, function names and function call sequences and

26   dependencies/entry points, but the Receiving Party's outside counsel and/or experts may not copy the

27   Source Code into the notes and may not take such notes electronically on the Source Code Computer

28   itself.

1     (iv)  The Producing Party may visually monitor the activities of the

2 Receiving Party's representatives during any Source Code review, but only to ensure that no

3 unauthorized electronic records of the Source Code and no information concerning the Source Code

4 are being created or transmitted in any way. The Producing Party may not monitor the oral

5 communications of the Receiving Party during the review, nor review the notes of the Receiving

6 Party.

7     (v)  No copies of all or any portion of the Source Code may leave the

8 room in which the Source Code is inspected except as otherwise provided herein. Further, no other

9 written or electronic record of the Source Code is permitted except as otherwise provided herein. The

10 Producing Party shall make available a laser printer with commercially reasonable printing speeds for

11 on-site printing during inspection of the Source Code. The Receiving Party may print limited

12 portions of the Source Code only when absolutely and directly necessary to prepare court filings or

13 pleadings or other papers (including a testifying expert's expert report). Any printed portion that

14 consists of more than five (5) pages printed in no smaller than ten (10) point font and one (1) inch

15 margins of a continuous block of Source Code shall be presumed to be excessive, and the burden

16 shall be on the Receiving Party to demonstrate the need for such a printed copy. The Receiving Party

17 shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance,

18 i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer, as

19 the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by

20 printing portions of code for review and analysis elsewhere, and that printing is permitted only when

21 absolutely and directly necessary to prepare court filings or pleadings or other papers (including a

22 testifying expert's expert report). Upon printing any such portions of Source Code, the printed pages

23 shall be collected by the Producing Party. The Producing Party shall Bates number, copy, and label

24 "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" any pages

25 printed by the Receiving Party. Within ten (10) days, the Producing Party shall either (i) provide one

26 copy set of such pages to the Receiving Party or (ii) inform the Requesting Party that it objects that the

27 printed portions are excessive and/or not done for a permitted purpose. If, after meeting and

28 conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving

Party shall be entitled to seek a Court resolution of whether the printed Source Code in question is narrowly tailored and was printed for a permitted purpose. The burden shall be on the Receiving Party to demonstrate that such printed portions are no more than is reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere. The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.

(vi)     All persons who will review a Producing Party's Source Code on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least five (5) days in advance of the first time that such person reviews such Source Code. Such identification shall be in addition to any other disclosure required under this Order. All persons viewing Source Code shall sign on each day they view Source Code in a log maintained by Producing Party's outside counsel that will include the names of persons who enter the locked room to view the Source Code and when they enter and depart.

(vii)     Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room. The Producing Party shall not be responsible for any items left in the room following each inspection session.

(viii)     Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device. The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its outside counsel of record.

(ix)     The Receiving Party's outside counsel of record may make no more than three (3) additional paper copies of any portions of the Source Code received from a Producing Party pursuant to Paragraph 11(c)(v), not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the Source Code. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are

1    stored.  Upon reasonable advance notice to the Receiving Party by the Producing Party, the Receiving

2    Party shall provide a copy of this log to the Producing Party.

3              (x)      The Receiving Party's outside counsel of record and any person

4    receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at

5    their offices in a manner that prevents duplication of or unauthorized access to the Source Code,

6    including, without limitation, storing the Source Code in a locked room or cabinet at all times when it

7    is not in use.

8              (xi)     For depositions, the Receiving Party shall not bring copies of any

9    printed Source Code.  Rather, unless otherwise agree by the parties, at least five (5) business days,

10   before the date of the deposition, the Receiving Party shall notify the Producing Party about the

11   specific portions of Source Code it wishes to use at the deposition, and the Producing Party shall

12   bring printed copies of those portions to the deposition for use by the Receiving Party.  For

13   depositions that involve Source Code and are conducted in East Palo Alto, CA, the Producing Party

14   shall make available on a computer at depositions the full Source Code that the Producing Party has

15   produced in the event that it becomes necessary to have other portions of the Source Code available

