UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EMBLAZE LTD, | Case No: C 11-01079 SBA |
| Plaintiff, | **ORDER** |
| vs. | Docket 105, 124 |
| APPLE INC., a California Corporation, | |
| Defendant. | |

   Emblaze, Ltd. ("Emblaze" or "Plaintiff") brings the instant patent infringement action against Apple, Inc. ("Apple" or "Defendant"). The parties are presently before the Court on Apple's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure and motion to strike objection to reply evidence under Civil Local Rule 7-3(d). Dkt. 105, 124. Having read and considered the papers filed in connection with these matters and being fully informed, the Court hereby DENIES Apple's motion to strike objection to reply evidence and GRANTS IN PART AND DENIES IN PART Apple's motion to dismiss, for the reasons stated below. The Court, in its discretion, finds these matters suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.  **BACKGROUND**

  A. **Factual Summary**

   Emblaze is an Israeli corporation doing business world-wide in the "development and marketing of innovative high-tech technologies and products." First Am. Compl. ("FAC") ¶ 1, Dkt. 100. It is the owner of United States Patent No. 6,389,473 (the " '473 patent"), which "claims methods for real-time broadcasting over a network, such as over the Internet." Id. ¶¶ 6-7.

Emblaze "developed the technology described and claimed in the '473 patent and has used this technology in its products." FAC ¶ 8. The technology is live streaming and allows transmission of live audio and video to multiple devices, saves on data traffic, does not require devoted streaming servers, and allows reliable streaming even through firewalls. Id. ¶ 9. Though the '473 patent was issued on May 14, 2002, Emblaze first unveiled the technology in a live video streaming broadcast from the White House in April 1998. Id. ¶ 9, Exh. A at 1.

On or about mid-2009, Apple announced that its "HTTP Live Streaming Standard technology" is incorporated into various products, including, among others, Macbook, Macbook Air, Safari browser version 5 and later for Mac OS, iPod touch 3rd and 4th generations, iPhone 3GS, 4, and 4S, iPad 1 and 2, and Apple TV 4.0, 4.3 and 4.4, and all Apple devices including iTunes 10.1 and later. See FAC ¶ 11. According to Emblaze, Apple has "used and continues to use, sold and/or offer[s] to sell in New York and elsewhere and/or imported into New York and elsewhere products incorporating 'HTTP Live Streaming Standard technology' that have been and can be used for realtime broadcasting and that infringe at least claims 1, 2, 8, 9, 10, 11, 12, 13, 14, 21, 23, 24, 25, 26, 27, 28, 29, 36, 37, 38, 40, and 41 of the '473 patent in violation of 35 U.S.C. § 271." Id. ¶ 10.

Shortly after Apple announced the incorporation of its "HTTP Live Streaming Standard technology" into its products, Emblaze informed Apple that this technology infringes the '473 patent and offered Apple a license to practice under the '473 patent. FAC ¶ 13. To date, Apple has declined to take a license under the '473 patent. Id. ¶ 14.

Emblaze alleges that "the acts of infringement by Apple are willful, intentional and in conscious disregard of Emblaze's rights under the '473 patent." FAC ¶ 12. Emblaze further alleges that as a result of Apple's infringement of the '473 patent, Apple has made and will continue to make unlawful gains and profits, and that Emblaze has been and will continue to be deprived of revenue that it would otherwise have generated but for such

infringement.  Id. ¶ 15.  According to Emblaze, it "has been and will continue to be irreparably harmed by Apple's infringement of the '473 patent."  Id. ¶ 16.

Emblaze's prayer for relief requests, among other things, a judgment that Apple has infringed the '473 patent in violation of § 271(a)-(c).  See FAC.  In other words, Emblaze claims that Apple is liable as a direct infringer, as an entity that induced infringement, and as a contributory infringer.  35 U.S.C. § 271(a)-(c).  Emblaze also requests a judgment that Apple's infringement has been willful, knowing, and in deliberate disregard of Emblaze's patent rights.  See id.

