MARTIN L. FINEMAN (CA State Bar No. 104413)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111
Telephone:   (415) 276-6575
Facsimile:   (415) 276-6599
Email:       martinfineman@dwt.com

MARTIN B. PAVANE *(admitted pro hac vice)*
LISA A. FERRARI *(admitted pro hac vice)*
MARILYN NEIMAN *(admitted pro hac vice)*
COZEN O'CONNOR
277 Park Avenue
New York, New York 10172
Telephone:   (212) 883-4900
Facsimile:   (212) 986-0604
Email:       mpavane@cozen.com
             lferrari@cozen.com
             mneiman@cozen.com

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| EMBLAZE LTD.,<br>      Plaintiff,<br>  vs.<br><br>APPLE INC., A CALIFORNIA CORPORATION,<br>      Defendant. | Case No: 4:11-cv-01079-SBA<br><br>**SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br>(Trial by Jury Demanded) |

Plaintiff, Emblaze, Ltd. ("Emblaze"), formerly known as Geo Interactive Media Group, Ltd., for its Second Amended Complaint against Defendant, Apple Inc. ("Apple"), alleges as follows:

## I. PARTIES

1. Emblaze is an Israeli corporation doing business worldwide in development and marketing of innovative high-tech technologies and products. Emblaze's main offices are situated at 9, Hamenofim Street, Herzeliya, Israel 46725.

2. Emblaze is a publicly held company with shares registered and traded on the main London stock exchange continuously since 1996.

3. Upon information and belief, Apple is a California corporation, doing business worldwide, with its principal offices situated in this district, at One Infinite Loop, Cupertino, California 95014.

## II. JURISDICTION AND VENUE

4. Subject matter jurisdiction is based on 28 U.S.C. §§ 1331 and 1338(a), in that this action arises under the patent laws of the United States (35 U.S.C. §§ 1, *et seq.*).

5. Venue lies in this Court pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## III. FIRST CLAIM FOR RELIEF — PATENT INFRINGEMENT

6. Emblaze is the owner of several United States Patents, including U.S. Patent No. 6,389,473 ("the '473 Patent"). A true and correct copy of the '473 Patent is attached hereto as Exhibit A.

7. The '473 Patent claims methods for real-time broadcasting over a network, such as over the Internet.

8. Emblaze developed the technology described and claimed in the '473 Patent and has used said technology in its products.

9.      Emblaze's live streaming technology allows transmission of live audio and video to multiple devices, does not require devoted streaming servers, adjusts to different bandwidths, and allows reliable streaming even through firewalls.

10.     Emblaze first unveiled the technology described and claimed in the '473 Patent in a live video streaming broadcast from the White House during Easter, 1998.

11.     Upon information and belief, Apple uses, sells and and/or offers to sell in the Northern District of California and elsewhere, and/or imports into the Northern District of California and elsewhere, products incorporating "HTTP Live Streaming technology" that have been and can be used for real-time broadcasting and that infringe claims of the '473 Patent in violation of 35 U.S.C. § 271.

12.     Apple announced the introduction of HTTP Live Streaming technology into its products in or about mid-2009, and such technology is supported by Apple's bestselling products sold in this district and worldwide, *e.g*., all Apple devices incorporating Apple Media Stream Segmenter software, Apple Compressor software, or Apple Media File Segmenter software (components of HTTP Live Streaming included with MAC OS, and available for download on the internet), including Macbook Air, Macbook, Macbook Pro, Mac mini, iMac and Mac Pro; all Apple devices employing Apple's Safari browser for Mac OS, and available for download on the internet, including Macbook Air, Macbook, Macbook Pro, Mac mini, iMac and Mac Pro; all Apple devices incorporating Apple's Quicktime, and available for download on the internet, including Macbook Air, Macbook, Macbook Pro, Mac mini, iMac and Mac Pro; all Apple devices incorporating Apple iOS, including iPod Touch, iPhone, iPad, and Apple TV; and all Apple devices containing iTunes.

## Direct Infringement (35 U.S.C. § 271(a))

13. Emblaze repeats and realleges the allegations of paragraphs 1 to 12 of this Second Amended Complaint as if fully set forth herein.

14. Upon information and belief, Apple has infringed and is still infringing at least one or more of claims 1, 21, 23, 24, 25, 26, 27, 28, 29, 36, 37, 38, 40, and 41 of Emblaze's '473 Patent by making, using, offering for sale, and/or selling within the United States, and/or by importing into the United States, products incorporating Apple Media Stream Segmenter software, Apple Compressor software, and/or Apple Media File Segmenter software, and will continue such infringement unless enjoined by this Court.

15. Upon information and belief, Apple has infringed and is still infringing at least one or more of claims 1, 21, 23, 24, 25, 36, 37, 38, 40, and 41 of Emblaze's '473 Patent by making, using, offering for sale, and/or selling within the United States, and/or by importing into the United States, Apple Media Stream Segmenter software, Apple Compressor software, and Apple Media File Segmenter software for use in streaming content to the products of third parties, both known and unknown, and will continue such infringement unless enjoined by this Court.

16. Upon information and belief, Apple has used and is still using HTTP Live Streaming to stream content to users of Apple products. For example, using HTTP Live Streaming, Apple has streamed Apple-sponsored events, including keynote announcements of new Apple products, and such streaming constitutes infringement of at least one or more of claims 1, 21, 23, 24, 25, 26, 27, 28, 29, 36, 37, 38, 40, and 41 of Emblaze's '473 Patent.

Inducement of Infringement (35 U.S.C. § 271(b))

17. Emblaze repeats and realleges the allegations of paragraphs 1 to 16 of this Second Amended Complaint as if fully set forth herein.

18. Upon information and belief, Apple has induced and is still inducing the infringement in the United States of one or more claims of Emblaze's '473 Patent, and will continue such inducement of infringement unless enjoined by this Court.

19. Upon information and belief, Apple affirmatively intended and intends to cause the direct infringement of Emblaze's '473 Patent by known and unknown third parties, and Apple knows that the acts of such third parties induced by Apple constitute direct infringement of Emblaze's '473 Patent.

20. Upon information and belief, as a consequence of, *inter alia,* Emblaze's publicly available '473 Patent, publicity concerning Emblaze's invention of the '473 Patent, and correspondence sent to Apple by Emblaze concerning Emblaze's '473 Patent, Apple had notice of Emblaze's '473 Patent when it carried out the conduct complained of herein, and knowledge that such conduct constituted infringement of the '473 Patent.

21. Upon information and belief, with knowledge of Emblaze's '473 Patent, Apple has induced, and is still inducing, third parties to directly infringe at least one or more of claims 1, 21, 23, 24, 25, 36, 37, 38, 40, and 41 of the '473 Patent by providing such third parties with Apple's HTTP Live Streaming protocol for communicating real-time broadcasts to Apple's and other parties' products for download of such real-time broadcasts by the users of such products, including the iPhone, iPad, and iPod Touch, Apple TV, Macbook Air, Macbook, Macbook Pro, Mac Mini, iMac, and Mac Pro, and other parties' products capable of downloading such real-time broadcasts. Upon

information and belief, third parties induced by Apple to commit acts of direct infringement include, for example, the NFL, Major League Baseball, CNN, Fox News, Fox Sports, CBS Sports, ABC News, and NBC Sports.

22. Upon information and belief, Apple requires developers of applications for the Apple App Store to use HTTP Live Streaming for applications that enable streaming of video content exceeding a certain duration and/or size.

23. Upon information and belief, Apple has also induced third parties to directly infringe at least one or more of claims 1, 21, 23, 24, 25, 36, 37, 38, 40, and 41 of the '473 Patent by offering tools to such third parties for implementing the HTTP Live Streaming protocol. Upon information and belief, these tools include, *inter alia,* Media Stream Segmenter software, Media File Segmenter software, Compressor software, Stream Validator software, id3 tag generator software, and variant playlist generator software.

24. Upon information and belief, Apple has also induced third parties to infringe the asserted claims of the '473 Patent by submitting the HTTP Live Streaming protocol to the Internet Engineering Task Force (IETF), a well-known industry standards-setting organization, for dissemination to the public, with the specific intent that such third parties will adopt Apple's HTTP Live Streaming protocol for applications and devices.

25. Upon information and belief, Apple also induces direct infringement by offering to sell and selling to clients, *i.e.,* end users, products that support Apple's HTTP Live Streaming, *e.g.*, the products identified in paragraph 21 above, by use of which such end users perform or account for limitations in claims 2, 8, 9, 10, 12, 13, 14, 26, 27, 28 and 29 of the '473 patent: "downloading the sequence using an Internet protocol over the network from the server to the one or more client computers" in claim 2; "the one or more client computers decode the sequence and play back the

6

data stream responsive to the indices of the files, at a replay rate generally equal to the data rate" in claim 8; "wherein the one or more client computers read the index file to play back the sequence" in claim 9; "wherein downloading the sequence comprises selecting a file in the sequence earlier than the file whose index is contained in the index file and downloading at least a portion of the encoded sequence of files beginning with the selected file" in claim 10; "wherein downloading the sequence comprises determining a data bandwidth of the network between the server and the client computer and selecting one of the quality levels responsive to the determined bandwidth" in claim 12; "wherein downloading the sequence comprises downloading the sequence using a protocol selected from a group consisting of HTTP, UDP and RTP" in claim 13; "wherein the one or more client computers comprise a plurality of client computers, and wherein downloading the sequence comprises downloading to the plurality of client computers substantially simultaneously" in claim 14; "wherein the one or more client computers decode the sequence and play back the data stream responsive to the indices thereof, at a data replay rate generally equal to the data rate" in claim 26; "wherein the one or more client computers download the sequence using an Internet download protocol" in claim 27; "wherein the Internet download protocol is selected from a group consisting of HTTP, UDP and RTP" in claim 28; and "wherein the one or more client computers comprise a plurality of client computers, which download the sequence substantially simultaneously" in claim 29; such that said conduct or participation of said end users, together with the acts of other third parties as identified in paragraphs 21-24 above, constitutes direct infringement of at least one or more of claims 1, 2, 8, 9, 10, 11, 12, 13, 14, 21, 23, 24, 25, 26, 27, 28, 29, 36, 37, 38, 40, and 41 of Emblaze's '473 Patent.

26. Upon information and belief, based on Apple's conduct as set forth hereinabove, and with knowledge of Emblaze's '473 Patent, Apple has actively induced infringement of the '473

7

Patent with the knowledge that the acts induced by Apple constitute infringement of the '473 Patent and with the specific intent to cause such infringement.

## Contributory Infringement (35 U.S.C. § 271(c))

27. Emblaze repeats and realleges the allegations of paragraphs 1-26 of this Second Amended Complaint as if specifically set forth herein.

28. Upon information and belief, Apple has contributed to infringement of Emblaze's '473 Patent, and is continuing to contribute to infringement of Emblaze's '473 Patent.

29. Upon information and belief, Apple contributes to infringement of at least one or more claims of Emblaze's '473 Patent by providing, offering for sale and/or selling within the United States, or importing into the United States, Apple's Media Stream Segmenter software, Apple's Media File Segmenter software, and/or Apple's Compressor software. Upon information and belief, such software is a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing the claims of Emblaze's '473 Patent, and constitutes a material part of the invention of the '473 Patent, Apple knows same to be especially made or especially adapted for use in an infringement of the '473 Patent, and such software is not a staple article or commodity of commerce suitable for substantial non-infringing use.

30. Upon information and belief, Apple and other content providers, such as the NFL, Major League Baseball, CNN, Fox News, Fox Sports, CBS Sports, ABC News, NBC Sports, and other third parties unknown at this time, use Apple's Media Stream Segmenter software and/or Apple's Compressor software and/or Apple's Media File Segmenter software to stream real-time content to end users, and such content providers, together with end users who have devices for downloading such content using software implementing the HTTP Live Streaming protocol, directly

8

infringe at least one or more of claims 1, 2, 8, 9, 10, 11, 12, 13, 14, 21, 23, 24, 25, 26, 27, 28, 29, 36, 37, 38, 40, and 41 of Emblaze's '473 Patent.

31. Upon information and belief, at all times complained of herein, Apple knew that said Media Stream Segmenter software, Compressor software, and Media File Segmenter software are especially made or especially adapted for use for real-time streaming in accordance with Apple's HTTP Live Streaming protocol in violation of Emblaze's '473 Patent.

32. Upon information and belief, Apple had such knowledge as a consequence of, *inter alia,* Emblaze's publicly available '473 Patent, publicity concerning Emblaze's invention of the '473 Patent, and correspondence sent to Apple by Emblaze concerning Emblaze's '473 Patent.

33. Upon information and belief, based on Apple's conduct as set forth hereinabove, and with knowledge of Emblaze's '473 Patent, Apple has contributed to infringement of Emblaze's '473 Patent.

## Willful Infringement

34. Emblaze repeats and realleges the allegations of paragraphs 1 through 33 of this Second Amended Complaint as if fully set forth herein.

35. Upon information and belief, Apple's acts of infringement complained of herein are willful, intentional and in conscious disregard of Emblaze's rights under the '473 Patent.

36. Shortly after Apple announced Apple's adoption of the HTTP Live Streaming technology in its products, Emblaze informed Apple that Apple's HTTP Live Streaming technology infringes Emblaze's '473 Patent and offered Apple a license to practice under the '473 Patent.

37. To date, Apple has declined to take a license under the '473 Patent, yet it continues to infringe the '473 Patent as alleged hereinabove.

9

## Damages

38. Emblaze repeats and realleges paragraphs 1-37 of this Second Amended Complaint as if fully set forth herein.

39. As a result of Apple's infringement of the claims of the '473 Patent, Apple has made and will continue to make unlawful gains and profits, and Emblaze has been and will continue to be deprived of revenue that it would otherwise have generated but for such infringement.

40. Emblaze has been and will continue to be irreparably harmed by Apple's infringement of the '473 Patent.

41. The extent of Emblaze's damages cannot be determined except by an accounting.

## IV. PRAYER FOR RELIEF

Wherefore, Emblaze prays for relief as follows:

1. A judgment that Apple has infringed the '473 Patent in violation of 35 U.S.C. §§ 271(a)-(c);

2. An order enjoining and restraining Apple, its officers, directors, agents, servants, employees, affiliates, attorneys and all others in active concert or participation with Apple, from infringing the '473 Patent, pursuant to 35 U.S.C. § 283;

3. A judgment awarding Emblaze its damages, but not less than a reasonable royalty, resulting from Apple's infringement, pursuant to 35 U.S.C. § 284;

4. An accounting of Apple's revenue from the sale, licensing or other distribution of Apple's infringing products;

5. A judgment that Apple's acts of infringement have been in willful, knowing, and deliberate disregard of Emblaze's patent rights, and awarding Emblaze enhanced damages pursuant to 35 U.S.C. § 284;

6. A judgment awarding Emblaze its costs, disbursements, and attorneys' fees incurred in prosecuting this action pursuant to 35 U.S.C. §§ 284 and/or 285;

7. A judgment awarding Emblaze pre- and post-judgment interest on any monetary award; and

8. Such other relief as the Court may deem just, equitable, and proper.

Dated: December 18, 2012
COZEN O'CONNOR
DAVIS WRIGHT TREMAINE LLP

By: /s Martin B. Pavane
Martin B. Pavane

Attorneys for Plaintiff Emblaze Ltd.

## **DEMAND FOR JURY TRIAL**

Plaintiff Emblaze Ltd. hereby demands a trial by jury of the issues so triable.

Dated: December 18, 2012
COZEN O'CONNOR
DAVIS WRIGHT TREMAINE LLP

By: /s Martin B. Pavane
Martin B. Pavane

Attorneys for Plaintiff Emblaze Ltd.

11

SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT & JURY DEMAND
*Emblaze v. Apple*, No. 4:11-cv-01079-SBA