SARAH BARROWS (SBN 253278)
barrowss@gtlaw.com
GREENBERG TRAURIG, LLP
4 Embarcadero Center, Suite 3000
San Francisco, CA 94111-5983
Telephone: (415) 655-1300
Facsimile: (415) 707-2010

James J. DeCarlo (Admitted *Pro Hac Vice*)
decarloj@gtlaw.com
Michael A. Nicodema (Admitted *Pro Hac Vice*)
nicodemam@gtlaw.com
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue, 34th Floor
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400

***Attorneys for Defendant,***
***Apple, Inc.***

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| EMBLAZE LTD.,<br><br>    Plaintiff;<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>    Defendant. | Case No.  5:11-CV-01079 PSG<br><br>**SARAH BARROWS' DECLARATION IN SUPPORT OF APPLE INC'S MOTION TO COMPEL EMBLAZE TO SEARCH ITS ELECTRONICALLY STORED INFORMATION WITH APPLE'S PROPOSED KEYWORD SEARCHES AND IDENTIFY AVAILABLE ELECTRONIC DATA FOR RELEVANT CUSTODIANS** |

I, Sarah Barrows, declare as follows:

1. I am an attorney duly licensed to practice in the state of California and the state of New York. I am an attorney at Greenberg Traurig LLP, and counsel for defendant Apple Inc. ("Apple"). I have personal knowledge of the facts stated in this declaration, and if called upon to do so, could and would competently testify thereto. I make this declaration in support of Apple's Motion to Compel Emblaze Ltd. ("Emblaze") to search its electronically stored information ("ESI") with Apple's proposed keyword search terms identified on Exhibit 1 of this declaration, to produce any responsive documents located as a result of that search, and to identify for Apple the availability of electronic data for all custodians listed on Exhibit 2 of the this declaration.

2. Before the filing of this motion the parties in good faith conferred in an effort to resolve the dispute without court action, as required by Fed. R. Civ. P. 37 and Civil L.R. 37-1(a), but were unable to do so. In particular, I, Sarah Barrows, conducted a telephonic meet-and-confer with my colleague James DeCarlo and Lisa Ferrari and Martin Pavane, of Cozen O'Connor and counsel for Emblaze, on November 14, 2012 and December 12, 2012, regarding, *inter alia*, those Apple requests that are the subject of the present motion. During the November 14, 2012 telephonic meet and confer, counsel for Emblaze explained that its search and production of non-email ESI was complete. Following these telephonic meet and confer efforts, the parties exchanged a total of seven letters in an effort to eliminate the need for motion practice. The relevant letters are identified herein and attached to this declaration.

3. On December 21, 2010, Apple sent a letter to Roger S. Thompson of Cohen Pontani Lieberman & Pavane LLP, counsel at the time for Emblaze, requesting a meet and confer with Emblaze to discuss proposed keyword searches to be applied to Apple's ESI data. Apple's December 21, 2010 letter included a list of proposed keyword searches. A true and correct copy of the December 21, 2010 letter is attached hereto as Exhibit 24.

4. Emblaze did not respond to Apple's December 21, 2010 letter until December 15, 2011, when it sent Apple a list of proposed keyword searches for Apple's ESI. A true and correct

1  copy of the email and attachment Lisa Ferrari sent on December 15, 2011 is attached hereto as
2  Exhibit 25.

3      5.    A true and correct copy of Apple's list of proposed keyword search terms to be used to
4  search ESI is attached hereto as Exhibit 1. This list is modified from Apple's initial list of proposed
5  keyword search terms to include date ranges the parties have agreed upon and to eliminate search
6  terms that Apple has withdrawn.

7      6.    A true and correct copy of Apple's list of Emblaze custodians is attached hereto as
8  Exhibit 2.

9      7.    A true and correct copy of Apple's First Set of Requests for Production to Plaintiff,
10  dated March 1, 2011 is attached hereto as Exhibit 3.

11      8.    A true and correct copy of Apple's Second Set of Requests for Production to Plaintiff,
12  dated May 16, 2011 is attached hereto as Exhibit 4.

13      9.    A true and correct copy of Apple's Third Set of Requests for Production to Plaintiff,
14  dated August 29, 2011 is attached hereto as Exhibit 5.

15      10.    A true and correct copy of Apple's Fourth Set of Requests for Production to Plaintiff,
16  dated January 12, 2012 is attached hereto as Exhibit 6.

17      11.    A true and correct copy of Apple's Fifth Set of Requests for Production to Plaintiff,
18  dated November 29, 2012 is attached hereto as Exhibit 7.

19      12.    A true and correct copy of the document produced by Emblaze to Apple with the
20  Bates number EMB002367, dated February 15, 1996, and titled "Real-time Web animation
21  previewed" is attached hereto as Exhibit 8.

22      13.    A true and correct copy of the document produced by Emblaze to Apple with the
23  Bates number EMB002368, dated February 11, 1998, and titled "Emblaze: Multimedia on the Web
24  without Plug-Ins" is attached hereto as Exhibit 9.

25      14.    A true and correct copy of the document produced by Emblaze to Apple at the Bates
26  range EMB002375-77, dated February 9, 1996, and titled "GEO Interactive Announces Internet Real-
27  Time, On-Line, Full-Screen Animation at Milia" is attached hereto as Exhibit 10.

28

15. A true and correct copy of the article that was previously sent by Apple to Emblaze as Attachment A to Apple's Fifth Set of Requests for Production to Plaintiff, authored by Audrey Tobin, dated February 27, 1998, and titled "Israeli start-up's stock soaring" is attached hereto as Exhibit 11.

16. A true and correct copy of Apple's November 26, 2012 letter from Jim DeCarlo to Lisa Ferrari is attached hereto as Exhibit 12.

17. A true and correct copy of Emblaze's March 13, 2013 letter from Lisa Ferrari to Sarah Barrows is attached hereto as Exhibit 13. This letter states: "In a final effort to compromise, if an agreement can be reached, Emblaze will agree to modify dates of its email searching so as to search up to the dates requested by Apple in Exhibit A of its [February 15, 2013] letter . . . ."

18. A true and correct copy of Emblaze's January 30, 2013 letter from Lisa Ferrari to Jim DeCarlo and Sarah Barrows is attached hereto as Exhibit 14.

19. A true and correct copy of Apple's February 15, 2013 letter from Sarah Barrows to Lisa Ferrari is attached hereto as Exhibit 15.

20. A true and correct copy of the document produced by Emblaze to Apple at the Bates range EMB001867-95 is attached hereto as Exhibit 16. This document is CONFIDENTIAL – ATTORNEYS' EYES ONLY and FILED UNDER SEAL.

21. A true and correct copy of the document produced by Emblaze to Apple at the Bates range EMB001896-1924 is attached hereto as Exhibit 17. This document is CONFIDENTIAL – ATTORNEYS' EYES ONLY and FILED UNDER SEAL.

22. A true and correct copy of Apple's December 18, 2012 letter from Sarah Barrows to Lisa Ferrari is attached hereto as Exhibit 18.

23. A true and correct copy of the document produced by Emblaze to Apple at the Bates range EMB000705-886 is attached hereto as Exhibit 19. This document is CONFIDENTIAL and FILED UNDER SEAL.

24. A true and correct copy of the document produced by Emblaze to Apple at the Bates range EMB000494-540 is attached hereto as Exhibit 20. This document is CONFIDENTIAL and FILED UNDER SEAL.

25. A true and correct copy of the document produced by Emblaze to Apple at the Bates range EMB001925-1935 is attached hereto as Exhibit 21. This document is CONFIDENTIAL and FILED UNDER SEAL.

26. A true and correct copy of Emblaze's Responses and Objections to Apple's First Set of Requests for Production, dated June 6, 2011 is attached hereto as Exhibit 22.

27. Emblaze's Request for Production No. 44 calls for documents sufficient to identify any document destruction policy that Apple has had since July 28, 2004. Apple produced a copy of its relevant document retention policies to Emblaze at the Bates ranges: APPLE104351 – APPLE104366; APPLE104367 – APPLE104391; and APPLE104396 – APPLE104414.

28. A true and correct copy of Apple's Second Set of Interrogatories to Emblaze is attached hereto as Exhibit 23.

29. Emblaze contacted Apple on October 29, 2009 to inform Apple that its HTTP Live Streaming protocol reads on one or more claims of the patent in suit. Apple produced a true and correct copy of the October 29, 2009 letter at the Bates Range APPLE104439-104442.

30. A true and correct copy of Apple's June 1, 2012 letter from James DeCarlo to Martin Pavane and Lisa Ferrari is attached hereto as Exhibit 26.

31. On February 1, 2011, Roger S. Thompson, counsel for Ladas & Parry LLP ("Ladas") at Cohen Pontani Lieberman & Pavane LLP, sent Apple's counsel Julie Bookbinder an email confirming that Ladas destroyed all relevant patent prosecution files requested by Apple, electronic or otherwise. A true and correct copy of Mr. Thompson's February 1, 2011 email is attached hereto as Exhibit 27.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on this 5th day of April, 2013, at San Francisco, CA.

By: __/s/ *Sarah Barrows*__
Sarah Barrows