KENNETH L. STEINTHAL (SBN 268655)
steinthal@gtlaw.com
SARAH E. BARROWS (SBN 253278)
barrowss@gtlaw.com
GREENBERG TRAURIG, LLP
153 Townsend Street, 8th Fl.
San Francisco, CA 94107
Telephone: (415) 655-1300
Facsimile: (415) 707-2010

Scott J. Bornstein (admitted *pro hac vice*)
bornsteins@gtlaw.com
James J. DeCarlo (admitted *pro hac vice*)
decarloj@gtlaw.com
Julie P. Bookbinder (admitted *pro hac vice*)
bookbinderj@gtlaw.com
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue, 34th Floor
New York, New York 10166
Telephone.: (212) 801-9200
Facsimile: (212) 801-6400

***Attorneys for Defendant,***
***Apple Inc.***

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| EMBLAZE LTD., | CASE NO. 4:11-CV-01079 SBA |
| Plaintiff(s), | **DEFENDANT APPLE INC.'S THIRD SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF** |
| v. | |
| APPLE INC., a California Corporation, | |
| Defendant(s). | |

## DEFENDANT APPLE INC.'S THIRD SET OF
## REQUESTS FOR PRODUCTION TO PLAINTIFF

Pursuant to Federal Rule of Civil Procedure 34, Defendant Apple Inc. ("Apple") requests that Plaintiff Emblaze Ltd. produce copies of the documents and things set forth below within thirty (30) days at the offices of Greenberg Traurig, LLP, 200 Park Avenue, New York, New York 10166, subject to the following definitions and instructions.

## DEFINITIONS

1. "Plaintiff," "you," "your," or "Emblaze" shall mean Emblaze Ltd., including without limitation its predecessors in interest (including without limitation Geo Interactive Media Group Ltd.), agents, representatives, employees, consultants, attorneys, or entities acting in conjunction, joint venture, or partnership with Plaintiff, or any entities acting under its direction or control.

2. "Apple" shall mean Apple Inc. and any of the agents, employees, shareholders, officers, former employees, former officers, directors, subsidiaries, parent corporations, attorneys or other persons or entities acting on its behalf.

3. "Patent-in-Suit" or "'473 Patent" shall mean United States Patent No. 6,389,473, including the applications and prosecution history leading to that patent and all patents and patent applications claiming priority to or related to the Patent-in-Suit, including without limitation, any parent or priority application to the '473 Patent, reexaminations, divisionals, continuations, continuations-in-part, foreign counterpart patents, and foreign counterpart patent applications whether pending or abandoned.

4. "'230 Patent" shall mean United States Patent No. 6,397,230, including the applications and prosecution history leading to that patent and all patents and patent applications claiming priority to or related to the '230 Patent, including without limitation, reexaminations, divisionals, continuations, continuations-in-part, foreign counterpart patents, and foreign counterpart patent applications whether pending or abandoned.

5. "'432 Patent" shall mean United States Patent No. 5,841,432, including the applications and prosecution history leading to that patent and all patents and patent

applications claiming priority to or related to the '432 Patent, including without limitation, reexaminations, divisionals, continuations, continuations-in-part, foreign counterpart patents, and foreign counterpart patent applications whether pending or abandoned.

6. "Accused Instrumentality" shall mean every Apple product, product feature, system, system feature, method, method feature, activity, and/or action that Emblaze contends infringes any claim of the Patent-in-Suit.

7. "Emblaze Instrumentality" shall mean every product, product feature, system, system feature, method, and/or method feature developed or created by or for Emblaze that Emblaze contends is disclosed and/or claimed in the Patent-in-Suit, including without limitation all versions of the software identified in, and forming all or a part of the software appendix of the '473 Patent.

8. "Prior Art" includes by way of example and without limitation, subject matter as described in 35 U.S.C. § 103 and 35 U.S.C. § 102, including but not limited to patents, printed publications, prototypes, know-how, uses, sales, and offers for sale. Thus, for example, "Prior Art" includes information, knowledge, documents, and things concerning the subject matter of the Patent-in-Suit that were made or existed in the United States or abroad before the effective filing date of each claim of the Patent-in-Suit or the alleged date of invention of the same.

9. "Person" or "persons" shall mean entities and natural persons, including: all governmental entities, agencies, officers, departments, or affiliates of the United States of America, or any other governmental entity; and any corporation, foundation, partnership, proprietorship, association, organization, or group of natural persons.

10. "Communication" shall mean any oral, written, or electronic transmittal of information or request for information made from one person to another person, whether made in person, electronically, by telephone, or by any other means and includes any document(s) made only for the purpose of recording a communication, a fact, an idea, a statement, an inquiry, an opinion, a belief, or otherwise.

11. "Agreement" shall mean any contract, transaction, license, or other arrangement of any kind, whether conditional, executed, executory, express, or implied, and whether oral or

written, in which rights are granted or obligations are assumed. The term "agreement" shall encompass completed, actual, contemplated, or attempted agreements or renewals of agreements.

12. "Document(s)" shall mean anything that would be a "writing" or "recording" as defined by Rule 1001(1) of the Federal Rules of Evidence or a "document" as set forth in Rule 34(a) of the Federal Rules of Civil Procedure, including, without limitation, the originals, and all nonidentical copies, whether different from the original by reason of any notation made on such copies or otherwise (including without limitation, correspondence, memoranda, notes, diaries, minutes, statistics, letters, telegrams, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice and intra-office communications, e-mails, offers, notations of any sort of conversations, working papers, applications, permits, surveys, indices, telephone calls, voice messages, meetings, printouts, teletypes, telefax, invoices, work sheets, and all drafts, alterations, modifications, changes and amendments of the foregoing), graphic or oral representations of any kind (including without limitation, photographs, charts, microfiche, microfilm, videotape, recordings, motion pictures, plans, drawings, surveys), and electronic, mechanical, or electric records or representations of any kind (including without limitation, tapes, cassettes, discs, recordings, and e-mail).

13. "Thing(s)" shall mean any tangible item, and shall be construed as broadly as possible under the Federal Rules of Civil Procedure.

14. As used herein, the terms "relate" and "refer" are used in their broadest possible sense and include all matters comprising, constituting, containing, concerning, embodying, reflecting, involving, discussing, describing, analyzing, identifying, stating, referring to, dealing with, or in any way pertaining to, for each request whichever definition makes the request most inclusive.

15. As used herein, "and" and "or" shall each be construed disjunctively or conjunctively as necessary in order to bring within the scope of the request all responses that might otherwise be construed to be outside its scope.

16. As used herein, the singular form of a noun or a pronoun shall be considered to include within its meaning the plural form of a noun or a pronoun so used, and vice versa; the use of the masculine form of a pronoun shall be considered to include also within its meaning the feminine form of the pronoun so used, and vice versa; the use of any tense of any verb shall be considered to include within its meaning all other tenses of the verb so used.

17. In producing documents and things responsive to these requests, Emblaze shall furnish all documents within its possession, custody, or control, regardless of whether these documents are possessed directly by Emblaze, or by its present or past agents, employees, representatives, investigators, or attorneys.

## **INSTRUCTIONS**

1. All documents must be produced in a form that renders them susceptible to copying.

2. All electronic documents and records must be produced in a reasonably usable form.

3. Documents from any single file should be produced in the same order as they were found in such file. If copies of documents are produced in lieu of the originals, such copies should be legible and bound or stapled in the same manner as the original.

4. Each document should be segregated and identified by the request to which it is primarily responsive or produced as it is kept in the ordinary course of business.

5. All requests herein are directed to those documents within your possession, custody or control, or within the possession, custody or control of your agents, servants and employees and your attorneys. They are also directed to those firms, corporations, partnerships, or trusts that you control and to documents in the possession, custody or control of employees, agents and representatives of such entities.

6. If any of the documents requested herein are no longer in your possession, custody or control, identify each such requested document by date, type of document, person(s) from whom sent, person(s) to whom sent, and person(s) receiving copies and provide a summary of its pertinent contents.

7. If any document requested herein has been destroyed or is no longer in existence, for any reason, describe the content of such document as completely as possible, the date of such destruction and the name of the person who ordered or authorized such destruction.

8. With respect to any document that you are withholding because the document is asserted to be immune from discovery, state separately with respect to each document:

      (a)    the general nature of such document, i.e., whether it is a letter, memorandum, report, pamphlet, etc.;

      (b)    the date on which each such document or thing was created, reproduced or transcribed;

      (c)    the name, title, and business address of each person who signed or prepared each such document and the name and business address of each person who has edited, corrected, revised or amended the document;

      (d)    the name and business address of each person to whom each such document was communicated or made available, or otherwise known to you as being an intended or actual recipient of a copy thereof;

      (e)    the name and business address of each person having knowledge of the contents of the document;

      (f)    the name and business address of each person having possession, custody, or control of the document or any identical or non-identical copy;

      (g)    the number of pages;

      (h)    a brief description of the nature and subject matter of the document in sufficient detail to permit other parties to this action to assess the applicability of the asserted privilege or immunity;

      (i)    the paragraph(s) of the request to which the document is responsive; and

      (j)    the grounds for the claimed immunity.

9. There shall be a continuing duty on Emblaze to furnish additional documents in response to these Document Requests in accordance with Rule 26(e) of the Federal Rules of

Civil Procedure. Any additional information relating in any way to these requests that you acquire, or that becomes known to you, up to and including the time of trial, shall be furnished to Apple promptly after such information is acquired by you or becomes known to you.

10. If you find any request or any term used in a request to be vague, ambiguous, subject to varying interpretations, or unclear, state what portion of the request or term you find to be vague, ambiguous, subject to varying interpretations, or unclear and state the construction employed by you in responding to the request.

## DOCUMENT REQUESTS

87. All documents and things, including all communications, evidencing, relating or referring to, "Emblaze Ltd.'s Statement about IPR related to draft-pantos-http-live-streaming06" submitted to the IETF Secretariat on August 16, 2011 and posted on the "IETF Page of Intellectual Property Rights Disclosures" as shown in attached Exhibit G.

88. All documents and things, including all communications, evidencing, relating or referring to the unpublished pending patent application referred to in "Emblaze Ltd.'s Statement about IPR related to draft-pantos-http-live-streaming06." See marked portion on page two of attached Exhibit H.

Dated: August 29, 2011

GREENBERG TRAURIG, LLP

By: _____

Scott J. Bornstein
bornsteins@gtlaw.com
James J. DeCarlo
decarloj@gtlaw.com
Julie P. Bookbinder
bookbinderj@gtlaw.com
MetLife Building
200 Park Avenue, 34th Floor
New York, New York 10166
Tel.: (212) 801-9200
Fax: (212) 801-6400

Kenneth L. Steinthal
stenthalk@gtlaw.com
Sarah E. Barrows
barrowss@gtlaw.com

Dana K. Powers
powersdk@gtlaw.com
153 Townsend Street, 8th Floor
San Francisco, California 94107

*Attorneys for Defendant Apple Inc.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit G

# Emblaze Ltd.'s Statement about IPR related to draft-pantos-http-live-streaming-06

Only those sections of the "Patent Disclosure and Licensing Declaration Template for Specific IPR Disclosures" where the submitter provided information are displayed.

Update this IPR disclosure. Note: Updates to IPR disclosures must only be made by authorized representatives of the original submitters. Updates will automatically be forwarded to the current Patent Holder's Contact and to the Submitter of the original IPR disclosure.

**Submitted Date: August 16, 2011**

### I. Patent Holder/Applicant ("Patent Holder")

Legal Name:                                                    **Emblaze Ltd.**

### II. Patent Holder's Contact for License Application

| | |
|---|---|
| Name: | **Hagit Gal** |
| Title: | **Executive Director** |
| Department: | **Corporate** |
| Address1: | **9 Hamenofim Street, P.O. Box 2216** |
| Address2: | **Herzeliya Pituach 46725, Israel** |
| Telephone: | **+972 9 7699333** |
| Fax: | **+972 9 7699800** |
| Email: | **hagit.gal@emblaze.com** |

### III. Contact Information for the IETF Participant Whose Personal Belief Triggered this Disclosure:

| | |
|---|---|
| Name: | **Naftali Shani** |
| Title: | **Chairman of the Board** |
| Department: | |
| Address1: | **9 Hamenofim Street, P.O. Box 2216** |
| Address2: | **Herzeliya Pituach 46725, Israel** |
| Telephone: | **+972 9 7699333** |
| Fax: | **+972 9 7699800** |
| Email: | **naftali.shani@emblaze.com** |

### IV. IETF Document or Other Contribution to Which this IPR Disclosure Relates:

Internet-Draft:                **"HTTP Live Streaming"**
**(draft-pantos-http-live-streaming-06)**

### V. Disclosure of Patent Information (i.e., patents or patent applications required to be disclosed by Section 6 of RFC 3979)

A. For granted patents or published pending patent applications, please provide the following information:

Patent, Serial,                          **6389473**
Publication,
Registration, or
Application/File
number(s):

| | |
|---|---|
| Date(s) granted or applied for: | **Granted 14 May 2002** |
| Country: | **United States** |
| Additional Notes: | **Patent Name: Network Media Streaming** |

B. Does this disclosure relate to an unpublished pending patent application?: **YES**

C. If an Internet-Draft or RFC includes multiple parts and it is not reasonably apparent which part of such Internet-Draft or RFC is alleged to be covered by the patent information disclosed in Section V(A) or V(B), it is helpful if the discloser identifies here the sections of the Internet-Draft or RFC that are alleged to be so covered:

*No information submitted*

## VI. Licensing Declaration

The Patent Holder states that its position with respect to licensing any patent claims contained in the patent(s) or patent application(s) disclosed above that would necessarily be infringed by implementation of the technology required by the relevant IETF specification ("Necessary Patent Claims"), for the purpose of implementing such specification, is as follows(select one licensing declaration option only):

**See Text Below for Licensing Declaration.**

Licensing information, comments, notes, or URL for further information:

**This letter affirms that Emblaze Ltd. ("Emblaze"), in accordance with its established practice, will offer patent licenses for submissions made by it and/or by other applicants, that are adopted or recommended as a standard by the IETF as follows: it is Emblaze's policy to license the use of its intellectual property, including the intellectual property covered by its US patent number 6389473 under commercial terms. In the event that Apple Inc.'s draft protocol (draft-pantos-http-live-streaming-00) becomes an IETF standard, any use of the standard without obtaining license from Emblaze, will be subject to claim of infringement of the US6389473 patent owned by Emblaze.**

The individual submitting this template represents and warrants that all terms and conditions that must be satisfied for implementers of any covered IETF specification to obtain a license have been disclosed in this IPR disclosure statement.

**Note: The individual submitting this template represents and warrants that he or she is authorized by the Patent Holder to agree to the above-selected licensing declaration.**

## VII. Contact Information of Submitter of this Form (if different from the Contact Information above)

| | |
|---|---|
| Name: | **Hagit Gal** |
| Title: | **Executive Director** |
| Department: | **Corporate** |
| Address1: | **9 Hamenofim Street, P.O. Box 2216** |
| Address2: | **Herzeliya Pituach 46725, Israel** |
| Telephone: | **+972 9 7699333** |
| Fax: | **+972 9 7699800** |
| Email: | **hagit.gal@emblaze.com** |

## VIII. Other Notes:

*No information submitted*

Exhibit H

# Emblaze Ltd.'s Statement about IPR related to draft-pantos-http-live-streaming-06

Only those sections of the "Patent Disclosure and Licensing Declaration Template for Specific IPR Disclosures" where the submitter provided information are displayed.

Update this IPR disclosure. Note: Updates to IPR disclosures must only be made by authorized representatives of the original submitters. Updates will automatically be forwarded to the current Patent Holder's Contact and to the Submitter of the original IPR disclosure.

**Submitted Date: August 16, 2011**

### I. Patent Holder/Applicant ("Patent Holder")

| | |
|---|---|
| Legal Name: | **Emblaze Ltd.** |

### II. Patent Holder's Contact for License Application

| | |
|---|---|
| Name: | **Hagit Gal** |
| Title: | **Executive Director** |
| Department: | **Corporate** |
| Address1: | **9 Hamenofim Street, P.O. Box 2216** |
| Address2: | **Herzeliya Pituach 46725, Israel** |
| Telephone: | **+972 9 7699333** |
| Fax: | **+972 9 7699800** |
| Email: | **hagit.gal@emblaze.com** |

### III. Contact Information for the IETF Participant Whose Personal Belief Triggered this Disclosure:

| | |
|---|---|
| Name: | **Naftali Shani** |
| Title: | **Chairman of the Board** |
| Department: | |
| Address1: | **9 Hamenofim Street, P.O. Box 2216** |
| Address2: | **Herzeliya Pituach 46725, Israel** |
| Telephone: | **+972 9 7699333** |
| Fax: | **+972 9 7699800** |
| Email: | **naftali.shani@emblaze.com** |

### IV. IETF Document or Other Contribution to Which this IPR Disclosure Relates:

| | |
|---|---|
| Internet-Draft: | **"HTTP Live Streaming" (draft-pantos-http-live-streaming-06)** |

### V. Disclosure of Patent Information (i.e., patents or patent applications required to be disclosed by Section 6 of RFC 3979)

A. For granted patents or published pending patent applications, please provide the following information:

| | |
|---|---|
| Patent, Serial, Publication, Registration, or Application/File number(s): | **6389473** |

Date(s) granted or          **Granted 14 May 2002**
applied for:

Country:                    **United States**

Additional Notes:           **Patent Name: Network Media Streaming**

**B. Does this disclosure relate to an unpublished pending patent application?: YES**

C. If an Internet-Draft or RFC includes multiple parts and it is not reasonably apparent which part of such Internet-Draft or RFC is alleged to be covered by the patent information disclosed in Section V(A) or V(B), it is helpful if the discloser identifies here the sections of the Internet-Draft or RFC that are alleged to be so covered:

*No information submitted*

## VI. Licensing Declaration

The Patent Holder states that its position with respect to licensing any patent claims contained in the patent(s) or patent application(s) disclosed above that would necessarily be infringed by implementation of the technology required by the relevant IETF specification ("Necessary Patent Claims"), for the purpose of implementing such specification, is as follows(select one licensing declaration option only):

**See Text Below for Licensing Declaration.**

Licensing information, comments, notes, or URL for further information:

> **This letter affirms that Emblaze Ltd. ("Emblaze"), in accordance with its established practice, will offer patent licenses for submissions made by it and/or by other applicants, that are adopted or recommended as a standard by the IETF as follows: it is Emblaze's policy to license the use of its intellectual property, including the intellectual property covered by its US patent number 6389473 under commercial terms. In the event that Apple Inc.'s draft protocol (draft-pantos-http-live-streaming-00) becomes an IETF standard, any use of the standard without obtaining license from Emblaze, will be subject to claim of infringement of the US6389473 patent owned by Emblaze.**

The individual submitting this template represents and warrants that all terms and conditions that must be satisfied for implementers of any covered IETF specification to obtain a license have been disclosed in this IPR disclosure statement.

**Note: The individual submitting this template represents and warrants that he or she is authorized by the Patent Holder to agree to the above-selected licensing declaration.**

## VII. Contact Information of Submitter of this Form (if different from the Contact Information above)

Name:           **Hagit Gal**

Title:          **Executive Director**

Department:     **Corporate**

Address1:       **9 Hamenofim Street, P.O. Box 2216**

Address2:       **Herzeliya Pituach 46725, Israel**

Telephone:      **+972 9 7699333**

Fax:            **+972 9 7699800**

Email:          **hagit.gal@emblaze.com**

## VIII. Other Notes:

*No information submitted*

# PROOF OF SERVICE

I am employed in the county of San Francisco, State of California; I am over the age of 18 years and not a party to the within action; my business address is **153 Townsend Street, 8th Fl., San Francisco, CA 94107.**

On the date given below, I served the below listed document(s) on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope addressed as follows:

1. **DEFENDANT APPLE, INC.'S THIRD SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF**

**Martin Brian Pavane**
**Lisa Ferrari**
Cohen Pontani Lieberman & Pavane
277 Park Avenue
New York, New York 10172
United States
Phone: (212) 883-4900
Fax: (212) 986-0604
mpavane@cplplaw.com
lferrari@cplplaw.com

*Co-Counsel for Plaintiff*

**Martin L. Fineman**
Davis White Tremaine LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111
Telephone: (415) 276-6575
Facsimile: (415) 276-6599
Email: martinfineman@dwt.com

*Co-Counsel for Plaintiff*

☐ **(BY FIRST CLASS MAIL)**
I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at San Francisco, California, in the ordinary course of such business.

☒ **(BY OVERNIGHT DELIVERY)**
I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **(BY CM/ECF)**
Pursuant to CM/ECF System, registration as a CM/ECF user constitutes service through the Court's transmission facilities. The Court's CM/ECF system sends an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's EC/ECF system.

☐ **(BY E-MAIL)**
Based on court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed

above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **(BY FACSIMILE)**
I transmitted the foregoing document(s) by facsimile sending number. Pursuant to rule 2009(i)(4), I caused the machine to print a transmission record of the transmission, a true and correct copy of which is attached to this declaration.

☐ **(BY PERSONAL SERVICE)**
I caused such envelope to be delivered by hand to the offices listed above.

I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 29, 2011, at San Francisco, California.

_____
**Conrad McKinney**