KENNETH L. STEINTHAL (SBN 268655)
steinthal@gtlaw.com
SARAH E. BARROWS (SBN 253278)
barrowss@gtlaw.com
GREENBERG TRAURIG, LLP
153 Townsend Street, 8th Fl.
San Francisco, CA 94107
Telephone: (415) 655-1300
Facsimile: (415) 707-2010

Scott J. Bornstein (admitted *pro hac vice*)
bornsteins@gtlaw.com
James J. DeCarlo (admitted *pro hac vice*)
decarloj@gtlaw.com
Julie P. Bookbinder (admitted *pro hac vice*)
bookbinderj@gtlaw.com
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue, 34th Floor
New York, New York 10166
Telephone.: (212) 801-9200
Facsimile: (212) 801-6400

*Attorneys for Defendant,*
*Apple Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EMBLAZE LTD., <br><br> Plaintiff(s), <br><br> v. <br><br> APPLE INC., a California Corporation, <br><br> Defendant(s). | CASE NO. 4:11-CV-01079 SBA <br><br> **DEFENDANT APPLE INC.'S FOURTH SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF** |

# DEFENDANT APPLE INC.'S FOURTH SET OF
# REQUESTS FOR PRODUCTION TO PLAINTIFF

Pursuant to Federal Rule of Civil Procedure 34, Defendant Apple Inc. ("Apple") requests that Plaintiff Emblaze Ltd. produce copies of the documents and things set forth below within thirty (30) days at the offices of Greenberg Traurig, LLP, Greenberg Traurig, LLP, 153 Townsend St., San Francisco, California 94107, subject to the following definitions and instructions.

## DEFINITIONS

1. Plaintiff," "you," "your," or "Emblaze" shall mean Emblaze Ltd., including without limitation its predecessors in interest (including without limitation Geo Interactive Media Group Ltd.), agents, representatives, employees, consultants, attorneys, or entities acting in conjunction, joint venture, or partnership with Plaintiff, or any entities acting under its direction or control.

2. "Patent-in-Suit" or "'473 Patent" shall mean United States Patent No. 6,389,473, including the applications and prosecution history leading to that patent and all patents and patent applications claiming priority to or related to the Patent-in-Suit, including without limitation, any parent or priority application to the '473 Patent, reexaminations, divisionals, continuations, continuations-in-part, foreign counterpart patents, and foreign counterpart patent applications whether pending or abandoned.

3. "Document(s)" shall mean anything that would be a "writing" or "recording" as defined by Rule 1001(1) of the Federal Rules of Evidence or a "document" as set forth in Rule 34(a) of the Federal Rules of Civil Procedure, including, without limitation, the originals, and all nonidentical copies, whether different from the original by reason of any notation made on such copies or otherwise (including without limitation, correspondence, memoranda, notes, diaries, minutes, statistics, letters, telegrams, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice and intra-office communications, e-mails, offers, notations of any sort of conversations, working papers, applications, permits, surveys, indices, telephone calls, voice

messages, meetings, printouts, teletypes, telefax, invoices, work sheets, and all drafts, alterations, modifications, changes and amendments of the foregoing), graphic or oral representations of any kind (including without limitation, photographs, charts, microfiche, microfilm, videotape, recordings, motion pictures, plans, drawings, surveys), and electronic, mechanical, or electric records or representations of any kind (including without limitation, tapes, cassettes, discs, recordings, and e-mail).

4. "Thing(s)" shall mean any tangible item, and shall be construed as broadly as possible under the Federal Rules of Civil Procedure.

5. As used herein, the terms "relate" and "refer" are used in their broadest possible sense and include all matters comprising, constituting, containing, concerning, embodying, reflecting, involving, discussing, describing, analyzing, identifying, stating, referring to, dealing with, or in any way pertaining to, for each request whichever definition makes the request most inclusive.

6. As used herein, "and" and "or" shall each be construed disjunctively or conjunctively as necessary in order to bring within the scope of the request all responses that might otherwise be construed to be outside its scope.

7. As used herein, the singular form of a noun or a pronoun shall be considered to include within its meaning the plural form of a noun or a pronoun so used, and vice versa; the use of the masculine form of a pronoun shall be considered to include also within its meaning the feminine form of the pronoun so used, and vice versa; the use of any tense of any verb shall be considered to include within its meaning all other tenses of the verb so used.

8. In producing documents and things responsive to these requests, Emblaze shall furnish all documents within its possession, custody, or control, regardless of whether these documents are possessed directly by Emblaze, or by its present or past agents, employees, representatives, investigators, or attorneys.

## INSTRUCTIONS

1. All documents must be produced in a form that renders them susceptible to copying.

2. All electronic documents and records must be produced in a reasonably usable form.

3. Documents from any single file should be produced in the same order as they were found in such file. If copies of documents are produced in lieu of the originals, such copies should be legible and bound or stapled in the same manner as the original.

4. Each document should be segregated and identified by the request to which it is primarily responsive or produced as it is kept in the ordinary course of business.

5. All requests herein are directed to those documents within your possession, custody or control, or within the possession, custody or control of your agents, servants and employees and your attorneys. They are also directed to those firms, corporations, partnerships, or trusts that you control and to documents in the possession, custody or control of employees, agents and representatives of such entities.

6. If any of the documents requested herein are no longer in your possession, custody or control, identify each such requested document by date, type of document, person(s) from whom sent, person(s) to whom sent, and person(s) receiving copies and provide a summary of its pertinent contents.

7. If any document requested herein has been destroyed or is no longer in existence, for any reason, describe the content of such document as completely as possible, the date of such destruction and the name of the person who ordered or authorized such destruction.

8. With respect to any document that you are withholding because the document is asserted to be immune from discovery, state separately with respect to each document:

  (a) the general nature of such document, i.e., whether it is a letter, memorandum, report, pamphlet, etc.;

  (b) the date on which each such document or thing was created, reproduced or transcribed;

  (c) the name, title, and business address of each person who signed or prepared each such document and the name and business address of each person who has edited, corrected, revised or amended the document;

(d) the name and business address of each person to whom each such document was communicated or made available, or otherwise known to you as being an intended or actual recipient of a copy thereof;

(e) the name and business address of each person having knowledge of the contents of the document;

(f) the name and business address of each person having possession, custody, or control of the document or any identical or non-identical copy;

(g) the number of pages;

(h) a brief description of the nature and subject matter of the document in sufficient detail to permit other parties to this action to assess the applicability of the asserted privilege or immunity;

(i) the paragraph(s) of the request to which the document is responsive; and

(j) the grounds for the claimed immunity.

9. There shall be a continuing duty on Emblaze to furnish additional documents in response to these Document Requests in accordance with Rule 26(e) of the Federal Rules of Civil Procedure. Any additional information relating in any way to these requests that you acquire, or that becomes known to you, up to and including the time of trial, shall be furnished to Apple promptly after such information is acquired by you or becomes known to you.

10. If you find any request or any term used in a request to be vague, ambiguous, subject to varying interpretations, or unclear, state what portion of the request or term you find to be vague, ambiguous, subject to varying interpretations, or unclear and state the construction employed by you in responding to the request.

## DOCUMENT REQUESTS

89. All documents and things relating to Emblaze's own software, apparatuses, products, devices, processes, methods, acts, or other instrumentalities that practice the Patent-In-Suit, as identified in Plaintiff Emblaze Ltd.'s Patent Disclosures, including without limitation software code in object, source and/or executable form.

DEFENDANT APPLE INC.'S FOURTH SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF -5- Case No.4:11-CV-01079-SBA

90. All documents which evidence, refer to, or relate to the first disclosure to any third party of any of Emblaze's own software, apparatuses, products, devices, processes, methods, acts, or other instrumentalities that were used in the broadcast of the 1998 White House Easter Egg Roll, including without limitation software code in object, source and/or executable form.

91. All documents which evidence, refer to, or relate to the first disclosure to any third party of the web radio software and service provided by WebRadio.com, Inc., now Emblaze Ltd.

92. All documents which evidence, refer to, or relate to the first disclosure to any third party of Emblaze Pro software, including Emblaze Audio Live and Video Live.

93. All documents and things which evidence, refer to, or relate to the marking of the Patent-In-Suit on Emblaze's own software, apparatuses, products, devices, processes, methods, acts, or other instrumentalities that practice the Patent-In-Suit, as identified in Plaintiff Emblaze Ltd.'s Patent Disclosures.

94. All documents and things which describe the functionality of Emblaze's own software, apparatuses, products, devices, processes, methods, acts, or other instrumentalities that practice the Patent-In-Suit, as identified in Plaintiff Emblaze Ltd.'s Patent Disclosures, including without limitation software code in object, source and/or executable form.

Dated: January 12, 2012

**GREENBERG TRAURIG, LLP**

By: /s/ James J. DeCarlo

James J. DeCarlo (*Pro Hac Vice*)
decarloj@gtlaw.com
Scott J. Bornstein (*Pro Hac Vice*)
bornsteins@gtlaw.com
Julie P. Bookbinder (*Pro Hac Vice*)
bookbinderj@gtlaw.com
MetLife Building
200 Park Avenue, 34th Floor
New York, New York 10166
Tel.: (212) 801-9200

Kenneth L. Steinthal; steinthalk@gtlaw.com
Sarah E. Barrows; barrowss@gtlaw.com
153 Townsend Street, 8th Floor
San Francisco, California 94107
Attorneys for Defendant Apple Inc.