KENNETH STEINTHAL (SBN 268655)
steinthalk@gtlaw.com
SARAH BARROWS (SBN 253278)
barrowss@gtlaw.com
GREENBERG TRAURIG, LLP
4 Embarcadero Center, Suite 3000
San Francisco, CA 94111-5983
Telephone: (415) 655-1300
Facsimile: (415) 707-2010

James J. DeCarlo (Admitted *Pro Hac Vice*)
decarloj@gtlaw.com
Michael A. Nicodema (Admitted *Pro Hac Vice*)
nicodemam@gtlaw.com
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue, 34th Floor
New York, New York 10166
Tel.: (212) 801-9200
Fax: (212) 801-6400

*Attorneys for Defendant,
Apple Inc.*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| EMBLAZE LTD., <br><br> Plaintiff(s), <br><br> v. <br><br> APPLE INC., a California Corporation, <br><br> Defendant(s). | CASE NO. 4:11-CV-01079 SBA <br><br> **DEFENDANT APPLE INC.'S FIFTH SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF** |

**DEFENDANT APPLE INC.'S FIFTH SET OF
<u>REQUESTS FOR PRODUCTION TO PLAINTIFF</u>**

Pursuant to Federal Rule of Civil Procedure 34, Defendant Apple Inc. ("Apple") requests that Plaintiff Emblaze Ltd. produce copies of the documents and things set forth below

within thirty (30) days at the offices of Greenberg Traurig, LLP, Greenberg Traurig, LLP, 153 Townsend St., San Francisco, California 94107, subject to the following definitions and instructions.

## DEFINITIONS

1. Plaintiff," "you," "your," or "Emblaze" shall mean Emblaze Ltd., including without limitation its predecessors in interest (including without limitation Geo Interactive Media Group Ltd.), agents, representatives, employees, consultants, attorneys, or entities acting in conjunction, joint venture, or partnership with Plaintiff, or any entities acting under its direction or control.

2. "Patent-in-Suit" or "'473 Patent" shall mean United States Patent No. 6,389,473, including the applications and prosecution history leading to that patent and all patents and patent applications claiming priority to or related to the Patent-in-Suit, including without limitation, any parent or priority application to the '473 Patent, reexaminations, divisionals, continuations, continuations-in-part, foreign counterpart patents, and foreign counterpart patent applications whether pending or abandoned.

3. "Emblaze Instrumentality" shall mean every product, product feature, system, system feature, method, method feature, activity, and/or action that Emblaze contends infringes any claim of the Patent-in-Suit.

4. "Agreement" shall mean any contract, transaction, license, or other arrangement of any kind, whether conditional, executed, executor, express, or implied, and whether oral or written, in which rights are granted or obligations are assumed. The term "agreement" shall encompass completed, actual, contemplated, or attempted agreements or renewals of agreements.

5. "Document(s)" shall mean anything that would be a "writing" or "recording" as defined by Rule 1001(1) of the Federal Rules of Evidence or a "document" as set forth in Rule 34(a) of the Federal Rules of Civil Procedure, including, without limitation, the originals, and all nonidentical copies, whether different from the original by reason of any notation made on such copies or otherwise (including without limitation, correspondence, memoranda, notes,

diaries, minutes, statistics, letters, telegrams, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice and intra-office communications, e-mails, offers, notations of any sort of conversations, working papers, applications, permits, surveys, indices, telephone calls, voice messages, meetings, printouts, teletypes, telefax, invoices, work sheets, and all drafts, alterations, modifications, changes and amendments of the foregoing), graphic or oral representations of any kind (including without limitation, photographs, charts, microfiche, microfilm, videotape, recordings, motion pictures, plans, drawings, surveys), and electronic, mechanical, or electric records or representations of any kind (including without limitation, tapes, cassettes, discs, recordings, and e-mail).

6. "Thing(s)" shall mean any tangible item, and shall be construed as broadly as possible under the Federal Rules of Civil Procedure.

7. "Person" or "persons" shall mean entities and natural persons, including: all governmental entities, agencies, officers, departments, or affiliates of the United States of America, or any other governmental entity; and any corporation, foundation, partnership, proprietorship, association, organization, or group of natural persons.

8. As used herein, the terms "relate" and "refer" are used in their broadest possible sense and include all matters comprising, constituting, containing, concerning, embodying, reflecting, involving, discussing, describing, analyzing, identifying, stating, referring to, dealing with, or in any way pertaining to, for each request whichever definition makes the request most inclusive.

9. As used herein, "and" and "or" shall each be construed disjunctively or conjunctively as necessary in order to bring within the scope of the request all responses that might otherwise be construed to be outside its scope.

10. As used herein, the singular form of a noun or a pronoun shall be considered to include within its meaning the plural form of a noun or a pronoun so used, and vice versa; the use of the masculine form of a pronoun shall be considered to include also within its meaning

the feminine form of the pronoun so used, and vice versa; the use of any tense of any verb shall be considered to include within its meaning all other tenses of the verb so used.

11. In producing documents and things responsive to these requests, Emblaze shall furnish all documents within its possession, custody, or control, regardless of whether these documents are possessed directly by Emblaze, or by its present or past agents, employees, representatives, investigators, or attorneys.

## INSTRUCTIONS

1. All documents must be produced in a form that renders them susceptible to copying.

2. All electronic documents and records must be produced in a reasonably usable form.

3. Documents from any single file should be produced in the same order as they were found in such file. If copies of documents are produced in lieu of the originals, such copies should be legible and bound or stapled in the same manner as the original.

4. Each document should be segregated and identified by the request to which it is primarily responsive or produced as it is kept in the ordinary course of business.

5. All requests herein are directed to those documents within your possession, custody or control, or within the possession, custody or control of your agents, servants and employees and your attorneys. They are also directed to those firms, corporations, partnerships, or trusts that you control and to documents in the possession, custody or control of employees, agents and representatives of such entities.

6. If any of the documents requested herein are no longer in your possession, custody or control, identify each such requested document by date, type of document, person(s) from whom sent, person(s) to whom sent, and person(s) receiving copies and provide a summary of its pertinent contents.

7. If any document requested herein has been destroyed or is no longer in existence, for any reason, describe the content of such document as completely as possible, the date of such destruction and the name of the person who ordered or authorized such destruction.

8. With respect to any document that you are withholding because the document is asserted to be immune from discovery, state separately with respect to each document:

(a) the general nature of such document, i.e., whether it is a letter, memorandum, report, pamphlet, etc.;

(b) the date on which each such document or thing was created, reproduced or transcribed;

(c) the name, title, and business address of each person who signed or prepared each such document and the name and business address of each person who has edited, corrected, revised or amended the document;

(d) the name and business address of each person to whom each such document was communicated or made available, or otherwise known to you as being an intended or actual recipient of a copy thereof;

(e) the name and business address of each person having knowledge of the contents of the document;

(f) the name and business address of each person having possession, custody, or control of the document or any identical or non-identical copy;

(g) the number of pages;

(h) a brief description of the nature and subject matter of the document in sufficient detail to permit other parties to this action to assess the applicability of the asserted privilege or immunity;

(i) the paragraph(s) of the request to which the document is responsive; and

(j) the grounds for the claimed immunity.

9. There shall be a continuing duty on Emblaze to furnish additional documents in response to these Document Requests in accordance with Rule 26(e) of the Federal Rules of Civil Procedure. Any additional information relating in any way to these requests that you acquire, or that becomes known to you, up to and including the time of trial, shall be furnished to Apple promptly after such information is acquired by you or becomes known to you.

10. If you find any request or any term used in a request to be vague, ambiguous, subject to varying interpretations, or unclear, state what portion of the request or term you find

to be vague, ambiguous, subject to varying interpretations, or unclear and state the construction employed by you in responding to the request.

**DOCUMENT REQUESTS**

95. All documents and things relating to any sales of any Emblaze and/or GEO Interactive Media Group products between January 1997 and December 1999, including but not limited to any of the six products that GEO Interactive Media Group began selling on or around October, 1997 as identified in Attachment A.

96. All documents and things evidencing "GEO's early success in the United States", including but not limited to documents and things relating to GEO Publishing Inc., as identified in Attachment A.

97. All documents and things relating to sales, licenses or agreements with customers, actual or potential, for the years 1997 to 2002, including but not limited to the licenses or agreements identified in Attachment A: Disney, Intel, McDonald's Corp., Arthur Anderson Consulting, Lucent, and/or MTV.

98. All documents and things relating to Emblaze and/or GEO Interactive Media Group's presence at the Computer Dealers' Exhibition ("COMDEX") for the years 1997 to 2002, including but not limited to any presentations, displays, exhibits or examples presented at COMDEX 1997 in Las Vegas, Nevada.

99. All documents and things relating to Emblaze and/or GEO Interactive Media Group's presence at the Milia conference for the years 1997 to 2002, including but not limited to any presentations, displays, exhibits or examples presented at Milia 1996 in Cannes, France.

100. Documents sufficient to identify every trade show, conference, or exhibition for the years 1997 to 2002 that Emblaze participated in to present its products and/or services, including but not limited to COMDEX 1997 and Milia 1996.

101. Documents sufficient to identify the person(s) (whether employees, contractors or consultants) involved in Emblaze's presentations of its products and/or services at trade shows, conferences, or exhibitions for the years 1997 to 2002, including but not limited to COMDEX 1997 and Milia 1996.

102. Any software or portion(s) of software used, marketed or displayed by Emblaze at trade shows, conferences, or exhibitions, for the years 1997 to 2002, including but not limited to any software exhibited, displayed, sold, or licensed at, for example, COMDEX 1997, Milia 1996, and the 1998 White House Egg Roll.

103. Documents sufficient to identify each and every version of any Emblaze software relating to any Emblaze Instrumentality.

Dated: November 29, 2012

GREENBERG TRAURIG, LLP

By: /s/ Kenneth Steinthal
KENNETH STEINTHAL (SBN 268655)
steinthalk@gtlaw.com
SARAH BARROWS (SBN 253278)
barrowss@gtlaw.com
GREENBERG TRAURIG, LLP
4 Embarcadero Center, Suite 3000
San Francisco, CA 94111-5983
Telephone: (415) 655-1300
Facsimile: (415) 707-2010

James J. DeCarlo (Admitted *Pro Hac Vice*)
decarloj@gtlaw.com
Michael A. Nicodema (Admitted *Pro Hac Vice*)
nicodemam@gtlaw.com
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue, 34th Floor
New York, New York 10166
Tel.: (212) 801-9200
Fax: (212) 801-6400

*Attorneys for Defendant Apple Inc.*

# EXHIBIT A

# EXHIBIT A



Friday, February 27, 1998 | return to: International

### Israeli start-up's stock soaring

by AUDREY TOBIN, Jerusalem Post Service

Follow j. on [f] and [t]

Recommend [0]

GIVATAYIM, Israel -- If stars are created in fire, then one Israeli company succeeded in emblazoning its fame with a fiery first-year stock performance.

GEO Interactive Media Group, a high-tech start-up based in Givatayim, closed 1997 with a 211 percent growth in its stock price, making it last year's sixth best-performing share on London's exchanges.

GEO develops and markets its own line of Internet products called Emblaze. Using compression techniques that GEO's founders developed while in the army, Emblaze allows Web site designers to create sites with audio, video and interactive media features which can be sent via modem quickly and without the use of plug-ins or special server applications.

The stock hike is even more amazing considering GEO only began selling Emblaze last October.

When GEO went public in October 1996, it promised investors two products by April with annual sales of $6 million. The Internet company was set to launch Emblaze on schedule, but chose to hold off at the advice of marketing consultants, who recommended first seeding the market for its arrival. GEO created print and online advertising, full direct mail, a catalog, plus a full slate of free seminars -- which are overbooked with more than 21,000 registrants.

In October, GEO came out with not two products, but six. Analysts expected fourth-quarter sales to be in the region of $1 million. Net sales exceeded that in the first four weeks after going to market.

Investors paid close attention, and 90 percent of GEO's 1997 stock increase came in the last two months of the year.

GEO's early success in the United States is due in part to the expertise of the high-end consulting firm Cambrix Publishing Inc., a powerful connection in the computer-marketing industry. Success is also due in part to the establishment of its own marketing and publishing house, U.S.-based subsidiary GEO Publishing Inc.

"It's unparalleled, unmatched," said Eli Reifman, executive vice president of marketing and sales, and one of GEO's four founders.

So far, GEO has no competitors. Reifman believes GEO has about a year head-start on any future competition. Customers include big names such as Disney, Intel, McDonald's Corp., Arthur Andersen Consulting, Lucient and MTV.

Started by four friends out of a Tel Aviv apartment in 1994, GEO today counts 145 employees, 100 of them in Israel, with its headquarters sprawled over three floors.

Copyright Notice (c) 1998, San Francisco Jewish Community Publications Inc., dba Jewish Bulletin of Northern California. All rights reserved. This material may not be reproduced in any form without permission.




resources
E-mail a Friend
Print
Leave a comment
Spread the Word

AdChoices

**Merrill Edge® Trading**
www.MerrillEdg...
No Annual Account Fee. 30 Free Online Trades Per Month. Open Now.





Selected Shorts: Hilarious and Cozy Holiday Tales
FOUR PERFORMANCES ONLY!
Sat, Dec 8 / 2 & 8pm · Sun, Dec 9 / 2 & 7pm
Berkeley Rep

THE REUTLINGER
A community of caring built for exceptional senior living
Danville, CA 925.648.2800

0% Interest. Always.
Hebrew Free Loan

susan gildea
personalized printing
Invitations & stationery
510.883.0890

THE REUTLINGER
COMMUNITY FOR JEWISH LIVING
High level of 24/7 assisted living nursing care in Danville
www.rcjl.org
925.964.2066

Lake Tahoe Vacation Homes

### Comments

Be the first to comment!

### Leave a Comment

In order to post a comment, you must first log in.
Are you looking for user registration? Or have you forgotten your password?

Username

Password

☐ Auto-login on future visits

[ Login ]

most popular    rss feeds

- Business, Professional & Real Estate: Social media pros to discuss managing online image
- Iran says it has photos of Israeli restricted areas
- Olive harvest brings unease to West Bank
- 'Insuring' a legacy: Goldman brothers revive grandfather's firm with eye on philanthropy
- Sarah Silverman's sister makes pro-Obama video

more popular articles >

Copyright 2012 San Francisco Jewish Community Publications Inc., dba J. the Jewish news weekly of Northern California
All rights reserved.

Advertise | Contact Us | About Us | News & Features | Columns | Opinions & Letters | Arts
Calendar | Lifecycles | Torah | Supplements | Links | Candlelighting | Archives | Terms of Use | Privacy Policy | Home

# PROOF OF SERVICE

I am employed in the county of San Francisco, State of California; I am over the age of 18 years and not a party to the within action; my business address is **4 Embarcadero Center, Suite 3000, San Francisco, CA 94111.**

On the date given below, I served the below listed document(s) on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope addressed as follows:

1. **DEFENDANT APPLE INC.'S FIFTH SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF**

**Martin Brian Pavane**
**Lisa Ferrari**
Cozen O'Connor
277 Park Avenue
New York, New York 10172
United States
Phone: (212) 297-2699
Fax: (212) 208.4363
LFerrari@cozen.com

*Co-Counsel for Plaintiff*

**Martin L. Fineman**
Davis White Tremaine LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111
Telephone: (415) 276-6575
Facsimile: (415) 276-6599
Email: martinfineman@dwt.com

*Co-Counsel for Plaintiff*

☐ **(BY FIRST CLASS MAIL)**
I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at San Francisco, California, in the ordinary course of such business.

☒ **(BY OVERNIGHT DELIVERY) - FEDEX**
I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **(BY CM/ECF)**
Pursuant to CM/ECF System, registration as a CM/ECF user constitutes service through the Court's transmission facilities. The Court's CM/ECF system sends an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's EC/ECF system.

☐ **(BY E-MAIL)**
Based on court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **(BY FACSIMILE)**
I transmitted the foregoing document(s) by facsimile sending number. Pursuant to rule 2009(i)(4), I caused the machine to print a transmission record of the transmission, a true and correct copy of which is attached to this declaration.

☐ **(BY PERSONAL SERVICE)**
I caused such envelope to be delivered by hand to the offices listed above.

I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on **November 29, 2012**, at San Francisco, California.

_____
Janice Tasista

PROOF OF SERVICE -2- Case No.:4:11-CV-01079 SBA
SFO 596127521v1