1 | SARAH BARROWS (SBN 253278)
barrowss@gtlaw.com
2 | Stephen Ullmer (SBN 277537)
ullmers@gtlaw.com
3 | GREENBERG TRAURIG, LLP
4 Embarcadero Center, Suite 3000
4 | San Francisco, CA 94111-5983
Telephone: (415) 655-1300
5 | Facsimile: (415) 707-2010

6 | James J. DeCarlo (Admitted *Pro Hac Vice*)
decarloj@gtlaw.com
7 | Michael A. Nicodema (Admitted *Pro Hac Vice*)
nicodemam@gtlaw.com
8 | GREENBERG TRAURIG, LLP
MetLife Building
9 | 200 Park Avenue, 34th Floor
New York, New York 10166
10 | Telephone: (212) 801-9200
Facsimile: (212) 801-6400

*Attorneys for Defendant,*
*Apple, Inc.*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| EMBLAZE LTD., <br><br> Plaintiff; <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendant. | Case No.   11-CV-01079 PSG <br><br> **DEFENDANT APPLE INC.'S MOTION FOR LEAVE TO SUPPLEMENT INVALIDITY CONTENTIONS** <br><br> Date:      August 20, 2013 <br> Time:      10:00AM <br> Location: Courtroom 5, 4th Floor <br> Before:   Hon. Paul Singh Grewal |

**TABLE OF CONTENTS**

I.    Introduction and Summary ........................................................................................... 1

II.   Legal Standards ............................................................................................................ 2

III.  Argument ..................................................................................................................... 2

    A.    Apple Diligently Pursued Leave to Serve Amended Invalidity Contentions ................. 2

    B.    Apple's Newly Discovery Prior Art Is Relevant ............................................................. 5

    C.    Emblaze Can Make No Showing Of Prejudice ............................................................... 7

    D.    Case Law Supports Leave to Amend ............................................................................... 8

IV.   Conclusion ................................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Breville Pty Ltd. v. Storebound LLC*,
   2013 WL 1758742, at *2 (N.D. Cal. Apr. 24, 2013) .................................................................. 8

*Golden Hour Data Systems, Inc. v. Health Services Integration, Inc.*,
   2008 WL 2622794 (N.D. Cal. 2008) .......................................................................................... 8

*IPXL Holdings, LLC v. Amazon.com, Inc.*,
   430 F.3d 1377 (Fed. Cir. 2005) .................................................................................................. 5

*Oracle America, Inc. v. Google Inc.*,
   2011 WL 3443835 (N.D. Cal. Aug. 8, 2011) ............................................................................. 8

*Positive Technologies, Inc. v. SONY Electronics, Inc.*,
   2013 WL 322556 (N.D. Cal. Jan. 28, 2013) .............................................................................. 8

*Positive Techs., Inc. v. Sony Elecs., Inc.*,
   C 11-2226 SI, 2013 WL 322556, at *2 (N.D. Cal. Jan. 28, 2013) ............................................. 2

**Other Authorities**

35 U.S.35 § 102(b) ............................................................................................................................ 1

35 U.S.C. § 112 ................................................................................................................................. 5

# NOTICE OF MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on August 20, 2013 at 10:00AM, or as soon thereafter as counsel may be heard, Defendant Apple, Inc. ("Apple") will, and hereby does, respectfully move this Court for leave to amend its invalidity contentions. Apple's motion is based on the following Memorandum of Points and Authorities, Apple's Proposed Amended Invalidity Contentions, the supporting declaration of James J. DeCarlo and accompanying exhibits, the orders, papers and records on file in this action, and such additional argument or evidence as the Court may consider.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    Introduction and Summary

Apple seeks leave to amend its invalidity contentions for good cause under Patent Local Rule 3-6 based on two recent developments: (1) Emblaze's long overdue document production concerning early Emblaze products, and (2) Apple's subsequent searches and analysis following the Court's Markman ruling. Apple's Proposed Amended Invalidity Contentions (redlined against its initial contentions) are attached as Exhibit A. Apple sought Emblaze's consent before filing this motion. Emblaze refused to consent.

After three meet-and-confers and the Court's order that Emblaze run searches using Apple's proposed keywords (Dkt. No. 198), Emblaze and its former CEO Bruce Edwards recently produced documents identifying three different products embodying some or all of the accused patent features, which may render some or all of the asserted claims invalid under 35 U.S.35 § 102(b) as detailed below. Apple respectfully requests leave to amend to add the three Emblaze products and related documents as detailed in the Proposed Amended Invalidity Contentions attached hereto as Ex. A ("Proposed Amended Invalidity Contentions"). Emblaze's foot-dragging at producing clearly relevant documents should not be rewarded by precluding Apple's opportunity to pursue invalidity on the basis of these three products.

As to the second development, the Court's April 19, 2013 Claim Construction Order heavily favored Emblaze. (*See* Dkt. No. 169.) In fact, of the sixteen claim terms construed, only the construction of "decode the sequence" was largely consistent with Apple's construction. As to the

other fifteen terms, the Court either adopted Emblaze's construction or adopted its own construction that differed from both parties' constructions. Many of the Court's constructions, which altered the scope of the claims in ways not previously anticipated by Apple, were not considered when Apple conducted its initial invalidity searches back in 2011. As a result, Apple immediately commissioned a supplemental prior art search and uncovered new anticipatory prior art as well as additional art rendering the asserted claims obvious in light of the prior art. The Court's construction and the arguments relating thereto also raised the need to assert two additional Section 112 defenses as discussed below. Accordingly, Apple further requests leave to amend its contentions to add the new art uncovered in response to the Markman ruling as well as the two additional Section 112 defenses.

## II. Legal Standards

Under the local patent rules, the Court should allow a defendant to amend its invalidity contentions "upon a timely showing of good cause." Patent L.R. 3-6. Circumstances that may warrant a finding of good cause include "(a) A claim construction by the Court different from that proposed by the party seeking amendment" or "(b) Recent discovery of material, prior art despite earlier diligent search." *Id*. "In determining whether a motion for leave to amend invalidity contentions should be granted, this Court has examined such factors as the relevance of newly-discovered prior art, whether the request to amend is motivated by gamesmanship, and whether the opposing party will be prejudiced by the amendment." *Positive Techs., Inc. v. Sony Elecs., Inc.*, C 11-2226 SI, 2013 WL 322556, at *2 (N.D. Cal. Jan. 28, 2013). A moving party's diligence in "discovering the basis for amendment" and "seeking amendment once the basis … has been discovered" is also considered. *Id*.

## III. Argument

### A. Apple Diligently Pursued Leave to Serve Amended Invalidity Contentions

Apple has sought discovery regarding Emblaze's development of the technology at issue and any prior art products related thereto since the outset of the case. *See e.g.* Apple's First Set of Requests for Production to Plaintiff, Request Nos. 3, 5, 6, 7 & 8 and Apple's Second Set of Requests for Production to Plaintiff, Request No. 8 ("first public … disclosure … of any alleged invention

relating to each asserted claim"). (DeCarlo Decl., ¶¶ 2-3 & Exs. 1-2.) Emblaze produced no documents responsive to these requests. (DeCarlo Decl., ¶ 4.)

When Apple's own search yielded a February 27, 1998 article about Emblaze's launch of six unnamed products in October 1997, Apple subsequently served a fifth request for production for document related to the unnamed products referenced in the article. (DeCarlo Decl., ¶ 5 & Ex. 3.) Apple also served a subpoena on former Emblaze CEO Bruce Edwards. (DeCarlo Decl., ¶ 6 & Ex. 4.) Based on these subsequent efforts, Apple finally learned that Emblaze was selling, distributing and publically demonstrating three products in the United States in 1997 -- Emblaze Creator, Emblaze Audio and Emblaze Video. (DeCarlo Decl., ¶¶ 7-9 & Exs. 5-7.) As set forth below, the products advertise the same features as the patented invention and create more than a good faith basis for Apple to further pursue these three products in discovery as a basis to invalidate the asserted claims. To the extent these products and related documents were not identified earlier, that failure is squarely on Emblaze.[1]

Apple has acted diligently with respect to the Court's Claim Construction Order as well. Within a month of the Court's construction, Apple commissioned an additional prior art study. (DeCarlo Decl., ¶ 10.) The study produced hundreds of potential references for analysis. (*Id.*) Apple's counsel also conducted their own independent investigation to identify additional prior art in light of the Court's Claim Construction Order. (*Id.*) This work also resulted in dozens of potential additional references for analysis. (*Id.*). From this pool of references, Apple is seeking to amend its contentions to include just four additional patent references and just nine (non-Emblaze related) non-patent references. *See* Proposed Amended Invalidity Contentions.

All these references were unknown to Apple prior to the Court's constructions except for U.S. Patent No. 5,841,432 (Carmel), Real Time Streaming Protocol (RTSP), Hypertext Transfer Protocol (HTTP) and RTP Payload Format for H. 263 Video Stream (RTP Payload). Carmel is an Emblaze patent containing some of the same inventors as the patent-in-suit. It was filed in February 9, 1996 and is thus prior art to the patent-in-suit. Apple did not chart Carmel in its initial invalidity

---

[1] Apple remains concerned about whether or not Emblaze has produced all relevant information concerning these products (manuals, source code, product samples, specifications, brochures, etc.) and will be following up in discovery. Apple reserves the right to further amend its contentions based upon such additional discovery.

contentions because, among other things, Caramel did not disclose "providing at a transmitting computer a data stream having a given data rate" or "encoding the slices in a corresponding sequence of files" as Apple understood those terms. However, based on the Court's construction of those terms, Apple believes that Carmel discloses all the elements of the two independent claims as well as certain dependent claims. *See* Proposed Amended Invalidity Contentions, Exhibit 5.

As to the format specifications, their relevance should not be subject to debate given that the Emblaze patent in suit makes reference to HTTP and RTP throughout and all three (HTTP, RTP and RTSP) are cited throughout the prior art in Apple's initial contentions. *See e.g.* F. Kon, A Component-Based Architecture for Scalable Distributed Media ("Kon") at 3.1.3 ("Higher-Level protocols such as HTTP, RTP, or RTSP …) (DeCarlo Decl., ¶ 11 & Ex. 8.) These standards reflect the state of the art at the time and both side's experts may need to discuss the actual specifications in the context of the state of the art at the time. Accordingly, Apple requests leave to add them now out of an abundance of caution to avoid a later Emblaze argument about lack of notice and to have on record what the standards were at the time of the invention and how they functioned.

Finally, Apple acted diligently with respect to its Section 112 amendments. In its initial invalidity contentions, Apple asserted that the terms "slice" and "file" were used inconsistently in the claims and specification thus rendering them indefinite. (DeCarlo Decl., ¶ 12 & Ex. 9 at p. 17, ll. 3-6.) The Court addressed this ambiguity and found that "encoding the slices in a corresponding sequence of files" means "forming each slice as a file, wherein a slice includes compressed data and a file descriptor, wherein the sequence of files corresponds to the sequence of slices." (*See* Dkt. No. 169.) In short, the Court determined that each slice corresponded to a file. However, as Apple explains in its Proposed Amended Invalidity Contentions, the construction solves the ambiguity raised in Apple's initial invalidity contentions but creates new invalidity issues. Specifically, the construction that each slice corresponds to *a* file creates written description, enablement and indefinite issues with respect to claims 11 and 12, which require each slice to correspond with *multiple* files at different quality levels. *See* Proposed Amended Invalidity Contentions, pp. 18-19 & 24-25.

Apple's additional Section 112 amendment relates to the Federal Circuit case law holding that a claim is indefinite under 35 U.S.C. § 112 if it claims both an apparatus and method for using the apparatus (as opposed to an apparatus that is capable of a particular use). *IPXL Holdings, LLC v. Amazon.com, Inc.*, 430 F.3d 1377, 1383 (Fed. Cir. 2005). In the course of the claim construction, Emblaze did not make any argument detailing how the method steps in asserted claims 1, 2, 8, 11 13, 14, 21, and 23-24 are any different than the identically worded steps described in the companion apparatus claims 25-29, 36-38 and 40. Further, the Court's construction of "such that one or more client computers can download the sequence over the network …." to mean "such that one more client computers *are able* to select individuals files …" confirms that the prior steps, "*divides* the steam …", "*encodes* the slices," and "*uploads* the sequence" must be method steps that are actually performed and not just capable of being performed. The download step of being "able to select individual files" cannot be performed unless the other steps have actually occurred. Thus, in analyzing *IPXL Holdings* in light of the claim construction arguments and the Court's constructions, Apple believes it has the proper basis to assert an additional Section 112 argument that the asserted apparatus claims, claims 25-29, 36-38 and 40 are invalid. *See* Proposed Amended Invalidity Contentions, pp. 18-19 & 24-25.

In short, Apple has demonstrated diligence in pursuing these amended invalidity contentions.

**B.     Apple's Newly Discovery Prior Art Is Relevant**

The newly discovered documents regarding the three Emblaze products identify, among other things, public expos and seminars at which Emblaze handed out free product samples to attendees well over a year before the March 24, 1999 United States patent application filing date. *See* 35 U.S.C. § 102(b) (patent is invalid if "the invention was … in public use or on sale in this country, more than one year prior to the date of application for patent in the United States"). For example, former CEO Bruce Edwards just produced the below document on June 12, which is an advertisement for an Aug. 15-16, 1997 public expo of the product Emblaze Creator. The Emblaze announcement advertised that the product "add[s] streaming multimedia such as animation, audio, video, and interactive graphics to the web" without the necessity of any special servers or plug-ins.

[advertisement image: "Introducing The Most Important Web Authoring Tool Launch Ever." — Emblaze Creator / Tech Data Technology Expo, August 15-16, 1997, Tampa Convention Center, Tampa, Florida, GEO's Booth #640]

(DeCarlo Decl., ¶ 8 & Ex. 6 at BE0105.)

Regarding Emblaze Creator specifically, an Information Today, Inc. article quotes the company as describing the product as follows:

> Web developers are able to create powerful multimedia for Web sites without the use of server applications. Emblaze Creator's Internet-specific technology compresses files 100-200 times more than standard compression techniques. When this is combined with Java-based technology, the result is full streaming multimedia *without requiring server software or requiring visitors to stop and download browser plug-ins*. Multimedia content produced by Emblaze Creator can be viewed over modems as low as 28.8 and is scalable at intranet speeds, according to the company.

(DeCarlo Decl., ¶ 13 & Ex. 10.) (Emphasis added.)[2]

Emblaze Video and Emblaze Audio are similarly described. For example, the Emblaze.Audio User's Guide, which was only produced to Apple on June 24, describes "Emblaze Technology" as follows:

> GEO has developed the world's first and only Internet-specific multimedia authoring technology – Emblaze. With Emblaze, you can create all types of streaming Web multimedia, such as animation, video, audio and interactive content *without any plug-ins or special server software*. With GEO's revolutionary technology, any visitor to your site can smoothly play all of this content whether they have low-bandwidth modems or Intranet speed connections.

(DeCarlo Decl., ¶ 14 & Ex. 11.) (Emphasis added.)

---

[2] The Information Today article was located by Apple's counsel after learning the identity of "Emblaze Creator" as a prior art product. The article is listed as "Geo Ships Creator" in Apple's Proposed Amended Invalidity Contentions.

The relevance of these products is easily shown by comparing the touted features of these Emblaze products to the touted features in the patent invention. *See, e.g.*, '473 patent (with emphasis added) at 1:50-53 ("It is an object of some aspects of the present invention to provide substantially continuous high-bandwidth data streaming over a network using *common, existing server and network infrastructure*"); *id*. at 1:63-67 ("It is still another object of some aspects of the present invention to enable a personal computer to remotely broadcast a multimedia program through an Internet service provider (ISP) using common, *universally-supported Internet communication protocols*."); *id*. at 7:12-17 ("[B]ecause HTTP is supported by substantially all modern Web browsers, clients 30 will typically *need only add a Java applet or plug-in to their existing Web browsers* … in order to receive and play back the broadcast.").

Additional details comparing the newly discovered documents to the patent features can be found in Apple's 102 Chart for the "Early Emblaze Sofware," *See* Apple's Proposed Amended Invalidity Contentions, Ex. 4.

The newly discovered non-Emblaze prior art is equally relevant. For example, U.S. Patent No. 5,835,495 ("Ferriere") discloses a scalable streamed audio system in which an audio stream is encoded into 27 streams, which are then subdivided and uploaded to a server where they stored in various block sizes depending upon the encoded quality level. *See, e.g.*, Ferriere, Col. 1, line 66 to Col. 2, line 60. Ferriere anticipates each and every asserted claim and has therefore been charted as a 102 reference. *See* Apple's Proposed Amended Invalidity Contentions, Ex. 6. Similarly, U.S. Patent No. 5,841,432 (Carmel) and U.S. Patent No. 5,968,120 (Guedalia II) (incorporating U.S. Patent No. 6,536,043 (Guedalia III) by reference) and anticipate each of the independent and certain dependent claims. *See id.*, Exs. 5 & 7. Other newly discovered documents such "Guide to the VDOLive Tools" teach only certain claims and have thus been charted as obviousness references only. Finally, the Section 112 arguments are relevant for the reasons discussed above and as set out in the Proposed Amended Invalidity Contentions.

### C. Emblaze Can Make No Showing Of Prejudice

Apple's Proposed Amended Invalidity Contentions do not prejudice Emblaze. Fact discovery remains open till the end of August, and expert discovery is open until November 26, 2013. (Dkt.

No. 211 (Case Management Order).)  Emblaze has more than enough time to analyze the new prior art and prepare its defenses.  Further, with respect to the newly discovered Emblaze product documents, Emblaze should be estopped from even making such an argument given its failure to previously produce any documents regarding the identity and function of the products.

### D.  Case Law Supports Leave to Amend

As demonstrated above, Apple's request for leave to supplement its invalidity contentions is premised on two circumstances explicitly identified in the local patent rules as demonstrating good cause:  "(a) A claim construction by the Court different from that proposed by the party seeking amendment" or "(b) Recent discovery of material, prior art despite earlier diligent search."  Patent L.R. 3-6.  Where a party has acted diligently and the Plaintiff is not prejudiced, leave to amend is generally granted.  *See e.g. Positive Technologies, Inc. v. SONY Electronics, Inc.,* 2013 WL 322556 (N.D. Cal. Jan. 28, 2013) (granting leave where Defendant acted diligently in pursuing additional references after the Markman ruling and Plaintiff was not prejudiced because timing of motion was before close of fact discovery); *Golden Hour Data Systems, Inc. v. Health Services Integration, Inc.,* 2008 WL 2622794 (N.D. Cal. 2008) (permitting leave where motion for leave was based on newly discovered documents obtained in discovery and Plaintiff was not prejudiced because three months remained in fact discovery).

In contrast, courts in this district typically deny motions for leave to supplement invalidity contentions when a party has failed to act diligently, facts inapplicable here.  *See e.g. Breville Pty Ltd. v. Storebound LLC*, 2013 WL 1758742, at *2 (N.D. Cal. Apr. 24, 2013) (denying leave to amend invalidity contentions because the movant knew about the prior art for over a year); *Oracle America, Inc. v. Google Inc.,* 2011 WL 3443835 (N.D. Cal. Aug. 8, 2011) (denying leave to amend invalidity contentions where movant waited till after fact and expert discovery to seek leave to add additional invalidity theories).

IV. Conclusion

For the foregoing reasons, Apple respectfully requests that the Court grant Apple leave to amend their invalidity contentions as reflected in Exhibit A to this motion.

Dated: July 12, 2013

GREENBERG TRAURIG, LLP

By: /s/ Sarah Barrows
SARAH BARROWS (SBN 253278)
barrowss@gtlaw.com
Stephen Ullmer (SBN 277537)
GREENBERG TRAURIG, LLP
4 Embarcadero Center, Suite 3000
San Francisco, CA 94111-5983
Telephone: (415) 655-1300
Facsimile: (415) 707-2010

James J. DeCarlo (Admitted *Pro Hac Vice*)
decarloj@gtlaw.com
Michael A. Nicodema (Admitted *Pro Hac Vice*)
nicodemam@gtlaw.com
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue, 34th Floor
New York, New York 10166
Tel.: (212) 801-9200
Fax: (212) 801-6400

*Attorneys for Defendant Apple Inc.*