SARAH BARROWS (SEB8444)
barrowss@gtlaw.com
GREENBERG TRAURIG, LLP
4 Embarcadero Center, Suite 3000
San Francisco, CA 94111-5983
Telephone: (415) 655-1300
Facsimile: (415) 707-2010

James J. DeCarlo (JJD8531)
decarloj@gtlaw.com
Michael A. Nicodema (MAN2949)
nicodemam@gtlaw.com
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue, 34th Floor
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400

*Attorneys for Defendant,
Apple, Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| EMBLAZE LTD., <br><br> Plaintiff; <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendant. | Case No.   11-CV-01079 PSG <br><br> **DECLARATION OF JAMES DECARLO IN SUPPORT OF APPLE INC'S APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS** |

I, James J. DeCarlo, hereby declare:

1.     I am a Shareholder in the New York office of Greenberg Traurig, LLP, ("Greenberg"), 200 Park Avenue, New York, NY 10166, and am counsel of record in this case, representing defendant Apple Inc.

2.     Before the filing of this motion, the parties in good faith conferred in an effort to resolve the dispute without court action, as required by Fed. R. Civ. P. 37 and Civil L.R. 37-1(a), but were unable to do so.  I exchanged letters, phone calls, and emails with counsel for Emblaze, including Ms. Marilyn Neiman of Cozen O'Conner, regarding Apple's proposed amendments to its Invalidity Contentions and to conduct a hearing on the same pursuant to an expedited schedule in accordance with Civil L.R. 6-2.  During a meet-and-confer held on Friday, July 12, 2013, Ms. Neiman indicated that Emblaze would not stipulate to Apple's request for an expedited schedule. Apple, pursuant to Civil L.R. 6-3, provides the following declarations pursuant to its Application to shorten time:

(1) Apple seeks to shorten the amount of time for hearing Apple's Motion for leave to amend Apple's Invalidity Contentions in order to obtain a resolution of the issue well in advance of the close of fact discovery that is set to take place on August 30, 2013.  As currently scheduled, the hearing would take place no earlier than August 20, 2013, and any subsequent actions that must be taken by either party following this Court's order on Apple's Motion may unavoidably run over the time allowed by the fact discovery period. As detailed in Apple's Motion for leave to amend, Emblaze has only recently produced critical documentation evidencing the prior sale and public use of what Apple reasonably believes is the claimed invention of the patent-in-suit more than a year prior to its U.S. filing date – which, if proven with follow-up fact discovery, could invalidate the patent-in-suit and end this case.  Therefore, in order to honor the Court's discovery schedule and curb the risk of Apple being irreparably harmed by this Court potentially refusing to grant Apple's Motion for leave to supplement its Invalidity Contentions largely on timeliness grounds, Apple respectfully requests an expedited hearing on its Motion for leave to supplement.

(2) Apple sought to obtain Emblaze's consent to stipulate to this time change during a telephonic meet and confer on Friday, July 12, 2013. Emblaze refused to agree to Apple's proposed time alterations, and did not suggest other reasonable alternatives. Specifically, Emblaze refused to agree that there would be no prejudice to Emblaze by waiting until the currently scheduled August 20, 2013 hearing date. Therefore, Apple requests an expedited hearing to also preclude Emblaze from objecting to Apple's Motion for leave to supplement on the basis of irreparable harm due to untimeliness.

(3) (i) Apple's efforts in compliance with Civil L.R. 37-1(a) are described in ¶ 2 above.

(ii) The nature of the underlying dispute that would be addressed in the motion has been summarized in Apple's Motion for leave to supplement its Invalidity Contentions. Apple seeks to amend its Invalidity Contentions based on this Court's claim construction order and documents recently discovered or produced to Apple by Emblaze or third parties. Apple's proposed amendments are fully described in the Proposed Amendment and accompanying Exhibits to Apple's Motion for Leave. Emblaze has refused Apple's request to stipulate to Apple's proposed amendments.

(4) The previous time modifications in this case include:

a. The early settlement conference in this matter was re-scheduled from January 25, 2012 to February 8, 2012.

b. The deadline for Emblaze's Opposition to Apple's Motion to Dismiss was changed from May 29, 2012 to June 5, 2012.

c. The deadline for Apple's Reply in support of Apple's Motion to Dismiss was changed from June 5, 2012 to June 14, 2012.

e. The Case Management Conference in this matter was continued from November 15, 2012 to November 28, 2012. This extension was later extended an additional day by the Court to November 29, 2012, and then rescheduled by the Court for January 2, 2013.

f. The deadline for Apple to respond to Emblaze's second amended complaint was extended from January 2, 2013 to January 11, 2013 [Dkt. 141] and the corresponding opposition and reply dates were adjusted to February 1, 2013, and February 15, 2013, respectively.

(6) The requested time modification would have no effect on the remaining schedule for this case.

I declare under penalty of perjury the foregoing is true and correct.

DATED: July 12, 2013					GREENBERG TRAURIG, LLP


							By:   /s/ James J. DeCarlo
							    James J. DeCarlo
							    Attorneys for Defendant,
							    Apple Inc.