# EXHIBIT A


## COZEN O'CONNOR

June 21, 2013

**VIA E-MAIL**

**Lisa A. Ferrari**
Direct Phone   212-297-2699
Direct Fax       646-588-1459
lferrari@cozen.com

Sarah E. Barrows, Esq.
Greenberg Traurig
4 Embarcadero Center, Suite 3000
San Francisco, CA 94111-5983

Re:   *Emblaze Ltd. v. Apple Inc.*,
       Case No. 5:11-CV-01079-PSG (N.D. Cal.)

Dear Sarah:

We respond to your June 17, 2013, letter as follows.

We confirm that no documents produced by Bruce Edwards were withheld on the basis of privilege.

Mr. Edwards was asked for anything in his possession concerning Emblaze or Geo Interactive. Not only did Apple's subpoena to Mr. Edwards not seek the general production of software, but Judge Cousins' Order denied Apple's Request No. 80 for the production of software concerning the '473 patent, the '230 patent and the '432 patent. In any event, Mr. Edwards advises that he does not have any such software or CDs concerning Emblaze products.

Your understanding of our explanation of Emblaze's metadata is correct. In Emblaze's production of documents made through May 21, 2013, documents retrieved from non-parties and produced to Apple include documents obtained from the Israeli Patent Office, the U.S. Patent and Trademark Office, and the Sanford T. Colb law firm. (Since the May 21, 2013, production, Emblaze has assigned Bates numbers that reflect the source of the documents, *e.g.*, "SC" for Sanford Colb and "SA" for Soroker Agmon, so that this will not be an issue going forward.)

Although Emblaze would be willing to identify which documents in Emblaze's earlier productions came from third-party sources, we are unclear as to your June 18th email in which you ask Emblaze to provide information similar to metadata for such documents. We propose to meet and confer on this issue; let us know your availability in the next few days.

We confirm your statement of the parties' agreement concerning metadata.

Our understanding is that the depositions in Israel will commence on July 17th and that we have left open until July 31st for them to end, not July 24th as you stated in your letter, although we are hopeful that they can be completed before July 31st. We will provide the requested scheduling information by June 28th. Please note that Emblaze is using its best efforts to arrange for all the ex-employees to appear for deposition, and thus far they have agreed. However, Emblaze cannot force their attendance. Should we learn that any of the ex-

Sarah E. Barrows, Esq.
June 21, 2013
Page 2

---

employees has changed his mind about appearing voluntarily, we will of course let you know promptly.

We will advise you by June 28th of a date for Hagit Gal's deposition in Israel, and which of Apple's 30(b)(6) topics, if any, on which Ms. Gal will testify.

We note that the Eitan Pearl and Naomi Assia law firms handled the Emblaze patents after Sanford Colb and before Soroker Agmon (both of whom Emblaze retrieved documents from), and that documents produced from Soroker Agmon's files contain documents from Eitan Pearl and Naomi Assia. In any event, we confirm that Emblaze has approached these firms and will produce any non-privileged, responsive documents that may be obtained.

As you know, Emblaze contacted its former employee, Alex Benedek, to obtain information concerning the identity of Emblaze's web hosting service from the period prior to 2002. At Apple's request, Emblaze went back to Mr. Benedek and asked if he had any documents concerning Emblaze in his possession. As we told you, Mr. Benedek informed Emblaze that he did not have in his possession any Emblaze or GEO Interactive documents. With respect to the video referred to in your letter, we note that Apple has already obtained a copy of the video because it is publicly available.

Very truly yours,

COZEN O'CONNOR

*[signature]*

By:     Lisa A. Ferrari

LAF/ek


cc:     James J. DeCarlo, Esq. (*via email*)
        Stephen M. Ullmer, Esq. (*via email*)