# EXHIBIT I



Sarah E. Barrows
Tel (415) 655-1251
Fax (415) 358-4816
barrowss@gtlaw.com

June 25, 2013

VIA E-MAIL

Martin B. Pavane
Lisa A. Ferrari
Marilyn Neiman
COZEN O'CONNER
277 Park Avenue
New York, N.Y.  10172

Re:   *Emblaze Ltd. v. Apple Inc.*
      U.S. Dist. Court, Northern Dist. of California, Case No. 5:11-CV-01079-PSG

Dear Lisa:

In your June 21, 2013 letter you indicated that Judge Cousins's Order on Apple's Motion to Compel (D.E. 98) denied Apple's Request No. 80, and implied that Emblaze did not need to produce software concerning the '473 patent, the '230 patent, and the '432 patent. It is true that Judge Cousins denied Apple's motion to compel on RFP 80, however in the parties' 5-page joint letter brief to Judge Cousins, the unresolved issue was whether Emblaze could narrow the requested discovery from technology "described and claimed in the Patent-in-Suit" to the "claims of the Patent-in-Suit." Apple argued that Emblaze's approach was too narrow because there had not yet been claim construction, while Emblaze argued that Apple's requests were overbroad. In support, Emblaze cited *Kimberly-Clark*, a Wisconsin case, to show that "production of documents concerning prior testing, use and sale of plaintiff's products other than those covered by patent-in-suit 'would be overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.'"

We take this opportunity to revisit this issue of software, and specifically the software that you claim embodies the patent in suit, as it is an issue that we think can be resolved without the court's intervention. Specifically, under Patent L.R. 3-2(e): "If a party identifies the instrumentalities pursuant to Patent L.R. 3-1(g), [that party must produce] documents sufficient to show the operation of any aspects or elements of such instrumentalities the patent claimant relies upon as embodying any asserted claims." In its Patent L.R. 3-1(g) disclosures, Emblaze identified numerous documents: EMB000026-99, EMB000466-540, EMB000544-886, EMB000901. These documents disclose the identity of embodiments that Emblaze believes embody the asserted claims of the '473 patent. For example, Emblaze Live On-Demand and/or Emblaze Live (EMB000040), WebRadio

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BOSTON
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MIAMI
MILAN**
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PALM BEACH COUNTY
PHILADELPHIA
PHOENIX
ROME**
SACRAMENTO
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TYSONS CORNER
WASHINGTON, D.C.
WHITE PLAINS

*OPERATES AS GREENBERG TRAURIG MAHER LLP
**STRATEGIC ALLIANCE

Martin B. Pavane
Lisa A. Ferrari
Marilyn Neiman
June 25, 2013
Page 2

(EMB000026), and Emblaze Wireless Solution (EMB000469) are among the products identified. However, the documents Emblaze produced do not "show the operation" of certain aspects or elements of those instrumentalities that Emblaze claims embodies the asserted claims. For example, none of the documents appear to show how a media stream is segmented into slices, how the alleged embodiments "upload a sequence at a rate generally equal to the data of the rate of the stream" or how those alleged embodiments implement multiple quality levels.

Producing the software products that Emblaze itself has identified as embodying the patent in suit is not irrelevant nor burdensome. It does not require Emblaze to search for the wide breadth of data identified in the *Kimberly-Clark* opinion and should avoid Apple needing to seek relief on this point from the court.

Please let us know Emblaze will produce software consistent with this limitation by June 28, 2013.

Regards,

Sarah Barrows

cc: Martin L. Fineman