UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EMBLAZE LTD., ) | Case No.: 5:11-cv-01079-PSG |
| Plaintiff, ) | **ORDER RE: DISCOVERY MOTIONS** |
| v. ) | |
| APPLE INC., ) | **(Re: Docket No. 216, 231)** |
| Defendant. ) | |

In this patent infringement suit, Defendant Apple Inc. ("Apple") moves to amend its invalidity contentions. Plaintiff Emblaze Ltd. ("Emblaze") opposes. Apple separately seeks sanctions that would include not only leave to amend its contentions but also an order unilaterally extending the fact discovery cutoff and compelling a further deposition of Sharon Carmel to occur in the United States, at Emblaze's expense. If Emblaze cannot produce Mr. Carmel to be re-deposed, Apple asks that Mr. Carmel be precluded from testifying at trial in any manner. Having reviewed the papers and considered the arguments of counsel at a hearing on the motions, the court is persuaded that Apple's requests for leave and a further deposition of Mr. Caramel are warranted but that Apple's further requests are not.

The standards for amending invalidity contentions in this district are well-known. Patent Local Rule 3-6 allows a party to amend its invalidity contentions "only by order of the Court upon

1

Case No.: Case No.: 5:11-cv-01079-PSG
ORDER

a timely showing of good cause." The Patent Local Rules were "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed."[1] The Patent Local Rules balance "the right to develop new information in discovery with the need for certainty as to the legal theories."[2] They do so by requiring a party to "proceed with diligence in amending its contentions when new information comes to light in the course of discovery."[3] "Only if the moving party is able to show diligence may the court consider the prejudice to the non-moving party."[4] The party seeking to amend its contentions, here Apple, bears the burden of establishing diligence.[5]

Apple offers two justifications for its proposed leave. The first is the court's April 19, 2013, claim construction order, which by Apple's count rejected 15 of 16 constructions Apple had proposed. The second is the timing of Emblaze's production of certain prior art materials. As a third justification for not only the leave it seeks, but also the unilateral extension and further deposition, Apple cites Fed. R. Civ. P. 37 and highlights what it characterizes as Emblaze's discovery misconduct.

The court begins with the leave issue.

With respect to the first argument, Emblaze does not quibble with Apple's characterization of its success, or lack thereof, at claim construction. Emblaze instead argues that because Apple knew about Emblaze's proposed constructions as early as March 5, 2012, when Emblaze proposed

---

[1] *02 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 n. 12 (Fed. Cir. 2006) (quoting *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F. Supp. 2d 1121, 1123 (N.D. Cal. 2006)).

[2] *Id.* at 1365-66.

[3] *Id.*

[4] *Apple, Inc. v. Samsung Electronics Co., Ltd.*, Case No. 5:11-CV-01846-LHK, 2012 WL 1067548, at *2 (N.D. Cal. Mar. 27, 2012); *see also Acer, Inc. v. Tech. Properties Ltd.*, Case No. 5:08-CV-00877 JF/HRL, 2010 WL 3618687, at *3 (N.D. Cal. Sept. 10, 2010) ("if [the moving party] was not diligent, the inquiry should end.").

[5] *02 Micro*, 467 F.3d at 1366-67.

Case No.: Case No.: 5:11-cv-01079-PSG
ORDER

2

them, Apple could have conducted its "new" prior art search long ago. While Emblaze may be right that Apple knew of certain constructions when Emblaze proposed them the March before last, that argument does not address the variety of constructions adopted by the court that neither party proposed. Even as to those constructions urged by Emblaze, Patent L.R. 3-6(a) provides good cause to amend invalidity contentions when the Court issues any claim construction "different from that proposed by the party seeking amendment."[6] In contrast perhaps to the standards of other districts,[7] this rule imposes no different standard when the different claim construction was first proposed by the opposing party.[8]

With respect to the second argument, Emblaze initially notes that at least some of the Emblaze products at issue were known to Apple at least as early as April 26, 2013, when Apple filed a pleading with the Court[9] that referenced an Emblaze offering document that included nearly four pages of discussion about Emblaze Creator. Emblaze may be right that Apple knew about the products, or at least some of them, a few months before its brought its motion, but the papers indicate that the vast majority of Emblaze's production about these products was made in late June. Even if that April production might be otherwise be sufficient, it did not identify the Emblaze products by name or with substantial detail in the document and was dated many months after the priority date of the patent-in-suit. Emblaze made further productions in late July that included

---

[6] (emphasis added).

[7] *See*, *e.g. Mass Engineered Design, Inc. v. Ergotron, Inc.*, 250 F.R.D. 284, 286 (N.D. Tex. 2008) (where Court adopted patentee's proposed constructions without major modifications, alleged infringer "was on notice of the possibility of the Court's constructions from at least the time [that the alleged infringer] proposed its constructions")

[8] Emblaze does cite one opinion from this district, *Sunpower Corp. Sys. v. Sunlink Corp.* (Case No. 4:08-2807 SBA (EMC), 2009 WL 1657987 (N.D. Cal. June 12, 2009)), in which the court found insufficient cause where the "risk of the construction rendered by the presiding judge was well known and anticipated by Defendant." But Apple is right that the court in *Sunpower* only found that the construction provided insufficient cause because good cause to amend only because the defendant had already served "[p]rior art and claim charts anticipating" the ordered construction. *Id.* at *1.

[9] *See* Docket No. 179.

Case No.: Case No.: 5:11-cv-01079-PSG
ORDER

three Emblaze Creator manuals and a copy of the actual Emblaze Creator software, which would appear to be the most significant materials for any invalidity analysis. On this record, the court finds that Apple was diligent in seeking relief that same month.

With respect to the third argument, the crux of the disagreement is the timing and manner of Emblaze's document production. Apple claims that on July 30, 2013, a week after the lead inventor of the patent-in-suit Sharon Carmel's deposition, Emblaze produced over 300 pages of documents from the personal files of Carmel even though all of these documents had been made available to Emblaze's counsel before the Carmel deposition. Emblaze similarly surprised Apple – according to Apple anyway – in the middle of inventor depositions with documents and a software program (in original form) from the personal files of Ziv Eliraz, a co-inventor of the patent-in-suit and a former Emblaze employee. Apple also argues that many of the these documents should have been captured during Emblaze's initial document searches or were given to outside counsel who then failed to produce them for over a year.

Emblaze responds that, at bottom, Emblaze did not have possession, custody or control over the documents produced by certain witnesses until the witnesses produced those documents at their depositions in Israel. Emblaze also urges that whatever shortcomings there were in its document production, its efforts were taken in good faith.

The court is troubled by what it has come to learn of Emblaze's processes for collecting and producing documents. In particular, the testimony of Ms. Gal describes a history of delayed production of documents and documents turned up in ESI searches that were not, but should have been, located in earlier productions of documents. Nonetheless on the record presented, the court cannot say that Emblaze's conduct is sanctionable under Rule 37.

Apple has, however, demonstrated the requisite diligence required to secure the leave it seeks. The court therefore considers the prejudice Emblaze might face by granting Apple leave.

4

Case No.: Case No.: 5:11-cv-01079-PSG
ORDER

Emblaze highlights the fact that fact discovery in this case closed on August 30, 2013. Emblaze also claims that, at least as of the date it filed its opposition, none of the publicly available articles and patents that Apple now seeks to add have been produced to Emblaze. Apple disputes this with a sworn declaration, but even if Emblaze's claim is accurate, the court finds that it can mitigate the burden on Emblaze by adjusting the schedule, as follows:

| | |
|---|---|
| Fact Discovery Cutoff (mutual) | October 15, 2013 |
| Designation of Opening Experts with Reports | October 31, 2013 |
| Designation of Rebuttal Experts with Reports | November 15 2013 |
| Expert Discovery Cutoff | December 20, 2013 |
| Deadline(s) for Filing Discovery Motions | *See* Civil Local Rule 37-3 |
| Last Day for Dispositive Motion Hearing | 10:00 a.m. on January 28, 2014 |
| Final Pretrial Conference | 10:00 a.m. on March 11, 2014 |
| Trial | 9:30 a.m. on March 24, 2014 |

The court also will permit a further deposition of Mr. Caramel, with each party bearing its own expenses. If Mr. Caramel does not appear in the United States for such a deposition, the court will entertain a renewed motion by Apple to preclude his testimony.

**IT IS SO ORDERED.**

Dated: September 12, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

5
Case No.: Case No.: 5:11-cv-01079-PSG
ORDER