UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EMBLAZE LTD., ) | Case No.: 5:11-cv-01079-PSG |
| ) | |
| Plaintiff, ) | **OMNIBUS ORDER RE: SEALING MOTIONS** |
| ) | |
| v. ) | |
| ) | **(Re: Docket Nos. 245, 256, and 264)** |
| APPLE INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

Before the court are three administrative motions to file documents under seal filed by the parties in this case.[1] The court considers each motion in turn.

**I. LEGAL STANDARDS**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"[2] Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."[3] Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption

---

[1] *See* Docket Nos. 245, 256, and 264.

[2] *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)).

[3] *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.[4]

Records attached to nondispositive motions, however, are not subject to the strong presumption of access.[5] Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c).[6] As with dispositive motions, the standard applicable to nondispositive motions requires a "particularized showing"[7] that "specific prejudice or harm will result" if the information is disclosed.[8] "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.[9] A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed,[10] but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed.[11]

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to

---

[4] *Id.* at 1178-79.

[5] *See id.* at 1180.

[6] *Id.* at 1179 (internal quotations and citations omitted).

[7] *Id.*

[8] *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).

[9] *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

[10] *See Kamakana,* 447 F.3d at 1179-80 (noting a district court's decision to grant a protective order protecting disclosure of discovery documents may reflect a prior determination that good cause exists to seal discovery by balancing the needs for discovery against the need for confidentiality).

[11] *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

Local Rule 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)."[12] "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable."[13]

## II. DISCUSSION

A. **Emblaze's Motion to Compel Apple's 30(b)(6) Witness and Related Exhibits**

Emblaze filed an administrative motion to seal (1) portions of its motion to compel production from Apple's Rule 30(b)(6) witness, (2) portions of Exhibit C to the Declaration of Lisa A. Ferrari ("the Ferrari Declaration") in support of its motion to compel as well as (3) Exhibit D and (4) Exhibit E to the Ferrari Declaration in their entirety.[14] Emblaze submits its motion to seal based on its belief that these documents contain information that Apple deems confidential pursuant to the Protective Order in this case.[15] Apple submitted a declaration supporting Emblaze's sealing motion and narrowing the sealing request.[16] The court considers each set of documents below.

---

[12] Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version," Civ. L.R. 79-5(d)(1)(d).

[13] Civ. L.R. 79-5(e)(1). The Civil Local Rules have recently been amended shortening the time available to the designating party to file a supporting declaration from seven days to four days. As this rule change was only recently implemented the court applies the prior form of Civ. L.R. 79-5 for the purposes of this order.

[14] *See* Docket No. 245 at 1-2.

[15] *See* Docket No. 80 (Protective Order).

[16] *See* Docket No. 250 (Declaration of Ryan Moran).

3
Case No.: 5:11-cv-01079-PSG
OMNIBUS ORDER RE: SEALING MOTIONS

### 1. Emblaze's Motion to Compel and Related Exhibits

Apple's declaration supports sealing of Emblaze's Motion to Compel only by way of a general claim that the motion is "subject to sealing by this Court to the extent it cites to information or testimony in the deposition transcripts described in ¶¶ 3-5" of the Moran Declaration.[17] Apple's declaration does not establish good cause. The transcript cited in Emblaze's motion focuses on the lack of knowledge of Apple's 30(b)(6) witness. Apple's corporate representative's lack of information pertinent to Apple's business does not disclose any sensitive information warranting the sealing of Emblaze's motion.

### 2. Exhibit C to the Ferrari Declaration

Exhibit C to the Ferrari Declaration contains excerpts from the deposition transcript of Apple's 30(b)(6) witness Mark Buckley ("Buckley") on August 20, 2013. Apple submitted a declaration to the court asking the court to seal thirty-one pages of its 30(b)(6) witnesses deposition testimony. In support of this request, Apple represented that the "document contains highly sensitive & confidential information concerning Apple's business, including testimony and references to documents of the most sensitive type regarding Apple's finances."[18] Although the court is skeptical of the confidentiality of certain designated portions of the transcript, on balance Apple has met its burden with respect to its request.

### 3. Exhibit D to the Ferrari Declaration

Apple also requests the court seal the entire deposition testimony of C.K. Huan ("Huan") contained in Exhibit D[19] which Apple represents contains "sensitive confidential information concerning Apple's business, including testimony and references regarding Apple's App Store,

---

[17] *Id.*

[18] *See* Docket No. 250 at ¶ 3.

[19] *See* Docket No. 247-4.

4
Case No.: 5:11-cv-01079-PSG
OMNIBUS ORDER RE: SEALING MOTIONS

related review and approval processes, Apple's licensing policies, and Apple's finances."[20]  After reviewing the Huan deposition, the court agrees with Apple's characterization and finds the good cause standard to be satisfied.

### 4. Exhibit E to the Ferrari Declaration

Next, Apple requests the court seal the entire deposition transcript of Travis Brown ("Brown") contained in Exhibit E because the "document contains sensitive confidential information concerning Apple's business, including testimony and references of the most sensitive nature relating to Apple's marketing strategies."[21]  Although Apple's hyperbole that the testimony is "of the most sensitive nature" may be overstated, the court nevertheless is persuaded that Brown's testimony relating to product marketing meets the good cause standard.

## B. Apple's Opposition to Emblaze's Motion to Compel and Related Exhibits

Apple also asks the court to seal its opposition and several supporting exhibits.  The court turns there now.

### 1. Apple's Opposition Briefing

Apple makes a general argument that its opposition[22] is subject to sealing by the court to the extent it cites material from the Barrows Declaration described in the subsequent six Barrows Declaration exhibits.[23]  After reviewing Apple's opposition, the court finds the good cause standard has been in light of the references made to the Exhibits considered below.

### 2. Exhibit 1 to the Barrows Declaration

Exhibit 1 to the Barrows Declaration[24] contains excerpts from Buckley's deposition.  Apple

---

[20] Docket No. 250 at ¶ 4.

[21] Docket No. 250 at ¶5.

[22] *See* Docket No. 257.

[23] *See* Docket No. 256-1 at ¶ 8.

[24] *See* Docket No. 258-1.

5
Case No.: 5:11-cv-01079-PSG
OMNIBUS ORDER RE: SEALING MOTIONS

represents the excerpts contain "highly sensitive & confidential information concerning Apple's business, including testimony and references to documents of the most sensitive type regarding Apple's finances."[25] Although the court is skeptical of the confidentiality of certain designated portions of the transcript, on balance Apple has met its burden with respect to its request.

### 3.  Exhibit 3 to the Barrows Declaration

Exhibit 3 to the Barrows Declaration[26] contains confidential iPhone sales data. Apple represents the "document contains sensitive confidential information" concerning Apple's business that "is not disseminated publicly."[27] On its face this type of data is sealable if, as Apple represents, it is not publicly disseminated or publicly accessible. After reviewing Exhibit 3, the court finds this data meets the good cause standard.

### 4.  Exhibit 5 to the Barrows Declaration

Exhibit 5 to the Barrows Declaration[28] constitutes a September 25, 2013, letter sent to Emblaze's outside counsel "that describes proprietary and confidential financial information concerning Apple's business."[29] Apple asks the court to seal information related to the subject matter Buckley will be deposed about later this month. Although the court is skeptical of the confidentiality of certain designated portions of the letter, on balance and especially in light of the limited nature of the redactions to the letter, Apple has met its burden with respect to its request.[30]

---

[25] Docket No. 256-1 at ¶ 2.

[26] *See* Docket No. 258-3.

[27] Docket No. 256-1 at ¶ 3.

[28] *See* Docket No. 258-5.

[29] Docket No. 256-1 at ¶ 4.

[30] *See id.* at 4.

### 5. Exhibit 9 to the Barrows Declaration

Exhibit 9 to the Barrows Declaration[31] is Apple's Worldwide Units & Revenue Forecast for the First Quarter of the Fiscal Year 2008 through the Third Quarter of Fiscal Year 2013 and facially contains sensitive financial information concerning Apple's business. This information is sealable if, as Apple represents, it is not publicly disseminated or publicly accessible. After reviewing Exhibit 9, the court finds this data meets the good cause standard.

### 6. Exhibit 13 to the Barrows Declaration

Exhibit 13 to the Barrows Declaration[32] is Apple's Supplemental Responses and Objections to Plaintiff's Fifth Set of Interrogatories form September 11, 2013. Apple represents the "document contains sensitive financial information concerning Apple's business."[33] Although the support for this sealing this exhibit in Apple's declaration is limited, the court has reviewed Exhibit 13 and determined that Apple's financial disclosures in its responses to the Fifth Set of Interrogatories warrant sealing Exhibit 13, to the extent of Apple's redactions.

### 7. Exhibit 14 to the Barrows Declaration

Exhibit 14 to the Barrows Declaration[34] is Apple's Supplemental Responses and Objections to Plaintiff's Sixth Set of Interrogatories form September 16, 2013. Apple represents the "document contains sensitive contractual and licensing agreement information concerning Apple's business."[35] Although the support for this sealing this exhibit in Apple's declaration is limited, the court has reviewed Exhibit 14 and determined that Apple's financial disclosures in its responses to the Sixth Set of Interrogatories warrant sealing Exhibit 14, to the extent of Apple's redactions.

---

[31] *See* Docket No. 258-9.

[32] *See* Docket No. 258-13.

[33] Docket No. 256-1 at ¶ 6.

[34] *See* Docket No. 258-14.

[35] Docket No. 256-1 at ¶ 7.

**C. Emblaze's Reply in Support of Its Motion to Compel and Related Exhibit**

Emblaze moves to seal (1) portions of its Reply in Support of its Motion to Compel and (2) portions of Exhibit C to the Declaration of Lisa A. Ferrari ("the second Ferrari Declaration") in support of its reply brief.[36] Emblaze submits its motion to seal based on its belief that these documents contain information that Apple deems confidential pursuant to the Protective Order in this case. Apple submitted a declaration supporting Emblaze's sealing motion and narrowed the sealing request.[37] The court considers each set of documents below.

**1. Emblaze's Reply Brief in Support of Its Motion to Compel**

Apple asks the court to seal portions of Emblaze's reply supporting its motion to compel. In doing so, Emblaze and Apple point to portions of Buckley's deposition transcript which contains financial information which describes how Apple forecasts its sales and costs.[38] The court finds that on the whole, such information is sealable. The redacted information on pages two and three relating to Buckley's lack of cooperation as a 30(b)(6) witness does not, however, meet the good cause standard. Therefore, those pages will not be sealed.

**2. Exhibit C to the Second Ferrari Declaration**

Apple asks the court to seal portions of Exhibit C to the second Ferrari Declaration that excerpts from Buckley's deposition transcript.[39] Apple supports the sealing of the deposition testimony with a generic averment that the "document contains highly sensitive & confidential information concerning Apple's business, including testimony and references to documents of the

---

[36] *See* Docket No. 264 at 1-2.

[37] *See* Docket No. 273.

[38] See Docket No. 264-1 at ¶¶ 2-3; Docket No. 273 at 4.

[39] *See* Docket No. 266-3.

8
Case No.: 5:11-cv-01079-PSG
OMNIBUS ORDER RE: SEALING MOTIONS

most sensitive type regarding Apple's finances."[40]  As above, the court is skeptical of Apple's general averments, but finds that, on balance, sealing is warranted.

---

[40] Docket No. 273 at ¶ 3.

Case No.: 5:11-cv-01079-PSG
OMNIBUS ORDER RE: SEALING MOTIONS

## III. SUMMARY

### Docket No. 245

| | Grant | Deny | Docket No. |
|---|---|---|---|
| **Emblaze's Motion to Compel** | | x | 246 |
| **Exhibit C to the Ferrari Declaration** | x | | 247-3 |
| **Exhibit D to the Ferrari Declaration** | x | | 247-4 |
| **Exhibit E to the Ferrari Declaration** | x | | 247-5 |

### Docket No. 256

| | Grant | Deny | Docket No. |
|---|---|---|---|
| **Apple's Opposition** | x | | 257 |
| **Exhibit 1 to the Barrows Declaration** | x | | 258-1 |
| **Exhibit 3 to the Barrows Declaration** | x | | 258-3 |
| **Exhibit 5 to the Barrows Declaration** | | x | 258-5 |
| **Exhibit 9 to the Barrows Declaration** | x | | 258-9 |
| **Exhibit 13 to the Barrows Declaration** | x | | 258-13 |
| **Exhibit 14 to the Barrows Declaration** | x | | 258-14 |

### Docket No. 264

| | Grant | Deny | Docket No. |
|---|---|---|---|
| **Emblaze's Reply** | x (in part) | | 265 |
| **Exhibit C to the Ferrari Declaration** | x | | 266-3 |

IT IS SO ORDERED.

Dated: October 18, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge