SARAH BARROWS (SBN 253278)
barrowss@gtlaw.com
Stephen Ullmer (SBN 277537)
ullmers@gtlaw.com
GREENBERG TRAURIG, LLP
4 Embarcadero Center, Suite 3000
San Francisco, CA 94111-5983
Telephone: (415) 655-1300
Facsimile: (415) 707-2010

James J. DeCarlo (Admitted *Pro Hac Vice*)
decarloj@gtlaw.com
Michael A. Nicodema (Admitted *Pro Hac Vice*)
nicodemam@gtlaw.com
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue, 34th Floor
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400

*Attorneys for Defendant,*
*Apple, Inc.*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| EMBLAZE LTD.,<br><br>            Plaintiff;<br><br>     v.<br><br>APPLE INC., a California corporation,<br><br>            Defendant. | Case No.   5:11-CV-01079 PSG<br><br>**DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTION TO STRIKE INFRINGEMENT THEORIES FROM EMBLAZE'S INFRINGEMENT EXPERT REPORT**<br><br>Date:       January 21, 2014<br>Time:       10:00 a.m.<br>Location: Courtroom 5, 4th Floor<br>Before:    Hon. Paul Singh Grewal |

**Table of Contents**

I. Introduction ................................................................................................................. 2

II. Background ................................................................................................................ 4

    A. Timeline and History of Emblaze's Infringement Contentions. .......................... 4

    B. Dr. Vijay Madisetti's Expert Report on Infringement of the '473 Patent. ........... 5

III. Legal Standards .......................................................................................................... 5

    A. The Patent Local Rules Require Specific Disclosures That Bind the Parties Once Made. . 5

    B. The Proper Remedy Is Exclusion Of Undisclosed Theories. ............................... 6

IV. Argument ................................................................................................................... 8

    A. This Court Should Strike the Madisetti Report's Inducement Theories Entirely Because Emblaze Disclosed Only a Boilerplate Theory in Its Contentions. ....................... 8

        1. The Patent Local Rules Set Forth Requirements of Disclosure and Specificity for Indirect Infringement Contentions that Boilerplate Lists Cannot Meet. .............................. 8

        2. Emblaze's Infringement Contentions Do Not Disclose any Inducement Theory That Satisfies the Patent Local Rules. ...................................................................... 9

    B. To The Extent The Madisetti Report Discloses *Any* Inducement Theories, They Are *New* "Content Provider" Theories That Substantially Differ from the "CDN" Theories in the RPDs. ......................................................................................................................... 10

    C. The Madisetti Report's Newly-Added Bases By Which Apple Purportedly Induces Third Parties To Directly Infringe Should Be Stricken. .............................................. 11

    D. The Court Should Strike Emblaze's Previously-Undisclosed Theories Of Infringement Under The Doctrine of Equivalents. ...................................................................... 12

    E. The Court Should Strike References to New Apple Products From Emblaze's Expert Report. ................................................................................................................... 13

V. CONCLUSION ......................................................................................................... 14

APPLE'S MOTION TO STRIKE INFRINGEMENT
THEORIES FROM EMBLAZE'S EXPERT REPORT    - i -
   CASE NO. 5:11-CV-01079 PSG

## TABLE OF AUTHORITIES

**Federal Cases**

*Atmel Corp. v. Info. Storage Devices, Inc.*,
  1998 WL 775115 (N.D. Cal. Nov. 5, 1998)..................................................................... 6

*Creagri, Inc. v. Pinnaclife Inc., LLC*,
  2012 WL 5389775 (N.D. Cal. Nov. 2, 2012)................................................................ 8, 9

*Daubert v. Merrell Dow Pharms., Inc.*,
  509 U.S. 579 (1993)............................................................................................................ 2

*Dynetix Design Solutions, Inc. v. Synopsys, Inc.*,
  2013 WL 4537838 (N.D. Cal. Aug. 22, 2013).............................................. 7, 10, 12, 13

*France Telecom, S.A. v. Marvell Semiconductor, Inc.*,
  2013 WL 1878912 (N.D. Cal. May 3, 2013) ............................................................... 8, 9

*FusionArc, Inc. v. Solidus Networks, Inc.*,
  2007 WL 1052900 (N.D. Cal. Apr. 5, 2007) ................................................................... 6

*Genentech Inc. v. Trustees of the Univ. of Pennsylvania*,
  2012 WL 424985 (N.D. Cal. Feb. 9, 2012) ..................................................................... 7

*Informatica Corp. v. Bus. Objects Data Integration, Inc.*,
  2006 WL 463549 (N.D. Cal. Feb. 23, 2006) ................................................................... 7

*Integrated Circuit Sys., Inc. v. Realtek*,
  308 F. Supp. 2d 1106 (N.D. Cal. 2004) ........................................................................... 6

*Intertrust Techs. Corp. v. Microsoft Corp.*,
  2003 WL 23120174 (N.D. Cal. Dec. 1, 2003) ................................................................ 6

*MEMC Elec. Materials v. Mitsubishi Materials Silicon Corp.*,
  2004 WL 5363616 (N.D. Cal. Mar. 2, 2004) .................................................................. 7

*Network Caching Tech. LLC v. Novell Inc.*,
  2002 WL 32126128 (N.D. Cal. Aug. 13, 2002) ............................................................. 6

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
  467 F.3d 1355 (Fed. Cir. 2006)......................................................................................... 6

*Oracle Am., Inc. v. Google Inc.*,
  2011 WL 4479305 (N.D. Cal. Sept. 26, 2011) ............................................................... 7

*Rambus, Inc. v. Hynix Semiconductor, Inc.*,
  2008 WL 5411564 (N.D. Cal. Dec. 29, 2008) ................................................................ 6

*Safeclick, LLC v. Visa Int'l Serv. Ass'n*,
  208 F. App'x 829, 835 (Fed. Cir. 2006) .......................................................................... 7

*SanDisk Corp. v. Memorex Prods., Inc.*,
  415 F.3d 1278 (Fed. Cir. 2005)......................................................................................... 7

*Woods v. DeAngelo Marine Exhaust, Inc.*,
  692 F.3d 1272 (Fed. Cir. 2012)......................................................................................... 7

**Federal Rules**

Fed. R. Civ. P. 26 ....................................................................................................................... 2

Fed. R. Civ. P. 37 ....................................................................................................................... 7

**Patent Local Rules**

Patent L.R. 3-1 .................................................................................................................. passim

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on January 21st, 2014 at 10:00 a.m., or as soon thereafter as counsel may be heard, Defendant Apple, Inc. ("Apple") shall and hereby does move to strike portions of Emblaze's infringement expert report that violate the Patent Local Rules and Order of this Court for the reasons set forth in the accompanying memorandum.

# RELIEF REQUESTED

Apple seeks an order striking the portions of Emblaze's infringement expert report as identified in the accompanying memorandum, and ruling that neither Emblaze nor its experts may cite, testify about, offer testimony on, or otherwise rely on the stricken theories in Emblaze's infringement expert report.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This Court established Patent Local Rules requiring a plaintiff to provide clear notice of its theories of infringement. The local rules and associated case law exist to ensure that issues are well honed for Court resolution whether by trial or motion. This is particularly critical in a case in which the parties' polarized damages assessments make resolution other than by trial or motion unlikely. As such, Emblaze should not be permitted to rely on boilerplate infringement contentions, or have an expert expound on matters not raised in its contentions, in the hopes of getting wide latitude in responding to summary judgment motions or to "see what sticks" with the jury.

Emblaze's infringement theories relating to Apple's alleged infringement of U.S. Patent No. 6,389,473 (the "'473 patent" or "patent-in-suit") as set forth in its infringement contentions and in the report of its expert Dr. Vijay Madisetti ("Madisetti Report") do not comply with the Patent Local Rules.[1] Emblaze's boilerplate inducement contentions do not provide adequate notice under the Patent Local Rules. Moreover, even the minimal disclosures set forth in those contentions are abandoned in the Madisetti Report, which identifies alternative and additional infringement theories regarding the parties induced, the alleged bases underlying their purported inducement, the doctrine of equivalents, and the accused products. Accordingly, Apple asks this Court to strike the following for non-compliance with the Patent Local Rules:

(1) All references in the Madisetti Report to alleged infringement based upon a theory that Apple induced third parties to infringe elements of the asserted claims. Emblaze's contentions: (i) fail to disclose sufficient theories that these third parties (Akamai, Brightcove, Limelight Networks, and "end users") infringe the asserted claims; (ii) fail to identify the manner in which these parties meet the claim limitations; and (iii) fail to describe the manner in which such parties were induced to infringe by Apple.

---

[1] Apple also believes that the Madisetti Report has not set forth a complete statement of Dr. Madisetti's opinions and the reasons and bases therefor, as required by Fed. R. Civ. P. 26(a)(2)(B). Apple reserves the full scope of its rights to object to, strike, and exclude the opinions of Dr. Madisetti under *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) and its progeny as well as for failure to comply with the Federal Rules of Civil Procedure following Apple's deposition(s) of Dr. Madisetti and the close of expert discovery.

(2) All references in the Madisetti Report to alleged infringement based upon a theory of inducing "content providers," namely MLB Advanced Media (for live streaming via "MLB AT BAT"), NFL (for live streaming via "NFL Preseason Live"), Apple (for live streaming of the iTunes Festival London 2013), CBS's Live Streaming (for live streaming of PGA Events), Apple (for live streaming of keynote presentations), ABC Live (for live streaming of news), and ESPN (for live streaming via "WatchESPN"), since none of those parties were identified in Emblaze's infringement contentions.

(3) All references in the Madisetti Report to alleged infringement that rely on bases of inducement not identified in Emblaze's infringement contentions, namely those acts that Dr. Madisetti now opines Apple allegedly "recommends," "instructs," or "encourages" third parties to do, which allegedly induce such third parties to directly infringe.

(4) All references in the Madisetti Report to alleged infringement based on the doctrine of equivalents, since Emblaze's infringement contentions did not provide *any* disclosure of infringement theories based on the doctrine of equivalents other than the type of boilerplate reservations this Court has explicitly rejected.

(5) Infringement theories based on Apple's alleged infringement with respect to iPhone 5, 5S, 5C, the iPad 3, 4, Air, and Mini, iPod Touch 5.0, and Apple TV versions greater than 4.4, as such products were not identified in Emblaze's infringement contentions.

The Patent Local Rules require detailed information outlining a parties' theories of infringement—not boilerplate language that fails to specify any particular theory. Emblaze's expert cannot fill in the gaps in insufficient contentions with new infringement theories. Rather, the law requires that he opine on the theories disclosed per the Patent Local Rules. Indeed, this Court has long held that opinions based on undisclosed theories are improper. It must do so again here.[2]

---

[2] For the Court's convenience, Exhibit 1-B to the Declaration of Douglas Weider in Support of Apple's Motion to Strike, dated November 22, 2013 ("Weider Declaration") provides color-coded highlighting: the inducement theories identified above in (1)-(3) are highlighted in blue, the equivalents theories identified in (4) are highlighted in green, and the newly-identified product theories identified in (5) are highlighted in red. Unless otherwise noted, the Exhibits referenced in this motion are identified in the Weider Declaration.

## II. BACKGROUND

### A. Timeline and History of Emblaze's Infringement Contentions.

Emblaze served its first set of infringement contentions as "Plaintiff Emblaze Ltd.'s Patent Disclosures" (the "FPDs") on October 21, 2011. (Ex. 3). The FPDs contended infringement under 35 U.S.C. §§ 271(a)-(b) of claims 1, 2, 8-14, 21, 23-29, 36-38, and 40-41 and included one claim chart that listed the claim elements of the asserted claims in a first column and copied paragraphs from the text of a public marketing document known as the HTTP Live Streaming Overview in the second column. (Ex. 3, FPDs at Exhibit A, pp. 1-22). Emblaze's inducement contentions in the FPDs contained a list, by name and allegedly-infringed claim number, of third parties that were allegedly induced to infringe by Apple, namely: Adobe, Microsoft, Google, unnamed "Clients," ABC news, Akamai Technologies, Brightcove, CBS, ESPN, Internet Video Archive, and Major League Baseball. In its FPDs, Emblaze did not disclose any detailed theories regarding Apple's alleged inducement or those parties' alleged direct infringement.

Apple informed Emblaze on November 23, 2011 that the FPDs were insufficient under the local rules and asked that Emblaze provide sufficient contentions. (Ex. 3). Emblaze disagreed and refused to supplement its contentions with the level of detail required. It then served Revised Patent Disclosures ("RPDs") on January 31, 2012. (Ex. 2). Those contentions added an allegation under § 271(c), but did not amend the claim chart or add detail to any of the contentions. (Ex. 2, RPDs at 2). Emblaze also removed its contentions under Patent L.R. 3-1(d) regarding Adobe, Microsoft, Google, ABC News, CBS, ESPN, Internet Video Archive, and Major League Baseball ("MLB"). (*Compare* Ex. 3, FPDs at 4-6, *with* Ex. 2, RPDs at 4-5). The RPDs maintained the same contentions for "Clients," Content Distribution Networks ("CDNs") Akamai, and Brightcove, and added a third CDN to the list (Limelight Networks). (Ex. 2, RPDs at 4-5).

Emblaze subsequently filed an amended complaint ("FAC") on April 27, 2012. (D.E. 100). The FAC did not identify any third parties or counts of indirect infringement. Then-presiding Judge Armstrong dismissed portions of the FAC. (D.E. 137 at 11 (dismissing Emblaze's indirect infringement claims with leave to amend)). Apple's Reply brief in support of its motion to dismiss that complaint laid out why Emblaze's infringement contentions remained insufficient under the

1  Patent Local Rules and could not be used to bootstrap Emblaze's insufficient allegations of indirect
2  infringement. (D.E. 116, included as Ex. 6). Emblaze thereafter amended its complaint a second
3  time ("SAC"). (D.E. 143). The SAC alleges "upon information and belief" that Apple induces direct
4  infringement by the NFL, MLB, CNN, Fox News, Fox Sports, CBS Sports, ABC News, and NBC
5  Sports. (D.E. 143, SAC ¶¶ 21-25).

Despite the fact that the SAC alleged Apple's inducement of third parties never identified in the RPD, Emblaze never sought leave to amend its RPDs to track the new allegations in the SAC. As the end of discovery was approaching, Apple invited Emblaze to amend its RPDs in early July of 2013 in exchange for Apple's opportunity to also amend its invalidity contentions. Emblaze refused to stipulate to a mutual amendment, so Apple then sought and was granted leave to amend. (D.E. 248 at 4-5). Then, on November 8 2013, the same day that Emblaze served the Madisetti Report, the parties (at Emblaze's request) stipulated that Emblaze's RPDs are the infringement contentions pursuant to which both parties have litigated this case and based on which the parties pursued relevant discovery. (D.E. 299 & 300). As noted, the only induced parties identified in the RPDs are "end users" and three CDNs, namely Akamai, Brightcove, and Limelight Networks.

### B. Dr. Vijay Madisetti's Expert Report on Infringement of the '473 Patent.

The Madisetti Report adds new theories of infringement, disparate from and far beyond those disclosed in Emblaze's RPDs. The Madisetti Report does not set forth any opinion of direct infringement by Apple, nor does it provide any opinion concerning the specific infringing acts allegedly performed by CDNs. (*See generally* Ex. 1-A). Instead, as detailed below, the Madisetti Report offers new theories regarding the parties allegedly induced, the bases upon which such parties are induced, the doctrine of equivalents, and the accused products.

### III. LEGAL STANDARDS

#### A. The Patent Local Rules Require Specific Disclosures That Bind the Parties Once Made.

The Patent Local Rules supplement the Federal Rules of Civil Procedure and "require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Integrated Circuit Sys., Inc. v. Realtek*, 308 F. Supp. 2d 1106, 1107 (N.D. Cal.

2004) (quoting *Atmel Corp. v. Info. Storage Devices, Inc.*, 1998 WL 775115, at *2-3 (N.D. Cal. Nov. 5, 1998). These rules serve the critical function of disclosing the parties' theories of a case while shaping and streamlining discovery. *See* D.E. 299 ("[T]he parties have participated in claim construction and discovery based on Emblaze's Revised Patent Disclosures and the amendments contained therein."); *see also FusionArc, Inc. v. Solidus Networks, Inc.,* 2007 WL 1052900, at *2 (N.D. Cal. Apr. 5, 2007) ("Patent LR 3–1 . . . takes the place of a series of interrogatories that defendants would likely have propounded had the patent local rules not provided for streamlined discovery." (quoting *Network Caching Tech. LLC v. Novell Inc.*, 2002 WL 32126128, at*4 (N.D. Cal. Aug. 13, 2002))).

Patent Local Rule 3-1 specifically requires detailed and "nit picky" infringement theories. *Intertrust Techs. Corp. v. Microsoft Corp.*, 2003 WL 23120174, *3 (N.D. Cal. Dec. 1, 2003) ("The purpose of Patent Local Rule 3-1, however, is in fact to be 'nit picky.'") Boilerplate reservations and assertions fail to satisfy a party's burden under Patent Local Rule 3-1. *Rambus, Inc. v. Hynix Semiconductor, Inc.*, 2008 WL 5411564, at *3 (N.D. Cal. Dec. 29, 2008) ("The Patent Local Rules require a limitation-by-limitation analysis, not a boilerplate reservation.") Infringement contentions that mostly copy the language of the patent claim are insufficiently vague. *Network Caching Tech., LLC v. Novell, Inc.*, 2002 U.S. Dist. LEXIS 26098, *16-*18 (N.D. Cal. Aug. 13, 2002).

Continually shifting infringement theories run contrary to the Federal and Patent Local Rules, since "discovery is designed to allow the defendant to pin down the plaintiff's theories of liability and to allow the plaintiff to pin down the defendant's theories of defense, thus confining discovery and trial preparation to information that is pertinent to the theories of the case." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006).

### B.     The Proper Remedy Is Exclusion Of Undisclosed Theories.

A party that fails to comply with its discovery obligations "is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). A plaintiff's failure to provide timely and sufficient infringement contentions risks the "impos[ition of] any 'just' sanction for the failure to obey a scheduling order, including 'refusing to allow the disobedient party to support or oppose

designated claims or defenses, or prohibiting that party from introducing designated matters in evidence.'" *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006) (quoting Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b)(2)(B)). New infringement theories should not be considered, even if that relief amounts to a "case-ending sanction." *Safeclick, LLC v. Visa Int'l Serv. Ass'n*, 208 F. App'x 829, 835 (Fed. Cir. 2006); *see Informatica Corp. v. Bus. Objects Data Integration, Inc.*, 2006 WL 463549, at *1 (N.D. Cal. Feb. 23, 2006) (granting motion to strike new claims in final infringement contentions not disclosed in PICs); *O2 Micro*, 467 F.3d at 1369 (citing *SanDisk Corp. v. Memorex Prods., Inc.*, 415 F.3d 1278, 1292 (Fed. Cir. 2005) (finding no abuse of discretion regarding the exclusion of infringement theories that were not disclosed in accordance with the local rules). The same is true for a party's failure to disclose facts supporting infringement claims, including through interrogatories. *See Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1279-80 (Fed. Cir. 2012).

When presented with a motion to strike portions of an expert report where the opinions are not supported by the offending party's infringement contentions, this Court looks at "the nature and scope of the theory . . . disclosed and whether the challenged report section merely provides an evidentiary example or complementary proof in support thereof, or itself advances a new or alternate theory." *Genentech Inc. v. Trustees of the Univ. of Pennsylvania*, 2012 WL 424985 at *2 (N.D. Cal. Feb. 9, 2012). Striking portions of an expert's report is a proper remedy for theories that were not disclosed in the infringement contentions or that are insufficient as a matter of law. *See, e.g.*, *Oracle Am., Inc. v. Google Inc.*, 2011 WL 4479305, at *3 (N.D. Cal. Sept. 26, 2011) (granting motion to strike accused products newly identified in the expert report, but not specifically named in the infringement contentions); *MEMC Elec. Materials v. Mitsubishi Materials Silicon Corp.*, 2004 WL 5363616, at *6 (N.D. Cal. Mar. 2, 2004) (granting motion to bar plaintiff from offering any expert report or testimony regarding the doctrine of equivalents, where the doctrine of equivalents was not disclosed in the infringement contentions); *Dynetix Design Solutions, Inc. v. Synopsys, Inc.*, 2013 WL 4537838, *1 (N.D. Cal. Aug. 22, 2013) (excluding the plaintiff's doctrine of equivalents theory and stating that "if our local rules are to have any teeth, [theories] must be adequately disclosed and supplemented along the way, should new evidence arise in discovery").

## IV. ARGUMENT

The Madisetti Report follows years of litigation in which Emblaze's RPDs shaped discovery and the issues to be determined at trial. (*See* D.E. 299 & 300). The Madisetti Report nonetheless relies on new, previously undisclosed theories. Emblaze has failed to disclose its inducement theory, and to the extent it had disclosed any inducement theory in its contentions, a point not conceded, the Madisetti Report offers entirely new inducement theories regarding the parties induced, the bases of inducement, the doctrine of equivalents and the accused products. Because Emblaze failed to proffer its theories as required by the Patent Local Rules, the portions of the Madisetti Report based on inadequately disclosed theories, or new theories, should be stricken.

### A. This Court Should Strike the Madisetti Report's Inducement Theories Entirely Because Emblaze Disclosed Only a Boilerplate Theory in Its Contentions.

#### 1. The Patent Local Rules Set Forth Requirements of Disclosure and Specificity for Indirect Infringement Contentions that Boilerplate Lists Cannot Meet.

Emblaze did not disclose *any* inducement theories that satisfy the Patent Local Rules. Emblaze should be held to those contentions.

Under the Patent Local Rules, a plaintiff claiming patent infringement must serve infringement contentions that, "[f]or each claim which is alleged to have been indirectly infringed, [includes] an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts of multiple parties, <u>the role of each such party in the direct infringement must be described</u>." Patent L.R. 3-1(d) (emphasis added). Infringement contentions do not meet this standard if they fail to identify the alleged acts of direct infringement by third parties or the acts by the defendant that would have induced or contributed to such direct infringement. *See Creagri, Inc. v. Pinnaclife Inc., LLC*, 2012 WL 5389775, *5 (N.D. Cal. Nov. 2, 2012) (Grewal, M.J.) (rejecting boilerplate allegations of indirect infringement that "fail[] to identify what advertisements and instructions lead to what infringing behavior"); *see France Telecom, S.A. v. Marvell Semiconductor, Inc.*, 2013 WL 1878912, at *5 (N.D. Cal. May 3, 2013) (rejecting plaintiff's indirect infringement theory that "merely restate[d]" its general theory of direct infringement). Likewise, a

recitation of the elements of indirect infringement does not provide the requisite "description of the acts of the alleged indirect infringer." *France Telecom*, 2013 WL 1878912 at *5; *see Creagri*, 2012 WL 5389775 at *5 (finding contentions that stated a defendant advised third parties to use products in an infringing manner but failed to identify which advertisements led to infringing behavior was insufficient "boilerplate").

### 2. Emblaze's Infringement Contentions Do Not Disclose any Inducement Theory That Satisfies the Patent Local Rules.

Emblaze's Patent L.R. 3-1(d) disclosure does not support Emblaze's inducement allegations against Apple. Without any further explanation, citation, or detail, Emblaze contends the following:

> Defendant induces each of the following third parties to infringe the asserted claims of the '473 patent by requiring each of them to use HTTP Live Streaming (Defendant requires iPhone and iPad applications that send large amounts of audio or video data over cellular networks to use HTTP Live Streaming, and provides support for HTTP Live Streaming on iPhone, iPad, and iPod touch (requires iOS version 3.0 or later), Apple TV (version 2 and later), and Mac OS X computers).

(Ex. 2, RPDs at 4). The contentions then provide two lists. First, Emblaze listed 11 claim limitations (verbatim) that "end users" allegedly perform. (*Id.* at 4-5). Second, Emblaze states that "The remainder of the limitations" in the asserted claims are "performed by or incorporated in devices operated by" three Content Distribution Networks, namely Akamai, Brightcove, and Limelight. (*Id.* at 5).

The Patent Local Rules required Emblaze to disclose "how exactly it believes [Apple] indirectly or contributorily infringed." *Creagri*, 2012 WL 5389775 at *5. This Court viewed the indirect contentions in *Creagri* as boilerplate where Pinnaclife was alleged to be "advising others to use," "advertising and promoting the use," and "distributing instructions, scientific papers, and videos that guide customers to use" products in an infringing manner. (*Id.*)

Emblaze's contentions contain even less detail than Creagri's. At most, the contentions suggest that Apple requires applications on its devices to use HLS to play streaming video in some circumstances and provides support on its devices for HLS generally. Even if true, this does not satisfy the local rules because Emblaze provides no information about what infringing behavior Apple has induced based on the alleged "requir[ement]" and "support." Emblaze's list of asserted

claims is not a duly-disclosed inducement theory.  If that disclosure were enough, Patent L.R. 3-1(a) would be superfluous, as 3-1(a) requires a list of the allegedly infringed claims.  Because *no* inducement theory was disclosed, the Madisetti Report's inducement theories should be stricken.  *Dynetix v. Synopsys*, 2013 WL 4537838 at *1-*2 (excluding expert report theories that were not disclosed in the infringement contentions).

> **B.     To The Extent The Madisetti Report Discloses *Any* Inducement Theories, They Are *New* "Content Provider" Theories That Substantially Differ from the "CDN" Theories in the RPDs.**

Even if, *arguendo*, the infringement contentions in Emblaze's RPDs are considered adequate inducement theories, they differ entirely from the theories advanced in Emblaze's expert report.  Dr. Madisetti's opinions should be held to the limits of Emblaze's inducement contentions, and his new theories should be stricken.  (*Id.*)

Emblaze's contentions do not disclose *any* theories that implicate "content providers."  A content provider is the source of the stream to be broadcast, such as MLB for a baseball game, or the NFL for a football game.  No such content providers were identified in Emblaze's contentions.  As described above, the RPDs allege a barebones inducement theory that only implicates the actions of "end users" (i.e. owners of devices) and CDNs (i.e. the networks that distribute content between a content provider and an end user).  Content providers are not mentioned in the RPDs.

Emblaze did not forget to add contentions that implicated content providers—they were dropped when Emblaze served its RPDs.  In Emblaze's first set of infringement contentions, Emblaze served boilerplate contentions that lumped content providers and CDNs together, alleging that Apple induced Adobe, Microsoft, Google, ABC, Akamai, Brightcove, CBS, ESPN, Internet Video Archive, and Major League Baseball to infringe the '473 patent. (Ex. 3, FPDs at 4-6).  Apple notified Emblaze that those contentions were inadequate on a number of grounds. (Ex. 4).  Emblaze disagreed, then served updated contentions in January, 2012. (Ex. 2, RPDs).  Those updated contentions (the RPDs) retained the contentions pertaining to "end users" and the two CDNs (Akamai and Brightcove), and added a third CDN (Limelight).  Emblaze dropped every other alleged actor. Yet now the Madisetti Report discloses new theories that implicate "content providers," which are

completely different entities that perform a completely different role in video streaming than the allegedly induced parties identified in the RPDs.

As the parties' November 8, 2013 stipulation (D.E. 299 & 300) conclusively shows, the parties "participated in claim construction and discovery based on Emblaze's Revised Patent Disclosures and amendments contained therein." It would be unfairly prejudicial to Apple if Emblaze can change course at this late date after the parties litigated this case in view of Emblaze's RPDs. Emblaze never disclosed these parties, and the portions of Dr. Madisetti's Report implicating them now should be stricken.

**C.   The Madisetti Report's Newly-Added Bases By Which Apple Purportedly Induces Third Parties To Directly Infringe Should Be Stricken.**

As described in Sections A and B above, Emblaze's inducement theories should be stricken from the Madisetti Report entirely. In addition, Dr. Madisetti's newly-added theories regarding the manner in which Apple allegedly induces third parties to infringe (referred to herein as "Apple Conduct" theories) should similarly be stricken for Emblaze's failure to disclose such theories in its infringement contentions.

Emblaze's contentions stated that Apple "requir[es]" third parties to use HLS in some situations and "support[s]" HLS on its products. (*See* Section II.A). In addition to the change in the parties induced from CDNs to Content Providers, the Madisetti Report contains several new opinions that Apple induces Content Providers (as opposed to the CDNs identified in its RPDs) to infringe by virtue of Apple's alleged provision of purported guidance with respect to:

(1)  encoding enough variants to provide the best quality across a wide range of connection speeds (Madisetti Report at ¶ 73(i));

(2)  using relative path names in variant playlists (*id.* at ¶ 73(ii));

(3)  using the same audio track in all streams (*id.* at ¶ 73(iii));

(4)  specifying that the BANDWIDTH attribute should match the actual bandwidth required by the given stream (*id.* at ¶ 73(iv));

(5)  recommending encoder settings (*id.* at ¶ 74);

(6)  providing test streams (*id.* at ¶¶ 75-76);

(7)  instructing developers how to deploy HLS (*id.* at ¶ 77);

(8)  recommending 10 seconds per media file segment (*id.* at ¶ 78);

(9)  instructing third parties how to configure HLS servers (*id.* at ¶ 79);

(10)  encouraging third parties by distributing literature (*id.* at ¶¶ 97, 140, 143, 146, 155, 164, 170, 172, 176, 180, 184, 186, 189, 208, 216, 223, 228, 231-32);

(11)  selling Apple devices that can play live video streams (*id.*); and

(12)  encouraging app developers to make live streaming apps (*id.*).

These new "Apple Conduct" theories are not disclosed in Emblaze's infringement contentions, and as such, they should be stricken from the Madisetti Report.

### D. The Court Should Strike Emblaze's Previously-Undisclosed Theories Of Infringement Under The Doctrine of Equivalents.

Emblaze's RPDs included a boilerplate reference to the doctrine of equivalents and nothing more:  "All of the elements of the asserted claims of the '473 patent are literally present in the identified infringing products . . . .  To the extent any of the elements of the asserted claims may not be literally present in defendant's infringing products, the elements are present under the Doctrine of Equivalents."  (Ex. 2, RPDs at 5-6).  The Rules require more than this type of boilerplate reservation.

The Patent Local Rules require a plaintiff to disclose its theories (if they exist) that each limitation of each asserted claim is present under the doctrine of equivalents—boilerplate reservations of theories are not sufficient.  Patent L.R. 3-1(e); *MEMC Elec. Materials v. Mitsubishi Materials Silicon Corp.*, 2004 WL 5363616, at *6 (N.D. Cal. Mar. 2, 2004) (granting motion to bar plaintiff from offering any expert report or testimony regarding the doctrine of equivalents, where the doctrine of equivalents was not disclosed in the infringement contentions); *Dynetix Design Solutions, Inc. v. Synopsys, Inc.*, 2013 WL 4537838, *1 (N.D. Cal. Aug. 22, 2013) (excluding the plaintiff's doctrine of equivalents theory and stating that "if our local rules are to have any teeth, [theories] must be adequately disclosed and supplemented along the way, should new evidence arise in discovery").

The Madisetti Report relies on the doctrine of equivalents for three claim limitations:  (1) "real-time broadcasting," (2) "uploading," and (3) the "determining a data bandwidth" limitation of claim 12.  (*See* Ex. 1-A at ¶¶ 101, 141, & 173).  No such theories are laid out in Emblaze's PRDs.

APPLE'S MOTION TO STRIKE INFRINGEMENT
THEORIES FROM EMBLAZE'S EXPERT REPORT         - 12 -                    CASE No. 5:11-CV-01079 PSG

As this Court found in *Dynetix v. Synopsys*, 2013 WL 4537838, defendants are severely prejudiced in their ability to refute previously-undisclosed theories. The same is true here with respect to Apple. Dr. Madisetti's equivalents theories should be stricken because none were disclosed to Apple during discovery. *Id.* at *1-2. Emblaze cannot provide a justification now—and no such explanation can be found in Emblaze's expert report—for changing its theories in this fashion months after fact discovery closed. *See id.*

Apple's supplemental response to Emblaze's Interrogatory No. 3, which Apple served at the end of fact discovery on August 30, 2013, identified why Emblaze should not be allowed to add equivalents theories now:

> Emblaze's Revised Patent Disclosures provide no contentions regarding the doctrine of equivalents except to "reserve" its rights to amend its infringement contentions under certain circumstances and to assert that any element that is not literally present is present under the doctrine of equivalents. Emblaze never moved to amend its Revised Patent Disclosures, and has provided Apple with no contentions to which Apple can respond. Apple thus contends that Emblaze has not alleged any facts or made any contentions that support a doctrine of equivalents argument, and on that basis Apple does not infringe any claim of the '473 patent under that doctrine.

(Ex. 7 at 16). When Apple served its non-infringement interrogatory, it had no equivalents theories to respond to, theories that Emblaze was required by the Rules to disclose when it knew of those theories. *See Dynetix v. Synopsys*, 2013 WL 4537838 at *1 ("By failing to give Synopsys adequate notice of these theories during fact discovery, Dynetix severely prejudiced Synopsys' ability to refute any DOE theories."). Emblaze should not be permitted to introduce equivalents theories now via new opinions not found in its infringement contentions.

### E.  The Court Should Strike References to New Apple Products From Emblaze's Expert Report.

Emblaze should not be permitted to accuse Apple products that were not included in its infringement contentions of infringing the '473 patent. Patent L.R. 3-1(b) requires the plaintiff to specifically identify particular accused products. Courts in this district have recognized that the local rules "placed the burden of specifically identifying all accused devices on the accuser." *Oracle Am., Inc. v. Google Inc.*, 2011 WL 4479305, at *2 (N.D. Cal. Sept. 26, 2011). Emblaze never moved this Court to add new products to its infringement contentions. The Madisetti Report nonetheless

identifies the iPhone 5, 5S, 5C, the iPad 3, 4, Air, and Mini, iPod Touch 5.0, and Apple TV versions greater than 4.4 that were not disclosed in the infringement contentions or Second Amended Complaint.  (Ex. 1-A at ¶¶ 39-41, 43, 103, & 110).  As a result, references to these newly-accused products should be stricken from the Madisetti Report.  *See Oracle*, 2011 WL 4479305 at *2-3.

## V. CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court grant Apple's motion to strike portions of the expert reports that rely on improperly disclosed infringement contentions.

Dated:  November 25, 2013                              GREENBERG TRAURIG, LLP


By: /s/ Sarah Barrows
SARAH BARROWS (SBN 253278)
barrowss@gtlaw.com
Stephen Ullmer (SBN 277537)
GREENBERG TRAURIG, LLP
4 Embarcadero Center, Suite 3000
San Francisco, CA 94111-5983
Telephone: (415) 655-1300
Facsimile: (415) 707-2010

James J. DeCarlo (Admitted *Pro Hac Vice*)
decarloj@gtlaw.com
Michael A. Nicodema (Admitted *Pro Hac Vice*)
nicodemam@gtlaw.com
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue, 34th Floor
New York, New York 10166
Tel.: (212) 801-9200
Fax: (212) 801-6400

*Attorneys for Defendant Apple Inc.*