# EXHIBIT 2

```
MARTIN L. FINEMAN (CA State Bar No. 104413)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone:    (415) 276-6500
Facsimile:    (415) 276-6599
Email:        martinfineman@dwt.com

MARTIN B. PAVANE (admitted pro hac vice)
LISA A. FERRARI (admitted pro hac vice)
COZEN O'CONNOR
277 Park Avenue
New York, New York 10172
Telephone:    (212) 883-4900
Facsimile:    (212) 986-0604
Email:        mpavane@cozen.com
              lferrari@cozen.com
```

*Attorneys for Plaintiff Emblaze Ltd.*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| EMBLAZE LTD., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., a California Corporation, <br><br> Defendant. | CASE NO. 4:11-CV-01079-SBA <br><br> **PLAINTIFF EMBLAZE LTD.'S REVISED PATENT DISCLOSURES** |

Pursuant to the Court's Local Rules of Practice for Patent Cases, a January 5, 2012, meet and confer, and related correspondence between the parties, plaintiff Emblaze Ltd. ("Plaintiff" or "Emblaze"), by its attorneys, hereby provides the following revised Patent Disclosures required by paragraphs 3-1 and 3-2 of the Patent Local Rules.

REVISED PATENT DISCLOSURES — 1 —    Case No. 4:11-CV-01079-SBA

NYC_MIDTOWN\1928215\1

## 3-1. DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS

**(a) The Infringed Claims:**

Each claim of each patent in suit that is allegedly infringed by each opposing party, including for each claim the applicable statutory subsections of 35 U.S.C. § 271 asserted.

**Response:**

Claims 1, 2, 8, 9, 10, 11, 12, 13, 14, 21, 23, 24, 25, 26, 27, 28, 29, 36, 37, 38, 40 and 41 of Emblaze's U.S. Patent No. 6,389,473 ("the '473 patent") are infringed by defendant (Apple).

Subsection (a) of 35 U.S.C. § 271 is asserted for claims 1, 2, 8, 9, 10, 11, 12, 13, 14, 21, 23, 24, 25, 26, 27, 28, 29, 36, 37, 38, 40 and 41 of Emblaze's '473 patent.

Subsection (b) of 35 U.S.C. § 271 is asserted for claims 1, 2, 8, 9, 10, 11, 12, 13, 14, 21, 23, 24, 25, 26, 27, 28, 29, 36, 37, 38, 40 and 41 of Emblaze's '473 patent.

Subsection (c) of 35 U.S.C. § 271 is asserted for claims 1, 2, 8, 9, 10, 11, 12, 13, 14, 21, 23, 24, 25, 26, 27, 28, 29, 36, 37, 38, 40 and 41 of Emblaze's '473 patent.

**(b) The Infringing Products:**

Separately for each asserted claim, each accused apparatus, product, device, process, method, act or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus shall be identified by name or model number, if known. Each method or process shall be identified by name, if known, or by any product, device or apparatus which, when used, allegedly results in the practice of the claimed method or process.

**Response:**

Each of claims 1, 2, 8, 9, 10, 11, 12, 13, 14, 21, 23, 24, 25, 26, 27, 28, 29, 36, 37, 38, 40 and 41 of the '473 patent is infringed by: All Apple devices including Apple Stream Segmenter software (component of HTTP Live Streaming included with Mac OS X version 10.6 and later, and available for download on the Internet), including Macbook Air, Macbook, Macbook Pro, Mac mini, iMac and Mac Pro.

Each of claims 1, 2, 8, 9, 10, 11, 12, 13, 14, 21, 23, 24, 25, 26, 27, 28, 29, 36, 37, 38, 40 and 41 of the '473 patent is infringed by: All Apple devices including Apple File Segmenter software (component of HTTP Live Streaming included with Mac OS X version 10.6 and later, and available

for download on the Internet), including Macbook Air, Macbook, Macbook Pro, Mac mini, iMac and Mac Pro.

Each of claims 1, 2, 8, 9, 10, 11, 12, 13, 14, 21, 23, 24, 25, 26, 27, 28, 29, 36, 37, 38, 40 and 41 of the '473 patent is infringed by: HTTP Live Streaming supported by Apple's Safari browser version 4.0 and later for Mac OS, and available for download on the Internet, included in Macbook Air, Macbook, Macbook Pro, Mac mini, iMac and Mac Pro.

Each of claims 1, 2, 8, 9, 10, 11, 12, 13, 14, 21, 23, 24, 25, 26, 27, 28, 29, 36, 37, 38, 40 and 41 of the '473 patent is infringed by: HTTP Live Streaming supported by Apple's Quicktime X and later, and available for download on the Internet, included in Macbook Air, Macbook, Macbook Pro, Mac mini, iMac and Mac Pro.

Each of claims 1, 2, 8, 9, 10, 11, 12, 13, 14, 21, 23, 24, 25, 26, 27, 28, 29, 36, 37, 38, 40 and 41 of the '473 patent is infringed by: HTTP Live Streaming supported by Apple iOS 3.0 and later, included in iPod touch 3rd and 4th generations (1st and 2nd generations of iPod touch software upgradable to support HTTP Live Streaming), iPhone 3GS, 4 and 4S (iPhone and iPhone 3G software upgradable to support HTTP Live Streaming), iPad 1 and 2, and Apple TV 4.0, 4.3 and 4.4.

Each of claims 1, 2, 8, 9, 10, 11, 12, 13, 14, 21, 23, 24, 25, 26, 27, 28, 29, 36, 37, 38, 40 and 41 of the '473 patent is infringed by: HTTP Live Streaming supported by Apple iTunes 10.1 (Windows) and 10.1.2 (Mac) and all versions thereafter, which are downloadable from the Internet.

Defendant has not yet produced all of the documents requested by Plaintiff as of the service of the responses herein. Plaintiff therefore may not be fully aware of the entire scope of defendant's infringement and of all of the Accused Instrumentalities. To the extent Plaintiff is unaware of any Accused Instrumentality of defendant, Plaintiff reserves the right to amend these responses after defendant produces the requested documents.

**(c) Chart of Infringed Claims:**
A chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function.

**Response:**

See Chart attached to Emblaze's October 21, 2011 Patent Disclosures as Exhibit A.

**(d) Indirect Infringement:**

For each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described.

**Response:**

Defendant induces each of the following third parties to infringe the asserted claims of the '473 patent by requiring each of them to use HTTP Live Streaming (Defendant requires iPhone and iPad applications that send large amounts of audio or video data over cellular networks to use HTTP Live Streaming, and provides support for HTTP Live Streaming on iPhone, iPad, and iPod touch (requires iOS version 3.0 or later), Apple TV (version 2 and later), and Mac OS X computers):

1. Clients, *i.e.*, end users, through devices that support Apple's HTTP Live Streaming, e.g., the devices listed above, by performing or accounting for the following limitations in claims 2, 8, 9, 10, 12, 13, 14, 26, 27, 28 and 29 of the '473 patent: "downloading the sequence using an Internet protocol over the network from the server to the one or more client computers" in claim 2, "the one or more client computers decode the sequence and play back the data stream responsive to the indices of the files, at a replay rate generally equal to the data rate" in claim 8, "wherein the one or more client computers read the index file to play back the sequence" in claim 9, "wherein downloading the sequence comprises selecting a file in the sequence earlier than the file whose index is contained in the index file and downloading at least a portion of the encoded sequence of files beginning with the selected file" in claim 10, "wherein downloading the sequence comprises determining a data bandwidth of the network between the server and the client computer and selecting one of the quality levels responsive to the determined bandwidth" in claim 12, "wherein downloading the sequence comprises downloading the sequence using a protocol selected from a group consisting of HTTP, UDP and RTP" in claim 13, "wherein the one or more client computers comprise a plurality of client computers, and wherein downloading the sequence comprises down-

loading to the plurality of client computers substantially simultaneously" in claim 14, "wherein the one or more client computers decode the sequence and play back the data stream responsive to the indices thereof, at a data replay rate generally equal to the data rate" in claim 26, "wherein the one or more client computers download the sequence using an Internet download protocol" in claim 27, "wherein the Internet download protocol is selected from a group consisting of HTTP,UDP and RTP" in claim 28, and "wherein the one or more client computers comprise a plurality of client computers, which download the sequence substantially simultaneously" in claim 29.

The remainder of the limitations in claims 1, 2, 8, 9, 10, 11, 12, 13, 14, 21, 23, 24, 25, 26, 27, 28, 29, 36, 37, 38, 40, 41 of the '473 patent are performed by or incorporated in devices operated by the following third parties that use Apple's HTTP Live Streaming to stream content to users:

2. Akamai Technologies, Inc., 8 Cambridge Center, Cambridge, MA 02142.

3. Brightcove, Inc., One Cambridge Center, Cambridge, MA 02142.

4. Limelight Networks, Inc., 222 South Mill Avenue, Suite 800, Tempe, AZ 85281.

Upon information and belief, there are additional third parties, unknown to Plaintiff due to defendant's incomplete document production at this time, that also perform one or more steps of the method recited in the asserted claims of the '473 patent, and/or make, use or sell apparatus recited in the asserted claims of the '473 patent. Plaintiff reserves the right to identify such additional third parties when defendant completes its document production.

**(e) Literal and Equivalents Infringement:**
Whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality.

**Response:**

All of the elements of the asserted claims of the '473 patent are literally present in the identified infringing products. Because the Court has not yet construed the asserted claims of the '473 patent, Plaintiff reserves its right to amend its infringement contentions to take into account any claim constructions by the Court that differ from Plaintiff's including by relying on infringement by equivalents rather than literal infringement. To the extent any of the elements of the asserted claims

may not be literally present in defendant's infringing products, the elements are present under the Doctrine of Equivalents.

**(f) Priority Date:**
For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled.

**Response:**

Claims 1, 2, 8, 9, 10, 13, 14, 21, 23, 24, 25, 26, 27, 28, 29, 36, 37, 38, and 41 of Emblaze's '473 patent are entitled to the priority date of March 24, 1998 of Israeli Patent Application No. 123819.

**(g) Plaintiff's Patented Products:**
If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party shall identify, separately for each asserted claim, each such apparatus, product, device, process, method, act or other instrumentality that incorporates or reflects that particular claim.

**Response:**

The broadcast of the White House Easter Egg Roll by Geo Interactive Media Group Ltd., now Emblaze Ltd., was performed with software that incorporates or reflects the invention recited in claims 1, 2, 8, 9, 10, 13, 14, 21, 23, 24, 25, 26, 27, 28, 29, 36, 37, 38, and 41 of the '473 patent.

The web radio software and service provided by WebRadio.com Inc., a subsidiary of Geo Interactive Media Group Ltd., now Emblaze Ltd., incorporates or reflects the invention recited in claims 1, 2, 8, 9, 10, 13, 14, 21, 23, 24, 25, 26, 27, 28, 29, 36, 37, 38 and 41 of the '473 patent.

Emblaze Pro software, including Emblaze Audio Live and Video Live, incorporates or reflects each of claims 1, 2, 8, 9, 10, 11, 12, 13, 14, 21, 23, 24, 25, 26, 27, 28, 29, 36, 37, 38, 40 and 41.

**(h) Willful Patent Infringement:**
If a party claiming patent infringement alleges willful infringement, the basis for such allegation.

**Response:**

Although Plaintiff informed defendant in writing on October 29, 2009 of defendant's infringement, defendant's infringement continued thereafter unabated and to a greater extent.

Because defendant has not yet produced all of the documents requested by Plaintiff as of the service of the responses herein, Plaintiff is unaware of whether defendant became aware of Emblaze's '473 patent on an earlier date. Accordingly, Plaintiff reserves its right to amend this response after defendant produces the requested documents.

## 3-2 DOCUMENT PRODUCTION THAT ACCOMPANIED INITIAL PATENT DISCLOSURES

(a) Documents sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, or any public use of, the claimed invention prior to the date of application for the patent in suit: EMB000021-EMB000099.

(b) All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to Patent L.R. 3-1(f), whichever is earlier: None.

(c) A copy of the file history for each patent in suit: EMB000100-EMB000445.

(d) All documents evidencing ownership of the patent rights by the party asserting patent infringement: EMB000101, EMB000415-EMB000417, EMB000446-EMB000465.

(e) If a party identifies instrumentalities pursuant to Patent L.R. 3-1(g), documents sufficient to show the operation of any aspects or elements of such instrumentalities the patent claimant relies upon as embodying any asserted claims: EMB000026-EMB000099, EMB000466-EMB000540, EMB000544-EMB000886, EMB000901, and EMB000922-EMB000926.

1
2
3  Dated: January 31, 2012             By: /s/Martin B. Pavane
                                       Martin B. Pavane (admitted *pro hac vice*)
4                                      Lisa A. Ferrari (admitted *pro hac vice*)
                                       COZEN O'CONNOR
5                                      277 Park Avenue
                                       New York, New York 10172
6                                      Tel.: (212) 883-4900
                                       Fax: (212) 986-0604
7                                      Email: mpavane@cozen.com
8                                             lferrari@cozen.com
9
10                                     Martin L. Fineman (CA State Bar No. 104413)
                                       DAVIS WRIGHT TREMAINE LLP
11                                     505 Montgomery Street, Suite 800
                                       San Francisco, California 94111
12                                     Telephone: (415) 276-6500
                                       Facsimile: (415) 276-6599
13                                     Email: martinfineman@dwt.com
14
                                       *Attorneys for Plaintiff Emblaze Ltd.*
15
16
17
18
19
20
21
22
23
24
25
26
27

# PROOF OF SERVICE

I, Mark H. Boezi, declare under penalty of perjury under the laws of the State of California that the following is true and correct:

I am employed in the City and County of New York, in the office of an attorney admitted *pro hac vice* to this Court, at whose direction the service was made. I am over the age of eighteen (18) years, and not a party to or interested in the within-entitled action. I am an employee of COZEN O'CONNOR, and my business address is 277 Park Avenue, New York, New York 10172. I caused to be served the following document:

**PLAINTIFF EMBLAZE LTD.'S REVISED PATENT DISCLOSURES**

I caused the above document to be served on the following attorneys of record by the following means:

> Kenneth L. Steinthal, Esq. (steinthalk@gtlaw.com)
> Sarah E. Barrows, Esq. (barrowss@gtlaw.com)
> Dana K. Powers, Esq. (powersdk@gtlaw.com)
> GREENBERG TRAURIG, LLP
> 153 Townsend Street, 8th floor
> San Francisco, California 94107
>
> Scott J. Bornstein, Esq. (bornsteins@gtlaw.com)
> James J. DeCarlo, Esq. (decarloj@gtlaw.com)
> Julie P. Bookbinder, Esq. (bookbinderj@gtlaw.com)
> GREENBERG TRAURIG, LLP
> 200 Park Avenue
> 34th floor
> New York, New York 10166

☑ I enclosed a true and correct copy of said document in an envelope and placed it for collection and mailing with the United States Post Office on January 31, 2012, following the ordinary business practice.

☐ I enclosed a true and correct copy of said document in an envelope, and placed it for collection and mailing via Federal Express on _____, for guaranteed delivery on _____, following the ordinary business practice.

☐ I consigned a true and correct copy of said document for facsimile transmission on _____.

☐ I enclosed a true and correct copy of said document in an envelope, and consigned it for hand delivery by messenger on _____.

☑ A true and correct copy of said document was emailed on January 31, 2012 to the emails listed above.

I am readily familiar with my firm's practice for collection and processing of correspondence for delivery in the manner indicated above, to wit, that correspondence will be deposited for collection in the above-described manner this same day in the ordinary course of business.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed on January 31, 2012 at New York, New York.

/s/ Mark H. Boezi
Mark H. Boezi