# EXHIBIT 4



James J. DeCarlo
Tel (212) 801-6729
Fax (212) 801-6400
decarloj@gtlaw.com

November 23, 2011

**VIA E-MAIL AND U.S. MAIL**

Martin B. Pavane
Lisa A. Ferrari
Cozen O'Conner
277 Park Avenue
New York, New York 10172
Phone: (212) 883-4900
Fax : (212) 801-6400

      Re:   *Emblaze Ltd. v. Apple Inc.* Case No. 4:11-cv-01079-SBA

Dear Lisa and Martin:

We have reviewed Emblaze LTD's Patent Disclosures (October 21, 2011) and write to bring significant deficiencies in the disclosures to your attention.

"[A]ll courts agree that the specificity under [Rule 3-1 of the Local Patent Rules of the Northern District of California] must be sufficient to provide reasonable notice to the defendant why the plaintiff believes it has a reasonable chance of proving infringement. The infringement contentions must be sufficient to raise a reasonable inference that all accused products infringe." *Shared Memory Graphics LLC v. Apple, Inc.*, 2010 WL 3878388 (N.D.Cal.) at *4 (internal citations omitted).

In order for Emblaze to make a sufficient comparison, "reverse engineering or its equivalent is required." *Network Caching LLC v. Novell Inc.*, 2002 WL 32126128 (N.D. Cal.), at *5. As with Emblaze's efforts here, the plaintiff in *Network Caching* did not reverse engineer the defendant's products but simply quoted the defendant's white papers and marketing materials. The court held this to be insufficient, granting the defendant's motion to strike the plaintiff's Preliminary Infringement Contentions. As these cases make clear, more specificity is required from Emblaze. Emblaze, at minimum, must identify at least one implementation of HTTP Live Streaming on at least one of Apple's accused products and specify the location of every claim element within that accused product. For inducement or contributory infringement, at a minimum, the specific actors performing the steps, or making using or selling all or parts of the accused apparatus, is required. No such information is adequately presented in Emblaze's contentions.

At least the following sections of Emblaze's Patent Disclosures are also inadequate under the Local Patent Rules of the Northern District of California.

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM
MetLife Building, 200 Park Avenue ■ New York, New York 10166 ■ Tel 212.801.9200 ■ Fax 212.801.6400

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BOSTON
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MIAMI
MILAN**
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PALM BEACH COUNTY
PHILADELPHIA
PHOENIX
ROME**
SACRAMENTO
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TYSONS CORNER
WASHINGTON, D.C.
WHITE PLAINS
*OPERATES AS GREENBERG TRAURIG MAHER LLP
**STRATEGIC ALLIANCE

Martin B. Pavane
Lisa A. Ferrari
November 23, 2011

### 3-1(c) Chart of Infringed Claims
Northern District of California's Local Patent Rule ("Patent LR") 3-1(c) states that the Patent Disclosures must contain:

> A chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function.

Emblaze's Patent Disclosures lack the specificity required by Local PR 3-1(c). The claim chart provided by Emblaze is insufficient - it merely quotes claim language from U.S. Patent No. 6,389,473 ("the '473 patent) in one column and pastes language from "HTTP Live Streaming Overview" in the other column. Emblaze has not cited to any actual use of the invention by any entity or product.

According to *Network Caching,* "the standard of FRCP 11 prefiling inquiry establishes a minimum level of detail that Patent LR 3-1 requires." *Id.* at *4. At a minimum, Patent LR 3-1 thus "requires that a plaintiff compare an accused product to its patents on a claim by claim, element by element basis for at least one of each defendant's products." *Id.* at *5.

Emblaze apparently has not compared any claim to any of Defendant's products. Rather, it simply cites to a publicly-available data sheet and assumed certain elements must be present in Defendant's products. This is exactly the scenario held inadequate by the court in *Shared Memory Graphics* at *6 ("[A] plaintiff cannot simply rely on defendant's publicly-available datasheets to diagram his claims, and then attempt to escape his obligation to locate each element of each claim within the accused device by stating that he assumes an element of the claim must be present although not depicted."). *Bender v. Maxim Integrated Prods.,* 2011 WL 1135762 (N.D.Cal.) at *2 clearly states that the "[p]laintiff bears the burden of providing infringement contentions that specify the location of every claim element within the accused products." Emblaze has clearly not done so.

### 3-1(d) Chart of Infringed Claims
Patent LR 3-1(d) states that the plaintiff's Patent Disclosures must contain:

> For each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described.

Martin B. Pavane
Lisa A. Ferrari
November 23, 2011

Emblaze's Patent Disclosures do not satisfy Patent LR 3-1(d) for at least the following reasons:

<u>There is no "identification of any direct infringement."</u>

"Direct infringement requires a party to perform or use each and every step or element of a claimed method or product." *BMC Resource, Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378 (Fed. Cir. 2007). Regarding Adobe, Microsoft and Google, Emblaze has merely stated that these three companies provide software "consistent with Apple's proposed HTTP Live Streaming Standard," but does not give any indication that their software performs or uses each and every step or element of the asserted claims of the '473 patent. Emblaze has not even indicated which software by these companies, who produce hundreds of software products, allegedly implements Apple's HTTP Live Streaming. Furthermore, "software is not itself a sequence of actions, but rather it is a set of instructions that directs hardware to perform a sequence of action." *Ricoh Co. Ltd. v. Quanta Computer, Inc.*, 550 F.3d 1325, 1335 (Fed. Cir. 2008). As "the actual carrying out of the instructions is that which constitutes a process within the meaning of [35 U.S.C.] § 271(a)," (*Id.*) Emblaze needs to identify where and how Adobe's, Microsoft's or Google's software actually performs the allegedly infringing steps.

<u>Emblaze has not described "the role of each such party in the direct infringement."</u>

Emblaze continues by alleging that "Clients" perform certain limitations of the asserted claims while seven other third parties perform the remaining limitations. Clearly Emblaze admits that none of these parties perform all of the limitations of the claims. According to Patent L.R. 3-1(d), "the role of each such party in the direct infringement must be described." This has not been done.

Emblaze has not given any details as to who the "Clients" are, nor how they perform any claim limitations. The Northern District of California has specifically held this to be inadequate. *See Shared Memory Graphics* at *6. Regarding the seven third parties, Emblaze has only provided that "[t]he remainder of the limitations ... are performed by or incorporated in devices operated by the following third parties that contribute to the infringement by using Apple's HTTP Live Streaming to stream content to users." Emblaze has only alleged that these third parties are performing or incorporating the claim limitations. This reasoning is circular and, contrary to the Local Rules, does not provide the required detailed information to Defendant about the allegations.

<u>There is no "description of the acts of the alleged indirect infringer that ... induce that direct infringement."</u>

Case law is clear that "there can be no infringement unless one party exercises control or direction over the entire process such that every step is attributable to the controlling

Martin B. Pavane
Lisa A. Ferrari
November 23, 2011

party." *Akamai Technologies, Inc. v. Limelight Networks, Inc.*, 629 F.3d 1311, 1318-19 (Fed. Cir. 2010), internal quotations omitted. For one party to exercise this control or direction, there must be either an agency relationship or a contractual obligation. *Id.* at 1319. Emblaze has not set forth any indication that there exists either type of relationship among the Defendant and the third parties. Without this relationship, there can be no induced infringement.

In addition to requiring a finding of direct infringement, induced infringement also "requires evidence of 'specific intent' to induce infringement." *BMC Resources* at 1381. "Evidence of active steps taken to encourage direct infringement, such as advertising an infringing use or instructing how to engage in an infringing use, show an affirmative intent that the product be used to infringe." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 915 (2005). Emblaze has not set forth any indication that Apple is engaged in this conduct with the entities that are the alleged direct infringers.

According to the U.S. Supreme Court, "indirect infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060, 2068 (2011). Emblaze has not alleged nor shown any indication that Defendant has such knowledge.

For the reasons set forth above, Emblaze's Patent Disclosures are inadequate in light of Patent LR 3-1.

Apple objects to a further lack of specificity in Emblaze's contentions. Emblaze has apparently not asserted section (c) of 35 U.S.C. § 271, which covers contributory infringement; however, Emblaze alleges on pages four and five of its Patent Disclosures that Clients and other third parties "<u>contribute</u> to the infringement" of asserted claims. We ask that you confirm that Emblaze is *not* alleging contributory infringement, or if it is then it is further necessary to update Emblaze's contentions to clarify its allegations of contributory infringement.

Please inform us if you are available for a meet and confer on this issue.

In light of the inadequacy of Emblaze's Patent Disclosures, we will be seeking relief from our duty to respond with our Invalidity Contentions on December 6, 2011.

Very truly yours,

James J. DeCarlo