# EXHIBIT 5



# COZEN
# O'CONNOR

A PROFESSIONAL CORPORATION

277 PARK AVENUE   NEW YORK NY 10172   212 883 4900   888 864 3013   212 986.0604 FAX   www.cozen.com

January 20, 2012

**VIA E-MAIL** (decarloj@gtlaw.com)

James J. DeCarlo, Esq.
Greenberg Traurig
200 Park Avenue
New York, New York 10166

Re:   *Emblaze Ltd. v. Apple Inc.,* Case No. 4:11-cv-01079-SBA

Dear Jim:

    We write in response to Apple Inc.'s ("Apple" or "Defendant") November 23, 2011, letter alleging deficiencies in Emblaze Ltd.'s ("Emblaze") Patent Infringement Contentions ("PICs"), and to follow up on the telephonic meet and confer held on January 5, 2012, among you, me, Lisa Ferrari and Sarah Barrows concerning Apple's letter.

    Apple alleges that Emblaze's infringement contentions provide insufficient specificity to meet the requirements of the Local Patent Rules of the Northern District of California. Considering the purpose of the infringement contentions – to streamline discovery and provide the defendant reasonable notice of why plaintiff believes that it has a reasonable chance of proving infringement, *see Renesas Technology Corp. v. Nanya Technology Corp.,* Case No. C03-05709 JF (HRL), 2004 U.S. Dist. LEXIS 23601, *8-9 (N.D.Cal. Nov. 10, 2004), it is our view that Emblaze has set forth its infringement contentions in sufficient detail. Emblaze addresses Apple's specific allegations in turn.

> *Apple Allegation 1. Emblaze must identify at least one implementation of HTTP Live Streaming on at least one of Apple's accused products and specify the location of every element within that accused product.*

Emblaze Response

    In Apple Allegation 1 (page 1 of Apple's letter), Apple contends that Emblaze has failed to sufficiently identify at least one implementation of HTTP Live Streaming on at least one of Apple's products. However, Emblaze has identified Apple's accused products, *see, e.g.,* "Each of claims 1, 21, 23, 24 and 25 of the '473 patent is infringed by: All Apple devices including Apple Stream Segmenter software (component of HTTP Live Streaming included with Mac OS

X version 10.6 and later, and available for download on the Internet), including Macbook Air, Macbook, Macbook Pro, Mac mini, iMac and Mac Pro." Emblaze PICs, p. 2.

This type of identification is sufficient to comply with Local Patent Rule 3-1(b), which requires that the patentee identify "[s]eparately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware." *See Barco N.V. v. Technology Properties Ltd.*, No. C0-05398 JF, 2011 U.S. Dist. LEXIS 106431, *8 (N.D. Cal. September 20, 2011); *Samsung SDI Co. Ltd. v. Matsushita Electric Industrial Co., Ltd.*, CV 05-8493 PA, 2006 U.S. Dist. LEXIS 97060, *10 (C.D. Cal. June 5, 2006).

> *Apple Allegation 2. Emblaze's 3-1(c) Chart of Infringed Claims is inadequate as lacking the specificity required by the rule.*

Emblaze Response

Local Patent Rule 3-1(c) requires that the infringer provide

> [a] chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C.§112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function.

The rule requires "identification" of the elements in the accused product/method that correspond to particular limitations in the claims. *See Oracle America, Inc. v. Google Inc.*, C10-03561 WHA, 2011 U.S. Dist. LEXIS 109544, at *11 (N.D. Cal. Sept. 26, 2011). As interpreted by the District Court for the Northern District of California,

> Rule 3-1(c) required **identification** of the precise element of any accused product that was alleged to practice a particular claim limitation; it did *not* require identification of every evidentiary *item of proof* showing that the accused element did in fact practice the limitation. Google confuses this distinction.

*Id.* (emphasis added).

Apple, too, seems to confuse the distinction between "identification" of accused elements with proof of infringement. To comply with Local Rule 3-1(c), a plaintiff is not required to produce evidence of infringement to support its contentions. *Network Caching Tech Corp. v. Novell, Inc.*, 01-2079 VRW, 2003 U.S. Dist. LEXIS 9881, *13 (N. D. Cal. March 21, 2003) ("a party may comply with Patent LR 3-1 by setting forth particular theories of infringement with sufficient specificity to provide defendants with notice of infringement beyond that which is provided by the mere language of the patent themselves"); *Samsung SDI Co. Ltd.*, 2006 U.S. Dist. LEXIS 97060, at *11 (same).

Emblaze has provided the identification required by Rule 3-1(c). Emblaze identified where each limitation of each asserted claim is found within each accused instrumentality by

identifying the elements in the accused instrumentality corresponding to the elements of each claim.

Moreover, infringement contentions that go beyond mimicking claim language by mapping the language onto focused schematics relating specifically to the patent at issue are in compliance with the Local Patent Rules. *See Renesas Technology Corp.,* 2004 U.S. Dist. LEXIS 23601, at *14. Emblaze has met the requirements of Patent Local Rule 3-1(c) by mapping specific elements of the infringing products onto Emblaze's claim construction. Emblaze identified functions in the accused products that correspond to each functional limitation and structural elements in the accused products that correspond to structural limitations. *See Oracle America, Inc.,* 2011 U.S. Dist. LEXIS 109544, at *11-12.

We provide below an abstract from Emblaze's claim chart showing, as an example, that Emblaze has mapped each element of Claim 1 to a corresponding element in the accused method. The abstract below is not intended to replace Emblaze's claim chart.

Abstract of Example Mapping of Element in Accused Instrumentality to Each Element in Claim 1 of U.S. Patent No. 6,389,473

| Claim Element | Abstract of Accused Corresponding Element |
|---|---|
| A method for real-time broadcasting from a transmitting computer to one or more client computers over a network, comprising | "HTTP Live Streaming" is identified as a "method for real-time broadcasting." <br><br> The "server component" is identified as corresponding to the "transmitting computer." <br><br> "iOS-based devices—including iPhone, iPad, iPod touch, and Apple TV—and on desktop computers (Mac OS X)" are identified as corresponding to "one or more client computers." <br><br> "HTTP" is identified as corresponding to the "network." <br><br> "Live Streaming" is identified as supporting "real-time broadcasts." |
| providing at the transmitting computer a data stream having a given data rate; | A "media encoder" at the transmitting computer encodes media and encapsulates it, providing a "data stream." |

| | |
|---|---|
| dividing the stream into a sequence of slices, each slice having a predetermined data size associated therewith; | The "stream segmenter" is a process that divides the stream into a series of small media files, and a "file segmenter" breaks the stream into segments of equal length, corresponding to "a sequence of slices, each slice having a predetermined data size associated therewith." |
| encoding the slices in a corresponding sequence of files, each file having a respective index; and | A "hardware encoder" encodes and outputs the slices; a "software stream segmenter" breaks the stream into a "sequence of files" and creates an "index file," which provides an index to each media segment file. |
| uploading the sequence to a server at an upload rate generally equal to the data rate of the stream, such that the one or more client computers can download the sequence over the network from the server at a download rate generally equal to the data rate. | "Files are placed on a web server" – uploading the sequence to a server; the "client" computer downloads "the sequence;" there is "live streaming," which inherently provides that the data rate of Apple's stream for "live" streaming would result in uploading at generally the same rate as downloading to maintain the "live" aspect of the broadcast. |

Moreover, contrary to Apple's allegation, Emblaze has performed the equivalent of reverse engineering of the accused instrumentalities. Emblaze has relied on materials that describe the accused instrumentalities, and such reliance is sufficient. *See FusionArc, Inc. v. Solidus Networks, Inc.*, 06-6760 RMW, 2007 U.S. Dist. LEXIS 28970, at *1, *2 (N.D. Cal. April 5, 2007) ("FusionArc brought this case and prepared its PICs based primarily on an analysis of Solidus's [defendant's] marketing materials and similar descriptions of how its systems operate and *not* on any process of 'reverse engineering' or similar process to determine how the accused systems operate"; district court denied defendant's motion to compel amendment of infringement contentions because plaintiff FusionArc linked its contentions regarding the accused systems to the claims of the patent and "disclosed to the extent of its present knowledge, where it believes the infringement lies.").

Emblaze has not assumed the presence of any element in Apple's products as Apple alleges, but rather has identified an element or step in the accused process/apparatus corresponding to each step or element in the method or apparatus claims. As noted, Local Patent Rule 3-1 "does not require a party to produce evidence of infringement." *Barco*, 2011 U.S. Dist. LEXIS 106431 at *4, *10 (rejecting defendant's argument that support for the PICs was required). In contrast to Barco's PICs, which were held inadequate because Barco relied upon material for products not at issue, Emblaze relies upon material describing the very products at issue.

James J. DeCarlo
January 20, 2012
Page 5

---

*Apple Allegation 3. Emblaze's Local Patent Rule 3-1(d) Chart of Infringed Claims is inadequate.*

Emblaze Response

Apple is incorrect to state that Local Patent Rule 3-1(d) requires a "chart of infringed claims." Emblaze agrees that Local Patent Rule 3-1(d) requires: 1) "identification of any direct infringement," 2) description of the role of each party in the direct infringement," where there are joint acts of multiple parties, and 3) "description of the act of the alleged indirect infringer that . . . induce that direct infringement."

As for the other ways in which Emblaze's PICs allegedly fail to meet Local Patent Rule 3-1(d), Emblaze responds as follows.

**1. For inducement or contributory infringement, identification of the specific actors performing the steps, or making, using or selling all or parts of the accused apparatus is required.**

Emblaze Response

On page 1 of its letter, Apple alleges with respect to inducement and contributory infringement that Emblaze has failed to identify the specific actors performing the steps and making, using, or selling all or parts of the accused apparatus.

Local Patent Rule 3-1(d) requires that

> [f]or each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described.

Local Patent Rule 3-1(d) has been interpreted as requiring that the patentee specify any third party and describe "any acts committed by a third party that would suggest direct infringement." *Bender v. Maxim Integrated Products, Inc.,* 09-1152SI, 2010 WL 1135762, *3 (N. D. Cal. March 22, 2010).

Emblaze has complied with Local Patent Rule 3-1(d). Emblaze has specified third parties (e.g., Adobe Systems Inc., Microsoft, Google). *See* Emblaze's PICs, p. 4. Emblaze has described the acts committed by the third parties that would suggest direct infringement (*e.g.,* "Adobe Systems, Inc. provides encoding software that formats content for storage on servers consistent with Apple's proposed HTTP Live Streaming standard and client software that allows clients to download the content from the servers using HTTP Live Streaming".) *See* Emblaze PICs, p. 4. However, we are investigating whether additional information in this regard is available, in which case we will provide amended PICs.

James J. DeCarlo
January 20, 2012
Page 6

---

### 2. Identification of any direct infringement

Apple does not cite to any authority that construes Local Patent Rule 3-1(d) to require an identification of where and how the direct infringer's product actually performs the allegedly infringing steps. Apple relies on two cases: *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373 (Fed. Cir. 2007) and *Ricoh Co. Ltd. v. Quanta Computer, Inc.*, 550 F.3d 1325, 1335 (Fed. Cir. 2008), but neither case interpreted Local Patent Rule 3-1(d) nor addressed the sufficiency of patent infringement contentions.

In the absence of case authority, Apple has no basis to read requirements into Local Patent Rule 3-1(d) that are not expressly stated therein. This is especially true given the clear standard that Local Patent Rule 3-1 "does not require a party to produce evidence of infringement." *Barco*, 2011 U.S. Dist. LEXIS 106431 *9. As stated in *Barco*, infringement contentions "are not meant to provide a forum for litigation of the substantive issues." *Id.* at *9.

### 3. Description of the role of each party in the direct infringement

Apple also does not cite to any authority that construes Local Patent Rule 3-1(d) to require identification of the "Clients" or "how they perform any claim limitations." Apple relies upon *Shared Memory Graphics LLC v. Apple, Inc.*, 2010 WL 3878388 (N.D. Cal.) at *6 (*sic*, reported at 2011 WL 3878388, Sept. 2, 2011), but in that case, the court did not discuss indirect infringement or Local Patent Rule 3-1(d).

In the absence of case law, Apple has no basis to read requirements into Local Patent Rule 3-1(d) which are not expressly stated therein. In any event, a "Client" refers to an end user, *i.e.*, a person operating an iPhone, iPad, iPod touch, Apple TV or Mac OS X computer to download content. Emblaze does not know the specific identity of the Clients and therefore cannot provide a specification identification of them. Identification by the term "Clients" is sufficient under these circumstances where Emblaze has provided all of the information to which it currently has access. *See FusionArc*, 2007 U.S. Dist. LEXIS 28970, at *2 (defendant's motion to compel amendment of FusionArc's PICs denied where FusionArc established it has provided all of the information in its possession); *Barco*, 2011 U.S. Dist. LEXIS 106431 at *11-12 (same). Emblaze's PICs explain that "Clients" are downloading the contents of the HTTP Live Streaming to the Client's personal device; thus, the role of the Clients has been adequately set forth in Emblaze's infringement contentions. *See* Emblaze PICs, p. 4.

### 4. Description of the acts of the alleged indirect infringer

Apple does not cite to any authority that construes Local Patent Rule 3-1(d) to require description of: [i] the control that one party exercises over the entire process, [ii] the specific intent to induce infringement including evidence of active steps taken to encourage direct infringement, or [iii] Defendant's knowledge that the induced acts constitute infringement. Again, none of the cases that Apple relies upon construe the requirements of Local Patent Rule 3-1(d).

In the absence of case law, Apple has no basis to read requirements into Local Patent Rule 3-1(d) that are not expressly stated therein. Nothing in Local Patent Rule 3-1(d) discusses describing control, specific intent or defendant's knowledge.

* * *

Apple has requested that Emblaze confirm that it is not alleging contributory infringement, or if it is, that Emblaze update its contentions to clarify Emblaze's allegations of contributory infringement. Emblaze will amend its PICs to expressly set forth its allegations of contributory infringement.

Finally, during the parties' meet and confer, Apple requested that Emblaze confirm whether it intends to rely upon the priority date of the Israeli patent application with respect to all claims in the patent in suit. Emblaze is in the process of investigating this issue and will modify its PICs to the extent necessary.

Emblaze is prepared to amend its PICs in accordance with the above by January 27, 2012. In the meantime, if you wish to discuss these issues further, we are available at a mutually convenient time.

Very truly yours,

COZEN O'CONNOR

By: Martin B. Pavane

Cc: Sarah Barrows, Esq. *(via email)*