EXHIBIT 6

KENNETH STEINTHAL (SBN 268655)
steinthalk@gtlaw.com
SARAH BARROWS (SBN 253278)
barrowss@gtlaw.com
GREENBERG TRAURIG, LLP
4 Embarcadero Center, Suite 3000
San Francisco, CA 94111-5983
Telephone: (415) 655-1300
Facsimile: (415) 707-2010

James J. DeCarlo (Admitted *Pro Hac Vice*)
decarloj@gtlaw.com
Michael A. Nicodema (Admitted *Pro Hac Vice*)
nicodemam@gtlaw.com
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue, 34th Floor
New York, New York 10166
Tel.: (212) 801-9200
Fax: (212) 801-6400

*Attorneys for Defendant,*
*Apple Inc.*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| EMBLAZE LTD., <br><br> Plaintiff; <br><br> v. <br><br> APPLE INC., a California Corporation, <br><br> Defendant. | CASE NO. 4:11-CV-01079 SBA <br><br> **REPLY IN SUPPORT OF APPLE'S MOTION UNDER FED. R. CIV. P. 12(B)(6) TO DISMISS EMBLAZE'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** <br><br> HON. SAUNDRA BROWN ARMSTRONG <br><br> Requested Hearing Date: July 17, 2012 <br> Time: 1:00 PM |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Emblaze concedes that it does not accuse Apple of direct infringement. Emblaze Opp. at 9 This admission clearly settles the issue of whether Emblaze has sufficiently pled a claim for direct infringement. Thus, to the extent Emblaze's prayer for relief under "35 U.S.C. §§ 271(a)-(c)" is read to maintain that Emblaze has made a claim for direct infringement, Apple's Motion to Dismiss Emblaze's claims of direct infringement should be granted, with prejudice.

With respect to its indirect infringement claims, the Emblaze Opposition does not address or otherwise respond to Apple's Motion to dismiss these claims, and in fact presents no evidence that the FAC recites the necessary elements of indirect infringement under either an inducement or contributory infringement theory. *Id.* at 7. Emblaze acknowledges that it has not alleged facts plausibly showing that Apple intended third parties to infringe and knew these third parties acts constituted infringement, or that the accused products have no substantial noninfringing uses. *Id.* Thus, Emblaze concedes it has not satisfied the pleading standards for indirect infringement. This is reason alone for the Court to grant Apple's Motion to dismiss the indirect infringement claims.

Emblaze seeks to salvage its Amended Complaint by arguing that its Infringement Contentions cure any defects in its FAC. Emblaze is wrong. First, infringement contentions are not a substitute for meeting the pleading requirements of Rule 8. If a party could circumvent the pleading requirements of the Federal Rules and interpretative case law by pointing to Infringement Contentions, the whole pleading process would become a superfluous exercise.

Second, even if Emblaze's Infringement Contentions are considered, they fail to give Apple sufficient notice of Emblaze's infringement claim, and thus violate Patent Local Rule 3-1. Rule 3-1 requires the plaintiff to identify the direct infringement and infringer, and for claims of indirect infringement requires a recitation of the acts of the alleged indirect infringer that contribute to or are inducing direct infringement. Emblaze's Infringement Contentions fail to set forth any direct infringement, and fail to set forth the acts by Apple that constitute indirect infringement. Emblaze's

failure to identify the acts which constitute direct infringement, let alone Apple's inducing or contributory acts, render the Infringement Contentions fatally defective as applied to Apple.[1]

Lastly, Apple's motion to dismiss the FAC is timely, and entirely consistent with its position regarding the insufficiency of Emblaze's Infringement Contentions. In June of 2011, it was finally resolved that this case would go forward in the Northern District of California, however, the parties' Case Management Conference ("CMC") was not scheduled to take place until September 15, 2011. June 14, 2012 Declaration of James DeCarlo ("DeCarlo Decl.") at ¶¶ 2-3. In the CMC statement submitted to this Court, the parties agreed that each would have until December 15, 2011 to amend their pleadings, and the Court's Order concerning the CMC adopted that agreement. *Id.* at ¶ 4. It made no sense for Apple to move to dismiss Emblaze's Complaint until such time as it became clear whether Emblaze would amend its original pleading and file any such amended pleading, or stand by its initial Compliant.

Emblaze chose to make a motion to amend its pleadings. Apple did not oppose the motion, and filed a Statement of Nonopposition specifically stating that Apple did not concede the allegations in Emblaze's Proposed First Amended Complaint were properly plead or otherwise sufficiently presented, and preserved Apple's right to answer or otherwise move against the FAC on any ground once it was served. (Dkt. 81). The responsibility for any delay here therefore lies with Emblaze. It was Emblaze who sought and obtained Court approval to file an amended complaint, despite the Court's explicit deadline for this activity.

Furthermore, even before Emblaze ever sought to amend its pleadings, Apple alerted Emblaze to the insufficiency of Emblaze's Infringement Contentions by letter, shortly after receiving them. DeCarlo Decl. at ¶ 5. Before the parties met and conferred regarding these deficiencies, Emblaze filed their unopposed motion to amend its Complaint, and represented that the amendments were designed to "conform" to its Infringement Contentions. *Id.* at ¶¶ 6-7. Before

---

[1] Despite Emblaze's effort to defend its FAC by pointing to its Infringement Contentions, the FAC is devoid of any of the alleged details. Thus, Emblaze's representation to the Court in it Motion to Amend that the allegations of its amended complaint were designed to "conform" to its Infringement Contentions was false. *See* Dkt. No. 75, p. 7 ("Thus, proceeding in good faith, Emblaze seeks to conform the amended pleading to the allegations Emblaze set forth in its Infringement Contentions."). Emblaze has acted with anything but "good faith" here.

filing the FAC, the parties met and conferred regarding Emblaze's deficient Infringement Contentions. *Id.* at ¶¶ 7-8. Within 14 days of Emblaze filing its FAC, Apple timely moved to dismiss the FAC with prejudice under Rule 12 (b)(6). There can be no question that Apple's motion is timely.

## II. ARGUMENT

### A. Emblaze Concedes It Does Not Accuse Apple of Direct Infringement

Emblaze concedes that it has not accused Apple of direct infringement. Emblaze Opp. at 9 ("Moreover, Apple is well aware that Emblaze's infringement contentions do not accuse Apple's devices of direct infringement, but rather accuse Apple of inducing direct infringement . . . ."). However, Emblaze's prayer for relief in the FAC asks the Court to find that Apple infringes the patent-in-suit under 35 U.S.C. § 271(a), the statutory provision for direct infringement. Accordingly, any claim for direct infringement should be dismissed with prejudice based on Emblaze's admission.

### B. Infringement Contentions Are Not A Substitute For A Properly Plead Complaint For Patent Infringement

Without citation to any authority, Emblaze's Opposition contends that "any alleged deficiency" in its Amended Complaint is "mooted by Emblaze's Infringement Contentions." Emblaze Opp. at 4. This argument is meritless. The Federal Rules do not set a different pleading standard for amended Complaints filed after discovery or patent disclosures and a 12(b)(6) motion to dismiss is permitted any time until the end of trial. *See* Fed. R. Civ. P. 12(h)(2)(B) and 12(c). If a party could circumvent the pleading requirements of the Federal Rules and interpretative case law for claims of patent infringement simply by pointing to Infringement Contentions, the whole pleading process would be rendered superfluous.

Apple's Answer denying Emblaze's allegations, and responses to Emblaze's discovery seeking the Apple software that support's Apple's live streaming technology, is not proof that Apple has "adequate notice or understanding of Emblaze's claims of infringement." Emblaze Opp. at 4. Despite Emblaze's representation to this Court that its FAC was designed to "conform" to its

Infringement Contentions, the FAC contains no facts from which Apple can divine Emblaze's indirect infringement theories, and the Infringement Contentions are no cure for that deficiency.

Given the inadequacy of Emblaze's Infringement Contentions, Emblaze cannot dodge the pleading rules with a naked assertion that Apple somehow has sufficient notice of Emblaze's claims of infringement. The FAC and deficient Infringement Contentions demonstrate otherwise.

### C. Emblaze's Infringement Contentions Are Inadequate

In this district, Patent L.R. 3-1 requires infringement contentions in order to "streamline the litigation process, and to articulate with specificity the claims and theory of a plaintiff's infringement claims." *Bender v. Maxim Integrated Prods., Inc.*, No. C 09-01152 SI, 2010 WL 1135762, at *2 (N.D. Cal. Mar. 22, 2010) (internal citations omitted). Sufficient infringement contentions must include a chart identifying specifically where each limitation of each asserted claim is found in each accused product. Patent L.R. 3-1(c); *see also Shared Memory Graphics, LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1024 (N.D. Cal. 2010). For any accusation of indirect infringement, contentions must also include an identification of any direct infringement and <u>a description of the acts</u> of the alleged indirect infringer that contribute to or are inducing that direct infringement. Patent L.R. 3-1(d)(emphasis added). Emblaze's Infringement Contentions fail to satisfy these requirements.

#### 1. Emblaze's Rule 3-1(c) Claim Chart Is Deficient

A Rule 3-1(c) claim chart is inadequate where, as here, plaintiff merely quotes passages from the defendant's white papers and marketing materials alongside the language of the claims, without showing how each quotation maps to an actual process performed or system component sold that allegedly reads on the asserted claim limitations. In such circumstances, the chart essentially provides no more detail regarding the alleged infringement than the claim language itself. *Network Caching, LLC v. Novell Inc.*, No. C 01-2079 VRW, 2002 WL 32126128, at *5 (N.D. Cal. Aug. 13, 2002); *see also Bender v. Broadcom Corp.*, 2010 WL 964197, at *2 (N.D. Cal. March 16, 2010) (Bender's claim chart "simply repeats the same generic descriptions and cuts-and-pastes them beside each element of every claim"). Emblaze's Rule 3-1(c) claim chart commits precisely the same error as the charts found ineffective in *Network Caching* and *Bender*. Emblaze's claim

chart quotes claim language from the '473 patent in one column, and pastes language from Apple's "HTTP Live Streaming Overview" marketing document in the other column. Ferrari Decl., Ex. A at Ex. A, Claim Chart. There is no explanation as to how the excerpts from Apple's overview document map to the asserted claim language, there is no description of any acts of any entity performing the method claim limitations, and the claim chart is devoid of any specificity as to which structural element of any accused product meets the system claim limitations. Yet Apple's accused software and products are readily available in the open market -- indeed some components are available for free download.

While reverse engineering of the defendant's products is not required in all cases, either reverse engineering or its equivalent *is* required. *Network Caching,* 2002 WL 32126128, at *4 (emphasis added). Emblaze's Rule 3-1(c) chart does not show that Emblaze engaged in reverse engineering or its equivalent, as required by the local rules, and does not specifically identify how the vast range of Apple's accused products allegedly infringe the patent. Emblaze must reverse engineer (or the equivalent), or somehow demonstrate that it has performed a detailed analysis on at least one implementation of HTTP Live Streaming on at least one of Apple's accused products to show how each asserted claim limitation maps to Apple's accused products. *Id.* at *5. Copying and pasting text from a marketing document is plainly insufficient. *Id.*; *Bender*, 2010 WL 964197, at *2.

What's more, Emblaze's Rule 3-1(c) chart does not identify what actor performs any particular step, or, for that matter, any directly infringing activity. For example, Emblaze's revised Infringement Contentions suggest that an end user performs some method limitations, while other steps are performed by third parties such as Akamai, Brightcove, and Limelight. Ferrari Decl., Ex. A at 4-5. None of this information, however, exists anywhere in Emblaze's claim chart, which merely recites material from Apple's HTTP Live Streaming Overview marketing document.

As the local rules require, Emblaze must specifically identify where, how and by whom or what each limitation of each asserted claim is performed or met, and it has failed to do so. Accordingly, Emblaze's claim chart does nothing to provide Apple the required detailed notice of the claims against it, and certainly cannot salvage Emblaze's inadequate FAC.

      **2.    Emblaze's Infringement Contentions Fail to Identify Any Act of Direct Infringement, and Fail to Describe the Acts of the Alleged Indirect Infringer that Induce or Contribute to Direct Infringement**

Emblaze's contentions violate Rule 3-1(d), which requires: (1) an "identification of any direct infringement" for "each claim which is alleged to have been indirectly infringed"; and (2) a description of "the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement." In violation of Rule 3-1(d), Emblaze's Infringement Contentions do not identify any direct infringer or any acts of, or steps performed by, a direct infringer; nor do the Infringement Contentions describe any alleged inducing acts on the part of Apple. Rather, Emblaze's Infringement Contentions merely state that, "Defendant induces each of the following third parties to infringe the asserted claims of the '473 patent by requiring each of them to use HTTP Live Streaming . . . ."

Rule 3-1(d) further requires Emblaze to describe "the role of each . . . party in the direct infringement" where the alleged direct infringement is "based on joint acts of multiple parties." Emblaze's Infringement Contentions suggest that infringement is based on the joint acts of multiple parties. Ferrari Decl., Ex. A at 4-5 ("clients, *i.e.*, end users" and "third parties that use Apple's HTTP Live Streaming to stream content to users" including Akamai, Brightcove, and Limelight Networks are the third parties whom Apple is alleged to induce). However, Emblaze's Infringement Contentions violate Rule 3-1(d), because they fail to identify the specific conduct constituting direct infringement by these end users or third parties that Apple is actually accused of inducing and a description of the <u>acts</u> that allegedly induce that direct infringement. Further, there is absolutely <u>no</u> information in the FAC or the Infringement Contentions concerning Apple's alleged contributory infringement under 35 USC § 271(c). For these reasons, Apple's motion to dismiss Emblaze's claims under 35 USC § 271 (b) and (c) should be granted.

    **D.    Emblaze Concedes the FAC Contains No Allegations Relating to the Indirect Infringement Alleged Against Apple**

Emblaze's failure to even address Apple's Motion to Dismiss on the issue of indirect infringement is tantamount to an admission that Apple's Motion should be granted. *See* Judge Armstrong Standing Order C. 6. In fact, Emblaze concedes that its FAC does <u>not</u> include any facts regarding Apple's alleged intent to have third parties infringe the '473 patent, or knowledge that

these third parties' acts constitute infringement. Emblaze Opp. at 7.[2] Emblaze's Infringement Contentions are similarly deficient. Yet, as the Federal Circuit confirmed just last week, such allegations are necessary to make out a claim for inducement or contributory infringement: "to survive . . . [a] motion to dismiss [a complaint alleging induced infringement] must contain facts plausibly showing that [defendants] specifically intended their customers to infringe the [asserted] patent and knew that the customer's acts constituted infringement." *In Re Bill Of Lading Transmission And Processing System Patent Litigation*, 2010-1493, -1494, -1495, -1496,2011-1101, -1102, at 25 (Fed. Cir. June 7, 2012). Emblaze's failure to even make a formulaic recitation of the elements for a cause of action for indirect infringement, let alone satisfy the *Iqbal* and *Twobly* requirement of facial plausibility is, of course, fatally deficient. For this additional reason, Emblaze's claims for indirect infringement against Apple should be dismissed, with prejudice.

### E. Emblaze's Bare-Bones and Vague Allegations of Infringement Fail to Meet the Pleading Standard of Rule 8, Not Some Heightened Pleading Standard

Emblaze erroneously claims that "Apple's brief in support of its motion to dismiss suggests that Federal Rule of Civil Procedure 9 … applies to claims of patent infringement." *Id.* at 5. This is not true: Apple does not argue for a heightened pleading standard under Rule 9. Instead, Apple's Motion correctly sets forth why Emblaze's vague and conclusory allegations of infringement fail to satisfy the pleading requirements of Rule 8 under *Twombly* and *Iqbal*. Apple Motion at 5-6.

None of the cases Emblaze cites in its Opposition refute Apple's Motion or defend Emblaze's FAC as sufficiently plead. For example, in *Apple v. Eforcity Corp.*, 5:10-cv-03216 JF, 2011 U.S. Dist. LEXIS 39644, at *6 (N.D.Cal. April 5, 2011), cited by Emblaze, the Court relied on the less stringent pleading standards set out in *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000). However, *Phonometrics* is a pre-*Iqbal*-and-*Twombly* case that explicitly relies on the old pleading law of *Conley v. Gibson*. *Id.* As explained in Apple's Motion, the *Twombly* Court made clear that a complaint must include "enough facts to state a claim to relief that is plausible on its face" in order to satisfy Rule 8, and found that *Conley v. Gibson* had, at long

---

[2] Emblaze's Opposition merely asserts that Emblaze has "pled facts concerning its infringement claims", identifying Emblaze's allegations of jurisdiction, ownership of the '473 patent, alleged infringement by Apple, notice of infringement, and damages, and nothing more.

last, "earned its retirement." *See* Apple Motion at 1-2[3]. Thus, Emblaze is wrong in asserting that a complaint need not plead the "how or why" details of patent infringement. The opposite is true.

Nor does this Court's decision in *Athena Feminine Technologies Inc. v. Wilkes*, 10-04868 SBA, 2011 U.S. Dist. LEXIS 103209, *13-14 (N.D.Cal. Sept. 13, 2011) (Armstrong, J.) save Emblaze's FAC. Unlike the threadbare allegations of Emblaze's FAC, the amended complaint in *Athena* contained rich factual details setting forth the story leading up to the lawsuit, including details regarding the "how and why" of the allegedly infringing activity. *Id.*[4]

### F. Emblaze's Willful Infringement Claim Fails To Assert, As It Must, Facts Demonstrating Objective Recklessness

Emblaze's Opposition tries to shift the focus from its inadequate willfulness pleading by claiming that Apple has "conflate[d]" the standards for pleading with proof by citing willfulness cases dealing with summary judgment motions. Emblaze is wrong. Apple cited those cases to point out the required elements of a cause of action for willful infringement, not to argue that Emblaze has the obligation to prove these elements at this stage. A defendant's mere knowledge of the existence of a patent is legally insufficient to make out a claim for willful infringement. An additional and critical element of the cause of action is that the defendant acted with objective recklessness -- that is, the alleged infringer acted with an objectively high likelihood that its actions constituted infringement.

Accordingly, a plaintiff must plead the factual basis to support its assertion that an alleged infringer acted with objective recklessness to infringe a valid patent. *Vasudevan Software, Inc. v. TIBCO Software Inc.*, C 11-06638 RS, 2012 WL 1831543, at *4-5 (N.D. Cal. May 18, 2012). Merely

---

[3] In addition, in *Eforcity* there was no issue of induced or contributory infringement pleading deficiency, and no claim that the infringement contentions were deficient.

[4] The *Bender*, *j2* and *Kelora* cases cited at pages 5-6 of the Emblaze Opp. are also distinguishable. In *Bender v. Broadcom Corp.*, No. C-09-1147 MHP, 2009 U.S. Dist. LEXIS 101044 (N.D. Cal. Oct. 30, 2009), the plaintiff claimed the use of computer chips specifically contained a technology covered by the patent. The court held the plaintiff "provided extensive examples of allegedly infringing products and advanced a credible theory for why such a broad range of products might potentially infringe," which "barely" met the hurdle of Rule 8. Emblaze has not alleged any theory as to how the wide range of accused products, including, significantly, a web browser and smart phone, might be said to *broadcast* video content over a network, let alone a theory akin to *Bender* that "barely" cleared the requirements of Rule 8. *See* Apple Motion at 4. In *j2 Global Communications, Inc. v. Vitelity Communications, LLC.*, CV 11-07904 DDP, 2012 U.S. Dist. LEXIS 51793 (C.D. Cal. Apr. 12, 2012), the accused service was an on-line fax service and the patent at issue covered internet fax services, so as to make the infringement allegation easily plausible on its face. Finally, in *Kelora*, the patent-in-suit related to an electronic catalog with electronic alternatives for updating and distributing products that could be used over the Internet. The alleged infringement arose through defendant's use "web-based parametric search systems", leaving the court to conclude the pleadings made a facially plausible claim for infringement. *Kelora Systems, LLC v. Target Corp.*, No. C 11-01548 CW, 2011 U.S. Dist. LEXIS 58332, *9 (N.D. Cal. May 31, 2011).

declining to take a license under the '473 patent, as pled by Emblaze in ¶¶ 13-14 of the FAC, does not establish the necessary factual predicate for objective recklessness. *Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 511 (Fed. Cir. 1990) ("Nor is there a universal rule that to avoid willfulness one must cease manufacture of a product immediately . . . upon the filing of a suit."). The fact that Apple declined to take a license at best establishes the timing of Apple's knowledge of the patent, nothing more. This is an insufficient factual basis for pleading objective recklessness. Accordingly, Emblaze's claim for willful infringement should be dismissed.[5]

### G. Permitting Emblaze to Amend its Complaint Would Be Futile

Leave to amend should be denied when "the proposed amendment is futile or would be subject to dismissal." *Pixion, Inc. v. Citrix Sys., Inc.*, C 09-03496-SI, 2012 WL 1309170, at *2 (N.D. Cal. Apr. 16, 2012). Here, Emblaze's FAC and Infringement Contentions are both fatally defective. Therefore, even with yet another chance to "conform the allegations" of its pleadings to its Infringement Contentions," (Dkt. No. 76 (Ferrari Decl. in Support of Motion to Amend Pleadings) at p.2, ¶ 7), Emblaze's second amended complaint would be subject to dismissal for the reasons its FAC is fatally defective. *See, e.g.*, *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1325-31 (Fed. Cir. 2009) (holding district court did not abuse discretion in denying leave to amend where the proposed pleading was deficient under Rule 9(b)); *CNET Networks, Inc. v. Etilize, Inc.*, 584 F. Supp. 2d 1260, 1269-71 (N.D. Cal. 2008) (denying leave to amend to assert inequitable conduct on the basis of futility where movant failed to set forth evidence to support the requisite intent to deceive).

## III. CONCLUSION

Emblaze's deficient Infringement Contentions cannot in fact or by law save the insufficient pleadings of the FAC. Accordingly, we respectfully submit that Apple's motion to dismiss Emblaze's Amended Complaint with prejudice should be granted in its entirety.

---

[5] As the court explains in *Vasudevan*, there is a split in authority in this District regarding whether the threadbare assertion that the defendant's infringement has been and is willful is sufficient. The *Oracle* and *Rambus* decisions, cited at pages 11-12 of the Emblaze Opp., support the minority view that "threadbare recitals of the elements of a cause of action" suffice under *Iqbal* and *Twombly*. But the better, majority, view finds such allegations insufficient and an "invit[ation for] claims of willfulness in every patent suit, as a matter of course, and regardless of the facts. Given the uncertainties that surround patent validity, and the challenges predicting litigation outcomes generally, such a rule would not comport with reality." *Vasudevan*, 2012 WL 1831543, at *5. *See also*, *Avocet Sports Tech., Inc. v. Garmin Intern., Inc.*, No. C 11-04049 JW, 2012 WL 1030031, at *3 (N.D.Cal. Mar. 22, 2012); *IpVenture, Inc. v. Cellco P'ship.*, No. C 10-04755, 2011 WL 207978, at *2 (N.D.Cal. Jan. 21, 2011).

| | |
|---|---|
| Dated: June 14, 2012 | GREENBERG TRAURIG, LLP<br>　/s/<br>James J. DeCarlo<br><br>KENNETH STEINTHAL (SBN 268655)<br>steinthalk@gtlaw.com<br>SARAH BARROWS (SBN 253278)<br>barrowss@gtlaw.com<br>GREENBERG TRAURIG, LLP<br>4 Embarcadero Center, Suite 3000<br>San Francisco, CA 94111-5983<br>Telephone: (415) 655-1300<br>Facsimile: (415) 707-2010<br><br>Michael A. Nicodema (Admitted *Pro Hac Vice*)<br>nicodemam@gtlaw.com<br>James J. DeCarlo (Admitted *Pro Hac Vice*)<br>decarloj@gtlaw.com<br>GREENBERG TRAURIG, LLP<br>MetLife Building<br>200 Park Avenue, 34th Floor<br>New York, New York 10166<br>Tel.: (212) 801-9200<br>Fax: (212) 801-6400<br><br>***Attorneys for Defendant,***<br>***Apple Inc.*** |