EXHIBIT 7

SARAH BARROWS (SBN 253278)
barrowss@gtlaw.com
Stephen Ullmer (SBN 277537)
ullmers@gtlaw.com
GREENBERG TRAURIG, LLP
4 Embarcadero Center, Suite 3000
San Francisco, CA 94111-5983
Telephone: (415) 655-1300
Facsimile: (415) 707-2010

James J. DeCarlo (Admitted *Pro Hac Vice*)
decarloj@gtlaw.com
Michael A. Nicodema (Admitted *Pro Hac Vice*)
nicodemam@gtlaw.com
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue, 34th Floor
New York, New York 10166
Tel.: (212) 801-9200
Fax: (212) 801-6400

***Attorneys for Defendant,***
***Apple Inc.***

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| EMBLAZE LTD., | CASE NO.  11-CV-01079 PSG |
| Plaintiff(s), | **DEFENDANT APPLE INC.'S SECOND SUPPLEMENTAL RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES** |
| v. | |
| APPLE INC., a California Corporation, | |
| Defendant(s). | The Hon. Paul Singh Grewal<br>Complaint filed: July 28, 2010 |

**PROPOUNDING PARTY:**     **EMBLAZE LTD.**

**RESPONDING PARTY:**     **APPLE INC.**

**SET NUMBER:**     **TWO**

## DEFENDANT APPLE INC.'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Apple Inc. ("Apple"), hereby makes the following supplemental objections and responses to Plaintiff Emblaze Ltd.'s ("Emblaze" or "Plaintiff") Second Set of Interrogatories (the "Interrogatories").

## PRELIMINARY STATEMENT

Defendant Apple, Inc. ("Apple" or "Defendant") makes the following supplemental objections and responses to Plaintiff Emblaze Ltd.'s ("Emblaze" or "Plaintiff") Interrogatories, Set Two, to Apple, Inc. dated September 15, 2011, as set forth below. The following responses are made solely for purposes of this action. Each response is subject to all objections as to relevance, materiality, and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court. All evidentiary objections and grounds are expressly reserved.

No incidental or implied admissions are intended by these responses. The fact that Defendant has objected or responded to any of Plaintiff's Interrogatories shall not be deemed an admission that Defendant accepts or admits the existence of any facts set forth or assumed by such Interrogatories or that such objection or response constitutes admissible evidence. The fact that Defendant has responded to part or all of any of Plaintiff's Interrogatories is not intended to and shall not be construed to be a waiver by Defendant of any part of any objection to any Plaintiff's Interrogatories.

The responses and objections are made on the basis of information and writings presently available to and located by Defendant upon reasonable investigation. Defendant expressly reserves the right to modify, revise, supplement, or amend its responses as it deems appropriate.

Apple's responses are made without in any way waiving, but, on the contrary preserving:

1.   Apple's right to raise all questions of authenticity, relevance, materiality, privilege and admissibility of the documents produced and/or information provided, for any purpose which may arise in this or any other action;

2.   Apple's right to object to the use of the produced documents and/or information provided in this or any other action; and

3.      Apple's right to amend its responses, assert additional objections and/or supplement its responses and/or production if subsequent inspections of Apple's files or further discovery uncovers additional documents and/or information called for by these Interrogatories.

**<u>GENERAL OBJECTIONS</u>**

Defendant Apple hereby responds to Plaintiff's Interrogatories, subject to the accompanying general and specific objections, and without waiving, but expressly preserving, all such objections. Apple has not completed its investigation of the facts relating to this action, has not fully completed its discovery in this matter, and has not completed its preparation for trial.  Therefore, Apple reserves the right to amend, revise, correct, supplement, or clarify any of the objections and responses herein pursuant to any facts or information gathered at any time subsequent to the date of these responses.

Apple asserts the following General Objections to each of the Interrogatories.  In addition to these General Objections, Apple also has stated specific objections to the Interrogatories where appropriate, including objections that are not generally applicable to all requests.  By setting forth such specific objections, Apple does not intend to limit or restrict the General Objections.  To the extent Apple responds to an Interrogatory or to which it objects, such response shall not constitute a waiver of any general or specific objection.

1.      Apple objects to Emblaze's Interrogatories, Definitions and Instructions to the extent that they seek to impose requirements or obligations on Apple in addition to or different from those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, any applicable orders of this Court, or any stipulation or agreement of the parties.

2.      Apple objects to Emblaze's Definitions and Instructions to the extent that they purport to alter the plain meaning and/or scope of any specific Interrogatory, on the ground that such alteration renders the request vague, ambiguous, unduly broad and uncertain.

3.      Apple objects to the Definitions and Instructions on the grounds that they are vague, ambiguous, overly broad, unduly burdensome, oppressive, and harassing.

4.      Apple objects to each Interrogatory to the extent that it seeks information which is neither relevant to the subject matter of the pending litigation nor reasonably calculated or likely to lead to the discovery of admissible evidence.

5.      Apple objects to each Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privileges and protections from disclosure.  An inadvertent disclosure of such documents or information shall not constitute a waiver of any privilege or of any other ground for objection to disclosure of the documents or information, nor shall inadvertent disclosure waive Apple's right to object to the use of any such document or information during any subsequent proceeding.

6.      Apple objects to each Interrogatory to the extent that it purports to impose an obligation on Apple to provide a response on behalf of any other person or entity or seeks information not in the possession, custody, or control of Apple.

7.      Apple objects to each Interrogatory to the extent that the temporal scope of the Interrogatory is unbounded, unlimited, undefined, or unclear, on the grounds that such scope renders the request vague, ambiguous, unduly broad, or irrelevant.

8.      Apple objects to each Interrogatory to the extent that the geographical scope of the Interrogatory is unbounded, unlimited, undefined, or unclear, on the grounds that such scope renders the request vague, ambiguous, unduly broad, or irrelevant.

9.      Apple objects to each Interrogatory to the extent that it violates the right to privacy of Apple or any other person's or entity's right to privacy.

10.     Apple objects to each Interrogatory to the extent that it seeks information already in the possession of Emblaze or is equally available to Emblaze.

**SPECIFIC OBJECTIONS**

11.     Apple objects to Plaintiff's definition of "Apple," "you," "your," and "Defendant" as overbroad, unduly burdensome, and irrelevant to the extent that it includes entities other than Apple, or otherwise seeks to impose any obligation on Apple to provide a response on behalf of any other person or entity or seeks information not in the possession, custody, or control of Apple.

12.     Apple objects to Emblaze's definition of "Apple System(s)" as overbroad, unduly burdensome, and irrelevant to the extent that it seeks information concerning products which Emblaze has not accused of infringement, to the extent it is vague and ambiguous, and to the extent it seeks to

impose any obligation on Apple to provide a response on behalf of any other person or entity or seeks information not in the possession, custody, or control of Apple.

13.    Apple objects to Emblaze's definition of "HTTP Live Streaming Standard" as overbroad, unduly burdensome, and irrelevant to the extent that it seeks information concerning products which Emblaze has not accused of infringement, to the extent it is vague and ambiguous, and to the extent it seeks to impose any obligation on Apple to provide a response on behalf of any other person or entity or seeks information not in the possession, custody, or control of Apple.

14.    Apple objects to Emblaze's definition of "HLS Protocol" as overbroad, unduly burdensome, and irrelevant to the extent that it seeks information concerning products which Emblaze has not accused of infringement, to the extent it is vague and ambiguous, and to the extent it seeks to impose any obligation on Apple to provide a response on behalf of any other person or entity or seeks information not in the possession, custody, or control of Apple.

15.    Apple further objects to Emblaze's definition of "HLS Protocol" to mean "Apple's HTTP Live Streaming protocol described, for example, in APPLE002275-2312" because APPLE002275-2312 is a high level overview of a potential end-to-end system that could conform with the HLS protocol. Apple's HTTP Live Streaming Protocol (e.g. APPLE108121-157) specifies the data formats and the actions to be taken by the server (sender) (which can be an application on the client that is receiving the media stream) and the clients (receivers) of the streams but specifies no requirements with respect to how the media streams get to the server that ultimately delivers the stream to the client.

16.    Apple objects to Emblaze's reference to third party entities, including CNN, ESPN, ABC, NBA, NHL, MLB, White House, Comcast, DirecTV, Al Jazeera, TV Sidney, Home Shopping Network, and Mobi TV as overbroad, unduly burdensome, and irrelevant to the extent that Emblaze seeks information concerning products, services, and entities that have not been accused of infringement in their own right or identified (and, where required, described) in Emblaze's infringement contentions against Apple relating to claims of indirect infringement, to the extent that Emblaze's references to these third parties are vague, ambiguous, or seek to impose any obligation on Apple to provide a response on behalf of any other person or entity or seeks information not in the possession, custody, or control of Apple.

17.    Apple objects to Emblaze's definition of "Live Content" as overbroad, unduly burdensome, and irrelevant to the extent that it seeks information concerning products which Emblaze has not accused of infringement, to the extent it is vague and ambiguous, and to the extent it seeks to impose any obligation on Apple to provide a response on behalf of any other person or entity or seeks information not in the possession, custody, or control of Apple.

18.    Apple further objects to Emblaze's definition of "Live Content" to mean "streamed as it is currently happening" because Apple's HTTP Live Streaming does not support streaming an event as it is currently happening.  Instead, the HLS Protocol only supports a continuous media stream (i.e., a stream without an EXT-X-ENDLIST tag), which includes the requirement that the client should not choose a segment which starts less than three target durations from the end of the Playlist file when the EXT-X-ENDLIST tag is not present.  For purpose of these responses, "the Server" shall refer to "the server" as referenced in the HLS Protocol.

19.    Apple objects to Emblaze's definition of "Client" as overbroad, unduly burdensome, and irrelevant to the extent that it seeks information concerning products which Emblaze has not accused of infringement, to the extent it is vague and ambiguous, and to the extent it seeks to impose any obligation on Apple to provide a response on behalf of any other person or entity or seeks information not in the possession, custody, or control of Apple.

20.    Apple objects to Emblaze's definition of "Apple Device" as overbroad, unduly burdensome, and irrelevant to the extent that it seeks information concerning products which Emblaze has not accused of infringement, to the extent it is vague and ambiguous, and to the extent it seeks to impose any obligation on Apple to provide a response on behalf of any other person or entity or seeks information not in the possession, custody, or control of Apple.

21.    Apple further objects to Emblaze's definition of "Apple Device" to the extent it seeks to exclude a configuration in which "the server" and "the client" both reside on the "Apple Device" as those terms are used in the HLS protocol (e.g. APPLE108121-157).

22.    Notwithstanding its responses contained herein, Apple reserves its right to later object to Plaintiff's or any party's use of the response to the Interrogatories in this action or any other proceeding.

23.     Apple's discovery and investigation in connection with this case are continuing. As a result, Apple's responses are limited to information obtained and reviewed to date, and are given without prejudice to Apple's right to amend or supplement its responses after considering information obtained or reviewed through further discovery or objections.

24.     Notwithstanding the above objections, and expressly preserving the same, Apple hereby makes the following supplemental objections and responses to Plaintiff Emblaze Ltd.'s Interrogatories, Set Two, to Apple, Inc.

## SECOND SUPPLEMENTAL RESPONSES TO INTERROGATORIES

**Interrogatory No. 3:**

Separately for each claim of the '473 Patent, state the reasons that Apple contends it has not infringed, and is not infringing that claim, either literally or under the doctrine of equivalents.  In providing this answer, for each limitation of each patent claim, state whether or not such claim limitation is present in each Apple System identified in response to Interrogatory No. 2.

**Second Supplemental Responses and Objections To Interrogatory No. 3:**

In addition to its General Objections, Apple objects to this interrogatory as vague and overbroad. This request, for example, seeks information about "each claim of the '473 Patent" and is not limited to the claims or infringement theories asserted by Emblaze.  Because it is Emblaze's burden to prove infringement, Apple responds to the contentions set forth by Emblaze in its Revised Patent Disclosures, served on January 31, 2012.  Apple further objects to this interrogatory as calling for information protected by the attorney-client privilege and/or the work product doctrine.  Apple further objects on the grounds that the interrogatory is compound, as it comprises multiple separate interrogatories.  Apple also objects to this interrogatory on the grounds that it is in part premature, as expert opening and rebuttal reports and the expert discovery period remain open.  Subject to its objections, Apple supplements its response to this interrogatory, as understood, as follows:

Apple does not infringe, and has not infringed, the '473 patent directly, indirectly, under the doctrine of equivalents, or in any other manner.  To the extent that Apple is able to understand Emblaze's Second Amended Complaint ("SAC") and its infringement contentions contained in Emblaze's Revised Patent Disclosures, Apple provides non-infringement contentions herein relating to

1    Emblaze's allegations of (1) Direct Infringement, (2) Inducement, (3) Contributory Infringement, and

2    (4) Doctrine of Equivalents. Apple also sets out claim-by-claim, limitation-by-limitation arguments in

3    Exhibit 1, attached hereto.

4         **I.**     **Direct Infringement under § 271(a):**

5         Emblaze has attempted to allege that Apple directly infringes certain claims of the '473 patent in

6    its SAC, in its Revised Patent Disclosures, and in the claim chart accompanying the Revised Patent

7    Disclosures. To the extent Apple is able to understand the allegations it faces, Apple identifies below its

8    non-infringement contentions on each applicable claim. On some claims, Apple does not believe that

9    Emblaze has asserted a claim for direct infringement against Apple, has withdrawn its allegation, or has

10   referred to materials that cannot possibly support a claim for direct infringement, and Apple further

11   identifies those instances below. For clarity, Apple separates Emblaze's purported allegations into three

12   potential categories and addresses each in turn: (1) Emblaze's failures contained in its Complaint; (2)

13   Emblaze's failures contained in the body of its Revised Patent Disclosures; and (3) Emblaze's failures in

14   Exhibit A to the Revised Patent Disclosures.

15

16         **A.**  **Emblaze's SAC identifies software that cannot infringe the asserted claims of the '473 patent:**

17         Apple does not directly infringe the claims asserted in Emblaze's SAC. Emblaze's SAC asserts

18   claims of direct infringement for claims 1, 21, 23, 24, 25, 26, 27, 28, 29, 36, 37, 38, 40, and 41 of the

19   '473 patent ("Direct Claims"). For at least the reasons set forth in Exhibit 1, Column A, Apple does not

20   directly infringe those claims. Exhibit 1, Column A identifies, on a claim-by-claim, element-by-element

21   basis, Apple's present non-infringement theories in response to Emblaze's allegations pertaining to the

22   Direct Claims as contained in Emblaze's Revised Patent Disclosures and the claim chart cited therein, to

23   the extent Apple is able to understand them.

24         The SAC also identifies certain software at ¶¶ 14-15. In these paragraphs, Emblaze alleges that

25   Apple directly infringes the asserted claims by making, using, offering for sale, and/or selling within the

26   United States, and/or by importing into the United States the Apple Media Stream Segmenter software,

27   Apple Compressor Software, and/or Apple Media File Segmenter software. For at least the reasons

28   identified in Exhibit 1, Column A, the Media Stream Segmenter software does not directly infringe the

asserted claims.  The Media Stream Segmenter also does not infringe because it is merely a command line tool that can divide an incoming media stream and create playlist files.  While this tool could be used to implement certain aspects of the HLS Protocol, it is not capable of implementing all possible functions mentioned in the entire HLS Protocol.  The HLS Protocol, furthermore, only describes, *inter alia,* a protocol for transferring unbounded streams of multimedia data from a server to a client.  The Direct Claims require numerous additional steps which cannot be implemented by using the HLS Protocol.

Additionally, Emblaze's reference to Apple Compressor Software and Apple Media File Segmenter Software cannot support its allegations of infringement because both of those articles of software are *only* suitable for compression and segmentation of video-on-demand files.  Because Emblaze has stated that video-on-demand does not infringe the asserted claims of the '473 patent, this software cannot possibly support a finding of Direct Infringement and Apple does not infringe on at least that basis.

Apple provides as much detail in Exhibit 1, Column A to this response as is reasonably possible to explain its present theories as they relate to Apple's non-infringement of the '473 patent, but reserves the right to supplement its theories in the event that Emblaze is permitted at this late stage by the Court to clarify its allegations, provide more detail regarding its allegations, or otherwise explain its allegations, including through the course of expert discovery and through expert reports and rebuttals (which would be highly prejudicial to Apple and which Apple believes should not be permitted).

## B.  Emblaze's Revised Patent Disclosures identify claims that are not asserted against Apple for Direct Infringement in Emblaze's SAC:

As described above in Part I.A, Emblaze's SAC asserts claims 1, 21, 23, 24, 25, 26, 27, 28, 29, 36, 37, 38, 40, and 41 of the '473 patent against Apple for Direct Infringement.  Emblaze's Revised Patent Disclosures listed claims 2, 8, 9, 10, 11, 12, 13, and 14 in addition to those claims.  However, when Emblaze filed its SAC nearly one year after it served its Revised Patent Disclosures on Apple, Emblaze removed its reference to claims 2, 8, 9, 10, 11, 12, 13, and 14.  Apple interprets this as an intentional withdrawal of those claims from Emblaze's allegations of Direct Infringement against Apple.

Thus, Apple does not infringe those claims because Emblaze does not allege that those claims are directly infringed by Apple.

**C.** **Emblaze's Claim Chart does not adhere to Patent Local Rule 3-1(c) and does not attempt to map Emblaze's asserted claims to the HLS Protocol or Apple's Accused Devices:**

Emblaze's Chart of Infringed Claims does not follow the Patent Local Rules.  Those rules require "A chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality."  Patent L. R. 3-1(c).  After identifying the allegedly infringing products as the Macbook Air, Macbook, Macbook Pro, Mac mini, iMac, Mac Pro, iPod Touch, iPhone, iPad, Apple TV, Mac OS X, Quicktime X, Safari, and iTunes (including various version limitations for each product or software) pursuant to Patent L. R. 3-1(b), Emblaze's Chart of Infringed Claims does not specifically identify where each limitation of each asserted claim is found within each allegedly infringing product.  Instead, Emblaze copied and pasted from an Apple document on the public internet referred to as the HTTP Live Streaming Overview ("HLS Overview").  Apple cannot determine what Emblaze's specific theories of infringement are and how each limitation of each asserted claim is found within each of the accused instrumentalities.  For at least that reason, Apple does not infringe the asserted claims.

The HLS Overview is substantially different from the HLS Protocol, in that it is a high-level document (hence, "overview") that describes at a high level a hypothetical end-to-end implementation that could incorporate the HLS Protocol as a small component.  The HLS Protocol describes, *inter alia,* a protocol for transferring unbounded streams of multimedia data from a server to a client, and does not meet the claim limitations of the asserted claims for at least the reasons identified in Exhibit 1 and further does not describe any implementation of an end-to-end streaming system other than to describe certain requirements between a "server", which can be located on the client device, and the client itself.

Emblaze's citations to the HLS Overview cannot show that Apple (or any entity) actually implements HLS in a way that "conforms" to the HLS Overview.  Thus, even if the HLS Overview itself described an infringing methodology (and Apple disputes that it does), Emblaze's claim chart has failed to show that Apple actually implements a system like that described in the HLS Overview.  Because Emblaze has not identified any implementations or provided a meaningful chart that conforms

to the Patent Local Rules, Apple has no notice of Emblaze's infringement contentions as to the accused products and for that reason does not infringe the asserted claims. Even if Emblaze attempts to bolster its failure to notice Apple of its contentions through reference to its SAC, Apple remains without notice of Emblaze's contentions. For example, at ¶ 16 of Emblaze's SAC alleges, without explanation, Emblaze's conclusion that Apple's use of HLS for "Apple-sponsored events, including keynote announcements of new Apple products" constitutes infringement. Emblaze never identified such an event in its Revised Patent Disclosures, nor did it explain how each element of the asserted claims map to Apple's allegedly-infringing implementation at an Apple event. Emblaze never identified why or how the system identified in the HLS Overview corresponded to actual Apple products or implementations, nor did it identify the same for "Apple-sponsored events." Emblaze, having failed to set out proper contentions of direct infringement, cannot contend that Apple directly infringes the asserted claims.

## II.    Indirect Infringement: Inducement Under § 271(b):

Emblaze provides no facts, documents, or specific contentions that set forth a basis for Emblaze to assert that the claims of the '473 patent are infringed indirectly or under the doctrine of equivalents. Apple accordingly does not indirectly infringe or infringe under the doctrine of equivalents for the additional reason that Emblaze failed to present allegations sufficient to state a claim for infringement under those theories. Emblaze's Second Amended Complaint ("SAC"), at ¶¶ 17-26, purports to allege that Apple has induced and is still inducing the infringement of one or more claims of the '473 patent. To the extent that Emblaze's SAC can be understood, Emblaze has alleged upon information and belief that Apple has induced third parties to directly infringe at least one or more of claims 1, 2, 8, 9, 10, 12, 13, 14, 21, 23, 24, 25, 26, 27, 28, 29, 36, 37, 38, 40, and 41 of the '473 patent." SAC at ¶¶ 21, 23, 25. Apple, including for the reasons identified in Exhibit 1, Column A, does not directly infringe any of the asserted claims of the '473 patent. For at least those reasons and the reasons identified in Exhibit 1, Column B, Emblaze has not identified any acts of direct infringement by third parties.

Apple further does not specifically intend any third parties to infringe the '473 patent, and Emblaze has not sufficiently alleged any facts to the contrary. *See DSU Med. Corp. v. JMS Co.*, 471 F. 3d 1293, 1306 (Fed. Cir. 2006) ("[I]nducement requires evidence of culpable conduct, directed to

encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities."); *Ricoh Co., Ltd. v. Quanta Computer Inc.*, 550 F.3d 1325, 1340 (Fed. Cir. 2008) (holding that to establish induced infringement, the "patentee must show other statements or actions directed to promoting infringement" (citation and quotation omitted)).

Apple also lacked knowledge of the '473 patent prior to October 29, 2009, and on that basis does not meet the legal requirements for indirect infringement under § 271(b). *DSU Med. Corp. v. JMS Co.*, 471 F. 3d 1293, 1304 (Fed. Cir. 2006) ("The requirement that the alleged infringer knew or should have known his actions would induce actual infringement necessarily includes the requirement that he or she knew of the patent.")

To the extent it is alleged that Apple causes any conduct by third parties, Apple did not and does not—and Emblaze has contended nothing to suggest otherwise—have knowledge that said acts would be infringing the asserted claims of the '473 patent. *Global-Tech Appliances, Inc. v. SEB SA*, 131 S. Ct. 2060, 2068 (2011) (rejecting liability under reckless indifference but affirming liability under willful blindness, where "(1) the defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact").

Emblaze's SAC, to the extent it can be understood, appears to identify two categories of third parties that Emblaze has accused Apple of inducing to infringe the '473 patent: Content Providers and End Users. Apple addresses the allegations regarding Content Providers in Part II.A and the allegations regarding End Users in Part II.B. Apple also addresses Emblaze's failure to provide notice of any infringement allegations against Content Distribution Networks and Emblaze's apparent withdrawal of those allegations in its SAC in Part II.C, *infra*.

A. **Alleged Inducement of Content Providers**

Apple does not induce content providers to infringe the '473 patent. In particular, Apple does not induce the eight third parties (the NFL, Major League Baseball, CNN, Fox News, Fox Sports, CBS Sports, ABC News, and NBC Sports) identified at ¶ 21 of Emblaze's SAC. Pursuant to Patent L.R. 3-1(d) Emblaze was required to provide "an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such

party in the direct infringement must be described." Emblaze did not identify the NFL, Major League Baseball, CNN, Fox News, Fox Sports, CBS Sports, ABC News, or NBC Sports as direct infringers nor did Emblaze describe the role each of those parties play in the direct infringement if they are accused of joint infringement—none of those 8 parties are identified anywhere in Emblaze's Revised Patent Disclosures or the Chart of Infringed Claims cited therein. For at least those reasons, Apple cannot respond to any contention that it has induced those parties to infringe the '473 patent because Emblaze did not disclose any such contentions. On that basis alone, Apple cannot be found to induce infringement, whether wholly direct or jointly with other parties, by the NFL, Major League Baseball, CNN, Fox News, Fox Sports, CBS Sports, ABC News, or NBC Sports of infringing the '473 patent.

### B.  Alleged Inducement of End Users

The only third parties that Emblaze identified in both its SAC and its Revised Patent Disclosures were End Users. Apple does not induce End Users to infringe, either directly or jointly, the '473 patent, including for the reasons identified in Exhibit 1, Column B.

### C.  Emblaze's Failure to Allege Inducement of Content Distribution Networks

Apple also does not induce infringement by Akamai, Brightcove, or Limelight ("CDNs") because those parties or third parties of that type were not identified in Emblaze's Second Amended Complaint. *See* SAC at ¶¶ 17-26. After serving its Revised Patent Disclosures (i.e. Amended Infringement Contentions), which identified Akamai, Brightcove, and Limelight, Emblaze filed its First Amended Complaint ("FAC"), see D.E. 100, on April 27, 2012. Apple moved to dismiss the FAC under Rule 12(b)(6). Judge Armstrong dismissed Emblaze's inducement and contributory infringement claims for failure to allege any facts plausibly showing that Apple induced third parties to directly infringe the '473 patent. *See* D.E. 137 at 11, 13. In Emblaze's opposition, Emblaze attempted to rely on its Revised Patent Disclosures to provide factual allegations—including purported allegations concerning Akamai, Brightcove, and Limelight—relating to inducement and contributory infringement, which the Court rejected. D.E. 137 at 11, n.2. When Emblaze filed its SAC after the FAC was dismissed, Emblaze did not mention Akamai, Brightcove, or Limelight as third parties that were allegedly induced to infringe the '473 patent. The SAC was filed nearly one year after it served its Revised Patent Disclosures, and these parties were omitted in spite of Emblaze's apparent knowledge of

those entities and its duty to allege facts plausibly showing that Apple induced infringement. Emblaze never mentioned those specific parties, or parties of that type (i.e. CDNs). Emblaze therefore does not allege that Apple induces third parties of that type—specifically, Akamai, Brightcove, and Limelight— to infringe the asserted claims of the '473 patent. Thus, Apple has no obligation or ability to provide non-infringement contentions relating to these parties, as Emblaze has not alleged that Apple induced infringement by those parties.

Even if Emblaze's Revised Patent Disclosures could be considered operative under the SAC, Apple cannot respond to any purported contentions from Emblaze because there are no facts alleged or described in Emblaze's Revised Patent Disclosures to which Apple could respond. The extent of Emblaze's Revised Patent Disclosures relating to Akamai, Brightcove, and Limelight is to list out the claim limitations that are allegedly "performed or accounted for" by End Users in "claims 2, 8, 9, 10, 12, 13, 14, 26, 27, 28 and 29 of the '473 patent" (which Apple disputes for at least the reasons identified in Part II.B above as well as in Exhibit 1, Column B) and then to claim that the "remainder of the limitations in claims 1, 2, 8, 9, 10, 11, 12, 13, 14, 21, 23, 24, 25, 26, 27, 28, 29, 36, 37, 38, 40, 41 of the '473 patent are performed by or incorporated in devices operated by" Akamai, Brightcove, Limelight, or "additional third parties" that are "unknown." Since Emblaze has not alleged anything specific in its Revised Patent Disclosures relating to these entities, Apple cannot possibly provide meaningful non-infringement contentions.

Patent Local Rule 3-1(d) requires an "identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement." If a third party's actions are part of alleged joint infringement, Emblaze was directed to describe "the role of each such party in the direct infringement." Other than Emblaze's conclusion that Akamai, Brightcove, and Limelight were induced by Apple and Emblaze's assertion that "[t]he remainder of the limitations" of their asserted claims are "performed by or incorporated in devices operated by" those entities, there is no description of their role in the alleged direct infringement or an identification of their direct infringement whatsoever. Such vague and conclusory contentions are inadequate. *Theranos, Inc. v. Fuisz Pharma LLC*, 2012 WL 6000798, at *4 (N.D. Cal. Nov. 30, 2012) (citing *Network Caching Tech., LLC v. Novell, Inc.*, 2002 WL 32126128, at *5-6 (N.D. Cal. Aug. 13, 2002) (requiring further

1  detail where infringement contentions were "replete with vague discussions of claim terms" and merely

2  "mimic[ked] the language of the claim"); *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d

3  1022, 1026 (N.D. Cal. Dec. 30, 2010) ("vague contentions and conclusory statements" which invite

4  defendants and the court to assume that a limitation exists fall short of providing a "meaningful

5  description of its theories" under Patent L.R. 3-1)).

6         Emblaze's SAC does not nothing more than allege "upon information and belief" that Apple has

7  induced third parties to infringe the '473 patent, without alleging any facts to support that claim.  The

8  SAC was filed nearly two and a half years into the litigation between Emblaze and Apple, and nearly a

9  year after Emblaze filed its Revised Patent Disclosures.  In view of both the SAC and the Revised Patent

10 Disclosures, Emblaze has provided Apple with no notice of its infringement claims, especially as they

11 relate to any allegation of inducement related to any CDN, much less Akamai, Brightcove, and

12 Limelight.  Since Apple has no meaningful notice relating to these claims, Apple cannot provide a

13 meaningful non-infringement position as it relates to inducement of the above parties except to state that

14 Apple does not induce any third parties, including Akamai, Brightcove, and Limelight, to infringe the

15 asserted claims of the '473 patent.

16        Even if the defects in Emblaze's pleadings and contentions are not deemed fatal, Emblaze has

17 not shown that Apple has induced direct infringement for the reasons set forth in Exhibit 1, Columns A

18 & B.

19        **III.    Indirect Infringement: Contributory Infringement Under § 271(c):**

20        Emblaze's Revised Patent Disclosures do not contend that Apple contributes to direct

21 infringement of any claims of the '473 patent.  Patent Local Rule 3-1(d) required Emblaze to describe

22 Apple's acts that contribute to any alleged direct infringement.  No such description was set forth in the

23 Revised Patent Disclosures.  Instead, Emblaze stated only that Apple induces several third parties to

24 infringe certain claims, as discuss at length in Part II, *supra*.  Emblaze has thus provided no notice to

25 Apple of its contributory infringement theories.  Apple is accordingly without obligation and also unable

26 to provide non-infringement theories for that reason.

27        Even if Emblaze is permitted (which it should not be) to rely on the allegations in its SAC to

28 cure the omissions in its Revised Patent Disclosures, Apple does not contribute to any infringement of

the '473 patent.  Apple contends that it does not contribute to any direct infringement for the same reasons that it does not induce any direct infringement, and incorporates its contentions from Exhibit 1 and Part I.A-B on that issue accordingly.  Apple further contends that it has not been given any notice of Emblaze's infringement theories regarding the content providers identified at ¶ 30 of the SAC, for essentially the same reasons described in Part II.A, *supra*.

Apple also contends that its products are suitable for substantial non-infringing uses that do not implicate the '473 patent, and that on that basis Apple does not contribute to any direct infringement of the '473 patent.   In addition to the innumerable non-infringing uses of which Apple devices are capable generally, the HLS Protocol itself is primarily used for, and Apple's products are also capable of, streaming of video-on-demand, which is an implementation of HLS that Emblaze admits would not require a license to the '473 patent to practice and thus is non-infringing.  Furthermore, the Media File Segmenter and Compressor software identified at ¶ 29 of the SAC can only be used for video-on-demand implementation of HLS.  Apple, accordingly, is not liable for contributing to any alleged infringement of the '473 patent under § 271(c).

## IV.   Doctrine of Equivalents:

Emblaze's Revised Patent Disclosures provide no contentions regarding the doctrine of equivalents except to "reserve" its right to amend its infringement contentions under certain circumstances and to assert that any element that is not literally present is present under the doctrine of equivalents.  Emblaze never moved to amend its Revised Patent Disclosures, and has provided Apple with no contentions to which Apple can respond. Apple thus contends that Emblaze has not alleged any facts or made any contentions that support a doctrine of equivalents argument, and on that basis Apple does not infringe any claim of the '473 patent under that doctrine.

## V.   Additional Contentions and Identifications:

Apple further identifies the facts and documents relevant to these contentions as including, but not limited to, the Source Code produced pursuant to the Protective Order by Apple to Emblaze, the additional testimony, documents and things produced by Apple and by third parties relating to the accused instrumentalities, the report(s) of its expert(s) and the specifications, product information, and developer information that is publicly available.

DATED:  August 30, 2013              GREENBERG TRAURIG, LLP

                                     SIGNED AS TO OBJECTIONS


                                By: /s/   Sarah Barrows
                                    Sarah Barrows
                                    barrowss@gtlaw.com

                                    Attorneys for Defendant,
                                    Apple Inc.
                                    Stephen Ullmer (SBN 277537)
                                    ullmers@gtlaw.com
                                    GREENBERG TRAURIG, LLP
                                    4 Embarcadero Center, Suite 3000
                                    San Francisco, CA 94111
                                    Tel.:  (415) 655-1300
                                    Fax:  (415) 707-2010

                                    James J. DeCarlo (Admitted Pro Hac Vice)
                                    decarloj@gtlaw.com
                                    Michael A. Nicodema (Admitted Pro Hac Vice)
                                    nicodemam@gtlaw.com
                                    GREENBERG TRAURIG, LLP
                                    MetLife Building
                                    200 Park Avenue, 34th Floor
                                    New York, New York 10166
                                    Tel.: (212) 801-9200
                                    Fax: (212) 801-6400

EXHIBIT 1

| U.S. Patent No. 6,389,473 | **Column A**<br>Non-Infringement Contention: Direct Infringement | **Column B:**<br>Non-Infringement Contention: Induced Infringement[1] |
|---|---|---|
| Definitions | - The entities Akamai, Brightcove, and Limelight are referred to as "CDNs"<br>- Emblaze's Revised Patent Disclosures are referred to as "RPDs"<br>- Emblaze's Second Amended Complaint is referred to as "SAC"<br>- Apple's HTTP Live Streaming Protocol is referred to as "HLS Protocol" or "HLS"<br>- The HTTP Live Streaming Overview is referred to as the "HLS Overview" | |
| Claim 1 | | |
| [Preamble] A method for real-time broadcasting from a transmitting computer to one or more client computers over a network, comprising: | Apple does not meet the limitation of "a method for real-time broadcasting from a transmitting computer to one or more client computers over a network."<br><br>Apple does not meet this claim limitation because Apple typically does not implement a "transmitting computer" as required by this limitation.  In the rare case where Apple provides content to viewers, the "transmitting computer" that is used is not the claimed computer for at least the reasons identified in Column A, Claim 1[a] | With respect to each and every asserted limitation, Apple does not induce end users or other third party to induce for the following reasons (hereinafter, the "General Non-Inducement Contentions"), which Apple incorporates in its contention as to each asserted limitation:<br><br>Apple does not require end users to stream content on accused devices or require third parties to make available content to stream on accused devices.  To the extent end users wish to stream content on accused devices or third parties wish to make available content to stream on the accused devices, Apple does not require that the streamed content be continuous media streams rather |

---

[1] As stated in body of Apple's Second Supplemental Response to Plaintiff's Second Set of Interrogatories, Emblaze has failed to properly put Apple on notice of a claim for contributory infringement.  However, should a Court find that Emblaze has somehow put Apple on notice of a contributory infringement claim, the same contentions in Column B that third parties do not meet the limitations and/or there exists non-infringing alternatives with respect to the limitations apply equally to a claim of contributory infringement.

below.

Further, in the rare case where Apple provides content viewers, Apple does not meet the "real-time broadcasting"  The Court construed "real-time broadcasting" to mean the "[s]imultaneous transmission of data to one or more clients matching the human perception of time or proceeding at the same rate as a physical or external process." (D.E. 169).  HLS cannot be used to display the transmission of data to one or more clients matching the human perception of time (i.e., live streams) due to the substantial delay that is inherent in the HLS Protocol unlike live streams such as in the case of security or video conferencing. HLS is also not used for simultaneous transmission, as any client viewing a stream that conforms to HLS is obtaining that stream through requests back to a server made by that particular client according to its own system operation.  These are individual transmissions, not simultaneous transmissions.

than video-on-demand.  To the extent end users wish to stream continuous media streams on devices or third parties wish to make available continuous media streams on devices, end users can stream continuous media streams on devices using HTTP protocols other than HLS and third parties can make available continuous media streams for delivery to devices using HTTP protocols other than HLS.

To the extent third parties wish to make available continuous media streams for streaming to the accused devices, the HLS Protocol only specifies the interactions between the server (which can be an application on the client) and the client with respect to continuous media streams.  It specifies no requirements with respect to how the media streams get to the server that ultimately delivers the stream to the accused devices.

Further, the HLS Overview is a high level overview of one theoretical end-to-end implementation that could conform with the HLS protocol.  It does not require third parties to adopt any particular implementation.  In addition, though Apple has published an App Review Guideline regarding Apps that stream video over cellular networks, Apps are not checked to determine if the guidelines are met.

This specific claim limitation requires "a method for real-time broadcasting from a transmitting computer to one or more client computers over a network."  The RPDs purport to allege that Apple induces four parties to commit acts of direct infringement relating to the '473 patent generally:

| | | |
|---|---|---|
| | | 1. End Users<br>2. Akamai<br>3. Brightcove<br>4. Limelight<br><br>The RPDs do not:<br>- Contend that End Users meet this claim limitation.<br>- Identify any direct infringement by the CDNs.<br>- Describe any CDN's role in direct infringement.<br><br>The SAC does not:<br>- Allege that End Users meet this claim limitation.<br>- Allege that CDNs are involved in direct infringement of any limitation, including this limitation.<br><br>For the reasons identified above, Apple is unable to provide non-infringement contentions regarding inducement to the extent that no infringement contentions or allegations were made.<br><br>To the extent Apple can respond, Apple contends that it does not induce third parties to meet this claim limitation for the General Non-Inducement Contentions plus the additional contention that a media stream conforming to the HLS protocol cannot be used to display the transmission of data to one or more clients matching the human perception of time (i.e., live streams) due to the substantial delay that is inherent in the HLS Protocol unlike live streams such as in the case of security or video conferencing.<br><br>Further, to the extent any third parties are found to have |

| | | |
|---|---|---|
| | | met this limitation, Apple notes that third parties could implement HLS without meeting this claim limitation by, for example:<br><br>- Streaming exclusively video-on-demand.<br>- Streaming content with substantial latency that does not match the human perception of time.<br>- Streaming content which is transmitted in a way that is not simultaneous. |
| [a] providing at the transmitting computer a data stream having a given data rate; | Apple does not meet the claim limitation of "providing at the transmitting computer a data stream having a given data rate." Apple does not typically provide data streams.  In the rare event where Apple does provide a data stream, Apple does not provide the claimed data stream required by element [a] because it is not a "data stream having a given amount of data per unit of time" as required by the Court's claim construction order.  (D.E. 169.)  Any data stream that is provided has a varying amount of data per unit of time, the amount of variance of which is generally unknown to Apple and is based on compression, encoding, and other audiovisual technologies, as well as the content of any particular audiovisual media that is provided.<br><br>Nor does Apple make, use, offer to sell, sell, or import  products, software, or software tools that take as an input a "live" | Third parties are not induced to meet the claim limitation of "providing at the transmitting computer a data stream having a given data rate."  The RPDs do not:<br>- Contend that End Users meet this claim limitation.<br>- Identify any direct infringement by the CDNs.<br>- Describe any CDN's role in direct infringement.<br><br>The SAC does not:<br>- Allege that End Users meet this claim limitation.<br>- Allege that CDNs are involved in direct infringement of any limitation, including this limitation.<br><br>For the reasons identified above, Apple is unable to provide non-infringement contentions regarding inducement to the extent that no infringement contentions or allegations were made.<br><br>To the extent Apple can respond, Apple contends that it does not induce third parties to meet this claim limitation.  In addition to the General Non-Inducement Contentions, the HLS protocol places no requirements whatsoever on the data rate of the stream at the transmitting computer. |

| | data stream and subsequently provide "a data stream having a given amount of data per unit of time" for the same reasons. | Further, to the extent any third parties are found to have met this limitation, Apple notes that third parties could implement HLS without meeting this claim limitation by, for example:<br>- Providing a data stream having a varying amount of data per unit of time. |
|---|---|---|
| [b] dividing the stream into a sequence of slices, each slice having a predetermined data size associated therewith; | Apple does not meet the claim limitation of "dividing the stream into a sequence of slices, each slice having a predetermined data size associated therewith." Apple does not typically divide data streams into a sequence of slices. In the rare event that Apple does divide a stream into a sequence of slices, the slices do not have a predetermined data size associated therewith, as that term was construed by the Court. (D.E. 169.) This limitation was construed as "each slice having a data size, which may be established by setting a time duration of the slice, assigned in advance of the stream being divided." (D.E. 214.) The data size is not established by setting a time duration of the slice, including for the reason that the amount of data in a particular slice depends on the content contained in that slice and the resulting size varies substantially over the time of a stream.<br><br>Emblaze's Revised Patent Disclosures do | Third parties are not induced to meet the claim limitation of "dividing the stream into a sequence of slices, each slice having a predetermined data size associated therewith." The RPDs do not:<br>- Contend that End Users meet this claim limitation.<br>- Identify any direct infringement by the CDNs.<br>- Describe any CDN's role in direct infringement.<br><br>The SAC does not:<br>- Allege that End Users meet this claim limitation.<br>- Allege that CDNs are involved in direct infringement of any limitation, including this limitation.<br><br>For the reasons identified above, Apple is unable to provide non-infringement contentions regarding inducement to the extent that no infringement contentions or allegations were made.<br><br>To the extent Apple can respond, Apple contends that it does not induce third parties to meet this claim limitation because Apple does not require third parties to meet this limitation. In addition to the General Non-Inducement Contentions, the HLS Protocol does not require that segments of a media stream be of equal size, duration or |

| | | |
|---|---|---|
| | not show how or why the data size of a segment with an assigned time duration is established by setting that time duration. Rather, those disclosures describe a stream segmenter as a software process that divides a Transport Stream into a series of small media files of equal duration (also referred to as equal length). | even be files at all.  Indeed, the HLS Protocol does not place any requirements that streams be divided at all prior to being uploaded to a server and, in fact, Akamai's Universal Streaming implementation for HLS does not segment the stream until after it arrives at the server.<br><br>Further, to the extent any third parties are found to have met this limitation Apple  notes that third parties could implement HLS without meeting this claim limitation by, for example:<br>  - Dividing a stream into slices having a data size that is not established by the time duration of that slice.<br>  - Dividing a stream into slices that have both varying amounts of data in each slice and consist of varying time durations.<br>  - Dividing a stream into slices after a stream has been uploaded to a server.<br>  - Dividing a stream into slices after a stream has been uploaded to a server and downloaded to a client computer. |
| [c] encoding the slices in a corresponding sequence of files, each file having a respective index; and | Apple does not meet the claim limitation of "encoding the slices in a corresponding sequence of files, each file having a respective index."<br><br>The Court's construction defined "encoding the slices in a corresponding sequence of files" as "forming each slice as a file, wherein a file includes compressed data from the slice and a file descriptor, and wherein the sequence of files corresponds to the sequences of slices."  (D.E. 169.) | Third parties are not induced to meet the claim limitation of "encoding the slices in a corresponding sequence of files, each file having a respective index."  The RPDs do not:<br>  - Contend that End Users meet this claim limitation.<br>  - Identify any direct infringement by the CDNs.<br>  - Describe any CDN's role in direct infringement.<br><br>The SAC does not:<br>  - Allege that End Users meet this claim limitation.<br>  - Allege that CDNs are involved in direct infringement of any limitation, including this limitation. |

| | That construction further defined the "sequence of files, each file having a respective index" portion of this element as "sequence of files, wherein each file has an indicator that represents a respective slice's location in the sequence." (D.E. 169.) In the rare event that Apple encodes slices into a corresponding series of files, they are not the claimed files for the reasons set forth in Column A, Claim1[b], and for the additional reason that each file does not have an indicator that represents a respective slice's location in the sequence as required by the claim.

Emblaze does not contend that video-on-demand implementations of HLS infringe the asserted claims and thus any reference to the Media File Segmenter (which can only be used for video-on-demand) cannot support a contention that Apple performs element [c]. | For the reasons identified above, Apple is unable to provide non-infringement contentions regarding inducement to the extent that no infringement contentions or allegations were made.

To the extent Apple can respond, Apple contends that it does not induce third parties to meet this claim limitation.  In addition to the General Non-Inducement Contentions, the HLS protocol only specifies the data exchange between the server and the client and thus does not require a stream to be sliced or that slices be formed into files prior to being uploaded to the server.  In fact, the HLS protocol does not even require a stream to be encoded prior to being uploaded to server.  Thus, for example, Akamai's Universal Streaming architecture enables streams to be uploaded to a server that can ultimately deliver data meeting the HLS protocol and yet are neither sliced or formed into files by the transmitting computer.  HLS also does not require a file to contain an indicator that represents a respective slice's location in the sequence as required by the Court's claim construction order, including for the reasons stated herein.  (D.E. 169.)

Further, to the extent any third parties are found to have met this limitation, Apple notes that third parties could implement HLS without meeting this claim limitation by, for example:
  - Encoding slices into files that do not have an index.
  - Uploading slices to a server that do not consist of files.
  - Uploading slices to a server that do not consist of files or contain an index. |

| | | |
|---|---|---|
| | | - Uploading a data stream to a server without encoding the stream into files.<br>- Uploading a data stream to a server without encoding the stream. |
| [d] uploading the sequence to a server at an upload rate generally equal to the data rate of the stream, such that the one or more client computers can download the sequence over the network from the server at a download rate generally equal to the data rate. | Apple does not meet the claim limitation of "uploading the sequence to a server at an upload rate generally equal to the data rate of the stream, such that the one or more client computers can download the sequence over the network from the server at a download rate generally equal to the data rate." The Court's construction defined "uploading the sequence to a server at an upload rate generally equal to the data rate of the stream" as "transmitting the files from the transmitting computer to the server at an upload rate generally equal to the data rate of the stream." (D.E. 169.) In the rare event that Apple uploads a sequence to a server, it is not the claimed uploading because Apple does not transmit files from a transmitting computer to a server at an upload rate generally equal to the data rate of the stream. In practice, files are transmitted at an upload rate that is significantly faster than the data rate of the stream. This is done by design, for several reasons, including to ensure that any overhead information required by the data type or transport that contains the audiovisual data that is being transmitted can be transmitted along with the | Third parties are not induced to meet the claim limitation of "uploading the sequence to a server at an upload rate generally equal to the data rate of the stream, such that the one or more client computers can download the sequence over the network from the server at a download rate generally equal to the data rate." The RPDs do not:<br>  - Contend that End Users meet this claim limitation.<br>  - Identify any direct infringement by the CDNs.<br>  - Describe any CDN's role in direct infringement.<br><br>The SAC does not:<br>  - Allege that End Users meet this claim limitation.<br>  - Allege that CDNs are involved in direct infringement of any limitation, including this limitation.<br><br>For the reasons identified above, Apple is unable to provide non-infringement contentions regarding inducement to the extent that no infringement contentions or allegations were made.<br><br>To the extent Apple can respond, Apple contends that it does not induce third parties to meet this claim limitation. In addition to the General Non-Inducement Contentions, the HLS protocol says nothing about how the stream gets to the server including the rate at which it is uploaded to the server. |

| | | |
|---|---|---|
| | audiovisual data without causing playback of the audiovisual stream to pause or stall. For the same reasons, in the rare event that Apple downloads a sequence from a server it is not the claimed download.

Emblaze contends that "[i]t is inherent that the data rate of Apple's stream for 'live' streaming would result in uploading at generally the same rate as downloading to maintain the 'live aspect of the broadcast, the 'live' streaming taking into account latency issues from the uploading, downloading and storing of segments."  No such "inherent" relationship exists.  Once a segment (if segments make up a sequence) is fully formed, it may be uploaded at any upload rate or downloaded at any download rate.  One possible implementation would be to rate control the segment to be uploaded and downloaded at a rate generally equal to the date rate of the stream.  That requirement is not inherent and is not implemented by Apple.

In addition, the Court construed this claim to mean "transmitting the files from the transmitting computer to the server at an upload rate generally equal to the data rate of the stream" (D.E. 169) and the active verb "transmitting" requires an actual transmission of data.  Emblaze's contention that the claimed upload rate includes times | Further, to the extent any third parties are found to have met this limitation, Apple notes that third parties could implement HLS without meeting this claim limitation by, for example:
- Uploading a sequence at a rate that is greater than the data rate of a stream.
- Uploading a stream that has not been divided into slices or encoded as files.
- Downloading a stream that is not formed into files at the server
- Server reconstructs the uploaded slices such that the downloaded slices are not the same slices that were uploaded. |

| | | |
|---|---|---|
| | during which a segment is not being transmitted between the transmitting computer and a server is unsupportable in view of this claim construction. | |
| | | |
| Claim 2 | | |
| A method according to claim 1, and comprising downloading the sequence using an Internet protocol over the network from the server to the one or more client computers. | Apple has not been accused of infringing Claim 2.  *See* SAC at ¶¶ 13-16.  To the extent that Emblaze is deemed by the Court to have alleged direct infringement of this claim by Apple, Apple contends as follows:<br><br>Apple does not meet the claim limitation of "downloading the sequence using an Internet protocol over the network from the server to the one or more client computers" for the reason that Apple does not meet the claim limitations of Claim 1, and therefore cannot infringe dependent claim 2.  Apple also typically does not download a sequence, to the extent this limitation requires third party interaction and/or performance. | Third parties are not induced to meet the claim limitation of "downloading the sequence using an Internet protocol over the network from the server to the one or more client computers" including for the reason that third parties are not induced to meet the claim limitations of Claim 1, and therefore cannot infringe dependent claim 2.<br><br>Third parties are further not induced to meet this claim limitation because:<br><br>The RPDs do not:<br>- Describe any CDN's role in direct infringement<br>- Describe any End User's role in direct infringement.<br><br>The SAC does not:<br>- Allege that CDNs meet this claim limitation.<br>- Allege that CDNs are involved in direct infringement of any limitation, including this limitation.<br><br>The RPDs contend that End Users perform or account for "downloading the sequence using an Internet protocol over the network from the server to the one or more client computers."  As this is nothing more than a conclusion that an End User meets the limitation of |

| | | |
|---|---|---|
| | | Claim 2, Apple is unable to provide non-infringement contentions regarding inducement to the extent that no infringement contentions or allegations were made.

To the extent Apple can respond, Apple contends that it does not induce third parties to meet this claim limitation.  In addition to the General Non-Inducement Contentions, Apple does not require third parties to download the claimed data streams.  In addition, the HLS Protocol does not preclude the server from existing on the client computer such that no downloading from the server to the client occurs.  If Apple does induce any "downloading the sequence" as required by this limitation (which Apple denies), it is not the claimed downloading or the claimed sequence for the reasons identified herein.

Further, to the extent any third parties are found to have met this limitation, Apple also notes that third parties could implement HLS without meeting this claim limitation by, for example:
- Designing an application where the server exists on the client computer such that no downloading from the server to the client occurs. |
| | | |
| Claim 8 | | |
| A method according to claim 2, wherein the one or more client computers decode the sequence and play back the data stream responsive to the | Apple has not been accused of infringing Claim 8.  *See* SAC at ¶¶ 13-16.  To the extent that Emblaze is deemed by the Court to have alleged direct infringement of this claim by Apple, Apple contends as follows: | Third parties are not induced to meet the claim limitation of "wherein the one or more client computers decode the sequence and play back the data stream responsive to the indices of the files, at a replay rate generally equal to the data rate" including for the reason that third parties are |

| | | |
|---|---|---|
| indices of the files, at a replay rate generally equal to the data rate. | Apple does not meet the claim limitation of "wherein the one or more client computers decode the sequence and play back the data stream responsive to the indices of the files, at a replay rate generally equal to the data rate" including for the reason that Apple does not meet the claim limitations of Claim 1 or Claim 2, and therefore cannot infringe dependent claim 8.<br><br>Apple further does not meet this claim limitation because Apple does not play back a data stream responsive to the indices of the files, including for the reason that HLS does not require the use of files at all. In the event that files are used, they are not the claimed files, as Apple does not require a file to contain an index therein as required by the Court's construction "wherein each file has an indicator that represents a respective slice's location in the sequence." (D.E. 169.)<br><br>Apple also does not meet this claim limitation because Apple does not play back the data stream based on the indices of the files to be played back, including for the reasons relating to index files described herein. | not induced to meet the claim limitations of Claim 1 or Claim 2, and therefore cannot infringe dependent claim 8.<br><br>Third parties are further not induced to meet this claim limitation because:<br><br>The RPDs do not:<br>  - Describe any CDN's role in direct infringement<br>  - Describe any End User's role in direct infringement.<br><br>The SAC does not:<br>  - Allege that CDNs meet this claim limitation.<br>  - Allege that CDNs are involved in direct infringement of any limitation, including this limitation.<br><br>The RPDs contend that End Users perform or account for "wherein the one or more client computers decode the sequence and play back the data stream responsive to the indices of the files, at a replay rate generally equal to the data rate." As this is nothing more than a conclusion that an End User meets the limitation of Claim 8, Apple is unable to provide non-infringement contentions regarding inducement to the extent that no infringement contentions or allegations were made.<br><br>To the extent Apple can respond, Apple contends that it does not induce third parties to meet this claim limitation. In addition to the General Non-Inducement Contentions, Apple states that if it does induce any third party to "decode the sequence and play back the data stream responsive to the indices of the files," as required by this limitation (which Apple denies), it is not the |

| | | |
|---|---|---|
| | | claimed sequence or the claimed files for the reasons identified herein. For example, HLS does not require the use of files, or the use of indices within said files. Data may be stored and referenced by a byte range or other data location methodology that does not implicate the use of files or indices.<br><br>Further, to the extent any third parties are found to have met this limitation, Apple notes that third parties could implement HLS without meeting this claim limitation by, for example:<br>- Playing back a data stream responsive to the relative position of a pointer to a file in a playlist.<br>- Playing back a data stream responsive to the relative position of a pointer to a data object in a playlist that is not stored as a file.<br>- Playing back a data stream responsive to an index that describes the location of data wherein that data is not contained in a file. |
| | | |
| Claim 9 | | |
| A method according to claim 8, wherein uploading the sequence comprises uploading and updating an index file containing the index of the file in the sequence that was most recently uploaded, and wherein the one or more | Apple has not been accused of infringing Claim 9. *See* SAC at ¶¶ 13-16. To the extent that Emblaze is deemed by the Court to have alleged direct infringement of this claim by Apple, Apple contends as follows:<br><br>Apple does not meet the claim limitation of "wherein uploading the sequence comprises uploading and updating an index file | Third parties are not induced to meet the claim limitation of "wherein uploading the sequence comprises uploading and updating an index file containing the index of the file in the sequence that was most recently uploaded, and wherein the one or more client computers read the index file to play back the sequence" including for the reason that third parties are not induced to meet the claim limitations of Claim 1, Claim 2, or Claim 8, and therefore cannot infringe dependent claim 9. |

| client computers read the index file to play back the sequence. | containing the index of the file in the sequence that was most recently uploaded, and wherein the one or more client computers read the index file to play back the sequence" including for the reason that Apple does not meet the claim limitations of Claim 1, Claim 2, or Claim 8, and therefore cannot infringe dependent claim 9.

In the rare event that Apple provides content that is uploaded to a server at all, Apple also does not meet the limitations because even if the Media Playlist is a file and the sequence of media being uploaded consists of files, the Media Playlist it is not an index of the file most recently uploaded. The Media Playlist contains Uniform Resource Indicators ("URIs") but such URIs do not constitute an index of the file most recently uploaded. The data associated with the most recently uploaded media file resides on the server and the URI is simply what the client references to request that the server locate the media so the client may download it.

Further, Apple does not meet this limitation because one or more client computers do not read the index file to play back the sequence. The client sends requests to the server for data based on URIs in the Media Playlist; the client does not read the Media | Third parties are further not induced to meet this claim limitation because:

The RPDs do not:
  - Describe any CDN's role in direct infringement
  - Describe any End User's role in direct infringement.

The SAC does not:
  - Allege that CDNs meet this claim limitation.
  - Allege that CDNs are involved in direct infringement of any limitation, including this limitation.

The RPDs contend that End Users perform or account for "wherein uploading the sequence comprises uploading and updating an index file containing the index of the file in the sequence that was most recently uploaded, and wherein the one or more client computers read the index file to play back the sequence." As this is nothing more than a conclusion that an End User meets the limitation of Claim 9, Apple is unable to provide non-infringement contentions regarding inducement to the extent that no infringement contentions or allegations were made.

To the extent Apple can respond, Apple contends that it does not induce third parties to meet this claim limitation. In addition to the General Non-Inducement Contentions, the HLS Protocol only requires that playlist file be returned from the server to the client when requested and that the playlist file identify the URLs of the next segments to play. Playlists and segments can be created on the fly by the server as Akamai does in its |

| | Playlist to play back the sequence. | Universal Streaming architecture for delivering to HLS compliant devices.<br><br>Further, to the extent any third parties are found to have met this limitation, Apple also notes that third parties could implement HLS without meeting this claim limitation by, for example:<br>- Uploading a playlist file that identifies data on a server by byte range.<br>- Uploading a playlist file that does not contain an index of any files because files are not used to comprise a sequence.<br>- Generating the playlist on the fly at the server or at the client, based on information extracted from a continuous stream uploaded to the server. |
| | | |
| **Claim 10** | | |
| A method according to claim 9, wherein downloading the sequence comprises selecting a file in the sequence earlier than the file whose index is contained in the index file and downloading at least a portion of the encoded sequence of files beginning with the selected file. | Apple has not been accused of infringing Claim 10.  *See* SAC at ¶¶ 13-16.  To the extent that Emblaze is deemed by the Court to have alleged direct infringement of this claim by Apple, Apple contends as follows:<br><br>Apple does not meet the claim limitation of "wherein downloading the sequence comprises selecting a file in the sequence earlier than the file whose index is contained in the index file and downloading at least a portion of the encoded sequence of files beginning with the selected file" including for the reason that Apple does not | Third parties are not induced to meet the claim limitation of "wherein downloading the sequence comprises selecting a file in the sequence earlier than the file whose index is contained in the index file and downloading at least a portion of the encoded sequence of files beginning with the selected file" including for the reason that third parties are not induced to meet the claim limitations of Claim 1, Claim 2, Claim 8, or Claim 9 and therefore cannot infringe dependent Claim 10.<br><br>Third parties are further not induced to meet this claim limitation because:<br><br>The RPDs do not: |

| | | |
|---|---|---|
| | meet the claim limitations of Claim 1, Claim 2, Claim 8, or Claim 9 and therefore cannot infringe dependent Claim 10.<br><br>Apple further does not meet this claim limitation because HLS does not require files.  In the event that a file is used, it is not the claimed file because HLS does not require that a file contain an index as required by the Court's claim construction, or that a Media Playlist contain any information about file indexes.  (D.E. 169.)<br><br>. | - Describe any CDN's role in direct infringement<br>- Describe any End User's role in direct infringement.<br><br>The SAC does not:<br> - Allege that CDNs meet this claim limitation.<br> - Allege that CDNs are involved in direct infringement of any limitation, including this limitation.<br><br>The RPDs contend that End Users perform or account for "wherein downloading the sequence comprises selecting a file in the sequence earlier than the file whose index is contained in the index file and downloading at least a portion of the encoded sequence of files beginning with the selected file."  As this is nothing more than a conclusion that an End User meets the limitation of Claim 10, Apple is unable to provide non-infringement contentions regarding inducement to the extent that no infringement contentions or allegations were made.<br><br>To the extent Apple can respond, Apple contends that it does not induce third parties to meet this claim limitation.  In addition to the General Non-Inducement Contentions, HLS does not require the use of files.  In addition to the extent the server uses files, HLS does not require that a file contain an index as required by the Court's claim construction.<br><br>Further, to the extent any third parties are found to have met this limitation, Apple  notes that third parties could implement HLS without meeting this claim limitation by, for example, implementing some or all of the alternative examples listed in Column B, Claim 1[c]-[d] |

16

| | | and Column B, Claim 9. |
|---|---|---|
| | | |
| Claim 11 | | |
| A method according to claim 2, wherein encoding the slices comprises encoding slices at a plurality of different quality levels, such that the files corresponding to a given one of the slices have a different, respective data size for each of the quality levels. | Apple has not been accused of infringing Claim 11.  *See* SAC at ¶¶ 13-16.  To the extent that Emblaze is deemed by the Court to have alleged direct infringement of this claim by Apple, Apple contends as follows:<br><br>Apple does not meet the claim limitation "wherein encoding the slices comprises encoding slices at a plurality of different quality levels, such that the files corresponding to a given one of the slices have a different, respective data size for each of the quality levels" including for the reason that Apple does not meet the claim limitations of Claim 1 or Claim 2 and therefore cannot infringe dependent claim 11.<br><br>Apple further does not meet this claim limitation because Apple does not typically encode slices.  In the rare event that Apple does encode slices, they are not the claimed slices for at least the reasons identified in Column A, Claim 1[c].<br><br>Apple also does not meet this claim limitation because HLS does not require | Third parties are not induced to meet the claim limitation of "wherein encoding the slices comprises encoding slices at a plurality of different quality levels, such that the files corresponding to a given one of the slices have a different, respective data size for each of the quality levels" including for the reason that third parties are not induced to meet the claim limitations of Claim 1, Claim 2, Claim 8, or Claim 9 and therefore cannot infringe dependent claim 10.<br><br>Third parties are further not induced to meet this claim limitation because:<br><br>The RPDs do not:<br>  - Describe any CDN's role in direct infringement<br>  - Contend that End Users are induced to infringe this limitation.<br><br>The SAC does not:<br> - Allege that End Users meet this claim limitation.<br> - Allege that CDNs meet this claim limitation.<br> - Allege that CDNs are involved in direct infringement of any limitation, including this limitation.<br><br>The RPDs contend that this limitation is performed or incorporated in devices operated by the CDNs.  As this is nothing more than a conclusion that a CDN meets the |

| | | |
|---|---|---|
| | files.  In the event that a file is used, it is not the claimed file because a file does not contain an index as required by the Court's claim construction.  (D.E. 169.)<br><br>Apple does not meet this claim limitation for the additional reason that media segments across variant streams do not contain the same media or time duration, depending on the technologies implemented in a particular case. | limitation of Claim 11, Apple is unable to provide non-infringement contentions regarding inducement to the extent that no infringement contentions or allegations were made.<br><br>To the extent Apple can respond, Apple contends that it does not induce third parties to meet this claim limitation.  In addition to the General Non-Inducement Contentions, HLS does not require the use of files.<br><br>HLS does not require the use of multiple quality levels, and in the event that multiple quality levels are used and constitute the variant streams that HLS supports, there is no requirement in the HLS Protocol that media segments be encoded as files.  HLS further does not require the media segments across multiple quality levels to comprise the same time duration.  In addition, HLS does not require that each variant stream have different data sizes for each quality level.  In fact, encoders encoding to multiple quality levels often do not segment the variant streams on the same time boundaries and thus the software on HLS-compliant accused devices have had to develop logic to account for this use case.<br><br>Further, to the extent any third parties are found to have met this limitation, Apple also notes that third parties could implement HLS without meeting this claim limitation by, for example:<br>  - Not using multiple quality levels<br>  - Segmenting the slices in such a way that the time boundaries for the slices will not be the same across multiple quality levels. |

| | | |
|---|---|---|
| Claim 12 | | |
| A method according to claim 11, wherein downloading the sequence comprises determining a data bandwidth of the network between the server and the client computer and selecting one of the quality levels responsive to the determined bandwidth. | Apple has not been accused of infringing Claim 12. *See* SAC at ¶¶ 13-16. To the extent that Emblaze is deemed by the Court to have alleged direct infringement of this claim by Apple, Apple contends as follows:<br><br>Apple does not meet the claim limitation of "wherein downloading the sequence comprises determining a data bandwidth of the network between the server and the client computer and selecting one of the quality levels responsive to the determined bandwidth" including for the reason that Apple does not meet the claim limitations of Claim 1, Claim 2, or Claim 11 and therefore cannot infringe dependent claim 12.<br><br>Apple further does not meet this claim limitation because Apple does not determine a data rate at which a client can download a file from the server, as required by the Court's claim construction order. (D.E. 169.) The Court construed the "determining a data bandwidth of the network between the server and the client computer" limitation to mean "the client determines a data rate at which a client can download a file from the server." | Third parties are not induced to meet the claim limitation of "wherein downloading the sequence comprises determining a data bandwidth of the network between the server and the client computer and selecting one of the quality levels responsive to the determined bandwidth" including for the reason that third parties are not induced to meet the claim limitations of Claim 1, Claim 2, or Claim 11 and therefore cannot infringe dependent claim 12.<br><br>Third parties are further not induced to meet this claim limitation because:<br><br>The RPDs do not:<br>  - Describe any CDN's role in direct infringement<br>  - Describe any End User's role in direct infringement.<br><br>The SAC does not:<br>  - Allege that CDNs meet this claim limitation.<br>  - Allege that CDNs are involved in direct infringement of any limitation, including this limitation.<br><br>The RPDs contend that End Users perform or account for "wherein downloading the sequence comprises determining a data bandwidth of the network between the server and the client computer and selecting one of the quality levels responsive to the determined bandwidth." As this is nothing more than a conclusion that an End User meets the limitation of Claim 12, Apple |

| | | |
|---|---|---|
| | HLS, as implemented by Apple, uses a complex heuristics algorithm to select an appropriate variant stream based on statistical analysis, prior performance, and network conditions.  A data rate at which a client can download a file from the server is not determined, and in fact is a substantially different determination than that made by Apple.  For example, if it was determined that a client can download a segment from a server at 2 Mbps, Apple's implementation of HLS would not necessarily select a stream that required 2 Mbps worth of bandwidth.  Other information would be considered, including statistical analysis of network conditions past and present, and an appropriate choice made accordingly. | is unable to provide non-infringement contentions regarding inducement to the extent that no infringement contentions or allegations were made.<br><br>To the extent Apple can respond, Apple contends that it does not induce End Users to meet this claim limitation for the reasons set forth in the General Non-Inducement Contentions.<br><br>Further, to the extent any third parties are found to have met this limitation ,Apple also notes that third parties could implement HLS without meeting this claim limitation by implementing some or all of the alternatives listed in, for example, Column B, Claim 1[d], Column B, Claim 2 and Column B, Claim 11. |
| | | |
| Claim 13 | | |
| A method according to claim 2, wherein downloading the sequence comprises downloading the sequence using a protocol selected from a group consisting of HTTP, UDP and RTP. | Apple has not been accused of infringing Claim 13.  *See* SAC at ¶¶ 13-16.  To the extent that Emblaze is deemed by the Court to have alleged direct infringement of this claim by Apple, Apple contends as follows:<br><br>Apple does not meet the claim limitation of "wherein downloading the sequence comprises downloading the sequence using a protocol selected from a group consisting of HTTP, UDP and RTP" including for the | Third parties are not induced to meet the claim limitation of "wherein downloading the sequence comprises downloading the sequence using a protocol selected from a group consisting of HTTP, UDP and RTP" including for the reason that third parties are not induced to meet the claim limitations of Claim 1 or Claim 2 and therefore cannot infringe dependent claim 13.<br><br>Third parties are further not induced to meet this limitation because: |

| | reason that Apple does not meet the claim limitations of Claim 1 or Claim 2 and therefore cannot infringe dependent claim 13. | The RPDs do not:<br>  - Describe any CDN's role in direct infringement<br>  - Describe any End User's role in direct infringement.<br><br>The SAC does not:<br> - Allege that CDNs meet this claim limitation.<br> - Allege that CDNs are involved in direct infringement of any limitation, including this limitation.<br><br>The RPDs contend that End Users perform or account for "wherein downloading the sequence comprises downloading the sequence using a protocol selected from a group consisting of HTTP, UDP and RTP." As this is nothing more than a conclusion that an End User meets the limitation of Claim 13, Apple is unable to provide non-infringement contentions regarding inducement to the extent that no infringement contentions or allegations were made.<br><br>To the extent Apple can respond, Apple contends that it does not induce third parties based on the reasons set forth in the General Non-Inducement Contentions. If Apple does induce any third party to "download[] the sequence," as required by this limitation (which Apple denies), it is not the claimed downloading for the reasons identified herein. *See* Column B, Claim 1[d] & Column B, Claim 2.<br><br>Further, to the extent any third parties are found to have met this limitation, Apple also notes that third parties could implement HLS without meeting this claim limitation by, for example, implementing any or all of the alternatives identified in Column B, Claim 1[d] & |

| | | Column B, Claim 2. |
|---|---|---|
| | | |
| Claim 14 | | |
| A method according to claim 2, wherein the one or more client computers comprise a plurality of client computers, and wherein downloading the sequence comprises downloading to the plurality of client computers substantially simultaneously. | Apple has not been accused of infringing Claim 14. *See* SAC at ¶¶ 13-16.  To the extent that Emblaze is deemed by the Court to have alleged direct infringement of this claim by Apple, Apple contends as follows:<br><br>Apple does not meet the claim limitation of "wherein the one or more client computers comprise a plurality of client computers, and wherein downloading the sequence comprises downloading to the plurality of client computers substantially simultaneously" including for the reason that Apple does not meet the claim limitations of Claim 1 or Claim 2 and therefore cannot infringe dependent claim 14.<br><br>Apple further does not meet this claim limitation because it does not, nor is HLS capable of, downloading sequences substantially simultaneously. | Third parties are not induced to meet the claim limitation of "wherein the one or more client computers comprise a plurality of client computers, and wherein downloading the sequence comprises downloading to the plurality of client computers substantially simultaneously" including for the reason that third parties are not induced to meet the claim limitations of Claim 1 or Claim 2 and therefore cannot infringe dependent claim 14.<br><br>Third parties are further not induced to meet this claim limitation because:<br><br>The RPDs do not:<br> - Describe any CDN's role in direct infringement<br> - Describe any End User's role in direct infringement.<br><br>The SAC does not:<br> - Allege that CDNs meet this claim limitation.<br> - Allege that CDNs are involved in direct infringement of any limitation, including this limitation.<br><br>The RPDs contend that End Users perform or account for "wherein the one or more client computers comprise a plurality of client computers, and wherein downloading the sequence comprises downloading to the plurality of client computers substantially simultaneously."  As this is nothing more than a conclusion that an End User |

22

| | | |
|---|---|---|
| | | meets the limitation of Claim 14, Apple is unable to provide non-infringement contentions regarding inducement to the extent that no infringement contentions or allegations were made.<br><br>To the extent Apple can respond, Apple contends that it does not induce third parties for the reasons set forth in the General Non-Inducement Contentions and for the additional reason that HLS does not enable a third party to download anything" substantially simultaneously."<br><br>If Apple does induce any third party to "download[] to the plurality of client computers substantially simultaneously," as required by this limitation (which Apple denies), it is not the claimed downloading for the reasons identified herein.  For example, HLS does not require the claimed downloading.  *See* Column B, Claim 1[d] & Column B, Claim 2.<br><br>Further, to the extent any third parties are found to have met this limitation, Apple also notes that third parties could implement HLS without meeting this claim limitation by, for example:<br>-   Downloading a sequence to a plurality of client computers based on requests from each individual client computer. |
| | | |
| Claim 21 | | |
| A method according to claim 1, wherein uploading the sequence comprises | Apple does not meet the claim limitation of "wherein uploading the sequence comprises uploading a sequence using an Internet | Third parties are not induced to meet the claim limitation of "wherein uploading the sequence comprises uploading a sequence using an Internet Protocol" including for the |

| uploading a sequence using an Internet Protocol. | Protocol."  Apple rarely uploads a sequence of a media stream to a server.  But in the rare cases that it does, such an upload does not meet this limitation for the reason that Apple does not meet the claim limitations of Claim 1 and therefore cannot infringe dependent claim 21. | reason that third parties are not induced to meet the claim limitations of Claim 1 and therefore cannot infringe dependent claim 21. |

reason that third parties are not induced to meet the claim limitations of Claim 1 and therefore cannot infringe dependent claim 21.

Third parties are further not induced to meet this claim limitation because:

The RPDs do not:
  - Describe any CDN's role in direct infringement
  - Contend that End Users are induced to infringe this limitation.

The SAC does not:
  - Allege that End Users meet this claim limitation.
  - Allege that CDNs meet this claim limitation.
  - Allege that CDNs are involved in direct infringement of any limitation, including this limitation.

The RPDs contend that this limitation is performed or incorporated in devices operated by the CDNs.  As this is nothing more than a conclusion that a CDN meets the limitation of Claim 21, Apple is unable to provide non-infringement contentions regarding inducement to the extent that no infringement contentions or allegations were made.

To the extent Apple can respond, Apple contends that it does not induce third parties based on the General Non-Inducement Contentions.  In addition, HLS also does not specify any upload protocol, and HLS is agnostic as to the protocol that is used for any type of uploading that a third party performs,

| | | |
|---|---|---|
| | | If Apple does induce any third party to "upload[] the sequence using an internet protcol," as required by this limitation (which Apple denies), it is not the claimed uploading for the reasons identified herein.  For example, HLS does not require the claimed uploading. *See* Column B, Claim 1[d].  .<br><br>Further, to the extent any third parties are found to have met this limitation, Apple also notes that third parties could implement HLS without meeting this claim limitation by, for example:<br>- Uploading a stream to a server using a non-Internet protocol, including proprietary protocols developed by third parties. |
| | | |
| Claim 23 | | |
| A method according to claim 1, wherein dividing the stream into the sequence of slices comprises dividing the stream into a sequence of time slices, each having a predetermined duration associated therewith. | Apple does not meet the claim limitation of "wherein dividing the stream into the sequence of slices comprises dividing the stream into a sequence of time slices, each having a predetermined duration associated therewith" including for the reason that Apple does not meet the claim limitations of Claim 1 and therefore cannot infringe dependent Claim 23.<br><br>Apple further does not meet the claim limitation of dividing the stream into a sequence of time slices for the reasons identified in Column A, Claim 1[b].  Apple also sets a target duration for a slice, but | Third parties are not induced to meet the claim limitation of "wherein dividing the stream into the sequence of slices comprises dividing the stream into a sequence of time slices, each having a predetermined duration associated therewith" including for the reason that third parties are not induced to meet the claim limitations of Claim 1 and therefore cannot infringe dependent Claim 23.<br><br>Third parties are further not induced to meet this claim limitation because:<br><br>The RPDs do not:<br>- Describe any CDN's role in direct infringement<br>- Contend that End Users are induced to infringe this |

<table>
<tr>
<td></td>
<td>slices frequently vary in time duration and have a shorter time duration than that target duration. Apple does not establish a data size by setting the time duration of a slice, as required by the Court's claim construction. (D.E. 169.) The data size is a function of both the time duration of a slice and the content of that slice, and predetermining a time duration does not establish a predetermined data size, including for the reasons identified in Column A, Claim 1[b].</td>
<td> limitation.

The SAC does not:
 - Allege that End Users meet this claim limitation.
 - Allege that CDNs meet this claim limitation.
 - Allege that CDNs are involved in direct infringement of any limitation, including this limitation.

The RPDs contend that this limitation is performed or incorporated in devices operated by the CDNs. As this is nothing more than a conclusion that a CDN meets the limitation of Claim 23, Apple is unable to provide non-infringement contentions regarding inducement to the extent that no infringement contentions or allegations were made.

To the extent Apple can respond, Apple contends that it does not induce third parties based on the General Non-Inducement Contentions.

If Apple does induce any third party to "divid[e] the stream into a sequence of time slices, each having a predetermined duration associated therewith," as required by this limitation (which Apple denies), it is not the claimed dividing for the reasons identified in Column B, Claim 1[b]. For example, HLS does not require a predetermined time duration, and in practice the HLS specification merely requires a target duration of a slice that should not be exceeded - the duration of any particular slice may and in practice often is less than that target duration. HLS also does not require or enable a data size to be established by setting the time duration of a slice. The data size is a function of both the time</td>
</tr>
</table>

|  |  | duration of a slice and the content of that slice, and predetermining a time duration does not establish a predetermined data size

Further, to the extent any third parties are found to have met this limitation, Apple also notes that third parties could implement HLS without meeting this claim limitation by, for example:
- Setting a random nonzero time duration less than the TARGET DURATION defined by the HLS Protocol. |
|  |  |  |
| Claim 24 |  |  |
| A method according to claim 1, wherein the data stream comprises multimedia data. | Apple does not meet the claim limitation of "wherein the data stream comprises multimedia data" including for the reason that Apple does not meet the claim limitations of Claim 1 and therefore cannot infringe dependent claim 24. | Third parties are not induced to meet the claim limitation of "wherein the data stream comprises multimedia data" including for the reason that third parties are not induced to meet the claim limitations of Claim 1 and therefore cannot infringe dependent claim 24.

Third parties are further not induced to meet this claim limitation because:

The RPDs do not:
- Describe any CDN's role in direct infringement
- Contend that End Users are induced to infringe this limitation.

The SAC does not:
- Allege that End Users meet this claim limitation.
- Allege that CDNs meet this claim limitation.
- Allege that CDNs are involved in direct infringement |

| | | |
|---|---|---|
| | | of any limitation, including this limitation.<br><br>The RPDs contend that this limitation is performed or incorporated in devices operated by the CDNs.  As this is nothing more than a conclusion that a CDN meets the limitation of Claim 24, Apple is unable to provide non-infringement contentions regarding inducement to the extent that no infringement contentions or allegations were made.<br><br>To the extent Apple can respond, Apple contends that it does not induce third parties for the reasons set forth in the General Non-Inducement Contentions. |
| | | |
| Claim 25 | | |
| Apparatus for real-time broadcasting of a data stream having a given data rate over a network, comprising: | Apple does not meet the claim limitation of an "Apparatus for real-time broadcasting of a data stream having a given data rate over a network."<br><br>Apple does not make, use or sell an apparatus as specified in Claim 25.  Apple further does not meet this limitation for the same reasons Apple does not meet the limitations of Claim 1.  *See* Column A, Claim 1[preamble] & [a]. | Third parties are not induced to meet the claim limitation of an "Apparatus for real-time broadcasting of a data stream having a given data rate over a network" for the same reasons Apple does not induce anyone to meet the limitations of Claim 1.  *See* Column B, Claim 1[preamble] & [a].  In addition, nothing in the HLS protocol requires the claimed apparatus. |
| a transmitting computer, which divides the stream into a sequence of slices, each slice having a predetermined | Apple does not meet the claim limitation "a transmitting computer, which divides the stream into a sequence of slices, each slice having a predetermined data size associated | Third parties are not induced to meet the claim limitation "a transmitting computer, which divides the stream into a sequence of slices, each slice having a predetermined data size associated therewith, and encodes the slices in a |

| data size associated therewith, and encodes the slices in a corresponding sequence of files, each file having a respective index, and | therewith, and encodes the slices in a corresponding sequence of files, each file having a respective index" for the same reasons Apple does not meet this limitation as set out in Claim 1. *See* Column A, Claim 1[b]-[c]. | corresponding sequence of files, each file having a respective index" for the same reasons they do not induce third parties to meet this limitation as set out in Claim 1. *See* Column B, Claim 1[b]-[c]. |
|---|---|---|
| which uploads the sequence to a server at an upload rate generally equal to the data rate, such that one or more client computers can download the sequence over the network from the server at a download rate generally equal to the data rate. | Apple does not meet the claim limitation "which uploads the sequence to a server at an upload rate, such that one or more client computers can download the sequence over the network from the server at a download rate generally equal to the data rate" for the same reasons they do not meet this limitation as set out in Claim 1.  *See* Column A, Claim 1[d]. | Third parties are not induced to meet the claim limitation "which uploads the sequence to a server at an upload rate generally equal to the data rate, such that one or more client computers can download the sequence over the network from the server at a download rate generally equal to the data rate" for the same reasons they do not induce third parties to meet this limitation as set out in Claim 1. *See* Column B, Claim 1[d]. |
| | | |
| Claim 26 | | |
| Apparatus according to claim 25, wherein the one or more client computers decode the sequence and play back the data stream responsive to the indices thereof, at a data replay rate generally equal to the data rate. | Apple does not meet the claim limitation "wherein the one or more client computers decode the sequence and play back the data stream responsive to the indices thereof, at a data replay rate generally equal to the data rate" including for the reason that Apple does not meet the claim limitations of Claim 25 and therefore cannot infringe dependent Claim 26.  In addition, Apple does not meet this limitation for same | Third parties are not induced to meet the claim limitation "wherein the one or more client computers decode the sequence and play back the data stream responsive to the indices thereof, at a data replay rate generally equal to the data rate" including for the reason that Third parties are not induced to meet the claim limitations of Claim 25 and therefore cannot infringe dependent Claim 26.  In addition, Apple does not induce third parties to meet this limitation for the same reasons it does not meet this limitation as set out in Claim 8.  *See* Column B, Claim 8. |

|  | reason it does not meet this limitation as set out in Claim 8. *See* Column A, Claim 8. |  |
|---|---|---|
|  |  |  |
| Claim 27 |  |  |
| Apparatus according to claim 26, wherein the one or more client computers download the sequence using an Internet download protocol. | Apple does not meet the claim limitation "wherein the one or more client computers download the sequence using an Internet download protocol" including for the reason that Apple does not meet the claim limitations of Claim 25 or Claim 26, and therefore cannot infringe dependent Claim 27. In addition, Apple does not meet this limitation for same reason it does not meet this limitation as set out in Claim 2. *See* Column A, Claim 2. | Third parties are not induced to meet the claim limitation "wherein the one or more client computers download the sequence using an Internet download protocol" including for the reason that Third parties are not induced to meet the claim limitations of Claim 25 or Claim 26, and therefore cannot infringe dependent Claim 27. In addition, Apple does not induce third parties to meet this limitation for the same reasons it does not meet this limitation as set out in Claim 2. *See* Column B, Claim 2. |
|  |  |  |
| Claim 28 |  |  |
| Apparatus according to claim 27, wherein the Internet download protocol is selected from a group consisting of HTTP,UDP and RTP. | Apple does not meet the claim limitation "wherein the Internet download protocol is selected from a group consisting of HTTP,UDP and RTP" including for the reason that Apple does not meet the claim limitations of Claim 25, Claim 26, or Claim 27, and therefore cannot infringe dependent Claim 28. In addition, Apple does not meet this limitation for same reason it does not meet this limitation as set out in Claim 13. *See* Column A, Claim 13. | Third parties are not induced to meet the claim limitation "wherein the Internet download protocol is selected from a group consisting of HTTP,UDP and RTP" including for the reason that Third parties are not induced to meet the claim limitations of Claim 25, Claim 26, or Claim 27, and therefore cannot infringe dependent Claim 28. In addition, Apple does not induce third parties to meet this limitation for the same reasons it does not meet this limitation as set out in Claim 13. *See* Column B, Claim 13. |

| | | |
|---|---|---|
| Claim 29 | | |
| Apparatus according to claim 26, wherein the one or more client computers comprise a plurality of client computers, which download the sequence substantially simultaneously. | Apple does not meet the claim limitation "wherein the one or more client computers comprise a plurality of client computers, which download the sequence substantially simultaneously" including for the reason that Apple does not meet the claim limitations of Claim 25 or Claim 26, and therefore cannot infringe dependent claim 29.  In addition, Apple does not meet this limitation for same reason it does not meet this limitation as set out in Claim 14.  *See* Column A, Claim 14. | Third parties are not induced to meet the claim limitation "wherein the one or more client computers comprise a plurality of client computers, which download the sequence substantially simultaneously" including for the reason that Third parties are not induced to meet the claim limitations of Claim 25 or Claim 26, and therefore cannot infringe dependent claim 29.  In addition, Apple does not induce third parties to meet this limitation for the same reasons it does not meet this limitation as set out in Claim 14.  *See* Column B, Claim 14. |
| | | |
| Claim 36 | | |
| Apparatus according to claim 25, wherein the data stream comprises multimedia data. | Apple does not meet the claim limitation "wherein the data stream comprises multimedia data" including for the reason that Apple does not meet the claim limitations of Claim 25 and therefore cannot infringe dependent Claim 36.  In addition, Apple does not meet this limitation for same reason it does not meet this limitation as set out in Claim 24.  *See* Column A, Claim 24. | Third parties are not induced to meet the claim limitation "wherein the data stream comprises multimedia data" including for the reason that Third parties are not induced to meet the claim limitations of Claim 25 and therefore cannot infringe dependent Claim 36.  In addition, Apple does not induce third parties to meet this limitation for the same reasons it does not meet this limitation as set out in Claim 24.  *See* Column B, Claim 24. |
| | | |
| Claim 37 | | |

31

| Apparatus according to claim 36, wherein the predetermined data size of each of the slices corresponds to a time duration of the slice. | Apple does not meet the claim limitation "wherein the predetermined data size of each of the slices corresponds to a time duration of the slice" including for the reason that Apple does not meet the claim limitations of Claim 25 or Claim 36 and therefore cannot infringe dependent Claim 37. In addition, Apple does not meet this limitation for same reason it does not meet this limitation as set out in Claim 23. *See* Column A, Claim 23. | Third parties are not induced to meet the claim limitation "wherein the predetermined data size of each of the slices corresponds to a time duration of the slice" including for the reason that Third parties are not induced to meet the claim limitations of Claim 25 or Claim 36 and therefore cannot infringe dependent Claim 37. In addition, Apple does not induce third parties to meet this limitation for the same reasons it does not meet this limitation as set out in Claim 23. *See* Column B, Claim 23. |
| | | |
| Claim 38 | | |
| Apparatus according to claim 25, wherein the transmitting computer uploads the encoded sequence using an Internet upload protocol. | Apple does not meet the claim limitation "wherein the transmitting computer uploads the encoded sequence using an Internet upload protocol" including for the reason that Apple does not meet the claim limitations of Claim 25 and therefore cannot infringe dependent Claim 38. In addition, Apple does not meet this limitation for same reason it does not meet this limitation as set out in Claim 21. *See* Column A, Claim 21. | Third parties are not induced to meet the claim limitation "wherein the transmitting computer uploads the encoded sequence using an Internet upload protocol" including for the reason that third parties are not induced to meet the claim limitations of Claim 25 and therefore cannot infringe dependent Claim 38. In addition, Apple does not induce third parties to meet this limitation for the same reasons it does not meet this limitation as set out in Claim 21. *See* Column B, Claim 21. |
| | | |
| Claim 40 | | |
| Apparatus according to claim 25, wherein the slices are encoded at a plurality of | Apple does not meet the claim limitation "wherein the slices are encoded at a plurality of different quality levels, such | Third parties are not induced to meet the claim limitation "wherein the slices are encoded at a plurality of different quality levels, such that the files corresponding to a |

| different quality levels, such that the files corresponding to a given one of the slices have a different, respective data size for each of the quality levels. | that the files corresponding to a given one of the slices have a different, respective data size for each of the quality levels" including for the reason that Apple does not meet the claim limitations of Claim 25 and therefore cannot infringe dependent Claim 40.  In addition, Apple does not meet this limitation for same reason it does not meet this limitation as set out in Claim 11.  *See* Column A, Claim 11. | given one of the slices have a different, respective data size for each of the quality levels" including for the reason that third parties are not induced to meet the claim limitations of Claim 25 and therefore cannot infringe dependent Claim 40.  In addition, Apple does not induce third parties to meet this limitation for the same reasons it does not meet this limitation as set out in Claim 11.  *See* Column B, Claim 11. |
|---|---|---|
|  |  |  |
| Claim 41 |  |  |
| Apparatus according to claim 25, wherein the network comprises the Internet. | Apple does not meet the claim limitation "wherein the network comprises the Internet" including for the reason that Apple does not meet the claim limitations of Claim 25 and therefore cannot infringe dependent Claim 41. | Third parties are not induced to meet the claim limitation "wherein the network comprises the Internet" including for the reason that third parties are not induced to meet the claim limitations of Claim 25 and therefore cannot infringe dependent Claim 41.<br><br>Third parties are further not induced to meet this claim limitation because:<br><br>The RPDs do not:<br>  - Describe any CDN's role in direct infringement<br>  - Contend that End Users are induced to infringe this limitation.<br><br>The SAC does not:<br> - Allege that End Users meet this claim limitation.<br> - Allege that CDNs meet this claim limitation.<br> - Allege that CDNs are involved in direct infringement of any limitation, including this limitation. |

33

|  |  | The RPDs contend that this limitation is performed or incorporated in devices operated by the CDNs.  As this is nothing more than a conclusion that a CDN meets the limitation of Claim 41, Apple is unable to provide non-infringement contentions regarding inducement to the extent that no infringement contentions or allegations were made.<br><br>To the extent Apple can respond, Apple contends that it does not induce third parties based on the General Non-Inducement Contentions. |
|---|---|---|

**PROOF OF SERVICE**

I am employed in the county of San Francisco, State of California; I am over the age of 18 years and not a party to the within action; my business address is **Four Embarcadero Center, Suite 3000, San Francisco, CA 94111.**

On the date given below, I served the below listed document(s) on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope addressed as follows:

1. DEFENDANT APPLE INC.'S SECOND SUPPLEMENTAL RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Martin B. Pavane
Lisa A. Ferrari
COZEN O'CONNOR
277 Park Avenue
New York, NY 10172
Attorneys for Emblaze Ltd.

☐ **(BY FIRST CLASS MAIL)**
I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at San Francisco, California, in the ordinary course of such business.

☐ **(BY OVERNIGHT DELIVERY)**
I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **(BY CM/ECF)**
Pursuant to CM/ECF System, registration as a CM/ECF user constitutes service through the Court's transmission facilities. The Court's CM/ECF system sends an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's EC/ECF system.

☒ **(BY E-MAIL)**
Based on court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **(BY FACSIMILE)**
I transmitted the foregoing document(s) by facsimile sending number. Pursuant to rule 2009(i)(4), I caused the machine to print a transmission record of the transmission, a true and correct copy of which is attached to this declaration.

☐ **(BY PERSONAL SERVICE)**
I caused such envelope to be delivered by hand to the offices listed above.

I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

PROOF OF SERVICE                                    -1-                         Case No.: 5:11-cv-01079 PSG

Executed on August 30, 2013, at San Francisco, California.

_____
Vincent Harrington