```
                    UNITED STATES DISTRICT COURT

                   NORTHERN DISTRICT OF CALIFORNIA

                          SAN JOSE DIVISION


    EMBLAZE LTD.,                  )  C-11-01079 PSG
                                   )
              PLAINTIFF,            )  SAN JOSE, CALIFORNIA
                                   )
         VS.                       )  JULY 2, 2013
                                   )
    APPLE INC., A CALIFORNIA       )  PAGES 1-11
    CORPORATION,                   )
                                   )
              DEFENDANT.            )
    _____)


                     TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE PAUL S. GREWAL
                  UNITED STATES MAGISTRATE JUDGE


    A P P E A R A N C E S:

    FOR THE PLAINTIFF:     COZEN O'CONNOR
                           BY:  MARTIN B. PAVANE
                           277 PARK AVENUE
                           NEW YORK, NEW YORK  10172

    ALSO PRESENT:          RYAN MORAN


    FOR THE DEFENDANT:     GREENBERG TRAURIG
                           BY:  JAMES J. DECARLO
                           200 PARK AVENUE, 30TH FLOOR
                           NEW YORK, NEW YORK  10166


    OFFICIAL COURT REPORTER:    LEE-ANNE SHORTRIDGE, CSR, CRR
                                CERTIFICATE NUMBER 9595


           PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
                  TRANSCRIPT PRODUCED WITH COMPUTER
```

| | |
|---|---|
| 1 | SAN JOSE, CALIFORNIA                    JULY 2, 2013 |
| 2 | P R O C E E D I N G S |
| 3 | (COURT CONVENED AT 10:14 A.M.) |
| 4 | THE COURT: MR. RIVERA, WOULD YOU CALL THE NEXT CASE, |
| 5 | PLEASE. |
| 6 | THE CLERK: YES, YOUR HONOR. |
| 7 | CALLING EMBLAZE VERSUS APPLE, INC., CASE NUMBER CV-11-1079 |
| 8 | PSG, MATTER ON FOR DEFENDANT'S MOTION FOR RECONSIDERATION OF |
| 9 | CLAIM CONSTRUCTION ORDER. |
| 10 | COUNSEL, PLEASE STATE YOUR APPEARANCES. |
| 11 | MR. DECARLO: JAMES DECARLO FOR DEFENDANT APPLE FROM |
| 12 | GREENBERG TRAURIG. GOOD MORNING, YOUR HONOR. |
| 13 | THE COURT: GOOD MORNING, MR. DECARLO. |
| 14 | MR. MORAN: GOOD MORNING, YOUR HONOR. RYAN MORAN, |
| 15 | IN-HOUSE COUNSEL FOR APPLE. |
| 16 | THE COURT: GOOD MORNING, MR. MORAN. |
| 17 | MR. PAVANE: MARTIN PAVANE, COZEN O'CONNOR, FOR |
| 18 | PLAINTIFF EMBLAZE. |
| 19 | THE COURT: MR. PAVANE, GOOD MORNING. |
| 20 | WELCOME BACK TO EACH OF YOU. |
| 21 | MR. DECARLO: THANK YOU, YOUR HONOR. |
| 22 | MR. PAVANE: THANK YOU, YOUR HONOR. |
| 23 | THE COURT: IT APPEARS THAT AT LEAST APPLE BELIEVES |
| 24 | THAT ONE OF MY CONSTRUCTIONS WAS LESS THAN CLEAR. IT'S NOT THE |
| 25 | FIRST TIME. I SUSPECT IT WON'T BE THE LAST. |

1           LET ME BEGIN WITH YOU, MR. DECARLO.
2           I UNDERSTAND THE ALTERNATIVE CONSTRUCTION THAT YOU HAVE
3   URGED IN YOUR PAPERS.  TELL ME EXACTLY WHERE THE AMBIGUITY LIES
4   IN THE LANGUAGE I ISSUED AND WHAT DIFFERENCE THERE IS BETWEEN
5   YOU AND MR. PAVANE ON WHAT ALTERNATIVE WOULD BE -- WOULD MAKE
6   THE MOST SENSE.
7           MR. DECARLO:  WELL, YOUR HONOR, I THINK THE
8   AMBIGUITY, TO ADDRESS YOUR FIRST QUESTION, IS IN THE LANGUAGE
9   WHICH SAYS "EACH SLICE HAVING A DATA SIZE WHICH MAY BE A TIME
10  DURATION."
11          SO I THINK THE AMBIGUITY ARISES FROM THE FACT THAT THOSE
12  TERMS APPEAR TO BE INTERCHANGEABLE IN THE CLAIM LANGUAGE AS THE
13  COURT'S CONSTRUED IT, AND THE CLAIM IS CLEAR THAT IT SAYS
14  "HAVING A PREDETERMINED DATA SIZE ASSOCIATED THEREWITH."
15          I THINK THE CRUX OF THE DIFFERENCE BETWEEN WHAT THE COURT'S
16  PROPOSED IS THAT IT IGNORES THE FACT THAT WHILE THEY MAY BE
17  INTERRELATED, THEY'RE NOT THE SAME, AND MERELY SETTING A TIME
18  IN A VACUUM IS NOT WHAT THE CLAIM REQUIRES.
19          AND DURING ARGUMENT, I THINK THE COURT WAS -- EXCUSE ME --
20  I THINK THE COURT WAS UNDERSTANDING THE PARTIES, THAT THEY ARE
21  TERMS THAT ARE PART OF A THREE-PART EQUATION.  IF YOU KNOW A
22  GIVEN DATA RATE AND YOU SET A SPECIFIC TIME, THEN THAT WILL
23  RESULT IN, OR IT WILL ESTABLISH A DATA SIZE.
24          AND I THINK THAT CONSTRUCTION, YOU KNOW, JUMPING AHEAD A
25  LITTLE BIT, WAS UNDERSTOOD MORE SPECIFICALLY IN THE CONTEXT OF

```
1    TERM 16, WHICH IS ONE OF THE DEPENDENT CLAIMS THAT MADE THE
2    TIME REQUIREMENT --
3              THE COURT:  EXPLICIT.
4              MR. DECARLO:  -- NECESSARY TO THE CLAIM, WHEREAS I
5    THINK THE COURT'S CONCERN AT THE MARKMAN HEARING WAS THAT THE
6    COURT WAS -- WANTED TO BE CAREFUL THAT THE INDEPENDENT CLAIM
7    TOOK INTO ACCOUNT THAT IT COULD BE A TIME, AS WELL AS
8    PRESENTING A DATA SIZE PER SE, SAY BY USING A BIT COUNTER, FOR
9    EXAMPLE.
10        SO WITH THAT IN MIND, OUR PROPOSAL WAS TO BRING THE
11   LANGUAGE MORE IN LINE WITH TERM 16 AND IN LINE WITH THE
12   ARGUMENTS THAT WERE MADE AT THE MARKMAN HEARING, WHICH IS TO
13   SAY THAT ONE COULD PREDETERMINE A DATA SIZE BY ESTABLISHING --
14   OR YOU CAN ESTABLISH IT BY SETTING A TIME DURATION WITH A GIVEN
15   DATA RATE, RIGHT, IF THE GIVEN DATA RATE IS KNOWN.
16        AND WE CITE TO THE ARGUMENTS DURING THE MARKMAN HEARING AND
17   THE QUESTION FROM THE COURT.  IF YOU KNOW THAT GIVEN DATA RATE,
18   IF YOU KNOW HOW MANY BITS PER SECOND ARE COMING OUT OF THE --
19   OR BEING PROVIDED, AS THE CLAIM REQUIRES, AT THE TRANSMITTING
20   COMPUTER AND YOU SLICE FOR A SPECIFIC PERIOD OF TIME, WON'T
21   THAT DE FACTO GIVE YOU A DATA SIZE?
22             THE COURT:  CAN I ASK YOU, MR. DECARLO --
23             MR. DECARLO:  YEAH.
24             THE COURT:  -- AS I UNDERSTAND IT -- AND MAYBE MY
25   LANGUAGE WASN'T QUITE AS CLEAR AS I HOPED IT WOULD BE,
```

|   |   |
|---|---|
| 1 | UNDOUBTEDLY THAT WAS THE CASE -- THE ISSUE HERE REALLY IS, |
| 2 | UNDER MY CONSTRUCTION, DATA SIZE AND TIME DURATION ARE |
| 3 | SUGGESTED -- WELL, COULD BE, ARE NOT NECESSARILY, BUT COULD BE |
| 4 | ONE AND THE SAME.  IS THAT RIGHT?  I MEAN, AS I READ MY |
| 5 | LANGUAGE, IT SAYS, "EACH SLICE HAVING A DATA SIZE WHICH MAY BE |
| 6 | A TIME DURATION," SUGGESTING THEY COULD BE ONE AND THE SAME. |
| 7 |      MR. DECARLO:  YES. |
| 8 |      THE COURT:  AS I UNDERSTAND IT, UNDER YOUR |
| 9 | CONSTRUCTION, APPLE'S CONSTRUCTION, I SHOULD SAY -- |
| 10 |      MR. DECARLO:  UM-HUM. |
| 11 |      THE COURT:  -- THE TIME DURATION COULD BE USED TO SET |
| 12 | THE SIZE, BUT IT'S NOT ONE AND THE SAME WITH THE SIZE. |
| 13 |   IS THAT CORRECT? |
| 14 |      MR. DECARLO:  THAT'S CORRECT, YOUR HONOR. |
| 15 |      THE COURT:  OKAY.  NOW, MR. PAVANE HAD SUGGESTED AN |
| 16 | ALTERNATIVE TO YOUR ALTERNATIVE -- |
| 17 |      MR. DECARLO:  YEP. |
| 18 |      THE COURT:  -- TO BE FAIR, AND I'M JUST STILL |
| 19 | STRUGGLING TO UNDERSTAND WHAT CONCERN APPLE WOULD HAVE WITH THE |
| 20 | PROPOSAL FROM MR. PAVANE, BECAUSE IT WOULD SEEM THAT HE IS ALSO |
| 21 | SUGGESTING THAT IF YOU SET THE TIME DURATION FOR THE SLICE, YOU |
| 22 | CAN GET TO THE DATA SIZE. |
| 23 |      MR. DECARLO:  UM-HUM.  OKAY. |
| 24 |      THE COURT:  TELL ME THE PROBLEM. |
| 25 |      MR. DECARLO:  I THINK -- I DON'T THINK THE PROBLEMS |

1  ARE EXTREME, BUT THEY'RE THERE.
2          THE COURT: OKAY.
3          MR. DECARLO: THE FIRST CONCERN WE HAVE IS THAT THE
4  "ASSIGNED IN ADVANCE OF THE STREAM BEING DIVIDED" IS AT THE END
5  OF THE CLAUSE, AND I THINK THAT IT WOULD SERVE THE PARTIES
6  BETTER TO SAY "EACH SLICE HAVING A DATA SIZE ASSIGNED IN
7  ADVANCE OF THE STREAM BEING DIVIDED" TO GIVE LIFE TO THE
8  PREDETERMINED ASPECT OF THE CLAIM.
9       AND NOW I'M READING FROM MR. PAVANE'S PROPOSAL, YOUR HONOR,
10 WHICH IS WHAT YOU'VE ASKED ME TO DO.
11         THE COURT: UM-HUM.
12         MR. DECARLO: THE NEXT PART OF HIS IS "WHICH MAY BE
13 PREDETERMINED," BUT YET, AGAIN, "PREDETERMINED" IS ALREADY IN
14 THE CLAIM, SO THERE'S NO -- YOU'RE ELIMINATING THE
15 CONSTRUCTION.
16      THE TERM THAT'S -- THAT THE PARTIES HAVE USED AND THAT THE
17 COURT HAS USED IS "ESTABLISHED BY SETTING A TIME DURATION."
18      AND THEN IT SAYS "A TIME DURATION FOR THE SLICE," WHICH IS
19 THE FIRST TIME THAT THAT APPEARS BECAUSE IT'S ALWAYS BEEN "A
20 TIME DURATION OF THE SLICE."
21      SO MY CONCERN THERE IS I CAN SET THE TIME FOR THE SLICE,
22 BUT THEN IT DOESN'T HAVE TO HAVE IT, AND I THINK, YOU KNOW, WE
23 HAVE BEEN CONCERNED WITH THOSE TYPES OF LITERAL READINGS BEFORE
24 AND THAT WAS AN ISSUE THAT WAS RAISED BY MR. PAVANE, IN FACT,
25 AT THE MARKMAN HEARING.

1    MR. PAVANE:  IF I COULD CUT THROUGH THAT PART?  I'D
2    BE OKAY WITH CHANGING "PREDETERMINED" TO "ESTABLISH" AND
3    INSTEAD OF "FOR," "OF" IS FINE.  I HAVE NO PROBLEM.
4         THE COURT:  WHAT DO YOU THINK, MR. DECARLO?  DOES
5    THAT SOLVE THE PROBLEM?
6         MR. DECARLO:  AT THAT POINT, YOUR HONOR, IT'S JUST A
7    QUESTION OF WHETHER "ASSIGNED" GETS MOVED EXPLICITLY AFTER THE
8    CLAUSE TO MAKE THE PREDETERMINED ASPECT --
9         THE COURT:  SO YOU WOULD SUGGEST, IF I MIGHT, "EACH
10   SLICE HAVING A DATA SIZE ASSIGNED IN ADVANCE OF THE STREAM
11   BEING DIVIDED, WHICH MAY BE ESTABLISHED BY SETTING A TIME
12   DURATION FOR THE SLICE"?
13        MR. DECARLO:  "OF THE SLICE."
14        THE COURT:  "OF THE SLICE."  WOULD YOU HAVE ANY
15   PROBLEM WITH THAT?
16        MR. DECARLO:  I THINK THAT TRACKS RATHER CLOSELY TO
17   THE LANGUAGE WE'VE PROPOSED, YOUR HONOR.
18        THE COURT:  I THINK IT DOES.
19    MR. PAVANE, WOULD YOU HAVE ANY PROBLEM WITH THAT?
20        MR. PAVANE:  WELL, THE ONLY QUESTION I HAVE, IT SEEMS
21   TO ME IT MAKES MORE SENSE TO ME TO SAY THAT WHAT'S BEING SET IN
22   ADVANCE IN THIS PARTICULAR CASE OF THE STREAM BEING DIVIDED IS
23   THE TIME DURATION.  THAT'S WHAT YOU'RE SETTING, WHICH THEN
24   ESTABLISHES THE PREDETERMINED DATA SIZE.
25        SO I THINK "ASSIGNED," YOU HAD IT CORRECT AND I THINK IT

1    BELONGS WHERE IT IS NOW.
2         SO IN OTHER WORDS, IF YOU LOOK AT MY PROPOSAL ON PAGE, I
3    GUESS IT'S ON PAGE 3 OF WHAT WE SUBMITTED AS THAT SHORT
4    MEMORANDUM IN RESPONSE, IT WOULD JUST SAY "EACH SLICE HAVING A
5    DATA SIZE WHICH MAY BE ESTABLISHED BY SETTING A TIME DURATION
6    OF THE SLICE ASSIGNED IN ADVANCE OF THE STREAM BEING DIVIDED."
7    THAT WOULD BE IT.
8              THE COURT: OKAY. MR. DECARLO, I'LL GIVE YOU THE
9    FURTHER WORD ON THAT ONE. IS THAT REALLY PROBLEMATIC?
10             MR. DECARLO: WELL, YOUR HONOR, AGAIN, IF WE WANT TO
11   MAKE IT VERY CLEAR THAT WHAT'S BEING ASSIGNED IN ADVANCE OF THE
12   STREAM BEING DIVIDED IS THE DATA SIZE TO GET IT PREDETERMINED,
13   AND THAT PREDETERMINATION CAN BE SATISFIED BY ESTABLISHING THE
14   SLICE, THEN THAT LANGUAGE IS MORE -- I THINK IT'S MORE
15   GRAMMATICALLY PROPER TO SAY "ASSIGNED IN ADVANCE" RIGHT AFTER
16   THE WORDS "EACH SLICE HAVING A DATA SLICE."
17             THE COURT: OKAY.
18             MR. DECARLO: I THINK THAT SETS IT FORTH WITH GREATER
19   CLARITY.
20             THE COURT: ALL RIGHT. THANK YOU, MR. DECARLO.
21        MR. PAVANE, DO YOU WANT TO ADD ANYTHING TO THE COMMENTS
22   YOU'VE ALREADY PROVIDED? I'LL GIVE YOU A CHANCE TO RESPOND.
23             MR. PAVANE: NO. AGAIN, I THINK THE WORD, THE
24   "PREDETERMINED" PART IS NOW, ACCORDING TO MR. DECARLO AS HE
25   REQUESTED, IS GOING TO BE SET FORTH IN THE CLAIM BY THE WORD

1  "ESTABLISHED," SO THAT'S ALREADY THERE NOW.

2  SO I THINK, AGAIN, THE THING THAT'S BEING SET, WHICH MAY BE
3  SET TO SET THAT PREDETERMINED, IS ASSIGNING THE TIME DURATION
4  OF THE SLICE.  IT'S NOT THE DATA SIZE.  YOU'RE ASSIGNING THE
5  TIME DURATION.  YOU DON'T ASSIGN A DATA SIZE.  YOU ASSIGN A
6  TIME DURATION.

7  MR. DECARLO:  I THINK, YOUR HONOR, THAT'S ACTUALLY
8  ADDRESSED IN THE DEPENDENT CLAIM.  THIS CLAIM IS TO SAY YOU ARE
9  SETTING A PREDETERMINED DATA SIZE AND IT MAY BE ESTABLISHED BY
10 SETTING THE TIME.

11 AND AGAIN, THAT WAS PART OF THE, OF THE ISSUE THAT WE HAD
12 AT THE MARKMAN.

13 THE COURT:  I DO REMEMBER THAT.

14 MR. DECARLO:  AND THAT'S -- I THINK THAT CAME THROUGH
15 IN TERM 16, BECAUSE THERE ARE DEPENDENT CLAIMS THAT EXPLICITLY
16 REQUIRE THE TIME DURATION.

17 THAT'S NOT THE CASE WITH RESPECT TO INDEPENDENT CLAIM 1.
18 CLAIM 1, THE COURT'S DECIDED, IS BROADER AND CAN CONTEMPLATE
19 ASSIGNING THE DATA SIZE DIRECTLY, WHICH IS HOW YOU HAVE IT, OR
20 BY SETTING THE TIME DURATION.

21 SO YOU ARE PREDETERMINING THE DATA SIZE IN ADVANCE OF THE
22 STREAM, BUT TO SATISFY THE COURT AND EMBLAZE'S CONCERN, THAT
23 DATA SIZE MAY BE ESTABLISHED BY SETTING THE TIME DURATION OF
24 THE SLICE.

25 MR. PAVANE:  YOUR HONOR --

1    THE COURT: LAST WORD.
2    MR. PAVANE: -- I DON'T DISAGREE THAT THERE'S A
3 DEPENDENT CLAIM THAT SAYS THAT. I COMPLETELY AGREE THAT'S
4 CORRECT.
5    BUT THE POINT -- I GUESS IF YOU HAVE A DEPENDENT CLAIM,
6 THAT MEANS THAT THE BROAD CLAIM HAS TO BE BROAD ENOUGH TO
7 ENCOMPASS OTHER STUFF, PLUS WHAT'S IN THE DEPENDENT CLAIM.
8    THE COURT: THAT'S WHAT I WAS TAUGHT.
9    MR. DECARLO: AND THAT'S WHY THE WORD "MAY" IS THERE.
10    MR. PAVANE: RIGHT. BUT IT SEEMS TO ME THAT IF
11 YOU'RE GOING TO DO IT, YOU SHOULD TRACK EXACTLY THE LANGUAGE IN
12 THE DEPENDENT CLAIM. IN OTHER WORDS, WE'RE SAYING, "THIS IS
13 ONE WAY TO DO IT. CLAIM 1 SAYS YOU CAN DO IT VARIOUS WAYS, BUT
14 THIS IS ONE WAY."
15    CLAIM 23, OR WHATEVER IT IS, I FORGET THE CLAIM NUMBER, BUT
16 I THINK IT'S CLAIM 23 --
17    MR. DECARLO: IT'S TERM 16.
18    MR. PAVANE: -- SAYS "NOW YOU DO IT THIS WAY. WE'RE
19 GOING TO DO IT THAT WAY."
20    SO IT SEEMS TO ME THE LANGUAGE SHOULD TRACK IN BOTH CASES.
21 I DON'T SEE A REASON TO HAVE A DIFFERENCE IN LANGUAGE.
22    THE COURT: ALL RIGHT. HERE'S THE LANGUAGE WE'RE
23 GOING TO USE, COUNSEL.
24    I'M GOING TO AMEND MY EARLIER CONSTRUCTION OF THE TERM
25 "EACH SLICE HAVING A PREDETERMINED DATA SIZE ASSOCIATED

1    THEREWITH."
2        THE AMENDED CONSTRUCTION SHALL READ AS FOLLOWS:  "EACH
3    SLICE HAVING A DATA SIZE, WHICH MAY BE ESTABLISHED BY SETTING A
4    TIME DURATION OF THE SLICE, ASSIGNED IN ADVANCE OF THE STREAM
5    BEING DIVIDED."
6        OKAY?
7            MR. PAVANE:  THANK YOU, YOUR HONOR.
8            MR. DECARLO:  THANK YOU, YOUR HONOR.
9            THE COURT:  THANK YOU BOTH.  HAVE A GOOD MORNING.
10           MR. DECARLO:  YOU, TOO.
11       (THE PROCEEDINGS WERE CONCLUDED AT 10:26 A.M.)

CERTIFICATE OF REPORTER

I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY CERTIFY:

THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

_____
LEE-ANNE SHORTRIDGE, CSR, CRR
CERTIFICATE NUMBER 9595

DATED: FEBRUARY 23, 2014