UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| EMBLAZE LTD., | ) | Case No. 5:11-cv-01079-PSG |
| Plaintiff, | ) ) | **ORDER DENYING APPLE'S MOTION TO STAY THE CASE** |
| v. | ) ) | |
| APPLE INC., | ) ) | **(Re: Docket No. 317)** |
| Defendant. | ) ) | |

It has been observed that the U.S. Supreme Court's relationship to patent law sometimes seems like that of a non-custodial parent who spends an occasional weekend with the kids.[1] Even as those certiorari weekends have been become more common, or at least prominent, in recent years, you can still count them on one hand. And so when the Supreme Court decides to consider an issue that is presently and fiercely contested before a trial court, it might seem obvious that the trial court should call a time-out by issuing a stay.

---

[1] *See* Rebecca S. Eisenberg, Commentary, *The Supreme Court and the Federal Circuit: Visitation and Custody of Patent Law*, 106 MICH. L. REV. FIRST IMPRESSIONS 28 (2007), http://www.michiganlawreview.org/firstimpressions/vol106/eisenberg.pdf (last visited Feb. 25, 2014).

1
Case No. 5:11-cv-01079-PSG
ORDER DENYING APPLE'S MOTION TO STAY THE CASE

This is the situation this trial court now confronts. Taking note of the recent grant of certiorari in *Akamai v. Limelight Networks*,[2] and the potential implications for Plaintiff Emblaze Ltd.'s indirect infringement claims in this case, Defendant Apple Inc. has asked this court to stay all proceedings until a decision comes from on high. In *Akamai*, a sharply divided en banc Federal Circuit panel held that Akamai did not have to prove that any Limelight customer directly infringed the patent; Limelight's inducement alone could be enough.[3] Apple says that a reversal of this decision could effectively gut Emblaze's current case, because Emblaze has no proof that any Apple customer directly infringes the method claims at issue.[4]

The parties and their skilled counsel have thoroughly addressed the legal standards for a issuing a stay, and so the court won't repeat them here. Suffice it to say that the case law is clear that the discretion for such a case management rests soundly with the undersigned.[5] Having thought long and hard about all this, the court concludes that a stay under the present circumstance would NOT be appropriate.

First, there is a vigorous debate between the parties about exactly how much of this case is subject to *Akamai*. As Emblaze points out, of the 22 claims of the patent-in-suit asserted against Apple, 10 are apparatus claims,[6] which *Akamai* does not address. Because Emblaze's damages theory is in no way dependent on the number of claims Apple infringes,[7] so long as the apparatus claims survive, it is far from clear that a reversal would substantially change anything.

---

[2] *See Akamai Technologies, Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301 (Fed. Cir. 2012) *cert. granted,* 134 S. Ct. 895 (2014).

[3] *See id.* at 1306.

[4] *See* Docket No. 317 at 2.

[5] *See* Docket No. 317 at 5; Docket No. 325 at 2.

[6] *See* Docket No. 325 at 3.

[7] *See, e.g., Aro Mf'g Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 508 (1964).

2
Case No. 5:11-cv-01079-PSG
ORDER DENYING APPLE'S MOTION TO STAY THE CASE

Second, this case is old and getting older by the day. By the time trial is over, it will be four years old. Four judges in two districts have presided. At some point, if a case needs to be tried, it needs to be tried. With trial presently set for June 30, it seems safe to say that we have reached that point in this case.

Third, this court is getting older. Maybe not yet old, but older, and with each passing day, its memory of the case's intricate technical and procedural details fades. Better to dig into the many summary judgment and other motions pending and soon-to-be-pending while things are relatively fresh.

Fourth, if the Supreme Court is the non-custodial parent of patent law, the Federal Circuit must be viewed, and respected, as the custodial parent who endures the daily grind of keeping the law on the straight and narrow. While this court must of course follow any change imposed by the Supreme Court, a majority of this nation's highest patent court have spoken on the issue of proof requirements for indirect infringement claims. It would be disrespectful of that custodial parent's efforts to presume that a reversal is coming.

Apple may be right that a large part of the work in the run-up to trial will have to reconsidered in the event that the Federal Circuit is reversed. The court takes that possibility seriously, and respects Apple's point that costs will be incurred that might have been avoided by delay. But delay, too, has its costs, and on balance, the right course is to continue on course and deal with any change in the law or other circumstances that may come.

**IT IS SO ORDERED.**

Dated: February 25, 2014

PAUL S. GREWAL
United States Magistrate Judge