UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EMBLAZE LTD., | Case No. 5:11-cv-01079-PSG |
| Plaintiff, | **ORDER DENYING SEALING MOTIONS** |
| v. | |
| APPLE INC., | **(Re: Docket Nos. 342, 344, 347 and 349)** |
| Defendant. | |

This afternoon the court sat down to consider the various motions on the docket that are pending and in some cases submitted in this patent case. Coffee in hand, and eager to turn to the substantive and intellectually stimulating disputes regarding infringement, willfulness, and the like, the court was stopped dead in its tracks by the usual culprit in such crimes: various motions to file materials under seal.[1]

This court had made its views on the burdens of sealing motions known before in other cases, and so it won't belabor the point here. Suffice it to say that too many parties misunderstand what the Ninth Circuit has made clear, whether dealing with records attached to either dispositive or nondispositive motions: broad "allegations of harm, unsubstantiated by specific examples or

---

[1] *See* Docket Nos. 342, 344, 347 and 349.

1

Case No. 5:11-cv-01079-PSG
ORDER DENYING SEALING MOTIONS

articulated reasoning" will not suffice.[2]  Equally misunderstood all too often is what qualifies as harm sufficient to keep the public from knowing what is happening in courts such as this one that it pays for.

While the court cannot offer an all-encompassing definition of harm for this purpose, it can say what is not harm.  Disclosing an expert's testimony about his patent validity opinions is not harm.  Disclosing an inventor's testimony about what exactly it is he claimed in his patents is not harm.  Disclosing what products a party had sold to the public is not harm.  It is certainly not harm that other litigants in other cases involving the asserted patent might come to know certain positions a party is taking in this case.

In seeking to keep under seal various materials relied upon by Apple in its recent submissions, Emblaze has run afoul of one or more of these standards.  The court has no doubt that Emblaze might be disadvantaged by the disclosures at issue.  But disadvantage alone is not harm.  In the absence of a "particularized showing" that "specific prejudice or harm" will result, the court cannot and will not do its work shielded from public view.[3]

Apple's motions to seal are DENIED.

**IT IS SO ORDERED.**

Dated: March 6, 2014

PAUL S. GREWAL
United States Magistrate Judge

---

[2] *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (*quoting Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986)).

[3] *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180, 1186 (9th Cir. 2006).

2
Case No. 5:11-cv-01079-PSG
ORDER DENYING SEALING MOTIONS