MARTIN L. FINEMAN (CA State Bar Number 104
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111
Telephone: (415) 276-6575
Facsimile: (415) 276-6599
Email: martinfineman@dwt.com

MARTIN B. PAVANE *(admitted pro hac vice)*
LISA A. FERRARI *(admitted pro hac vice)*
ANDREW NEMIROFF *(admitted pro hac vice)*
MARILYN NEIMAN *(admitted pro hac vice)*
COZEN O'CONNOR
277 Park Avenue
New York, New York 10172
Telephone: (212) 883-4900
Facsimile: (212) 986-0604
Email: mpavane@cozen.com
lferrari@cozen.com
anemiroff@cozen.com
mneiman@cozen.com

*Attorneys for Plaintiff Emblaze, Ltd.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Emblaze, Ltd.,<br><br>    Plaintiff,<br><br>  vs.<br><br>Apple, Inc.,<br><br>    Defendant. | Case No.: 5:11-CV-01079 PSG<br><br>**DECLARATION OF DR. VIJAY MADISETTI IN OPPOSITION TO DEFENDANT APPLE INC.'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,389,473 AS TO ALL ACCUSED STREAMS**<br><br>Date: April 8, 2014<br>Time: 10:00 AM<br>Location: Courtroom 5, 4th Floor<br>Before: Hon. Paul Singh Grewal |

I, Vijay Madisetti, Ph.D., hereby declare:

1. I have been asked to provide this declaration concerning Defendant Apple Inc.'s Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 6,389,473 As To All Accused Streams ("Apple's Motion") in the above-captioned case. I have personal knowledge of the facts stated herein.

2. In particular, I have been asked to review Apple's Motion and the Declaration of Dr. Nathaniel Polish submitted in support thereof and provide a declaration analyzing Apple's arguments concerning non-infringement. More particularly, I have been asked to consider certain limitations of the Asserted Claims and the Court's claim construction in this case.

3. Each Asserted Claim includes the limitation: "uploading the sequence to a server at an upload rate generally equal to the date rate of the stream."

4. To calculate the upload rate for the sequence in the claims, one is required to use the entire time it takes to upload each file within the sequence to the server (including the waiting time) because the claims require it. The claims recite "uploading *the sequence* to a server…" The "*sequence*" is defined in the claims as a "sequence of *files*." Accordingly, in order to calculate the upload rate, one must calculate the time for transmission of the multiple *files* in the sequence transmitted to the server. The inclusion of the waiting time from one file to the next file within the sequence is thus necessary to properly calculate the upload rate.

5. The data in a 10-second single file may take only .1 seconds ("Actual Time") to upload, but the encoder must wait the remaining 9.9 seconds ("Wait Time") before it can begin uploading the second file, and so on. Therefore, to calculate the upload rate for the sequence of files, one must include the Actual Time plus Wait Time since the second file (and third and fourth, etc.) will not be available for uploading until the Wait Time of the previous file has expired. Since the claims

explicitly require a determination of the upload rate of the "sequence" (and not a single file within the sequence), Apple's calculation (and argument) is flawed.

6. Every Asserted Claim requires that "each slice h[ave] a predetermined data size associated therewith." The Court construed this limitation to mean "each slice having a data size, which may be established by setting a time duration of the slice, assigned in advance of the stream being divided."

7. All of the slices listed in Apple's chart are 5 seconds in duration, and this 5-second duration was assigned in advance of the stream being divided. There is no requirement in the claims that all the slices have the same data size in "bits." Instead, the claims require only setting the data size of the slices in advance, which may be established by setting a "time duration." Indeed, the MLB Stream at a nominal 1200kbps video stream (the "given data rate") combined with an audio stream of "given data rate" of about 64kbps for a period ("target duration") of 5 seconds is of "size" of roughly 800 Kbytes, which is within 2% - 5% of the numbers in the MLB Stream Size column above (given the additional packetization and IP protocol overheads in my experimental measurements). This fully satisfies the Court's construction. The claim also requires "providing . . . a data stream having a given data rate." A person of ordinary skill would understand that the stream may be provided with a given data rate by encoding the stream using constant bit rate encoding ("CBR"), or a VBR with a max rate constraint, for example.

8. By providing a data stream having a given data rate, and then establishing a time duration for each slice in advance of the stream being divided, all of the resulting slices will have data sizes that are approximately equal, which is exactly the case for the accused streams. For example, in the accused MLB stream, the data stream has a given data rate, and the data size of each slice is established by setting a time duration of 5 seconds in advance of the stream being divided, resulting in all the slices having approximately the same data size in "bits," precisely in accordance with claim

MADISETTI DECLARATION
3
CASE NO. 5:11-CV-01079-PSG

LEGAL\18463009\1

1 of the '473 patent. But as noted, there is no requirement in claim 1 that every slice have exactly the same data size. Moreover, one of ordinary skill would also understand that in the context of compressed multimedia streams, there is IP packetization overhead and also a requirement to include certain key frames in the video and/or audio stream to ensure that each slice can be rendered on a display that can cause small percentage deviations from a nominal value. In all the experimental results I captured, all the accused streams are close (within a few percentage points) to the target rates consistent with what one of ordinary skill in the art would understand a CBR or VBR (with a constraint of a maximum rate) compression scheme would provide, both during the time frame of the invention and at the present time.

9. The Accused MLB stream exactly meets this limitation since the data size of each slice within the stream is established by setting a time duration of 5 seconds, assigned in advance of the stream being divided. Similarly, all other accused streams in my Expert Report also meet this limitation since there exists within those streams a "predetermined data size" established by setting a time duration assigned in advance of the stream being divided.

I declare under penalty of perjury the foregoing is true and correct.

DATED: March 13, 2014

By: _____
Vijay Madisetti, Ph. D.