UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EMBLAZE LTD., | ) Case No. 5:11-cv-01079-PSG |
| Plaintiff, | ) **ORDER GRANTING-IN-PART** |
| v. | ) **APPLE'S MOTION TO STRIKE** |
| | ) **INFRINGEMENT THEORIES FROM** |
| APPLE INC., | ) **DR. MADISETTI'S EXPERT REPORT** |
| Defendant. | ) **(Re: Docket No. 304)** |

Before the court is Defendant Apple Inc.'s motion to strike infringement theories from Dr. Madisetti's expert report.[1] Plaintiff Emblaze Ltd. opposes.[2] The parties appeared for a hearing.[3] As set forth below, after considering the parties' arguments the court GRANTS Apple's motion to strike, but only IN-PART.

**I. LEGAL STANDARDS**

"Patent Local Rule 3 provides for patent disclosures early in a case and streamlines discovery by replacing the 'series of interrogatories that [parties] would likely have propounded'

---

[1] *See* Docket No. 304.

[2] *See* Docket No. 310.

[3] *See* Docket No. 316.

1

Case No. 5:11-cv-01079-PSG
ORDER GRANTING-IN-PART APPLE'S MOTION TO STRIKE INFRINGEMENT THEORIES
FROM DR. MADISETTI'S EXPERT REPORT

without it."[4]  It is "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed."[5]  In so doing, Patent L.R. 3 provides "structure to discovery" and enables "the parties to move efficiently toward claim construction and the eventual resolution of their dispute."[6]  Patent L.R. 3-1(c) requires a party claiming patent infringement to serve a "chart identifying specifically where each limitation of each asserted claim is found within each" accused instrumentality.  In inducement cases, Patent L.R. 3-1(d) requires the patent owner to (1) identify "any direct infringement," (2) describe the acts "of the alleged indirect infringer that contribute to or are inducing" that direct infringement and, if applicable, (3) identify the "role" of each induced party in the direct infringement.[7]

Patent L.R. 3 does not, however, "require the disclosure of specific evidence" or "require a plaintiff to prove its infringement case."[8]  "But to the extent appropriate information is reasonably available to it, a patentee must nevertheless disclose the elements in each accused instrumentality that it contends practices each and every limitation of each asserted claim."[9]  At bottom,

---

[4] *France Telecom, S.A. v. Marvell Semiconductor, Inc.*, Case No. 3:12-cv-04967-WHA-NC, 2013 WL 1878912, at *1 (N.D. Cal. May 3, 2013) (quoting *Network Caching Tech. LLC v. Novell Inc.*, Case No. 3:01-cv-02079-VRW, 2002 WL 32126128, at *4 (N.D. Cal. Aug.13, 2002)).

[5] *Nova Measuring Instruments Ltd. v. Nanometrics, Inc.*, 417 F.Supp.2d 1121, 1123 (N.D. Cal. 2006).

[6] *Creagri, Inc. v. Pinnaclife Inc., LLC*, Case No. 5:11-cv-06635-LHK-PSG, 2012 WL 5389775, at *2 (N.D.Cal. Nov. 2, 2012).

[7] Patent L.R. 3-1(d).

[8] *Creagri*, 2012 WL 5389775, at *2 (citing *DCG Sys. v. Checkpoint Tech., LLC*, Case No. 5:11-cv-03729-PSG, 2012 WL 1309161, at *2 (N.D. Cal. Apr.16, 2012) (quoting *Whipstock Serv., Inc. v. Schlumberger Oilfied Sers.*, Case No. 6:09-cv-113, 2010 WL 143720, at *1 (E.D. Tex. Jan. 8, 2010)).

[9] *Id.*

2
Case No. 5:11-cv-01079-PSG
ORDER GRANTING-IN-PART APPLE'S MOTION TO STRIKE INFRINGEMENT THEORIES FROM DR. MADISETTI'S EXPERT REPORT

Patent L.R. 3-1 is designed "to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed."[10]

## II. DISCUSSION

The parties agree that this is a pure *Akamai*-styled inducement case: Apple is alleged to have induced multiple actors who cumulatively infringed Emblaze's patent claims.[11] As an inducement case, Patent L.R. 3-1(d) applies. Emblaze thus had an obligation under the Patent L.R. to identify Apple's direct infringement and describe the acts and roles of the induced infringers. The theory of direct infringement – Apple's published marketing documents and support of live streaming – is undisputed.

The dispute centers on whether portions of Madisetti's report should be struck because the report did not hew closely enough to the revised patent disclosures served on Apple January 31, 2012.[12] As Apple sees it, Emblaze carried an obligation to build out its theories from its patent disclosures. Although Apple concedes Emblaze's original patent disclosures disclosed some named content providers,[13] those content providers were removed from Emblaze's revised patent

---

[10] *InterTrust Technologies Corp. v. Microsoft Corp.*, Case No. 4:01-cv-01640-SBA, 2003 WL 23120174, at *1 (N.D. Cal. Dec. 1, 2003) (citations omitted).

[11] *See Akamai Technologies, Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301, 1307-08 (Fed. Cir. 2012)

> The induced infringement provision of the Patent Act, 35 U.S.C. § 271(b), provides that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." Because section 271(b) extends liability to a party who advises, encourages, or otherwise induces others to engage in infringing conduct, it is well suited to address the problem presented by the cases before us, i.e., whether liability should extend to a party who induces the commission of infringing conduct when no single "induced" entity commits all of the infringing acts or steps but where the infringing conduct is split among more than one other entity.

[12] *See* Docket No. 304-5, Ex. 2.

[13] *See* Docket No. 312-1, Ex. A at 5 ("The remainder of the limitations in each of claims 1, 2, 8, 9, 10, 11, 12, 13, 14, 21, 23, 24, 25, 26, 27, 28, 29, 36, 37, 38, 40, 41 of the '473 patent are performed by or incorporated in devices operated by the following third parties that contribute to the infringement by using Apple's HTTP Live Streaming to stream content to users:
    2. ABC News, 47 West 66th Street, New York, NY 10023.

disclosures.  Emblaze counters that its disclosures in this case are sufficient – the revised contentions point out that there may be "additional third parties, unknown to Plaintiff due to defendant's incomplete document production at this time, that also perform one or more steps of the method recited in the asserted claims of the '473 patent, and/or make, use or sell apparatus recited in the asserted claims of the '473 patent."[14]  Emblaze's references in both the original and revised disclosures, coupled with references to content providers in the second amended complaint,[15] are sufficient.

The court agrees with Emblaze.  The issue here is fair notice, not necessarily where it originates.  To hold otherwise would be to champion form over substance.[16]  In this case, Apple has been on notice of Emblaze's general claims: Emblaze urges Apple's marketing live streaming technology to end-users and intermediaries – including both content providers and content-distribution networks – induced the infringement of Emblaze's patent claims.  Although the live streams accused in this case are on the surface outward-facing and may be viewed by

---

3. Akamai Technologies, Inc., 8 Cambridge Center, Cambridge, MA 02142.
4. Brightcove, Inc., One Cambridge Center, Cambridge, MA 02142.
5. CBS Corporation, 51 West 52nd Street, New York, NY 10019-6188.
6. ESPN, Inc., ESPN Plaza, Bristol CT 06010.
7. Internet Video Archive, LLC, 207 White Horse Pike, Haddon Heights, NJ 08035.
8. Major League Baseball, 245 Park Avenue, 31st floor, New York, NY 10167.

Upon information and belief, there are additional third parties, unknown to Plaintiff due to defendant's incomplete document production at this time, that also perform one or more steps of the method recited in the asserted Claims of the '473 patent, and/or make, use or sell apparatus recited in the asserted claims of the '473 patent."

[14] *See* Docket No. 304-5, Ex. 2 at 5.

[15] *See* Docket No. 143 at ¶ 30 ("Upon information and belief, Apple and other content providers, such as the NFL, Major League Baseball, CNN, Fox News, Fox Sports, CBS Sports, ABC News, NBC Sports, and other third parties unknown at this time, use Apple's Media Stream Segmenter software and/or Apple's Compressor software and/or Apple's Media File Segmenter software to stream real-time content to end users, and such content providers, together with end users who have devices for downloading such content using software implementing the HTTP Live Streaming protocol, directly infringe at least one or more of claims 1, 2, 8, 9, 10, 11, 12, 13, 14, 21, 23, 24, 25, 26, 27, 28, 29, 36, 37, 38, 40, and 41 of Emblaze's '473 Patent.").

[16] *See Morrison v. Blitz*, Case No. 88-5607-PNL, 1992 WL 75088, at *1 (S.D.N.Y. Apr. 1, 1992) ("In some circumstances, the denial of a motion because of a party's failure to heed local rules of civil practice would be pointless championing of form over substance.").

4
Case No. 5:11-cv-01079-PSG
ORDER GRANTING-IN-PART APPLE'S MOTION TO STRIKE INFRINGEMENT THEORIES FROM DR. MADISETTI'S EXPERT REPORT

anyone with an accused Apple device, merely viewing the stream does not divulge the guts of how the stream is generated. At issue in this case, Emblaze needed discovery to tease out whether the content-distribution network or the content provider splices and transmits the feed. Only after deposing Major League Baseball and Akamai did it become clear that most of the content providers splice and transmit the feed in house. Ideally, Emblaze should have sought leave to update its contentions, yet again. Perhaps Emblaze thought that its contentions were already sufficient given it already disclosed both content providers and content distribution networks earlier in the case. In any event, it is clear to the court that Apple was on notice. Indeed, Apple participated in those key depositions.

On balance, striking portions of Madisetti's report is not warranted.

Madisetti's report also presumes that it may include later-model accused products in its report that were not disclosed in the original or revised contentions. In support, Emblaze points to language in the infringement contentions purportedly reserving subsequent generation devices for later inclusion in this case.[17] That is not good enough. Absent leave of the court, those products are out.

**IT IS SO ORDERED.**

Dated: March 14, 2014

PAUL S. GREWAL
United States Magistrate Judge

---

[17] *See* Docket No. 304-5, Ex. 2 at 3 ("Each of claims 1, 2, 8, 9, 10, 11, 12, 13, 14, 21, 23, 24, 25, 26, 27, 28, 29, 36, 37, 38, 40 and 41 of the '473 patent is infringed by: HTTP Live Streaming supported by Apple iOS 3.0 and later, included in iPod touch 3rd and 4th generations (1st and 2nd generations of iPod touch software upgradable to support HTTP Live Streaming), iPhone 3GS, 4 and 4S (iPhone and iPhone 3G software upgradable to support HTTP Live Streaming), iPad 1 and 2, and Apple TV 4.0, 4.3 and 4.4.").