MARK FOWLER (Bar No. 124235)
mark.fowler@dlapiper.com
ROBERT BUERGI (Bar No. 242910)
robert.buergi@dlapiper.com
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, CA  94303-2214
Tel:  650.833.2000
Fax: 650.833.2001

JOHN ALLCOCK (Bar No. 98895)
john.allcock@dlapiper.com
ERIN GIBSON (Bar No. 229305)
erin.gibson@dlapiper.com
ROBERT C. WILLIAMS (Bar. No. 246990)
robert.williams@dlapiper.com
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA  92101
Tel:  619-699-2700
Fax: 619-699-2701

Attorneys for Defendant
APPLE INC.

SARAH BARROWS (Bar No. 253278)
barrowss@gtlaw.com
WILLIAM SLOAN COATS (Bar No. 94864)
coatsw@gtlaw.com
STEPHEN ULLMER (Bar No. 277537)
ullmers@gtlaw.com
GREENBERG TRAURIG, LLP
4 Embarcadero Center, Suite 3000
San Francisco, CA  94111-5983
Tel.: 415.655.1300
Fax: 415.707.2010

JAMES J. DECARLO (*Pro Hac Vice*)
decarloj@gtlaw.com
MICHAEL A. NICODEMA (*Pro Hac Vice*)
nicodemam@gtlaw.com
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue, 34th Floor
New York, New York  10166
Tel: 212.801.9200
Fax: 212.801.6400

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EMBLAZE LTD.,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE INC., a California Corporation,<br><br>    Defendant. | CASE NO.  5:11-CV-01079 PSG<br><br>**DEFENDANT APPLE INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NO WILLFUL INFRINGEMENT OF U.S. PATENT NO. 6,389,473**<br><br>Date: April 8, 2014<br>Time: 1:30 p.m.<br>Place: Courtroom 5, 4th Floor<br>Judge: Hon. Paul S. Grewal |

# TABLE OF CONTENTS

**PAGE**

I.   INTRODUCTION ..................................................................................................................... 1

II.  ARGUMENT ........................................................................................................................... 2

    A.  The Court Should Grant Summary Judgment Based Upon Apple's Reasonable Claim Construction Defenses Alone. .................................................................. 2

        1.  Federal Circuit Precedent Requires The Court To Decide Whether Apple Has At Least One Objectively Reasonable Defense Based On The Purely Legal Issue Of Claim Construction. ............................................... 2

        2.  Emblaze Cannot Meet The Federal Circuit's Standard Under Bard To Prove Apple Advanced Objectively Reckless Claim Construction Defenses. .......................................................................................................... 3

    B.  For Apple's "Uploading" And "Predetermined Data Size" Defenses, The Only Disputed Issue Is One Of Claim Construction That The Court Must Decide. .............. 6

    C.  Federal Circuit Law Allows Apple To Rely On Any Reasonable Post-Filing Defense To Defeat Willful Infringement. ........................................................................ 9

    D.  Apple's Other Defenses Are Not Frivolous Either And Further Support Granting Summary Judgment Of No Willful Infringement. .......................................... 9

    E.  Emblaze's Disputes Over Apple's State Of Mind Are Irrelevant To The Objective Prong Of Willful Infringement And Are Not Material Disputes. ................ 10

    F.  Apple's Motion For Summary Judgment Is Not A Premature Motion *In Limine*. .......................................................................................................................... 11

III. CONCLUSION ..................................................................................................................... 12

# TABLE OF AUTHORITIES

**PAGE**

**Cases**

*Advanced Fiber Techs. (AFT) Trust v. J & L Fiber Services, Inc.*,
   674 F.3d 1365 (Fed. Cir. 2012) .................................................................................... 5, 10, 11

*Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*,
   682 F.3d 1003 (Fed. Cir. 2012) ........................................................................................ passim

*Cohesive Techs., Inc. v. Waters Corp.*,
   543 F.3d 1351 (Fed. Cir. 2008) ............................................................................................ 4, 8

*Highmark Inc. v. Allcare Healthcare Mgmt. Sys., Inc.*,
   687 F.3d 1300 (Fed. Cir. 2012) ................................................................................................. 4

*iLOR, LLC v. Google, Inc.*,
   631 F.3d 1372 (Fed. Cir. 2011) ........................................................................................ passim

*In re Seagate Tech., LLC*,
   497 F.3d 1360 (Fed. Cir. 2007) (en banc) ........................................................................ passim

*Masimo Corp. v. Philips Elecs. N. Am. Corp.*,
   2013 WL 2920478 (D. Del. June 14, 2013) ........................................................................ 8, 10

*Multimedia Patent Trust v. Apple Inc.*,
   No. 10-cv-2618-H, 2012 WL 6863471 (S.D. Cal. Nov. 9, 2012) .............................................. 10

*O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., Ltd.*,
   521 F.3d 1351 (Fed. Cir. 2008) ................................................................................................. 6

*Powell v. Home Depot, U.S.A., Inc.*,
   663 F.3d 1221 (Fed. Cir. 2011) ......................................................................................... 11, 12

*Prof'l Real Estate Invs., Inc. v. Columbia Pictures Indus., Inc.* ("*PRE*"),
   508 U.S. 49 (1993) ........................................................................................................... 3, 4, 9

*Solvay, S.A. v. Honeywell Specialty Materials LLC*,
   827 F. Supp. 2d 358 (D. Del. Aug. 26, 2011) ......................................................................... 10

*Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc.*,
   620 F.3d 1305 (Fed. Cir. 2010) ................................................................................................. 4

*Tarkus Imaging, Inc. v. Adobe Sys., Inc.*,
   867 F. Supp. 2d 534 (D. Del. 2012) .......................................................................................... 5

# TABLE OF AUTHORITIES
(continued)

**PAGE**

**Statutes**

35 U.S.C. § 284 .................................................................................................................................. 3

35 U.S.C. § 285 .................................................................................................................................. 3

Defendant Apple Inc. ("Apple") respectfully submits this reply brief in further support of its Motion for Summary Judgment of No Willful Infringement of U.S. Patent No. 6,389,473 (D.E. 343) (the "Motion").

I.  INTRODUCTION

To prevail on its motion and defeat Emblaze's willful infringement claim as a matter of law, Apple need only demonstrate two things.  First, Apple must show it has just one objectively reasonable, non-frivolous defense to Emblaze's charge of infringement.  Second, Apple must show that no triable issues of material fact exist as to whether that defense is objectively reasonable.  Because Apple has raised two purely legal non-infringement defenses based upon reasonable claim constructions of the "uploading" and "predetermined data size" limitations found in every asserted claim, no triable issue of material fact exists for the jury regarding the objective reasonableness of at least those two defenses.

Only the Court can decide whether Apple's claim construction positions are objectively reasonable—and they are.  Even if the Court disagrees with Apple's claim construction positions, they are not objectively reckless.  Emblaze has not even attempted to argue that Apple's claim construction positions or any other defenses were objectively reckless, "frivolous" or "so unreasonable that no reasonable litigant could believe it would succeed."  Emblaze only argues that Apple was wrong, which is not the legal standard for proving the objective prong of willful infringement under *Seagate* or *Bard*.  Thus, as a matter of law, Emblaze cannot satisfy the objective prong of willful infringement.  The Court should grant summary judgment of no willful infringement.

Nothing in Emblaze's opposition disturbs this conclusion.  While Emblaze argues about purported factual disputes concerning the reasonableness of other Apple defenses, Emblaze's arguments do not touch upon the purely legal questions of Apple's "uploading" and "predetermined data size" claim construction-based non-infringement defenses.  Consequently, Emblaze failed to raise a triable issue of material fact with respect to at least these two dispositive issues.  And Emblaze directed its remaining arguments to disputing Apple's subjective state of mind, which is irrelevant to Apple's motion directed to the objective prong of the willful infringement test.  As a result, the Court should grant summary judgment in Apple's favor.

## II. ARGUMENT

### A. The Court Should Grant Summary Judgment Based Upon Apple's Reasonable Claim Construction Defenses Alone.

#### 1. Federal Circuit Precedent Requires The Court To Decide Whether Apple Has At Least One Objectively Reasonable Defense Based On The Purely Legal Issue Of Claim Construction.

Emblaze's opposition muddles the legal test for proving the objective prong of willful infringement, but Emblaze cannot undo the clarity brought about by the Federal Circuit's recent decision in *Bard*, which held: "When a defense or noninfringement theory asserted by an infringer is purely legal (*e.g.*, claim construction), the objective recklessness of such a theory is a purely legal question to be determined by the judge." *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*, 682 F.3d 1003, 1007 (Fed. Cir. 2012). Thus, *Bard* requires that the Court—not the jury—decide the purely legal question of whether Apple's claim construction defenses are objectively reasonable.

Emblaze highlighted this same rule in its opposition brief (Opp. at 7),[1] but ignored the rule's obvious application to the "uploading" and "predetermined data size" claim construction defenses raised in Apple's co-pending motion for summary judgment of non-infringement as to "All Accused Streams" (All Accused Streams Moving Brief at 7-14).[2] *See* Moving Br. at 13-14.[3] In fact, Emblaze incorrectly argues that all of Apple's defenses "require factual determinations" that "should be sent to the jury." Opp. at 9. Particularly as to Apple's two purely legal claim construction defenses, there can be no underlying fact issues for the jury to decide. Thus, the Court should not delay its decision on whether Apple has at least one non-frivolous defense that precludes a finding of willful infringement.

/////

/////

/////

---

[1] Citations to "Opp." refer to Emblaze's opposition brief, D.E. 387.

[2] Citations to "All Accused Streams Moving Br." refer to Apple's moving brief in support of its co-pending summary judgment motion, D.E. 382.

[3] Citations to "Moving Br." refer to Apple's opening brief, D.E. 343.

2. **Emblaze Cannot Meet The Federal Circuit's Standard Under *Bard* To Prove Apple Advanced Objectively Reckless Claim Construction Defenses.**

Under *Bard*, Emblaze faces an extremely high burden to prove objective recklessness. Emblaze has failed to meet that burden, as it has not offered any evidence or argument that Apple's defenses were frivolous or a sham. Rather, Emblaze ignores *Bard*'s guidance regarding the high standard for finding objective recklessness. *Bard*, 682 F.3d at 1007-1008. Emblaze wrongly contends that "Apple's defenses are neither reasonable nor consistent" and thus "Apple must still demonstrate that no reasonable fact-finder could conclude that Apple's non-infringement defenses were not reasonable." *See* Opp. at 9, 11. This is not the correct legal test.

*Bard* described the Federal Circuit's test for objective recklessness, which is "whether a 'reasonable litigant could realistically expect' [its] defenses to succeed," as "consistent with similar holdings in other parallel areas of law." *Bard*, 682 F.3d at 1007. *Bard* then cited to those similar holdings, including Federal Circuit precedent regarding what constitutes an objectively baseless claim meriting enhanced damages under 35 U.S.C. § 285, and Supreme Court precedent regarding what constitutes "sham" litigation. *Bard*, 682 F.3d at 1008 (citing *iLOR, LLC v. Google, Inc.*, 631 F.3d 1372, 1378 (Fed. Cir. 2011) and *Prof'l Real Estate Invs., Inc. v. Columbia Pictures Indus., Inc.* ("*PRE*"), 508 U.S. 49, 60 (1993)). The burdens to prove enhanced damages and sham litigation are unquestionably high. *Bard* explained that, in *iLOR, LLC v. Google, Inc.*, the Federal Circuit addressed the standard for showing objective baselessness for Section 285 enhanced damages. *Bard*, 682 F.3d at 1007. It found the standard was "identical to the objective recklessness standard for enhanced damages and attorneys' fees against an accused infringer for § 284 willful infringement actions under [*Seagate*]." *Id.* (quoting *iLOR, LLC*, 531 F.3d at 1377). Thus, the Federal Circuit found, "'Section 285 must be interpreted against the background of the Supreme Court's decision in' … [*PRE*]." *Id.* (citing *PRE*, 508 U.S. at 61).

This is important, because the Supreme Court in *PRE* concluded that a claim will not rise to the level of a "sham" unless it is "objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits." *Id.* (quoting *PRE*, 508 U.S. at 51); *see also iLOR, LLC*, 531 F.3d at 1378 (moving party must show that the claim "was so unreasonable that no reasonable

litigant could believe it would succeed"). Put another way, "'if an objective litigant could conclude that the suit is reasonably calculated to elicit a favorable outcome,' it is not objectively baseless." *Id.* (quoting *PRE*, 508 U.S. at 60). Therefore, Emblaze cannot prove willfulness unless Apple's defenses were a sham. *Highmark Inc. v. Allcare Healthcare Mgmt. Sys., Inc.*, 687 F.3d 1300, 1309 n.1 (Fed. Cir. 2012) ("As explained in *Bard*, the objective reasonableness test was based on the objective prong of the standard for sham litigation explained in [*PRE*].").

Here, Apple's "uploading" and "predetermined data size" claim construction defenses are not a "sham." Their merits, which warrant summary judgment in Apple's favor, are explained in Apple's co-pending motion for summary judgment as to All Accused Streams. All Accused Streams Moving Br. at 7-14. Emblaze does not even attempt to argue that Apple's arguments are frivolous or a "sham." Instead, Emblaze asserts that Apple's claim construction and other defenses are simply wrong, and incorrectly argues that Apple's positions are contrary to the Court's claim constructions and thus cannot be objectively reasonable. Opp. at 9-11. Assuming *arguendo* that Emblaze is correct, and it is not, a losing defense is rarely a frivolous defense. Indeed, whether the Court agrees with Apple's interpretation of its claim constructions, or grants Apple's summary judgment motions, does not determine whether Apple's defenses are frivolous. Under Federal Circuit law, where a disputed claim term is susceptible to a reasonable, non-frivolous construction under which the defendant's accused products do not infringe, the objective prong of willful infringement is not met. *Cohesive Techs., Inc. v. Waters Corp.*, 543 F.3d 1351, 1374 (Fed. Cir. 2008). Even if the Court ultimately disagrees with the claim construction offered by the defendant, the defendant's actions are only reckless if the alternate claim construction that would have resulted in non-infringement "was so unreasonable that no reasonable litigant could believe it would succeed." *iLOR*, 631 F.3d at 1378 (considering whether proposed claim construction was precluded "on its face" and whether the specification "clearly refute[s]" the construction); *see Bard*, 682 F.3d at 1005 (objective prong cannot be satisfied where accused infringer relies upon an objectively reasonable defense to infringement, regardless of whether that defense ultimately succeeds); *Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc.*, 620 F.3d 1305, 1319 (Fed. Cir. 2010) (same).

/////

The Federal Circuit's decision in *Advanced Fiber Technologies* is on point. There, the Federal Circuit affirmed the district court's grant of summary judgment as to no willful infringement, despite reversing the district court's grant of summary judgment on non-infringement based on an incorrect claim construction. *Advanced Fiber Techs. (AFT) Trust v. J & L Fiber Services, Inc.*, 674 F.3d 1365, 1377-78 (Fed. Cir. 2012). In concluding that the patentee "failed to raise a genuine factual issue that any infringement by J & L was willful," the Federal Circuit stated that:

> Taken together, these facts show that [defendant's] assertions of invalidity and noninfringement were, at minimum, objectively reasonable defenses to [plaintiff's] charge of infringement. The fact that we have on appeal altered one of the district court's claim constructions and consequently vacated summary judgment of noninfringement does not compel a different outcome.

*Id.* at 1378.

*Advanced Fiber Technologies* is not an outlier. The objectively baseless test in *Bard*, decided later in 2012, fully supports its holding. *See Bard*, 682 F.3d at 1007. Given similar facts, other courts have also concluded that where a defendant has based its defense upon a reasonable claim construction position, the objectively reckless prong is not satisfied. For example, in *Tarkus Imaging, Inc. v. Adobe Sys., Inc.*, 867 F. Supp. 2d 534, 537 & n.2 (D. Del. 2012), the court ruled against the defendant's proposed claim constructions but granted summary judgment of no willful infringement in light of the reasonableness of defendant's proposed constructions. The court first found that "non-infringement based on [a] reasonable proposed claim construction presents an issue the court can resolve as a question of law." *Id.* at 537 (hyphen omitted). The court "conclude[d] that the first prong of *Seagate* cannot be satisfied here due to [the defendant's] assertion of reasonable claim construction positions under which [the defendant] would not infringe… ." *Id.*

Similarly here, Apple has advanced reasonable claim construction defenses based upon the "uploading" and "predetermined data size" limitations. If the Court agrees with Apple's proposed constructions for either of these two limitations, then Emblaze has no infringement argument left. However, regardless of whether the Court agrees with Apple's constructions, the Court should grant summary judgment of no willful infringement based upon these two reasonable claim construction defenses to infringement.

/////

**B.    For Apple's "Uploading" And "Predetermined Data Size" Defenses, The Only Disputed Issue Is One Of Claim Construction That The Court Must Decide.**

Unlike Apple's other defenses which, according to Emblaze, purportedly require the jury to resolve underlying factual questions, Emblaze cannot possibly have raised factual disputes as to claim scope.[4]  As discussed in more detail in Apple's reply brief in support of its co-pending All Accused Streams summary judgment motion, Emblaze's opposition to that motion confirms that the outcome of Apple's defenses turns solely on the purely legal issues of the correct interpretations of the "uploading" and "predetermined data size" limitations.  All Accused Streams Reply Br. at 1-5.[5]  Indeed, every asserted claim contains the "uploading" and "predetermined data size" limitations, and undisputed material facts prove that none of the accused streams practice these limitations under Apple's interpretation of the Court's claim constructions.  *Id.*  Thus, these claim construction-based defenses, and whether they are objectively reasonable, are issues for the Court alone to decide.  The Court must decide these issues.  *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., Ltd.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008) ("When the parties present a fundamental dispute regarding the scope of a claim term, it is the court's duty to resolve it.").

The parties' motion papers show why no material disputed facts related to these defenses remain for the jury.  Regarding Apple's "uploading" defense, Apple moves for summary judgment of non-infringement because the Accused Streams do not meet the claim limitation "uploading the sequence to a server at an upload rate generally equal to the data rate of the stream."  All Accused Streams Moving Br. at 7-11.  In opposition, Emblaze raises no factual disputes, and instead relies solely on its own erroneous construction of the "uploading" limitation.  All Accused Streams Opp. at 7-9.[6]  Specifically, Emblaze argues that the claimed "upload rate" within that limitation encompasses

---

[4] As set forth in **Section D** herein, Emblaze misinterprets Federal Circuit precedent as providing a "right to present its willfulness claim to the jury" to the extent Apple's defenses involve mixed issues of law.  *See* Opp. at 9.  Emblaze's incorrect argument has no impact on the Court deciding purely legal issues on summary judgment related to whether the objective prong is met.

[5] Citations to "All Accused Streams Reply Br." refer to Apple's reply brief in support of its co-pending summary judgment motion, D.E. 407.

[6] Citations to "All Accused Streams Opp." refer to Emblaze's opposition to Apple's co-pending summary judgment motion, D.E. 388.

not only the time that it takes to actually upload the files (which is in fact the correct time period from which to determine the "upload rate"), but also encompasses the inactive time that passes between the actual file uploads when no files are being uploaded ("Wait Time").  All Accused Streams Opp. at 8.

Apple's interpretation of "upload rate" as the time that it takes to actually upload the files is objectively reasonable and, at a minimum, is a far cry from the type of construction that would support an objectively reckless finding.  All Accused Streams Reply Br. at 1-5.  The Federal Circuit has stated that a claim construction is frivolous if it is precluded "on its face" and "clearly refute[d]" by the specification.  *See iLOR*, 631 F.3d at 1378.  As discussed in detail in Apple's reply brief in support of the All Accused Streams summary judgment motion, the specification of the '473 patent does not "clearly refute" Apple's construction; rather, it supports Apple's construction and contradicts Emblaze's construction.  *See* All Accused Streams Reply Br. at 2 ("As an initial matter, the '473 patent specification expressly describes the upload time for a file being different than the file's duration:  it may be 'determined that the upload time for file 42 (or a subsequent file) is substantially shorter than duration T1,' where T1 refers to 'slice duration T1.'"); *see also id.* at 3-4.

Similarly, regarding Apple's "predetermined data size" defense, Apple moves for summary judgment of non-infringement because the Accused Streams do not meet the claim limitation that "each slice h[ave] a predetermined data size associated therewith."  '473 patent, claims 1, 25.  The Court construed this limitation to mean "each slice having a data size, which may be established by setting a time duration of the slice, assigned in advance of the stream being divided."  D.E. 214.  In opposition, Emblaze raises no factual disputes.  Emblaze instead relies solely on two erroneous legal arguments concerning the scope of the Court's construction.  First, Emblaze argues that this limitation is met any time a target data rate is set for a stream and a slice duration is known in advance, even if the stream's actual data rate actually varies.  All Accused Streams Opp. at 11-12.  Second, Emblaze argues that all of the observed streams meet this limitation because the slices that make up the streams are "approximately equal" in size to each other and to the stream's target data rate.  *Id.* at 11.  Both of these arguments turn on the meaning (i.e., construction) of the "predetermined data size" claim limitation and not on how the accused products operate.

Apple's "predetermined data size" claim construction defense is objectively reasonable

because, at a minimum, the term is "susceptible to [the] reasonable construction under which [Apple's] products [do] not infringe." *Cohesive Techs.*, 543 F.3d at 1374. Indeed, Apple's defense is consistent with Emblaze's own representations to this Court that it was not arguing that a slice's "data size" is the same thing as a "time duration." D.E. 127 at 6 ("Emblaze does not contend that a 'time duration' is the same as a 'predetermined data size.'"). Apple's claim construction defense is not precluded "on its face." It is consistent with the Court's construction that makes clear data size and time duration are not the same. D.E. 214 ("each slice having a <u>data size</u>, which may be <u>established</u> by setting a <u>time duration</u> of the slice, assigned in advance of the stream being divided") (emphasis added).

While Emblaze disagrees with both of Apple's case-dispositive claim construction defenses, Emblaze never suggests, because it cannot, that Apple's interpretation of the Court's "upload rate" and "predetermined data size" constructions is frivolous or "so unreasonable that no reasonable litigant could believe it would succeed." *iLOR, LLC*, 531 F.3d at 1378; *see also Masimo Corp. v. Philips Elecs. N. Am. Corp.*, 2013 WL 2920478, at *3 (D. Del. June 14, 2013). Instead, Emblaze asserts that Apple's arguments are "moot"[7] and "unreasonable" (Opp. at 11), and that Apple's interpretation of the limitations are inconsistent with the Court's previous constructions (All Accused Streams Opp. at 2-12). Not only are Emblaze's arguments without merit for the reasons discussed in Apple's All Accused Streams reply brief, but Emblaze's argument further underscores why this Court should decide on summary judgment whether Apple's claim construction positions are objectively reasonable. Only the Court can decide whether Apple's interpretation of these claim limitations is consistent with the Court's claim constructions or otherwise objectively reasonable.

In sum, the Court need only consider the reasonableness of Apple's claim construction-based non-infringement defenses concerning the "uploading" and "predetermined data size" limitations of the asserted claims in order to decide this motion in Apple's favor. Even if the Court ultimately disagrees with Apple's claim constructions, "[s]imply being wrong about claim construction should

---

[7] If the infringement issue has been "mooted" by the Court's claim construction, as Emblaze contends, Emblaze would have likely moved for summary judgment on the liability issues in this case. Emblaze did not do so.

not subject a party to sanctions where the construction is not objectively baseless." *iLOR, LLC*, 631 F.3d at 1379.  If the Court finds that either of Apple's claim construction defenses is not frivolous, it must conclude that Apple was not objectively reckless as to its alleged infringement, warranting summary judgment in Apple's favor.

### C. Federal Circuit Law Allows Apple To Rely On Any Reasonable Post-Filing Defense To Defeat Willful Infringement.

Emblaze incorrectly suggests that Apple cannot rely on non-frivolous defenses formulated after Emblaze filed its initial lawsuit in this case to defeat Emblaze's willful infringement claim. Specifically, Emblaze suggests that issues of fact as to the dates that Apple formulated its current, primary invalidity defenses preclude summary judgment.  *See* Opp. at 10-11.  This argument is irreconcilable with the Federal Circuit's holding in *Bard*, which clarified that the "court should determine, '<u>based on the record ultimately made in the infringement proceedings</u>,' whether a reasonable litigant could realistically expect those defenses to succeed."  *Id.* at 1008 (citing *iLOR*, 631 F.3d at 1378 and *PRE*, 508 U.S. at 60) (internal quotations omitted, emphasis added).  Thus, the objective prong analysis should include consideration of defenses developed by counsel during the litigation, and is not limited to the defenses that the alleged infringer may have subjectively relied upon at the time of alleged infringement.  *Id.*

### D. Apple's Other Defenses Are Not Frivolous Either And Further Support Granting Summary Judgment Of No Willful Infringement.

Apple's remaining defenses do not present purely legal questions.  However, even as to these defenses, the Court should find them objectively reasonable and grant summary judgment of no willful infringement.  Contrary to Emblaze's assertions, Emblaze does not have a "right to present its willfulness claim to the jury" (Opp. at 9), and the Federal Circuit in *Bard* did not hold that the willfulness determination is "a question of fact."  Opp. at 7.  Rather, the Federal Circuit implicitly overruled other post-*Seagate* decisions and announced that it "now holds that the threshold objective prong of the willfulness standard enunciated in *Seagate* is a question of law based on underlying mixed questions of law and fact and is subject to *de novo* review."  *See Bard*, 682 F.3d at 1005.  The *Bard* court stated that the "ultimate question" for the court is "whether a reasonable person would

have considered there to be a high likelihood of infringement of a valid patent." *Id.* at 1008.  Thus, while it is undisputed that the Court must resolve the objective reasonableness of Apple's purely legal "uploading" and "predetermined data rate" non-infringement defenses (*see* Opp. at 7), it also is appropriate for the Court to decide the objective reasonableness of Apple's remaining defenses on summary judgment.

Many courts have resolved this precise issue in Apple's favor.  For example, in *Multimedia Patent Trust v. Apple Inc.*, No. 10-cv-2618-H, 2012 WL 6863471 (S.D. Cal. Nov. 9, 2012), the court explained:

> As an initial matter, [the patentee] argues that under *Bard*, whenever there are any disputed factual issues related to the willfulness determination, the factual issues must be decided first by the jury. <u>MPT is incorrect</u>. In *Bard*, the Federal Circuit stated that in determining whether a defendant's defense to infringement is objectively reasonable, a judge 'may' allow the jury to decide the underlying factual issues.  The Federal Circuit did not hold that a judge was required to do so. Indeed, the Federal Circuit has affirmed the granting of summary judgment of no willfulness upon a finding that the defendant's defenses to infringement were objectively reasonable.

*Id.* at *16 (citing *Advanced Fiber Techs.*, 674 F.3d at 1377-78) (emphasis added).  Other district courts have issued similar opinions.  *See, e.g.*, *Masimo Corp.*, 2013 WL 2920478, at *5 ("As the infringement record has been fully developed, and in light of the Federal Circuit's decision in *Bard*, this court is not precluded from granting summary judgment on the objective first prong of *Seagate*."); *Solvay, S.A. v. Honeywell Specialty Materials LLC*, 827 F. Supp. 2d 358, 366 (D. Del. Aug. 26, 2011) ("The court concludes that summary judgment of no willfulness is appropriate because Honeywell presented a credible invalidity defense, precluding a finding of objective recklessness despite the Federal Circuit's ultimate rejection of the defense.").

Thus, while Apple has not reiterated its arguments regarding the objective reasonableness of each of its remaining defenses here, these non-frivolous defenses further demonstrate that Emblaze cannot, as a matter of law, establish the objective prong of its willful infringement claim.

### E. Emblaze's Disputes Over Apple's State Of Mind Are Irrelevant To The Objective Prong Of Willful Infringement And Are Not Material Disputes.

Emblaze's improper reliance on irrelevant evidence related to Apple's subjective state of mind cannot create an issue of disputed material fact as to whether the objective prong is met.  It is

black letter law that "[t]he state of mind of the accused infringer is not relevant to this objective inquiry." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc). Emblaze ignores this rule and inappropriately devotes nearly half of its opposition to evidence and argument purportedly related to Apple's state of mind as to its alleged infringement. *See* Opp. at 1-5, 12, 15-16. Such evidence cannot inform the Court's determination of the objective prong inquiry and can only be considered "[i]f this threshold objective standard is satisfied." *Seagate*, 497 F.3d at 1371. Thus, the Court must limit its consideration of Emblaze's arguments to the brief section in Emblaze's opposition that actually addresses Apple's objective reasonableness. *See* Opp. at 6-11. As set forth above, Emblaze's few objective prong arguments fail to raise a triable issue of fact as to the objective reasonableness of Apple's claim construction defenses, and summary judgment of no willful infringement is warranted as a result.

### F.     Apple's Motion For Summary Judgment Is Not A Premature Motion *In Limine*.

The Court should reject Emblaze's mischaracterization of Apple's summary judgment motion as a "premature motion *in limine*." Opp. at 14. Apple's motion is procedurally proper and in line with the Federal Circuit's post-*Seagate* directives to district courts, namely to: (1) make determinations concerning the objective prong as a threshold matter before permitting the jury to consider the subjective prong; and (2) decide the objective prong as a matter of law. *Bard*, 682 F.3d at 1005 ("The court now holds that the threshold objective prong of the willfulness standard enunciated in *Seagate* is a question of law based on underlying mixed questions of law and fact."); *Powell v. Home Depot, U.S.A., Inc.*, 663 F.3d 1221, 1236 (Fed. Cir. 2011) ("Since *Seagate*, [the Federal Circuit] has required patentees to prove the objective prong of the willful infringement inquiry by clear and convincing evidence as a predicate to the jury's consideration of the subjective prong.") (emphasis added). Furthermore, the Federal Circuit has affirmed summary judgment of no willful infringement where the alleged infringer, like Apple, demonstrates "objectively reasonable defenses." *Advanced Fiber Techs.*, 674 F.3d at 1377-78.

Thus, Apple's request that the Court decide on summary judgment whether Emblaze can satisfy the objective prong, particularly in view of Apple's purely legal claim construction-based non-infringement defenses, is entirely appropriate. If the objective prong is not satisfied based upon these

1  purely legal defenses, no willful infringement evidence should go to the jury.  *Bard*, 682 F.3d at 1005;

2  *Powell*, 663 F.3d at 1236 ("Should the court determine that the infringer's reliance on a defense was

3  not objectively reckless, it cannot send the question of willfulness to the jury, since proving the

4  objective prong is a predicate to consideration of the subjective prong.").  Because Emblaze must meet

5  the objective prong as a prerequisite for the jury to decide the subjective prong, and Emblaze cannot

6  do so as a matter of law, granting this summary judgment motion should impact whether the jury hears

7  subjective-prong evidence.  That fact does not convert this motion into an *in limine* motion.

## III.   CONCLUSION

For the above reasons, and those discussed in Apple's opening brief, Apple respectfully requests that the Court grant its motion for summary judgment of no willful infringement.

Dated:  March 27, 2014

DLA PIPER LLP (US)

By: */s/ Mark Fowler*
    Mark Fowler (Bar No. 124235)
    mark.fowler@dlapiper.com
    Robert Buergi (Bar No. 242910)
    robert.buergi@dlapiper.com
    DLA PIPER LLP (US)
    2000 University Avenue
    East Palo Alto, California 94303
    T: 650.833.2000
    F: 650.833.2001

    John Allcock (Bar No. 98895)
    john.allcock@dlapiper.com
    Erin Gibson (Bar No. 229305)
    erin.gibson@dlapiper.com
    Robert Williams (Bar No. 246990)
    robert.williams@dlapiper.com
    DLA PIPER LLP (US)
    401 B Street, Suite 1700
    San Diego, California 92101
    T: 619.699.2862
    F: 619.764.6662

GREENBERG TRAURIG, LLP

Sarah Barrows (SBN 253278)
barrowss@gtlaw.com
William Coats (SBN 94864)
coatsw@gtlaw.com
Stephen Ullmer (SBN 277537)
ullmers@gtlaw.com
GREENBERG TRAURIG, LLP
4 Embarcadero Center, Suite 3000
San Francisco, CA 94111-5983
Telephone: (415) 655-1300
Facsimile: (415) 707-2010

James J. DeCarlo (Admitted *Pro Hac Vice*)
decarloj@gtlaw.com
Michael A. Nicodema (Admitted *Pro Hac Vice*)
nicodemam@gtlaw.com
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue, 34th Floor
New York, New York 10166
Tel.: (212) 801-9200
Fax: (212) 801-6400

*Attorneys for Defendant Apple Inc.*