MARK FOWLER (Bar No. 124235)
mark.fowler@dlapiper.com
ROBERT BUERGI (Bar No. 242910)
robert.buergi@dlapiper.com
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, CA  94303-2214
Tel:   650.833.2000
Fax:  650.833.2001

JOHN ALLCOCK (Bar No. 98895)
john.allcock@dlapiper.com
ERIN GIBSON (Bar No. 229305)
erin.gibson@dlapiper.com
ROBERT C. WILLIAMS (Bar. No. 246990)
robert.williams@dlapiper.com
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA  92101
Tel:   619-699-2700
Fax:  619-699-2701

Attorneys for Defendant
APPLE INC.

SARAH BARROWS (Bar No. 253278)
barrowss@gtlaw.com
WILLIAM SLOAN COATS (Bar No. 94864)
coatsw@gtlaw.com
STEPHEN ULLMER (Bar No. 277537)
ullmers@gtlaw.com
GREENBERG TRAURIG, LLP
4 Embarcadero Center, Suite 3000
San Francisco, CA  94111-5983
Tel.: 415.655.1300
Fax:  415.707.2010

James J. DeCarlo (Admitted *Pro Hac Vice*)
decarloj@gtlaw.com
Michael A. Nicodema (Admitted *Pro Hac Vice*)
nicodemam@gtlaw.com
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue, 34th Floor
New York, New York  10166
Tel:  212.801.9200
Fax:  212.801.6400

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EMBLAZE LTD.,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., a California Corporation,<br><br>Defendant. | CASE NO.  5:11-CV-01079 PSG<br><br>**DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFF EMBLAZE LTD.'S MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS**<br><br>Date:  April 8, 2014<br>Time:  1:30 p.m.<br>Place:  Courtroom 5, 4th Floor<br>Judge:  Hon. Paul S. Grewal |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. THE COURT SHOULD DENY EMBLAZE'S EXTREMELY LATE MOTION TO AMEND BECAUSE EMBLAZE CANNOT ESTABLISH GOOD CAUSE. .......................... 3

    A. The Court Should Not Reconsider Emblaze Arguments That The Court Previously Rejected. ............................................................................................. 3

    B. Emblaze Cannot Establish Diligence In Seeking To Amend Infringement Contentions To Add Products Apple Publicly Released Long Ago. ............................ 4

        1. Courts Reject as Irrelevant a Party's Purported Belief That Its Previous Contentions Were Sufficient in Deciding Diligence. ........................................ 4

        2. Emblaze Cannot Meet Either Prong of the Diligence Test. ............................... 4

    C. Absent Diligence, The Court Need Not Consider Prejudice, Although Apple Would Be Prejudiced By Emblaze's Extremely Late Amendments. ........................... 5

    D. "Judicial Efficiency" Is Not A Factor In Determining Leave To Amend. ................... 7

    E. The Court Should Deny Leave To Amend Because Emblaze's Proposed Amended Infringement Contentions Are Still Deficient. ............................................. 8

III. CONCLUSION .................................................................................................................... 9

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Acer, Inc. v. Tech. Properties Ltd.*,
   No. 5:08-cv-00877, 2010 WL 3618687 (N.D. Cal. Sept. 10, 2010) .......................................... 6

*Berger v. Rossignol Ski Co., Inc.*,
   No. 05-cv-02523 CRB, 2006 WL 1095914 (N.D. Cal. Apr. 25, 2006) .................................... 4

*CBS Interactive, Inc. v. Etilize, Inc.*,
   257 F.R.D. 195 (N.D. Cal. 2009) ............................................................................................. 4

*Creagri, Inc. v. Pinnaclife Inc., LLC*,
   No. 11-cv-06635-LHK-PSG, 2012 WL 5389775 (N.D. Cal. Nov. 2, 2012) ............................ 8

*Dynetix Design Solutions, Inc. v. Synopsys, Inc.*,
   No. 11-cv-5973 PSG, 2013 WL 4537838 (N.D. Cal. Aug. 22, 2013) ...................................... 6

*France Telecom, S.A. v. Marvell Semiconductor, Inc.*,
   No. 12-cv-04967 WHA, 2013 WL 1878912 (N.D. Cal. May 3, 2013) .................................... 8

*Google, Inc. v. Netlist, Inc.*,
   No. 08-cv-4144 SBA, 2010 WL 1838693 (N.D. Cal. May 5, 2010) ........................................ 5

*InterTrust Techs. Corp. v. Microsoft Corp.*,
   No. 4:01-cv-01640-SBA, 2003 WL 23120174 (N.D. Cal. Dec. 1, 2003) ............................. 6, 8

*MEMC Electronic Materials v. Mitsubishi Materials Silicon Corp.*,
   No. 01-cv-4925, 2004 WL 5363616 (N.D. Cal. Mar. 2, 2004) ................................................ 4

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
   467 F.3d 1355 (Fed. Cir. 2006) ............................................................................................ 5, 9

*Positive Techs., Inc. v. Sony Elecs., Inc.*,
   No. 11-cv-2226 SI, 2013 WL 322556 (N.D. Cal. Jan. 28, 2013) .................................... 1, 4, 5

*Verinata Health, Inc. v. Sequenom, Inc.*,
   No. 12-cv-00865 SI, 2014 WL 789197 (N.D. Cal. Feb. 26, 2014) ....................................... 5, 6

*West v. Jewelry Innovations, Inc.*,
   No. 07-cv-71812, 2008 WL 4532558 (N.D. Cal. Oct. 8, 2008) ............................................... 4

**Statutes**

35 U.S.C. § 271 ................................................................................................................................ 9

**TABLE OF AUTHORITIES**
(continued)

**Page**

**Other Authorities**

Fed. R. Civ. P. 26 ................................................................................................................. 6

Patent L.R. 3-1 ................................................................................................................. 6, 8

Patent L.R. 3-6 ................................................................................................................. 4, 6

Defendant Apple Inc. ("Apple") respectfully submits this opposition to Plaintiff Emblaze Ltd.'s ("Emblaze") Motion for Leave to Amend Infringement Contentions (the "Motion").

## I. INTRODUCTION

The Court should reject Emblaze's attempt to inject back into this case the Apple products this Court recently ruled "are out." Emblaze's Motion relies on many of the same arguments this Court considered and rejected as "not good enough" in granting-in-part Apple's motion to strike previously undisclosed theories from Emblaze's expert report. The Court should not reconsider that portion of its order and allow Emblaze to amend its contentions less than three months before trial.

Emblaze lacks good cause to amend now. Emblaze cannot show it was diligent in seeking leave to amend, which is the threshold requirement to show good cause exists to amend. A party seeking leave to amend must meet a two-part test for diligence by showing: (1) "diligence in discovering the basis for amendment"; and (2) "diligence in seeking amendment once the basis for amendment has been discovered." *See, e.g.*, *Positive Techs., Inc. v. Sony Elecs., Inc.*, No. 11-cv-2226 SI, 2013 WL 322556, at *2 (N.D. Cal. Jan. 28, 2013). Emblaze cannot meet either part of this legal test, and does not even attempt to do so. Instead, Emblaze amazingly attempts to rely on the Court's March 14, 2014 Order striking certain Apple products from this case as "the basis for amendment" rather than meaningfully addressing why it did not seek to timely amend its contentions following Apple's very public product releases between March 16, 2012 and November 1, 2013 and its receipt of discovery concerning those products. In doing so, Emblaze attempts to restart the diligence clock, arguing that the Court's March 14, 2014 Order is the starting line from which Emblaze's diligence should be measured, not, as should be the case, Emblaze's actual discovery of Apple's new products.

The Court's Order, and Emblaze's feigned ignorance of the requirements of the patent local rule requirements until that Order issued, cannot be a basis to restart the diligence clock. By law, that clock starts when new evidence is revealed in discovery. Finding Emblaze's proposed amendments "diligent" would render the diligence requirement meaningless and create dangerous precedent permitting "re-do" amendments after a Court strikes new products and infringement theories from expert reports.

/////

Emblaze's arguments fail the proper legal test for diligence. First, Emblaze does not even attempt to show that it acted diligently in discovering the basis for amendment, *i.e.*, Apple's release of new products between March 16, 2012 and November 1, 2013. Second, Emblaze does not attempt to show that it diligently sought to amend after discovering Apple released those products. Because Emblaze cannot show diligence, which is a threshold showing required for good cause to amend, the Court should not consider the extent to which the proposed amendments prejudice Apple.

Nevertheless, prejudice to Apple also weighs against granting Emblaze's motion. While Apple's experts addressed the stricken products in their expert reports, they did so only because they <u>had</u> to address them while Apple's motion to strike the belatedly-identified products from Emblaze's expert reports was pending in order to ensure Apple's right to rebut Emblaze's expert arguments at trial should the motion to strike be denied. Indeed, it is an odd argument for Emblaze to make that it should be permitted to reintroduce material into expert reports that was correctly stricken from the reports on the ground that Apple responded to the stricken material. Moreover, Apple released four of the stricken products (the iPhone 5S, iPhone 5C, iPad Air and iPad Mini with Retina display) in September and November 2013, after fact discovery closed for most purposes in August 2013. Emblaze's damages expert did not address these products in her expert report served in November 2013. Now, in its motion, Emblaze reserves the right to seek additional financial discovery as to these products. Emblaze undoubtedly will want its expert to opine in an expert report and at trial regarding how sales of these products purportedly increase Emblaze's damages demand. Therefore, despite stating otherwise in its motion, Emblaze is asking the Court to reopen fact and expert discovery less than three months before trial, prejudicing Apple's ability to prepare for trial.

The Court also should reject Emblaze's Motion because Emblaze's proposed second amended infringement contentions <u>still</u> do not comply with the patent local rules. To this day, Apple does not know, for each claim, exactly who Emblaze will tell the jury is the direct infringer, what combination of parties Emblaze will tell the jury is the direct infringer, or what specific Apple activities Emblaze will claim induce infringement. The patent local rules preclude such ambiguity and surprise. The

/////

/////

Court should not permit Emblaze to serve Apple with plainly deficient second amended infringement contentions less than three months before trial.

For all of these reasons, the Court should deny Emblaze's extremely late motion to amend.

## II. THE COURT SHOULD DENY EMBLAZE'S EXTREMELY LATE MOTION TO AMEND BECAUSE EMBLAZE CANNOT ESTABLISH GOOD CAUSE.

### A. The Court Should Not Reconsider Emblaze Arguments That The Court Previously Rejected.

Emblaze's Motion seeks leave to inject back into this case nine Apple products this Court recently ruled "are out." D.E. 394 (March 14 Order) at 5. Emblaze's Motion relies heavily on at least three arguments the Court already rejected. The Court correctly ruled that Emblaze's "language in the infringement contentions purportedly reserving subsequent generation devices for later inclusion in this case" was "not good enough." *Id*. However, Emblaze now argues all over again that: (1) Emblaze's infringement contentions had "identified the accused Apple devices by identifying their operating systems and later versions thereof"; (2) "Emblaze identified all of the accused devices known to it at the time"; and (3) "Apple chose to identify the accused Apple devices at issue by reference to their operating systems rather than device names, and specifically included in its identification 'and all [operating system] versions thereafter.'" Emblaze Mot. at 5.[1] Emblaze made these same legally unsupported arguments in opposition to Apple's motion to strike. Emblaze Opp. to Mot. to Strike at 19-20.[2] The Court rejected them. D.E. 394 at 5. Emblaze offers no additional information that would justify different treatment of these arguments a second time.

For example, Emblaze previously cited Apple's interrogatory response as the reason its prior infringement contentions were sufficient. Emblaze Opp. to Mot. to Strike at 20. Emblaze now cites the same interrogatory response as purported proof of "good cause" to allow Emblaze leave to amend. Emblaze Mot. at 5. This argument has not improved with the passage of time. In this regard, Apple's interrogatory response demonstrates that, as of October 2011, Apple put Emblaze on notice that products with certain operating systems *and all versions thereafter* might include accused

---

[1] Citations to "Emblaze Mot." refer to Emblaze's Motion for Leave to Amend Infringement Contentions, D.E. 401.

[2] Citations to "Emblaze Opp. to Mot. to Strike" refer to Emblaze's Opposition to Defendant Apple's Motion to Strike Infringement Theories from Emblaze's Infringement Expert Report, D.E. 310.

functionality. Emblaze Mot., Ex. D (Apple's Response to Interrogatory No. 2). The fact that Emblaze was put on notice that subsequently released products might be of interest to Emblaze, and yet Emblaze then sat on its hands when the products were released and discovery was produced about them, proves that Emblaze was not diligent in seeking leave to amend its contentions to add the later released products once they were announced and released. The Court should therefore reject this and Emblaze's other re-packaged excuses, as they no more support a motion to reintroduce the stricken products than they supported Emblaze's argument that they should not be stricken in the first place.

> **B.     Emblaze Cannot Establish Diligence In Seeking To Amend Infringement Contentions To Add Products Apple Publicly Released Long Ago.**
>
> **1.     Courts Reject as Irrelevant a Party's Purported Belief That Its Previous Contentions Were Sufficient in Deciding Diligence.**

Emblaze does not come close to demonstrating diligence in seeking leave to amend, which is the threshold inquiry required to show good cause. Emblaze argues that it thought its prior infringement contentions were sufficient, and that the Court's March 14, 2014 Order was "different than Emblaze anticipated," and that this somehow restarts the diligence clock. Emblaze Mot. at 6. However, by law, whether Emblaze previously thought it was required to amend is irrelevant to the diligence inquiry. *See West v. Jewelry Innovations, Inc.*, No. 07-cv-71812, 2008 WL 4532558, at *4 (N.D. Cal. Oct. 8, 2008) ("[I]nadvertence is hardly the same as diligence. As this District has explained, 'carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief'"); *see also MEMC Electronic Materials v. Mitsubishi Materials Silicon Corp.*, No. 01-cv-4925, 2004 WL 5363616, at *5 (N.D. Cal. Mar. 2, 2004); *Berger v. Rossignol Ski Co., Inc.*, No. 05-cv-02523 CRB, 2006 WL 1095914, at *5 (N.D. Cal. Apr. 25, 2006). Thus, even if the Court were to accept Emblaze's specious argument that it did not know, before receiving the Court's March 14 Order, that it needed to seek leave to amend its infringement contentions to add later released Apple products to this case, Emblaze still cannot show diligence.

> **2.     Emblaze Cannot Meet Either Prong of the Diligence Test.**

Emblaze cannot meet the two-prong legal test to show diligence, as is required to make a "timely showing of good cause" under Patent Local Rule 3-6. First, Emblaze must show "diligence in discovering the basis for amendment." *Positive Techs., Inc.*, 2013 WL 322556, at *2; *see also CBS*

1  *Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D. 195, 201 (N.D. Cal. 2009) ("The party seeking to amend
2  its contentions bears the burden of establishing diligence."). Second, Emblaze must show "diligence
3  in seeking amendment once the basis for amendment has been discovered." *Positive Techs., Inc.*,
4  2013 WL 322556, at *2. To establish "diligence in discovering the basis for amendment," the
5  "critical issue is not *when* [Emblaze] discovered this information, but rather, whether [Emblaze]
6  *could have* discovered it earlier had it acted with the requisite diligence." *Google, Inc. v. Netlist, Inc.*,
7  No. 08-cv-4144 SBA, 2010 WL 1838693, at *2 (N.D. Cal. May 5, 2010) (emphasis in original). As
8  to the "diligence in seeking amendment," Emblaze must show that it "acted with diligence in
9  promptly moving to amend <u>when new evidence is revealed in discovery</u>." *O2 Micro Int'l Ltd. v.*
10 *Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006) (emphasis added); *see Verinata*
11 *Health, Inc. v. Sequenom, Inc.*, No. 12-cv-00865 SI, 2014 WL 789197, at *1 (N.D. Cal. Feb. 26,
12 2014) (denying leave to amend contentions where the moving party "was not diligent in seeking
13 amendment once that basis for amendment was discovered").

14       Here, Emblaze has not and cannot make any showing of diligence. There is no dispute that
15 Emblaze learned about Apple's release of new products on or about the date they were released.
16 Emblaze does not argue otherwise in its Motion. In addition, as established above, Apple put
17 Emblaze on notice in 2011 that Apple products with newer versions of certain operating systems
18 might include functionality that Emblaze previously had accused of infringement in prior Apple
19 products. Emblaze Mot., Ex. D (Apple's Response to Interrogatory No. 2). Thus, Emblaze learned
20 of "the basis for amendment," i.e., Apple's release of the later products with the functionality in
21 question, at or around the date that each product was released between March 16, 2012 and
22 November 1, 2013. Yet, at no time during this 18-month period did Emblaze seek leave to amend its
23 contentions. Instead, Emblaze did nothing, which cannot constitute the required diligence.

24       **C.**    **Absent Diligence, The Court Need Not Consider Prejudice, Although Apple Would Be Prejudiced By Emblaze's Extremely Late Amendments.**
25

26       Because Emblaze failed to make a threshold showing of diligence in seeking leave to amend,
27 the good cause inquiry should end and the Court need not consider Emblaze's arguments regarding
28 prejudice to Apple. *See O2 Micro Int'l Ltd.*, 467 F.3d at 1368 ("Having concluded that the district

court could properly conclude that O2 Micro did not act diligently in moving to amend its infringement contentions, we see no need to consider the question of prejudice to MPS."); *Acer, Inc. v. Tech. Properties Ltd.*, No. 5:08-cv-00877, 2010 WL 3618687, at *5 (N.D. Cal. Sept. 10, 2010) ("Because TPL has not demonstrated diligence, 'the inquiry should end.'"); *Verinata Health, Inc.*, 2014 WL 789197, at *2. Having shown no diligence, Emblaze is wrong that Apple must demonstrate "'undue prejudice' as specified in Patent Local Rule 3-6." Emblaze Mot. at 7. Apple need not make any such showing.

Regardless, if the Court decides to consider the prejudice to Apple, this factor weighs strongly against granting Emblaze's Motion. Emblaze's suggestion that "Apple has always been aware that the [later-generation products] are accused of infringement" relies on the same arguments and the same misunderstanding of the patent local rules that this Court already rejected. *See* Emblaze Mot. at 6-7; D.E. 394 at 5. Moreover, Apple was entitled under Patent Local Rule 3-1 to rely upon Emblaze's infringement contentions as providing notice as to the scope of this case. *See Dynetix Design Solutions, Inc. v. Synopsys, Inc.*, No. 11-cv-5973 PSG, 2013 WL 4537838, at *1 (N.D. Cal. Aug. 22, 2013) ("if our local rules are to have any teeth, [infringement theories] must be adequately disclosed and supplemented along the way, should new evidence arise in discovery."); *see also InterTrust Techs. Corp. v. Microsoft Corp.*, No. 4:01-cv-01640-SBA, 2003 WL 23120174, at *1 (N.D. Cal. Dec. 1, 2003) (requiring "parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed"). The Court specifically found that Emblaze's generic "language in the infringement contentions purportedly reserving subsequent generation devices for later inclusion in this case" was "not good enough." D.E. 394 at 5. The later-generation Apple products did not appear in any version of Emblaze's prior infringement contentions, or in any other contentions, when Emblaze first attempted to inject them into the case as accused products.

As Emblaze notes, Apple's experts did address the later-generation products in their expert reports. However, under Federal Rule of Civil Procedure 26(a)(2), Apple's experts had to address these products in their rebuttal expert reports to preserve their ability to testify about these products at trial, if the Court ruled against Apple's then-pending motion to strike. It is manifestly unfair for

1  Emblaze to argue now that prejudice to Apple is mitigated just because Apple's experts had to rebut
2  arguments that were untimely made for the first time in Emblaze's expert reports.
3       Moreover, Apple will be prejudiced by Emblaze's failure to timely accuse the later-generation
4  products.  Apple released four of the stricken products after fact discovery closed for most purposes
5  in August 2013, including releasing the iPhone 5S and iPhone 5C on September 20, 2013, and
6  releasing the iPad Air and iPad Mini with Retina display on November 1, 2013.  D.E. 203 (ordering
7  fact discovery cutoff of August 30, 2013); *see* D.E. 248 (allowing discovery to proceed until October
8  15, 2013 on unrelated issues); D.E. 275 (granting motion for protective order that prevented extended
9  fact discovery as to additional issues).  Contrary to Emblaze's assertion in its motion that no new
10 expert discovery will be needed to address the stricken products (Mot. at 7), Emblaze's damages
11 expert Katherine Lawton did not address damages for sales of these stricken products in her expert
12 report.  Thus, Emblaze states in a footnote to its motion: "Emblaze reserves its right to seek the
13 supplementation of Apple's sales information for sales not covered by Ms. Lawton's November 20,
14 2013 damages report."  Mot. at 7, n.7.  After receiving this new information, Emblaze undoubtedly
15 will want its expert to opine regarding how sales of the iPhone 5S, iPhone 5C, iPad Air and iPad
16 Mini with Retina display purportedly increase Emblaze's damages demand.  Ms. Lawton must serve
17 a supplemental expert report with her updated damages calculation before offering those opinions at
18 trial.  Therefore, despite stating otherwise, Emblaze is asking the Court to reopen both fact and expert
19 discovery and to allow supplemental damages expert reports containing opinions as to how iPhone
20 5S, iPhone 5C, iPad Air and iPad Mini with Retina Display sales impact damages.
21      Reopening fact and expert discovery now, less than three months from trial, will prejudice
22 Apple and hinder Apple's ability to prepare to defend itself at trial.  This prejudice could have been
23 avoided had Emblaze timely moved for leave to amend.  The Court should deny Emblaze's belated
24 motion to amend as a result.
25      **D.    "Judicial Efficiency" Is Not A Factor In Determining Leave To Amend.**
26      Emblaze's final argument is that "judicial economy weighs in favor of granting Emblaze's
27 motion."  Emblaze Mot. at 8.  However, this is not a factor in determining whether good cause
28 /////

supports granting leave to amend, and it is thus unsurprising that Emblaze cites no authority in support of this argument.

### E. The Court Should Deny Leave To Amend Because Emblaze's Proposed Amended Infringement Contentions Are Still Deficient.

The Court also should reject Emblaze's motion to amend because Emblaze's proposed second amended infringement contentions still do not comply with the patent local rules, and the Court should not allow Emblaze to redo them again now. Emblaze's proposed contentions continue to suffer from all of the deficiencies that Apple and the Court identified in moving for and ruling upon Apple's motion to strike. Emblaze's proposed contentions still fail to identify the direct infringers that form the basis of Emblaze's indirect infringement claims, and do not identify any acts by Apple that would have induced such direct infringement. *See* D.E. 304, Apple's Motion to Strike Infringement Theories from Emblaze's Infringement Expert Report; *see also* D.E. 313, Apple's Reply in Support of Motion to Strike Infringement Theories from Emblaze's Infringement Expert Report. Emblaze made no effort to remedy these deficiencies, despite the Court's Order acknowledging them. *See* D.E. 394 at 5 ("Ideally, Emblaze should have sought leave to update its contentions, yet again.").

Although the Court found that Apple was on notice of Emblaze's indirect infringement theories through documents other than Emblaze's operative infringement contentions (D.E. 394 at 5), Emblaze should not be permitted to serve Apple with another set of plainly deficient amended infringement contentions now. Apple is entitled under the patent local rules to know, for each claim, exactly who Emblaze will tell the jury is the direct infringer, what combination of parties Emblaze will tell the jury is the direct infringer, and what specific Apple activities Emblaze will claim induce infringement. Patent L.R. 3-1(d); *France Telecom, S.A. v. Marvell Semiconductor, Inc.*, No. 12-cv-04967 WHA, 2013 WL 1878912, at *5 (N.D. Cal. May 3, 2013) ("Boilerplate language of indirect infringement will not satisfy Patent Local Rule 3-1(d)."); *Creagri, Inc. v. Pinnaclife Inc., LLC*, No. 11-cv-06635-LHK-PSG, 2012 WL 5389775, at *5 (N.D. Cal. Nov. 2, 2012) (finding indirect infringement contentions that stated defendant advised third parties to use the products in an infringing manner, but failed to identify which advertisements led to infringing behavior, was

insufficient "boilerplate" language); *see InterTrust Techs. Corp.*, 2003 WL 23120174, at *3 ("The purpose of Patent Local Rule 3-1, however, is in fact to be 'nit picky.'").  Emblaze has not done this yet, even in its proposed amended contentions, and even though it was told by the Court that its prior contentions were lacking.[3]

In sum, the deficiencies in Emblaze's proposed second amended infringement contentions provide yet another basis for the Court to deny Emblaze's motion to amend less than three months before trial.

### III.   CONCLUSION

For the above reasons, Apple respectfully requests that the Court deny Emblaze's extremely late motion for leave to amend infringement contentions.

Dated:  April 2, 2014                                    DLA PIPER LLP (US)

By: */s/ Mark Fowler*
  Mark Fowler (Bar No. 124235)
  mark.fowler@dlapiper.com
  Robert Buergi (Bar No. 242910)
  robert.buergi@dlapiper.com
  DLA PIPER LLP (US)
  2000 University Avenue
  East Palo Alto, California 94303
  T: 650.833.2000
  F: 650.833.2001

  John Allcock (Bar No. 98895)
  john.allcock@dlapiper.com
  Erin Gibson (Bar No. 229305)
  erin.gibson@dlapiper.com
  Robert Williams (Bar No. 246990)
  robert.williams@dlapiper.com

---

[3]  Indeed, Apple learned for the first time at a Court hearing, held after discovery closed, that Emblaze would accuse end users as the direct infringers under 35 U.S.C. § 271(b).  D.E. 339, Feb. 11, 2014 Hr'g on Mot. to Stay at 17:15-18:17.  Emblaze's expert, in his expert report and deposition, has remained noncommittal as to the universe of third parties he may opine directly infringe. *See* D.E. 390-7 (Excerpts of Expert Report of Infringement (Vijay Madisetti)) at ¶ 223 ("Apple encourages third parties to practice all of the limitations…"); D.E. 317-3 (Excerpts of Depo. Tr. of Vijay Madisetti (Vol. II)) at 279:17 - 280:1 ("I can offer the opinion that Apple encourages third parties, such as MLB, Akamai, and Verizon, to practice all the limitations…").  Emblaze's contentions thwart the very purpose of the patent local rules. *See O2 Micro Int'l Ltd.*, 467 F.3d at 1365 ("[D]iscovery is designed to allow the defendant to pin down the plaintiff's theories of liability and to allow the plaintiff to pin down the defendant's theories of defense, thus confining discovery and trial preparation to information that is pertinent to the theories of the case.").

DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, California 92101
T: 619.699.2862
F: 619.764.6662

GREENBERG TRAURIG, LLP

Sarah Barrows (SBN 253278)
barrowss@gtlaw.com
William Coats (SBN 94864)
coatsw@gtlaw.com
Stephen Ullmer (SBN 277537)
ullmers@gtlaw.com
GREENBERG TRAURIG, LLP
4 Embarcadero Center, Suite 3000
San Francisco, CA 94111-5983
Telephone: (415) 655-1300
Facsimile: (415) 707-2010

James J. DeCarlo (Admitted *Pro Hac Vice*)
decarloj@gtlaw.com
Michael A. Nicodema (Admitted *Pro Hac Vice*)
nicodemam@gtlaw.com
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue, 34th Floor
New York, New York 10166
Tel.: (212) 801-9200
Fax: (212) 801-6400

*Attorneys for Defendant Apple Inc.*

---

APPLE'S OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS

- 10 -

CASE NO. 5:11-CV-01079 PSG