REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

NATHAN DOOLEY (CA State Bar No. 224331)
COZEN O'CONNOR
601 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 892-7900
Toll Free Phone: (800) 563-1027
Facsimile: (213) 892-7999
Email: ndooley@cozen.com

MARTIN B. PAVANE *(admitted pro hac vice)*
LISA A. FERRARI *(admitted pro hac vice)*
ANDREW NEMIROFF *(admitted pro hac vice)*
MARILYN NEIMAN *(admitted pro hac vice)*
COZEN O'CONNOR
277 Park Avenue
New York, New York 10172
Telephone: (212) 883-4900
Facsimile: (212) 986-0604
Email: mpavane@cozen.com
lferrari@cozen.com
anemiroff@cozen.com
mneiman@cozen.com

*Attorneys for Plaintiff Emblaze Ltd.*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

EMBLAZE LTD.,

Plaintiff,

v.

APPLE INC., a California Corporation,

Defendant.

CASE NO. 5:11-cv-01079-PSG

**PLAINTIFF EMBLAZE'S NOTICE OF MOTION AND MOTION TO EXCLUDE APPLE'S DAMAGES EXPERT FROM TESTIFYING AT TRIAL [PUBLIC VERSION]**

**DATE: June 17, 2014**
**TIME: 10:00 a.m.**
**[Stipulated Request to Shorten Time Approved at D.E. 426]**

Before: Hon. Paul S. Grewal

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ....................................................................................... 1

II. BACKGROUND ....................................................................................... 2

III. ARGUMENT ....................................................................................... 8

A. Applicable Legal Standards ....................................................................................... 8

1. Exclusion of Evidence Based on Fed.R.Evid. 702, 703 and *Daubert* ....................... 8

2. The Importance of the Hypothetical Negotiation Date to a Reasonable Royalty Calculation ....................................................................................... 8

3. Exclusion Based on NonDisclosure ....................................................................................... 10

B. Malackowski's Opinion On The Date Of The Hypothetical Negotiation Is Unsupported And Unreliable ....................................................................................... 10

1. Malackowski Failed to Support His Chosen Date or "Sketch" the Circumstances Existing at the Time of the Alleged Hypothetical Negotiation ....................................................................................... 10

2. Malackowski Offers No Evidence from Which to Conclude That The Alleged "First Test" of Live Streaming Was an Infringement of the '473 Patent ....................................................................................... 13

C. Malackowski Should be Precluded from Testifying to Any Information Received from Witnesses Not Disclosed by Apple During Discovery ......................................... 14

IV. CONCLUSION ....................................................................................... 15

PLAINTIFF EMBLAZE'S NOTICE OF MOTION AND MOTION TO EXCLUDE APPLE'S DAMAGES EXPERT FROM TESTIFYING AT TRIAL

i

*Emblaze Ltd. v. Apple, Inc.*, Case No. 5:11-CV-01079-PSG

LEGAL\19012004\2

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Cassidian Communications, Inc. v. Microdata GIS, Inc.*,
Case No. 2:12-cv-00162-JRG, slip op. ........ 9

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
509 U.S. 579 (1993) ........ 1, 8, 9

*Dynetix Design Solutions, Inc. v. Synopsis, Inc.*,
Case No. C11-05973 PSG, 2013 WL 4537838 (N.D. Cal. Aug. 22, 2013) ........ 9

*Dynetix Design Solutions, Inc. v. Synopsys, Inc.*,
Case No. C 11-05973 PSG, 2013 WL 4538210 (N.D. Cal. Aug. 22, 2013) ........ 1, 2, 12

*Golden Bridge Tech. v. Apple Inc.*,
Case No. 5:12-cv-04882-PSG, slip op. (N.D. Cal. May 18, 2014) ........ 14

*Grain Processing Corp. v. American Maize-Products Co.*,
185 F.3d 1341 (Fed. Cir. 1999) ........ 12

*HTC Corp. v. Technology Properties Ltd.*,
Case No. 5:08-cv-00882-PSG, 2013 WL 4787509 (N.D. Cal. Sept. 6, 2013) ........ 1, 12

*Integra Lifesciences I, Ltd. v. Merck KGaA*,
331 F.3d 860 (Fed. Cir. 2003) ........ *passim*

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
694 F.3d 51 (Fed. Cir. 2012) ........ 9

*Lucent Techs., Inc. v. Gateway, Inc.*,
580 F.3d 1301 (Fed. Cir. 2009) ........ 13

*Minks v. Polaris Indus., Inc.*,
546 F.3d 1364 (Fed. Cir. 2008) ........ 8

*Oracle America, Inc. v. Google Inc.*,
798 F. Supp.2d 1111 (N.D. Cal. 2011) ........ 9

*Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*,
575 F.2d 1152 (6th Cir. 1978) ........ 9

*Sundance, Inc. v. DeMonte Fabricating Ltd.*,
550 F.3d 1356 (Fed. Cir. 2008) ........ 8

PLAINTIFF EMBLAZE'S NOTICE OF MOTION AND MOTION TO EXCLUDE APPLE'S DAMAGES EXPERT FROM TESTIFYING AT TRIAL

ii

*Emblaze Ltd. v. Apple, Inc.*, Case No. 5:11-CV-01079-PSG

LEGAL\19012004\2

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

*Uniloc Luxembourg, S.A. v. e ClinicalWorks, LLC*, Case No. CV13-3244-MWF, 2013 WL 6925804 (C.D. Cal. Aug. 29, 2013 ....13

*Unisplay, S.A. v. American Electronic Sign Co., Inc.*, 69 F.3d 512 (Fed. Cir. 1995)....10, 13

**Federal Rules**

Fed.R.Civ.P. 26(a)(1)(A)(i) ....10

Fed.R.Civ.P. 37(b)(2)(A) ....10

Fed.R.Civ.P. 37(c)(1)....10, 14

Fed. R. Evid. 702 ....8

Fed. R. Evid. 703 ....8, 15

**Other Authorities**

Wright & Miller, Federal Practice and Procedure § 2001 ....10

PLAINTIFF EMBLAZE'S NOTICE OF MOTION AND MOTION TO EXCLUDE APPLE'S DAMAGES EXPERT FROM TESTIFYING AT TRIAL

iii

*Emblaze Ltd. v. Apple, Inc.*, Case No. 5:11-CV-01079-PSG

LEGAL\19012004\2

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

## NOTICE OF MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on June 17, 2014, at 10:00 a.m., or as soon thereafter as counsel may be heard, Plaintiff Emblaze Ltd. ("Emblaze") will, and hereby does, respectfully move this Court to exclude Defendant Apple Inc.'s ("Apple") damages expert, James Malackowski, from testifying at trial.[1] Emblaze's motion is based on the following Memorandum of Points and Authorities, the supporting Declaration of Lisa A. Ferrari ("Ferrari Dec.") and accompanying exhibits[2], the orders, papers and records on file in this action, and such additional argument or evidence as the Court may consider.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Although this Court has observed that motions to exclude the testimony of damages experts "have become a routine affair in patent litigation", *HTC Corp. v. Technology Properties Ltd.*, Case No. 5:08-cv-00882-PSG, 2013 WL 4787509, *1 (N.D. Cal. Sept. 6, 2013) (Grewal, M.J.), it has also noted that "every once in a great while, a *Daubert* challenge to a patent damages expert is justified." *Dynetix Design Solutions, Inc. v. Synopsys, Inc.*, Case No. C 11-05973 PSG, 2013 WL 4538210, *1 (N.D. Cal. Aug. 22, 2013) (Grewal, M.J.). As in *Dynetix*, this case "presents . . . [such] an instance." *Id.*

Apple's damages expert James Malackowski, who recently had portions of his damages opinion excluded by a *Daubert* motion in this Court, chose a hypothetical negotiation date that is unsupported, unexplained, and contradicted by other evidence in the case. The only explanation is that the date was chosen as a matter of litigation strategy, rather than after proper analysis. Rather than fulfilling his role as an independent expert, Malackowski took a partisan approach, and utilized a hypothetical negotiation date aligned with Apple's case, not the facts. Malackowski also relied for his opinions on discussions with two Apple employees, whose identities were never disclosed to Emblaze.

[1] The Court approved the parties' Stipulation setting the hearing on this motion to June 17, 2014, the date of the Pretrial Conference [D.E. 426].

[2] All Exhibits referenced herein are attached to the Ferrari Dec.

PLAINTIFF EMBLAZE'S NOTICE OF MOTION AND MOTION TO EXCLUDE APPLE'S DAMAGES EXPERT FROM TESTIFYING AT TRIAL
1
*Emblaze Ltd. v. Apple, Inc.,* Case No. 5:11-CV-01079-PSG
LEGAL\19012004\2

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

Because Malackowski's report is not based on sufficient facts or data, is not the product of reliable principles and methods, and is not the result of the application of the principles and methods to the facts of the case, those opinions must be excluded. Any opinions or testimony based upon the two previously undisclosed witnesses must also be prohibited.

## II. BACKGROUND

On December 20, 2013, James E. Malackowski issued a report titled "Expert Rebuttal Report Of James E. Malackowski." Exhibit A. Malackowski is a professional expert witness, having testified at trial or deposition more than 100 times. *Id.*, Ex. 1. Malackowski's report was served in response to the expert report issued by Catharine M. Lawton, Emblaze's damages expert, on November 9, 2013.

### 1. Malackowski's Opinion on The Hypothetical Negotiation Date

Despite Malackowski's experience as a professional damages witness, Malackowski's 117-page report contains a mere three sentences on the hypothetical negotiation date. In a section titled "Date of Hypothetical Negotiation", Malackowski states:

> [redacted]

Exhibit A at 89.

In support of these three sentences, Malackowski cites [redacted]

[3] Malackowki's footnote 826 incorrectly identifies this document as APPLE0576697. The error is repeated at footnote 403.

PLAINTIFF EMBLAZE'S NOTICE OF MOTION AND MOTION TO EXCLUDE APPLE'S DAMAGES EXPERT FROM TESTIFYING AT TRIAL
LEGAL\19012004\2
2
*Emblaze Ltd. v. Apple, Inc.*, Case No. 5:11-CV-01079-PSG



REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

PLAINTIFF EMBLAZE'S NOTICE OF MOTION AND MOTION TO EXCLUDE APPLE'S DAMAGES EXPERT FROM TESTIFYING AT TRIAL
LEGAL\19012004\2

3

*Emblaze Ltd. v. Apple, Inc.*,
Case No. 5:11-CV-01079-PSG

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

[4] Two days *after* Pantos' deposition and without withdrawing that testimony, Apple sought to also designate Biderman on Emblaze's Topic No. 12, over Emblaze's objection. Ferrari Dec. ¶ 2.

PLAINTIFF EMBLAZE'S NOTICE OF MOTION AND MOTION TO EXCLUDE APPLE'S DAMAGES EXPERT FROM TESTIFYING AT TRIAL
4
*Emblaze Ltd. v. Apple, Inc.*, Case No. 5:11-CV-01079-PSG
LEGAL\19012004\2

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted]

[redacted] [redacted]

[redacted]

[redacted] *See* Exhibit A at 4. His report offers no opinion that the alleged internal test constituted an infringement of at least one claim of Emblaze's patent. [redacted]

In addition, Malackowski did not sketch the circumstances occurring at the time of the hypothetical negotiation.

According to Emblaze's damages expert, Lawton, the date of first infringement is not earlier than July 30, 2008. Exhibit K (Lawton Expert Report) at 484. Unlike Malackowksi, Lawton sketches the circumstances existing at the time of the hypothetical negotiation in extensive detail. She discusses the history of live streaming, focusing on three critical events. *Id.* at 163-66, 170-75, 178-90.

*First*, Samsung unveiled the Instinct phone in April 2008, and began sales to customers that June. *Id.* at 170, 172. The Instinct offered live streaming, unlike Apple's iPhone 3G, and was quickly dubbed "the clear winner" over the iPhone by the industry press. *Id.* at 170. Samsung promoted the phone as an "iPhone Killer", highlighting the Instinct's Live TV feature among others. *Id.* at 174.

*Second*, Microsoft had tremendous success with live streaming the 2008 Summer Olympics in partnership with NBC, using Microsoft's Silverlight. *Id.* at 165-66. This "huge success" for Microsoft capped a number of high-profile design wins for Silverlight, including the use of Silverlight in mlb.com and nba.com and at the Democratic National Convention. *Id.*

*Third*, Apple's desire to "kill" the Adobe Flash video platform, the number one format for video on the internet as of March 2008, increasingly dominated Apple's business strategy beginning in mid-2008. *Id.* at 163, 179-87. Lawton describes the "vendetta" between Apple and Adobe, set forth in articles such as "The real reason why Steve Jobs hates Flash", and culminating in Jobs'

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

"Thoughts on Flash", an "epic missive" in which Jobs explained why Apple did not, and would not ever, integrate Flash into its mobile and tablet devices. *Id.* at 180, 182. Lawton explained how Adobe's offering of a multimedia platform that would allow applications developers to bypass the iTunes Store was too great a threat to Apple, which was seeking to develop a new ecosystem in which applications developers paying 30% commission rates could only utilize Apple devices for their applications. *Id.* at 180, 182. Apple recognized that it needed to move faster than Adobe in introducing an HTTP-based protocol on its devices, because if Adobe beat it to market, the pressure to allow Flash on Apple's devices would increase exponentially. *Id.* at 186.

2. <u>Malackowski's Reliance on Discussions with Previously Undisclosed Apple Employees</u>

These Apple employees were never identified in Apple's Initial Disclosures, Supplemental Initial Disclosures, or Second Supplemental Initial Disclosures, nor were their identities ever otherwise made known to Emblaze.

PLAINTIFF EMBLAZE'S NOTICE OF MOTION AND MOTION TO EXCLUDE APPLE'S DAMAGES EXPERT FROM TESTIFYING AT TRIAL
LEGAL\19012004\2

7

*Emblaze Ltd. v. Apple, Inc.*,
Case No. 5:11-CV-01079-PSG

## III. ARGUMENT

### A. Applicable Legal Standards

#### 1. Exclusion of Evidence Based on Fed.R.Evid. 702, 703 and *Daubert*

The admission of expert testimony is governed by the Federal Rules of Evidence, along with *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and its progeny. In accordance with the *Daubert* line of cases, district courts "are charged with a 'gatekeeping role,' the objective of which is to ensure that expert testimony admitted into evidence is both reliable and relevant." *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1360 (Fed. Cir. 2008).

Under Federal Rule of Evidence 702, only an expert witness qualified "by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise." To be admissible, an expert opinion must "help the trier of fact to understand the evidence or to determine a fact in issue"; be "based on sufficient facts or data"; be "the product of reliable principles and methods"; and be the result of the expert "reliably apply[ing] the principles and methods to the facts of the case." *Id.*

Under Federal Rule of Evidence 703, an expert witness may rely upon inadmissible facts or data typically relied upon by experts in the particular field. "But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." *Id.*

#### 2. The Importance of the Hypothetical Negotiation Date to a Reasonable Royalty Calculation

A reasonable royalty is derived by "envision[ing] the terms of a licensing agreement reached as the result of a supposed meeting between the patentee and the infringer at the time infringement began." *Minks v. Polaris Indus., Inc.*, 546 F.3d 1364, 1372 (Fed. Cir. 2008) (internal citation omitted). The reasonable royalty calculation "assesses the relevant market as it would have developed before and absent the infringing activity." *Integra Lifesciences I, Ltd. v. Merck KGaA*,

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

331 F.3d 860, 870 (Fed. Cir. 2003), *vacated on other grounds*, 545 U.S. 193 (2005). The analysis "must be based on 'sound economic and factual predicates.'" *Id.* (internal citation omitted).

The first step in the calculation of a reasonable royalty is to ascertain the date on which the hypothetical negotiation preceding infringement would have occurred. *Id.* As Judge Rader has explained, "[t]he correct determination of this date *is essential for properly assessing damages.*" *Id.* (emphasis supplied); *see Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1158 (6th Cir. 1978) ("The key element in setting a reasonable royalty . . . is the necessity for return to the date when the infringement began"). An incorrect hypothetical negotiation date "will change the risks and expectations of the parties" and lead to an incorrect reasonable royalty calculation. *Integra*, 331 F.3d at 870; *see LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 76 (Fed. Cir. 2012) ("Were we to permit a later notice date to serve as the hypothetical negotiation date, the damages analysis would be skewed because, as a legal construct, we seek to pin down how the prospective infringement might have been avoided via an out-of-court business solution").

An expert report relying upon an incorrect hypothetical negotiation date is subject to exclusion at trial. *E.g., Dynetix Design Solutions, Inc. v. Synopsis, Inc.*, Case No. C11-05973 PSG, 2013 WL 4537838, *6 (N.D. Cal. Aug. 22, 2013) (Grewal, M.J.) (excluding Malackowski's opinion concerning hypothetical negotiation date; holding that Malackowski "may not confuse the jury" by suggesting that hypothetical negotiation took place over many years); *see also Cassidian Communications, Inc. v. Microdata GIS, Inc.*, Case No. 2:12-cv-00162-JRG, slip op. at 2 n.1 (original expert report utilizing incorrect hypothetical negotiation date was "fundamentally flawed" and subject to exclusion under *Daubert*); *Oracle America, Inc. v. Google Inc.*, 798 F. Supp.2d 1111, 1116 (N.D. Cal. 2011) (excluding damages report where "neither Oracle nor its expert has provided support for any negotiation at the unlikely time of the first sale of an Android device").

Likewise, a damages verdict relying upon an erroneous hypothetical negotiation date is subject to reversal on appeal. *See, e.g., LaserDynamics, Inc.*, 694 F.3d at 75-76 (remanding for new trial on damages because experts offered testimony based upon incorrect hypothetical negotiation date, which was "material flaw" in methodology); *Integra*, 331 F.3d at 871-72 (reversing and remanding "for further factual development and the calculation of damages" where hypothetical

PLAINTIFF EMBLAZE'S NOTICE OF MOTION AND MOTION TO EXCLUDE APPLE'S DAMAGES EXPERT FROM TESTIFYING AT TRIAL
9
*Emblaze Ltd. v. Apple, Inc.*, Case No. 5:11-CV-01079-PSG
LEGAL\19012004\2

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

negotiation date not supported by substantial evidence and damages expert failed to "sketch[] an overall picture of a hypothetical negotiation for a license to RGD technology"); *Unisplay, S.A. v. American Electronic Sign Co., Inc.,* 69 F.3d 512, 518 (Fed. Cir. 1995) ("Clearly, Burns was not discussing what royalty rate a hypothetical negotiation would have yielded *at the time the infringement began.* Instead, Burns was testifying to what the parties might arrive at *at the time of the trial*. Such testimony was not directed to the proper reasonable royalty criterion and therefore cannot support the jury's verdict").

3. Exclusion Based on Non-Disclosure

Under Fed.R.Civ.P. 26(a)(1)(A)(i), a party must disclose the name and contact information "of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." The Federal Rules support a "broad scope of examination" that "allow a broad search for facts, the names of witnesses, or any other matters which aid a party in the preparation of presentation of his case." *Id.,* Advisory Committee Notes. The rule is to ensure that "prior to trial every party to a civil action is entitled to the disclosure of all relevant information in the possession of any person, unless the information is privileged." Wright & Miller, Federal Practice and Procedure § 2001.

A party's failure to meet its discovery obligations subjects the party to preclusion from "us[ing] that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). The party may also be subject to sanctions, the severity of which are left to the trial court's discretion. Fed.R.Civ.P. 37(b)(2)(A).

## B. Malackowski's Opinion On The Date Of The Hypothetical Negotiation Is Unsupported And Unreliable

### 1. Malackowski Failed to Support His Chosen Date or "Sketch" the Circumstances Existing at the Time of the Alleged Hypothetical Negotiation

In *Integra,* 331 F.3d at 871, Judge Rader emphasized the importance of "sketching an overall picture of a hypothetical negotiation", *i.e.*, developing the factual record of the circumstances at the

PLAINTIFF EMBLAZE'S NOTICE OF MOTION AND MOTION TO EXCLUDE APPLE'S DAMAGES EXPERT FROM TESTIFYING AT TRIAL
LEGAL\19012004\2
10
*Emblaze Ltd. v. Apple, Inc.,*
Case No. 5:11-CV-01079-PSG

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

time of the hypothetical negotiation and the agreement that the parties would have reached. There, the plaintiff charged the defendant with infringing a pharmaceutical patent from 1994 through 1998. The jury awarded damages to the plaintiff based both on the defendant's "1995 expectations of obtaining FDA approval" related to the patent, and on the consideration paid in other licenses executed by the defendant with a party unrelated to the litigation in 1990. *Id.* at 870. The Federal Circuit remanded the case because the evidence was ambiguous as to whether infringement began in 1994 or 1995. If it began in 1994, the date of the hypothetical negotiation must also have been in 1994, and the defendant would not yet have expected FDA approval. This earlier date would have "change[d] the risks and expectations of the parties." *Id.* Also, the record did "not show that the [1990] licenses occurred under similar scientific or economic circumstances to the hypothetical . . . license" proffered by the plaintiff. *Id.* at 871. This was particularly true if 1994 was the proper hypothetical negotiation date because the parties' ability to assess risk as of the earlier date may have been dramatically different than it was for the parties to the 1990 licenses. Thus, the 1990 licenses were not necessarily probative. *Id.*

As in *Integra*, getting the date right in this case is of critical importance. The years preceding Apple's June 2009 launch of HLS were indisputably fast-paced, with the competitive landscape involving Adobe, Microsoft, Apple and other companies changing at an exponential rate. Emblaze's damages expert, Lawton, provided a detailed sketch of the circumstances existing at the date of first infringement. [REDACTED] But these facts have nothing to do with the industry-shifting circumstances existing in the marketplace vis-à-vis other competitors, and Apple's business strategy in response to these changes.

PLAINTIFF EMBLAZE'S NOTICE OF MOTION AND MOTION TO EXCLUDE APPLE'S DAMAGES EXPERT FROM TESTIFYING AT TRIAL
LEGAL\19012004\2
11
*Emblaze Ltd. v. Apple, Inc.*, Case No. 5:11-CV-01079-PSG

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

There is also no analysis of the "but-for" world, *i.e.*, the market reconstruction that looks to what would have developed in the absence of the infringing product, so as to determine what the patentee would have made if the infringement did not occur. *See Grain Processing Corp. v. American Maize-Products Co.*, 185 F.3d 1341, 1350 (Fed. Cir. 1999). Whereas Lawton discussed two but-for scenarios, one in which Microsoft killed Adobe Flash and one in which Adobe Flash remained dominant, Malackowski failed to engage in the but-for exercise. Doing so would no doubt have assisted him in the required sketching of the hypothetical negotiation.

[redacted]

[redacted] *E.g.*, *Integra*, 331 F.3d at 870 ("a year can make a big difference in economic risks and rewards").

This is not a case in which a vigorous cross-examination can fix the deficiencies concerning the hypothetical negotiation date. *E.g.*, *HTC Corp.*, 2013 WL 4787509, at *2; *Dynetix*, 2013 WL 4538210, at *1 ("a decent cross-examination could deal with most [expert report] problems just fine"). An incorrect negotiation date "change[s] the risks and expectations of the parties" and undermines the entire reasonable royalty calculation. *Integra*, 331 F.3d at 870.

Malackowski's errors in determining the hypothetical negotiation date poison his entire damages opinion, and this opinion regarding a reasonable royalty must therefore be excluded.

PLAINTIFF EMBLAZE'S NOTICE OF MOTION AND MOTION TO EXCLUDE APPLE'S DAMAGES EXPERT FROM TESTIFYING AT TRIAL
12
*Emblaze Ltd. v. Apple, Inc.*, Case No. 5:11-CV-01079-PSG
LEGAL\19012004\2

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

2. Malackowski Offers No Evidence from Which to Conclude That The Alleged "First Test" of Live Streaming Was an Infringement of the '473 Patent

To infringe a claim, all the elements of the claim must be present. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1317 (Fed. Cir. 2009). In addition, under Federal Circuit law, "chronologically dependent steps in a claimed method must be performed sequentially for a finding of infringement." *Uniloc Luxembourg, S.A. v. eClinicalWorks, LLC*, Case No. CV13-3244-MWF, 2013 WL 6925804, *3 (C.D. Cal. Aug. 29, 2013) (citing *E-Pass Techs., Inc. v. 3Com Corp.*, 473 F.3d 1213, 1222 (Fed. Cir. 2007)).

Although testing and demonstrative exhibition can constitute infringing use, *see Uniloc Luxembourg, S.A.*, 2013 WL 6925804, at *4, [REDACTED]

[REDACTED] Biderman also did not file an expert report in this matter, assuming that he would even have been competent to do so.

[REDACTED]

[5] [REDACTED]

[redacted] Malackowski's hypothetical negotiation date has no foundation, and his reasonable royalty opinion must therefore be excluded.

* * *

The Federal Circuit has recognized that questions regarding which facts "are most relevant or reliable to calculating a reasonable royalty" are left to the jury. *Golden Bridge Tech. v. Apple Inc.*, Case No. 5:12-cv-04882-PSG, slip op. at 7 (N.D. Cal. May 18, 2014) (Grewal, M.J.) (quoting *Apple Inc. v. Motorola, Inc.*, Nos. 2012-1548, 2012-1549, 2014 WL 1646435, *19) (Fed. Cir. April 25, 2014)). But a "critical prerequisite to . . . defer[ring] to jury wisdom is that the 'methodology is sound.'" *Golden Bridge Tech.*, slip op. at 7 (quoting *HTC Corp.*, 2013 WL 4787509). Here, [redacted] The Court should therefore exercise its gate-keeping function to restrict the jury from access to that opinion.

### C. <u>Malackowski Should be Precluded from Testifying to Any Information Received from Witnesses Not Disclosed by Apple During Discovery</u>

[redacted]

Apple's failure to disclose these individuals is not substantially justified nor is it harmless. *See* Fed.R.Civ.P. 37(c)(1). Emblaze was deprived of the opportunity to depose these individuals and cross-examine them concerning the information they provided to Malackowski, [redacted]

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

[REDACTED] which would otherwise be inadmissible hearsay – should also be excluded under Fed.R.Evid. 703. As provided in Fed.R.Evid. 703, an expert witness may rely upon inadmissible facts or data "only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." For the reasons discussed, the prejudicial effect of allowing the introduction of this inadmissible hearsay is significant, and not outweighed by the probative value of the information.

Malackowski should be precluded from testifying to any information obtained from these two previously unidentified witnesses or to any opinions based upon such information.

## IV. CONCLUSION

For the reasons stated herein, Emblaze's motion to exclude Apple's damages expert from offering his opinion at trial on reasonable royalty, and providing any testimony or opinions based on information received from witnesses not disclosed by Apple during discovery, should be granted. A Proposed Order is filed herewith.

Respectfully Submitted,

DATED: May 20, 2014

COZEN O'CONNOR

By: /s/ Lisa A. Ferrari
Lisa A. Ferrari *(admitted pro hac vice)*

*Attorneys for Plaintiff Emblaze Ltd.*

PLAINTIFF EMBLAZE'S NOTICE OF MOTION AND MOTION TO EXCLUDE APPLE'S DAMAGES EXPERT FROM TESTIFYING AT TRIAL
15
*Emblaze Ltd. v. Apple, Inc.*, Case No. 5:11-CV-01079-PSG
LEGAL\19012004\2