MARK FOWLER (Bar No. 124235)
mark.fowler@dlapiper.com
ROBERT BUERGI (Bar No. 242910)
robert.buergi@dlapiper.com
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, CA 94303-2214
Tel: 650.833.2000
Fax: 650.833.2001

JOHN ALLCOCK (Bar No. 98895)
john.allcock@dlapiper.com
ERIN GIBSON (Bar No. 229305)
erin.gibson@dlapiper.com
ROBERT C. WILLIAMS (Bar. No. 246990)
robert.williams@dlapiper.com
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101
Tel: 619-699-2700
Fax: 619-699-2701

SARAH BARROWS (Bar No. 253278)
barrowss@gtlaw.com
STEPHEN ULLMER (Bar No. 277537)
ullmers@gtlaw.com
GREENBERG TRAURIG, LLP
4 Embarcadero Center, Suite 3000
San Francisco, CA 94111-5983
Tel.: 415.655.1300
Fax: 415.707.2010

James J. DeCarlo (Admitted *Pro Hac Vice*)
decarloj@gtlaw.com
Michael A. Nicodema (Admitted *Pro Hac Vice*)
nicodemam@gtlaw.com
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue, 34th Floor
New York, New York 10166
Tel: 212.801.9200
Fax: 212.801.6400

Attorneys for Defendant
Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EMBLAZE LTD.,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., a California Corporation,<br><br>Defendant. | CASE NO. 5:11-CV-01079 PSG<br><br>**DECLARATION OF RYAN MORAN IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL (DKT. NO. 431)**<br><br>The Hon. Paul S. Grewal |

1.   I, Ryan Moran, submit this declaration pursuant to Civil Local Rule 79-5(d) in Support of Plaintiff Emblaze Ltd.'s Administrative Motion to File Documents Under Seal (Dkt. No. 431) to establish (1) that exhibits included by Plaintiff Emblaze Ltd. ("Emblaze") in support of its Motion to Exclude Apple's Damages Expert from Testifying at Trial ("Emblaze Motion") contain Defendant Apple Inc.'s ("Apple") proprietary and confidential information that is subject to sealing by this Court; and (2) that the Emblaze Motion contains Apple proprietary and confidential information that is subject to sealing by this Court.

2.   I am in-house IP Litigation Counsel for Apple. If called as a witness, I could and would testify competently to the information set forth in this declaration.

3.   Exhibit A to the Declaration of Lisa A. Ferrari in Support of Plaintiff Emblaze's Motion to Exclude Apple's Damages Expert From Testifying at Trial (the "Ferrari Declaration") (Dkt. No. 432-1) is the complete, 117-page Expert Rebuttal Report of James E. Malackowski, Apple's damages expert in this case. The exhibit contains highly sensitive and confidential information concerning Apple's business, such as detailed financial and licensing information, that is not disseminated publicly. The exhibit also contains information from third parties that has been designated as confidential in this case. Although Emblaze filed the expert report of James Malackowski in its entirety as Exhibit A, Emblaze only cited to approximately 27 pages of the 117-page report in the Emblaze Motion. Apple has gone through the Emblaze Motion and determined that only the following pages from Exhibit A were actually cited in the Emblaze Motion: 4, 6-25, 43, 44, 89, 104, 105 and 114. I have attached to my declaration as Exhibit 2 a public version of these pages for the Court's consideration.

4.   Exhibit B to the Ferrari Declaration is an internal Apple PowerPoint presentation. The exhibit contains highly sensitive and confidential information concerning Apple's business, including information regarding Apple's internal projects and technology. The information contained in Exhibit B to the Ferrari Declaration is not disseminated publicly.

5.   Exhibit C to the Ferrari Declaration is an internal e-mail between Apple employees dated February 21, 2008. The exhibit contains highly sensitive and confidential information concerning Apple's business, including information regarding Apple's internal projects and

technology. The information contained in Exhibit C to the Ferrari Declaration is not disseminated publicly.

6. Exhibit D to the Ferrari Declaration is an internal e-mail between Apple employees dated February 22, 2008. The exhibit contains highly sensitive and confidential information concerning Apple's business, including information regarding Apple's internal projects and technology. The information contained in Exhibit D to the Ferrari Declaration is not disseminated publicly.

7. Exhibit E to the Ferrari Declaration is a collection of excerpts from the deposition transcript of James Malackowski. The exhibit contains highly sensitive and confidential information concerning Apple's business that is not disseminated publicly. Apple is not seeking to maintain the entire exhibit under seal, and instead is only requesting that the portions of the exhibit containing the most highly sensitive and confidential information concerning Apple's business be maintained under seal. I have attached to my declaration as Exhibit 3 a public version of Exhibit E to the Ferrari Declaration for the Court's consideration.

8. Exhibit G to the Ferrari Declaration is a collection of excerpts from the deposition transcript of Roger Pantos, an Apple employee. The exhibit contains highly sensitive and confidential information concerning Apple's business, including information regarding Apple's internal projects and technology. The information contained in Exhibit G to the Ferrari Declaration is not disseminated publicly.

9. Exhibit H to the Ferrari Declaration is an internal Apple PowerPoint presentation. The exhibit contains highly sensitive and confidential information concerning Apple's business, including information regarding Apple's internal projects and technology. The information contained in Exhibit H to the Ferrari Declaration is not disseminated publicly.

10. The Emblaze Motion contains highly sensitive and confidential information concerning Apple's business for the reasons discussed above. Apple is not seeking to maintain the entire brief under seal, and instead is only requesting that the portions of the Emblaze Motion containing the most highly sensitive and confidential information concerning Apple's business be maintained under seal. I have attached to my declaration as Exhibit 4 a public version of the

1 | Emblaze Motion for the Court's consideration.

2 | 11. I am mindful of the burden that sealing motions place upon this Court as stated in Docket No. 614 in *Apple Inc. v. Samsung Electronics Co. Ltd., et al.*, Case No. 12-cv-0630-LHK (PSG). As such, Apple has agreed to publicly file much of the information contained in the Emblaze Motion and in the exhibits thereto, with the exception of the portions of documents containing the most highly sensitive and confidential information concerning Apple's business. Redacted versions of the Emblaze Motion and portions of two of the exhibits to the Ferrari Declaration are attached hereto for the Court's consideration. In addition, Apple already agreed to de-designate a 29-page excerpt from the Expert Report of Catharine M. Lawton filed in connection with the Emblaze Motion (Dkt. No. 432-12).

WHEREFORE, I respectfully request that the Court issue the [Proposed] Order, attached hereto as Exhibit 1, granting Emblaze's Administrative Motion to File Documents Under Seal (Dkt. No. 431) and sealing the unredacted versions of the Emblaze Motion and Exhibits A, B, C, D, E, G and H to the Ferrari Declaration (Dkt. Nos. 431-4, 431-5, 431-6, 431-7, 431-8, 431-9, 431-10 and 431-11).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This declaration is executed on May 27, 2014, at Cupertino, California.

Ryan Moran