16   to the witness.  Copies of Source Code that are marked as deposition exhibits shall not be provided to

17   the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the

18   exhibit by its production numbers.  All paper copies of Source Code brought to the deposition shall

19   be securely destroyed in a timely manner following the deposition.  In addition to the three copies

20   permitted under Sec 11(c)(ix), one paper copy of Source Code marked as an exhibit to a deposition

21   transcript may be maintained by the Receiving Party's outside counsel, subject to the conditions of

22   Sec. 11(c)(x) above.

23             (xii)    Except as provided in this sub-paragraph, absent express written

24   permission from the Producing Party, the Receiving Party may not create electronic images, or any

25   other images, or make electronic copies, of the Source Code from any paper copy of Source Code for

26   use in any manner (including by way of example only, the Receiving Party may not scan the Source

27   Code to a PDF or photograph the code).  Images or copies of Source Code shall not be included in

28   correspondence between the Parties (references to production numbers shall be used instead), and

1 shall be omitted from pleadings and other papers whenever possible. If a Party reasonably believes

2 that it needs to submit a portion of Source Code as part of a filing with the Court, such filing must be

3 made under seal pursuant to the Local Rules and practices of this Court. If a Receiving Party uses

4 any produced Source Code in a Court filing, the Receiving Party's communication and/or disclosure

5 of electronic files or other materials containing any portion of Source Code (paper or electronic) shall

6 at all times be limited solely to individuals who are expressly authorized to view Source Code under

7 the provisions of this Order. When such electronic copies of Source Code must be prepared to

8 comply with the Court's sealed filing procedures, the Receiving Party shall maintain a log of all such

9 electronic copies of any portion of Source Code in its possession or in the possession of its retained

10 consultants, including the names of the reviewers and/or recipients of any such electronic copies, and

11 the locations where the electronic copies are stored. Additionally, any such electronic copies must be

12 labeled "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" as provided for in

13 this Order.

14         **12.**    **NOTICE OF DISCLOSURE**

15         (a)     Prior to disclosing any Protected Material to any person described in

16 Paragraphs 8(b)(iv), 9(b)(iii), or 10(c)(iii) (referenced below as "Person"), the Party seeking to

17 disclose such information shall provide the Producing Party with written notice that includes: (i) the

18 name of the Person; (ii) the present employer and title of the Person; (iii) an identification of all of the

19 Person's past and current employment and consulting relationships for the last five (5) years,

20 including direct relationships and relationships through entities owned or controlled by the Person;

21 (iv) an up-to-date curriculum vitae of the Person; and (v) a list of the cases in which the Person has

22 testified at deposition or trial within the last five (5) years. Said written notice shall include an

23 identification of any individual or entity with or for whom the person is employed or to whom the

24 person provides consulting services relating to the design, development, operation, or patenting of

25 streaming media technology, or relating to the acquisition of intellectual property assets relating to

26 streaming media technology. The Party seeking to disclose Protected Material shall provide such

27 other information regarding the Person's professional activities reasonably requested by the

28 Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected

1    Material to the outside expert or consultant. During the pendency of and for a period of two (2) years

2    after the final resolution of this action, including all appeals, the Party seeking to disclose Protected

3    Material shall immediately provide written notice of any change with respect to the Person's

4    involvement in the design, development, operation or patenting of streaming media technology, or

5    the acquisition of intellectual property assets relating to streaming media technology.

6            (b)    Within fourteen (14) days of receipt of the disclosure of the Person, the

7    Producing Party or Parties may object in writing to the Person for good cause. In the absence of an

8    objection at the end of the fourteen (14) day period, the Person shall be deemed approved under this

9    Protective Order. There shall be no disclosure of Protected Material to the Person prior to expiration

10   of this fourteen (14) day period. If the Producing Party objects to disclosure to the Person within

11   such fourteen (14) day period, the Parties shall meet and confer via telephone or in person within

12   seven (7) days following the objection and attempt in good faith to resolve the dispute on an informal

13   basis. If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days

14   from the date of the meet and confer to seek relief from the Court. If relief is not sought from the

15   Court within that time, the objection shall be deemed withdrawn. If relief is sought, designated

16   materials shall not be disclosed to the Person in question until the Court resolves the objection.

17           (c)    For purposes of this section, "good cause" shall include an objectively

18   reasonable concern that the Person will, advertently or inadvertently, use or disclose Discovery

19   Materials in a way or ways that are inconsistent with the provisions contained in this Order.

20           (d)    Prior to receiving any Protected Material under this Order, the Person must

21   execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it

22   on all Parties.

23           (e)    A Party's initial failure to object to a Person under this Paragraph 12 shall not

24   preclude that Party from later objecting to continued access by that Person for good cause, provided

25   the good cause was not known to that Party when it initially failed to object to said Person. If an

26   objection is made, the Parties shall meet and confer via telephone or in person within seven (7) days

27   following the objection and attempt in good faith to resolve the dispute informally. If the dispute is

28   not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet

and confer to seek relief from the Court, and the burden will be on the objecting party to demonstrate that the objection is justified. The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection. If a later objection is made, no further Protected Material shall be disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection. Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within seven (7) business days after the meet and confer, further Protected Material may thereafter be provided to the Person.

### 13.   CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL

(a)     A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)     Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)     The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The Producing Party shall have the burden of justifying the disputed designation;

(ii)     Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation. The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information, and the Producing Party shall bear the burden of establishing that the disputed Discovery Material is entitled to the Producing Party's designation.

(iii)    Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

**14.    SUBPOENAS OR COURT ORDERS**

If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with an opportunity of at least ten (10) days to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

**15.    FILING PROTECTED MATERIAL**

(a)    Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record any Protected Material.

(b)    Any Receiving Party is authorized  to file under seal with the Court any brief, document or materials that are designated as Protected Material under this Order.  Nothing in this section shall in any way limit or detract from this Order's requirements as to Source Code.

**16.    INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

(a)    The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b)    Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing

1    Party, except for any pages containing privileged markings by the Receiving Party which shall instead

2    be destroyed and certified as such by the Receiving Party to the Producing Party.  The Receiving Party

3    must take reasonable steps to retrieve the information if the party disclosed it before being notified, and

4    the Receiving Party must not use or disclose the information until the claim is resolved.

5           (c)     Nothing herein shall prevent the Receiving Party from preparing a record for its

6    own use containing the date, author, addresses, and topic of the inadvertently produced Discovery

7    Material and such other information as is reasonably necessary to identify the Discovery Material and

8    describe its nature to the Court in any motion to compel production of the Discovery Material.

9           **17.    INADVERTENT FAILURE TO DESIGNATE PROPERLY**

10          (a)     The inadvertent failure by a Producing Party to designate Discovery Material

11   as Protected Material with one of the designations provided for under this Order shall not waive any

12   such designation provided that the Producing Party notifies all Receiving Parties that such Discovery

13   Material is protected under one of the categories of this Order within fourteen (14) days of the

14   Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce

15   the Protected Material with the correct confidentiality designation within seven (7) days upon its

16   notification to the Receiving Parties.  Upon receiving the Protected Material with the correct

17   confidentiality designation, the Receiving Parties shall destroy all Discovery Material that was not

18   designated properly.

19          (b)     A Receiving Party shall not be in breach of this Order for any use of such

20   Discovery Material before the Receiving Party receives the Protected Material with the correct

21   confidentiality designation.  Once a Receiving Party has received the Protected Material with the

22   correct confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to

23   the exception in Paragraph 17(c) below) at the appropriately designated level pursuant to the terms of

24   this Order.

25          (c)     Protected Material produced without the designation of "CONFIDENTIAL,"

26   "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES

27   ONLY – SOURCE CODE" may be so designated subsequent to production when the Producing

28   Party failed to make such designation at the time of production through inadvertence or error.  If

1   Discovery Material is designated subsequent to production, the Receiving Party promptly shall

2   collect any copies that have been provided to individuals so that they can be re-labeled by the

3   Producing Party with the "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

4   or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" designation.

5   Notwithstanding the above, such subsequent designation of "CONFIDENTIAL," "CONFIDENTIAL

6   – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE

7   CODE" shall apply on a going forward basis and shall not disqualify anyone who reviewed

8   "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL –

9   ATTORNEYS' EYES ONLY – SOURCE CODE" materials while the materials were not marked

10  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES

11  ONLY – SOURCE CODE" from engaging in the activities set forth in Paragraph 6(b).

12  **18.   INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

13          (a)     In the event of a disclosure of any Discovery Material pursuant to this Order to

14  any person or persons not authorized to receive such disclosure under this Protective Order, the Party

15  responsible for having made such disclosure, and each Party with knowledge thereof, shall

16  immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and

17  provide to such counsel all known relevant information concerning the nature and circumstances of

18  the disclosure.  The responsible disclosing Party shall also promptly take all reasonable measures to

19  retrieve the improperly disclosed Discovery Material and to ensure that no further or greater

20  unauthorized disclosure and/or use thereof is made.

21          (b)     Unauthorized or inadvertent disclosure does not change the status of Discovery

22  Material or waive the right to hold the disclosed document or information as Protected.

23  **19.   FINAL DISPOSITION**

24          (a)     Not later than ninety (90) days after the Final Disposition of this case, each

25  Party shall return all Discovery Material of a Producing Party to the respective outside counsel of the

26  Producing Party or destroy such Material, at the option of the Producing Party.  For purposes of this

27  Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-

28  captioned action with prejudice, including all appeals.

(b)     All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed.  Notwithstanding the provisions for return of Discovery Material, outside counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes, but must return or destroy any pleadings, correspondence, and consultant work product that contain Source Code.

## 20.     DISCOVERY FROM EXPERTS OR CONSULTANTS

(a)     Testifying experts shall not be subject to discovery with respect to any draft of his or her report(s) in this case.  Draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

(b)     Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial, or deposition testimony or any opinion in this case. No discovery can be taken from any non-testifying expert except to the extent that such non-testifying expert has provided information, opinions, or other materials to a testifying expert relied upon by that testifying expert in forming his or her final report(s), trial, and/or deposition testimony or any opinion in this case, or as provided in Fed.R.Civ.P. 26(b)(4)(D).

(c)     No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

(d)     Materials, communications, and other information exempt from discovery under the foregoing Paragraphs 20(a)–(c) shall be treated as attorney-work product for the purposes of this litigation and Order.

(e)     Nothing in Paragraphs 20(a)–(c) shall alter or change in any way the requirements in Paragraph 11 regarding printing of Source Code, and Paragraph 11 shall control in the event of any conflict.

21.   **MISCELLANEOUS**

(a)   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)   <u>Termination of Matter and Retention of Jurisdiction</u>.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter.  The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

(c)   <u>Successors</u>.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e)   <u>Burdens of Proof</u>.  Except as may be provided to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(f)   <u>Modification by Court</u>.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice.  The United States District Court for the Northern District of California is responsible for

1  the interpretation and enforcement of this Order.  All disputes concerning Protected Material,

2  however designated, produced under the protection of this Order shall be resolved by the United

3  States District Court for the Northern District of California.

4       (g)  Discovery Rules Remain Unchanged.  Nothing herein shall alter or change in

5  any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the

6  United States District Court for the Northern District of California, or the Court's own orders.

7  Identification of any individual pursuant to this Protective Order does not make that individual

8  available for deposition or any other form of discovery outside of the restrictions and procedures of

9  the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the

10  Northern District of California, or the Court's own orders.

11

12  **PURSUANT TO STIPULATION, AND GOOD CAUSE APPEARING THEREFOR, IT IS**
13  **SO ORDERED.**

14  Dated: 12-22-2011

15  _____
16  ~~Honorable Saundra Brown Armstrong~~
    United States District Court Judge,
17  Northern District of California

18  Hon. Nathanael M. Cousins
19  U.S. Magistrate Judge

20

28

## EXHIBIT A

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in Emblaze Ltd. v. Apple Inc., United States District Court, Northern District of California, Case No. C-11-01079-SBA.   Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address:_____

Dated: _____

[Signature] _____

A-1