## B.    Procedural History

On July 28, 2010, Emblaze commenced the instant action in the Southern District of New York.  Compl., Dkt 1.  On November 18, 2010, Apple moved to transfer the case to the Northern District of California.  Dkt. 13.  On February 25, 2011, the case was transferred to this District.  Dkt. 24.  The case was assigned to the undersigned on April 26, 2011.  Dkt. 31.

On April 27, 2012, Emblaze filed a FAC.  FAC, Dkt. 100.  On May 14, 2012, Apple filed a motion to dismiss the FAC under Rule 12(b)(6).  Dkt. 105.  Emblaze filed an opposition on June 5, 2012.  Dkt. 114.  On June 14, 2012, Apple filed a reply brief.  Dkt. 116.

On July 16, 2012, Emblaze filed an objection to reply evidence under Local Rule 7-3(d)(1).  Dkt. 122.  On July 17, 2012, Apple filed a motion to strike Emblaze's objection to reply evidence.  Dkt. 124.  Emblaze filed an opposition to Apple's motion on July 20, 2012. Dkt. 126.  Apple did not file a reply brief.

## II.    DISCUSSION

### A.    Motion to Strike Objection to Reply Evidence

Apple moves to strike Emblaze's objection to reply evidence on the ground that Emblaze does not object to "new evidence" submitted by Apple in its reply brief.  Def.'s Mtn. at 2.  Instead, Apple argues that Emblaze's objection is a "thinly veiled attempt at a

sur-reply that plainly violates Civil L.R. 7-3(d)." Id. In addition, Apple moves to strike the objection on the ground that it is untimely. Id.

The Civil Local Rules preclude parties from submitting any memoranda, papers or letters to the Court in connection with a pending motion after the reply has been filed, except in two narrow circumstances: (1) if new evidence has been submitted in the reply; or (2) if the additional memoranda, paper or letter brings to the Court's attention a relevant judicial opinion published after the date the opposition or reply was filed. Civ. L.R. 7-3(d). Any objection to reply evidence "must be filed and served not more than 7 days after the reply was filed." Civ. L.R. 7-3(d)(1).

Apple's reply brief in support of its motion to dismiss was filed on June 14, 2012. Emblaze, however, did not file its objection to reply evidence until over a month later on July 16, 2012. Thus, Emblaze's objection is untimely. Moreover, as Apple correctly points out, Emblaze has not objected to evidence. Instead, Emblaze objects to an argument Apple made in its reply brief. Specifically, Emblaze objects to Apple's contention that "Emblaze concedes that it does not accuse Apple of direct infringement," Pl.'s Obj. Reply Evid. at 2, which is based on Emblaze's statement in its opposition brief that "Apple is well aware that Emblaze's infringement contentions do not accuse Apple's devices of direct infringement, but rather accuses Apple of inducing direct infringement . . ." Def.'s Opp. at 9.

While it is clear that Emblaze's objection to reply evidence violates the Civil Local Rules because it is untimely and does not object to evidence submitted by Apple in connection with its reply brief, the Court DENIES Apple's motion to strike. The Court finds that the supplemental memorandum submitted by Emblaze is helpful to resolving the instant motion insofar as it clarifies Emblaze's position with respect to its direct infringement claim. The Court also finds that consideration of the supplemental memorandum will not cause any prejudice to Apple. In the future, however, Emblaze is advised to comply with the Local Rules before filing supplemental material. Under the circumstances, Emblaze should have requested leave of Court before filing supplemental material.

## B. Motion to Dismiss

### 1. Legal Standard

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). A complaint must allege "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), and "give the defendant fair notice of what . . . the claim is and the grounds upon which it rests," Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

When considering a motion to dismiss under Rule 12(b)(6), the Court "accept[s] as true all well-pleaded allegations of material fact, and construe[s] them in the light most favorable to the non-moving party." Daniels–Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-1950 (2009). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 1950. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 1951 (quoting Twombly, 550 U.S. at 557). In the event dismissal is warranted, it is generally with leave to amend, unless it is clear the complaint cannot be saved by any amendment. See Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005); Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

### 2. Patent Infringement Claims

Apple moves to dismiss Emblaze's claims for direct infringement, indirect infringement, and willful infringement. Apple contends that Emblaze has failed to plead

sufficient facts to state a cognizable claim for relief. Apple's arguments are discussed in turn below.[1]

### a.  Direct Infringement

Direct infringement claims are governed by § 271(a), which states, "whoever without authority makes, uses, offers to sell, or sells any patented invention . . . during the term of the patent therefor, infringes the patent." Whether a complaint adequately pleads direct infringement is to be measured by the specificity required by Form 18. In re Bill of Lading Transmission and Processing System Patent Litigation, 681 F.3d 1323, 1331 (Fed. Cir. 2012). Form 18 in the Appendix to the Federal Rules of Civil Procedure provides a sample complaint for direct patent infringement. See also Fed.R.Civ.P. 84 ("The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate.").

To state a claim for direct infringement, the FAC must include:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

In re Bill of Lading, 681 F.3d at 1334; see also Athena Feminine Technologies Inc. v. Wilkes, 2011 WL 4079927, at *5 (N.D. Cal. 2011) (Armstrong, J.) (citing McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1357 (Fed. Cir. 2007)).

In the instant motion, Apple moves to dismiss Emblaze's direct patent infringement claim on the ground that the allegations of direct infringement fail to satisfy the minimum pleading requirements of Twombly and Iqbal. Def.'s Mtn. at 6. Emblaze counters by

---

[1] Preliminarily, the Court notes that at the end of its opposition, Emblaze argues that Apple's motion to dismiss should be denied in its entirety because Apple did not assert the defense of failure to state a claim in response to Emblaze's original complaint. Pl.'s Opp. at 13-14. According to Emblaze, by answering the original complaint and not asserting a Rule 12(b)(6) defense, Apple has taken inconsistent positions by filing a motion to dismiss the FAC, which it should not be permitted to do. Id. The Court rejects this argument. Emblaze failed to cite any controlling authority holding that it is improper for Apple to file a motion to dismiss in response to the filing of the FAC.

arguing that it has sufficiently pled that Apple is infringing the '473 patent by using, offering to sell, and selling products that incorporate HTTP Live Streaming Standard technology. Pl.'s Opp. at 7. According to Emblaze, it has exceeded the requirements for pleading a claim of infringement because the FAC sets forth the nature of its patent, identifies the specific patent claims alleged to be infringed, identifies when Apple started infringing, and lists the specific Apple products that are alleged to be infringing. Id.

As an initial matter, the Court notes that in response to Apple's claim that it does not understand how or why each of the many disparate accused Apple products directly infringe Emblaze's asserted method and system claims, Emblaze states that "Apple is well aware that Emblaze's infringement contentions do not accuse Apple's devices of direct infringement, but rather accuse Apple of inducing direct infringement by requiring companies . . . to directly infringe by using Emblaze's patented technology for live streaming of content over the internet if such companies want to stream live broadcasts to Apple devices." Pl.'s Opp. at 8-9. As discussed above, in a supplemental filing, Emblaze clarified that "Apple is directly infringing both by practicing the methods claims in the suit patent and by operating systems that infringe the system claims of the suit patent." Dkt. 122.

In light of Emblaze's supplemental filing, the Court rejects Apple's contention that Emblaze has conceded it does not accuse Apple of direct infringement. To the contrary, the supplemental memorandum filed by Emblaze expressly states that it accuses Apple products of direct infringement. See id. Moreover, the position taken by Emblaze in its supplemental memorandum is consistent with the allegations set forth in the FAC.

As for the sufficiency of the allegations regarding direct infringement, the Court finds that Emblaze has satisfied the pleading requirements established by In re Bill of Lading. The FAC includes each of the five elements required under Form 18. The FAC contains: (1) an allegation of jurisdiction, FAC ¶ 4; (2) a statement that Emblaze owns the '473 patent, id. ¶ 6; (3) a statement that Apple has infringed the '473 patent because it has "used and continues to use, sold and/or offered to sell . . . products incorporating 'HTTP

Live Streaming Standard technology" that have been and can be used for real-time broadcasting," id. ¶ 10; (4) a statement that Emblaze has given Apple notice of its infringement, id. ¶ 13; and (5) a demand for an injunction and damages, id. at 4.  To the extent Apple contends that the pleading standard articulated in Iqbal and Twombly applies to direct infringement claims, the Court disagrees.  The Federal Circuit recently held that to the extent that [a party argues] that Twombly and its progeny conflict with the Forms and create differing pleading requirements, the Forms control." In re Bill of Lading, 681 F.3d at 1334.  Accordingly, for the reasons stated above, Apple's motion to dismiss Emblaze's direct infringement claim is DENIED.

### b.    Indirect Infringement

There are two theories under which a party may be held liable for indirect infringement: (1) induced infringement under § 271(b); and (2) contributory infringement under § 271(c).  According to Emblaze, the FAC alleges claims under both theories.  Pl.'s Opp. at 7.

Under § 271(b), "[w]hoever actively induces infringement of a patent shall be liable as an infringer."  Liability under § 271(b) "requires knowledge that the induced acts constitute patent infringement." Global-Tech Appliances, Inc. v. SEB S.A., 131 S.Ct. 2060, 2068 (2011); In re Bill of Lading, 681 F.3d at 1339; see also DSU Med. Corp. v. JMS Co., 471 F.3d 1293, 1306 (Fed. Cir. 2006) ("[I]nducement requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.").  To induce infringement, a defendant must have " 'actively and knowingly aided and abetted another's direct infringement.' " DSU Med., 471 F.3d at 1305 (alterations omitted).

Under § 271(c), "[w]hoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of

commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer." 35 U.S.C. § 271(c). "Contributory infringement imposes liability on one who embodies in a non-staple device the heart of a patented process and supplies the device to others to complete the process and appropriate the benefit of the patented invention." Vita–Mix Corp. v. Basic Holding, Inc., 581 F.3d 1317, 1327 (Fed. Cir. 2009). To establish contributory infringement, a plaintiff must show the following elements: "1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component has no substantial noninfringing uses, and 4) that the component is a material part of the invention." Fujitsu Ltd. v. Netgear Inc., 620 F.3d 1321, 1326 (Fed. Cir. 2010).

The FAC alleges that the '473 patent claims methods for real-time broadcasting over a network such as the Internet, and that this "live streaming technology allows transmission of live audio and video to multiple devices, saves on data traffic, does not require devoted streaming servers, and allows reliable streaming even through firewalls." FAC ¶¶ 7, 9. The FAC also alleges that shortly after Apple announced the incorporation of its "HTTP Live Streaming Standard technology" into its products in about mid-2009, Emblaze informed Apple that its technology infringes the '473 patent. Id. ¶¶ 11, 13. The FAC further alleges that "Apple has used and continues to use, sold and/or offer[s] to sell in New York and elsewhere . . . products incorporating 'HTTP Live Streaming Standard technology' that have been and can be used for real-time broadcasting and infringe [numerous] claims . . . of the '473 patent in violation of 35 U.S.C. § 271." Id. ¶ 10. Emblaze's prayer for relief requests a "judgment that Apple has infringed the '473 Patent in violation of 35 U.S.C. §§ 271(a)-(c)." See FAC. In other words, Emblaze claims that Apple is liable as a direct infringer, as an entity that induced infringement, and as a contributory infringer. 35 U.S.C. § 271(a)-(c).

In the instant motion, Apple moves to dismiss Emblaze's indirect patent infringement claims on the ground that Emblaze has failed to plead any facts to support its claims for inducement of infringement and contributory infringement. See Def.'s Mtn. at 6-8. Specifically, Apple argues that Emblaze has failed to allege facts establishing indirect

infringement because the FAC does not contain allegations accusing a third party of direct infringement.  Id. at 8.  In addition, Apple argues that Emblaze did not properly plead inducement because the FAC does not allege that Apple had the "specific intent" to encourage any third party's direct infringement.  Id.  Finally, Apple argues that Emblaze has failed to allege facts establishing contributory infringement because the FAC does not allege that the "accused Apple products constitute a 'material' part of the claimed invention, and do not have any substantial non-infringing uses."  Id.

In response, Emblaze does not contend that the allegations in the FAC satisfy the pleading standard articulated by the Supreme Court in Iqbal and Twombly.  See In re Bill of Lading, 681 F.3d at 1336-1337 (unlike direct infringement, claims for indirect for infringement are evaluated under the standard of Iqbal and Twombly).  Instead, Emblaze argues that dismissal is not warranted because its *infringement contentions* identify the direct infringement and describe the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement.  Pl.'s Opp. at 7 (emphasis added).  Emblaze, however, does not cite any authority supporting the proposition that the Court may consider its infringement contentions, which are not set forth in the FAC, in deciding whether it has pled cognizable claims for relief.  See Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002) ("Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss.").

The Court construes Emblaze's failure to specifically argue that it has alleged facts satisfying Twombly and Iqbal's plausibility standard as a concession that the FAC fails to state cognizable claims for relief premised upon induced infringement and contributory infringement.  Moreover, the Court finds that the allegations in the FAC do not meet the pleading standard set forth in Twombly and Iqbal.  The FAC does not allege facts giving rise to a plausible claim for relief premised upon induced infringement or contributory infringement.  Specifically, as for induced infringement, Emblaze has failed to allege any facts plausibly showing that Apple knowingly induced any third party to engage in direct infringement of the '473 patent with the specific intent of encouraging the infringement.

The FAC is devoid of allegations alleging how Apple actively induced infringement with the knowledge that the induced acts constitute patent infringement.[2]  As for contributory infringement, Emblaze has failed to allege facts plausibly showing direct infringement by any third party.  Nor has Emblaze alleged that the component of the accused Apple products that practices the patented method has no substantial non-infringing uses,[3] or that the component constitutes a material part of the invention.

In short, the allegations in support of Emblaze's indirect infringement claims provide nothing more than "naked assertions devoid of further factual enhancement."  Iqbal at 1949.  Emblaze is required to do more than state in a conclusory manner that Apple has infringed the '473 patent in violation of § 271(b)-(c).  Accordingly, Apple's motion to dismiss Emblaze's indirect infringement claims is GRANTED.  These claims are DISMISSED with leave to amend.

### c.  Willful Infringement

To "willfully infringe a patent, the patent must exist, and one must have knowledge of it."  State Indus., Inc. v. A.O. Smith Corp., 751 F.2d 1226, 1236 (Fed. Cir. 1985) (emphasis omitted).  The Federal Circuit has found that willful infringement was sufficiently pled where the plaintiff alleged that the "infringements have been willful and with full knowledge of the [patents at issue]."  See Sentry Protection Prods., Inc. v. Eagle Mfg. Co., 400 F.3d 910, 918 (Fed. Cir. 2005) (citing Dunlap v. Schofield, 152 U.S. 244,

---

[2] According to Emblaze, it has explained in its infringement contentions that "Apple induces third parties to directly infringe the '473 patent by requiring them to use HTTP Live Streaming to communicate real-time broadcasts to Apple's devices, such as iPhone, iPad, iPod Touch, Apple TV, and Mac OS X computers."  Pl.'s Opp. at 7.  Emblaze also states that its infringement contentions "identify Akamai Technologies, Inc., Brightcove, Inc., Limelight Networks, Inc., and other parties unknown to Emblaze at this time, as third parties induced by Apple to directly infringe the '473 patent.  Id. at 7-8.  The FAC, however, does not allege these facts.  Therefore, the FAC does not allege enough facts to survive a motion to dismiss under the fair notice standard.

[3] In cases where, as here, the alleged method is embodied in a larger product, the Court must examine whether the particular component that allegedly practices the patented method has substantial non-infringing uses, and not the entire product as a whole.  See Fujitsu, 620 F.3d at 1330-1331.

249 (1894) (requiring a pleading equivalent to "with a knowledge of the patent and of his infringement")).

In the instant motion, Apple contends that dismissal of Emblaze's claim for willful infringement is warranted because, although the FAC alleges pre-suit knowledge of the patent in suit, there are no facts supporting a plausible inference that "Apple acted with an objectively high likelihood, much less 'objective recklessness,' that its actions would constitute infringement" of a valid patent. See Def.'s Mtn. at 8-9 (citing In re Seagate Tech., LLC, 497 F.3d 1360, 1371 (Fed Cir. 2007) ("to establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent.")). In response, Emblaze argues that it has sufficiently alleged facts to state a willful infringement claim, and that Seagate is inapposite because it only addresses what is necessary to prove a claim of willfulness, and not whether the operative complaint is sufficiently pled. Pl.'s Opp. at 11-13.

The FAC alleges that shortly after Apple announced the incorporation of its "HTTP Live Streaming Standard technology into its products, Emblaze informed Apple that Apple's HTTP Live Streaming Standard technology infringes the '473 patent and offered Apple a license to practice under the '473 patent. . . . To date, Apple has declined to take a license under the '473 patent." FAC ¶¶ 13-14. The FAC also alleges that "the acts of infringement by Apple are willful, intentional and in conscious disregard of Emblaze's rights under the '473 patent." Id. ¶ 12.

The Court finds that Apple has failed to demonstrate that dismissal of Emblaze's willful infringement claim is appropriate. Here, the FAC identifies the specific accused products, FAC ¶ 11, alleges that Apple received pre-suit notice that its HTTP Live Streaming Standard technology infringes the '473 patent, id. ¶¶ 11, 13, alleges that "the acts of infringement by Apple are willful, intentional and in conscious disregard of Emblaze's rights under the '473 patent," id. ¶ 12, and alleges that "Emblaze has been and will continue to be irreparably harmed by Apple's infringement of the '473 patent." Id. ¶ 16. These

allegations are sufficient to state a claim for willful infringement. See Oracle Corp. v. DrugLogic, Inc., 807 F.Supp.2d 885, 902-903 (N.D. Cal. 2011) (finding that plaintiff stated sufficient facts to support a claim for willful infringement by alleging that the defendant was aware of the patent in suit, had "actual notice" of plaintiff's infringement claims, and "continued their actions"); Cloud Farm Associates, L.P. v. Volkswagen Group of America, Inc., 2012 WL 3069390, at *3-4 (D. Del. 2012) (finding that proposed amended complaint sufficiently pled claim for willful infringement where it alleged that defendants had actual knowledge of the patent in suit before the filing of the lawsuit, and that defendants' infringement "has been and continues to be willful and deliberate"); see also Sentry, 400 F.3d at 918 (finding willful infringement sufficiently pled where plaintiff alleged that the "infringements have been willful and with full knowledge of the [patents at issue]").

The Court finds that Emblaze has alleged sufficient facts to state a plausible claim for willful infringement. The Court also finds that Apple's reliance on Seagate is misplaced. Seagate is distinguishable because it addresses what is necessary to prove a claim of willfulness, not whether a plaintiff has sufficiently alleged willful infringement as a pleading matter. See Oracle, 807 F.Supp.2d at 903 (citing cases). Accordingly, Apple's motion to dismiss Emblaze's willful infringement claim is DENIED.

## III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1.      Apple's motion to strike objection to reply evidence is DENIED.

2.      Apple's motion to dismiss is GRANTED IN PART AND DENIED IN PART. Emblaze shall have twenty-one (21) days from the date this Order is filed to file a second amended complaint that cures the deficiencies discussed above.

3.      This Order terminates Docket 105 and Docket 124.

IT IS SO ORDERED.

Dated: 11/27/12

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge