| | |
|---|---|
| MARTIN B. PAVANE *(admitted pro hac vice)* | MARK V. ISOLA (SBN 154614) |
| LISA A. FERRARI *(admitted pro hac vice)* | REHON & ROBERTS |
| ANDREW NEMIROFF *(admitted pro hac vice)* | A Professional Corporation |
| MARILYN NEIMAN *(admitted pro hac vice)* | 830 The Alameda |
| COZEN O'CONNOR | San Jose, CA 95126 |
| 277 Park Avenue | Telephone: (408) 494-0900 |
| New York, New York 10172 | Facsimile: (408) 494-0909 |
| Telephone: (212) 883-4900 | Email: misola@rehonroberts.com |
| Facsimile: (212) 986-0604 | |
| Email: mpavane@cozen.com | |
| lferrari@cozen.com | |
| anemiroff@cozen.com | |
| mneiman@cozen.com | |

NATHAN DOOLEY (CA State Bar No. 224331)
COZEN O'CONNOR
601 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 892-7900
Toll Free Phone: (800) 563-1027
Facsimile: (213) 892-7999
Email: ndooley@cozen.com

*Attorneys for Plaintiff Emblaze Ltd.*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| EMBLAZE LTD., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., a California Corporation, <br><br> Defendant. | CASE NO. 5:11-cv-01079-PSG <br><br> **PLAINTIFF EMBLAZE'S MEMORANDUM IN OPPOSITION TO DEFENDANT APPLE'S MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF DAVID TEECE** <br><br> **HEARING DATE: June 17, 2014** <br> **TIME: 10:00 a.m.** <br><br> Before: Hon. Paul S. Grewal |

PLAINTIFF EMBLAZE'S MEMORANDUM IN
OPPOSITION TO DEFENDANT APPLE'S MOTION
TO EXCLUDE OPINIONS AND TESTIMONY OF
DAVID TEECE

*Emblaze Ltd. v. Apple, Inc.,*
Case No. 5:11-CV-01079-PSG

# TABLE OF CONTENTS

Page

INTRODUCTION ...................................................................................................................1

STATEMENT OF FACTS .......................................................................................................1

ARGUMENT ...........................................................................................................................2

I. STANDARD FOR EXCLUDING EXPERT TESTIMONY .......................................2

II. DR. TEECE'S TESTIMONY MEETS THE REQUIREMENTS OF RULE 702 AND *DAUBERT*.................................................................................................3

III. COURTS ROUTINELY ALLOW EXPERTS TO OPINE ON INDUSTRY STANDARDS AND CONDITIONS ..........................................................................6

CONCLUSION.........................................................................................................................8

PLAINTIFF EMBLAZE'S MEMORANDUM IN OPPOSITION TO DEFENDANT APPLE'S MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF DAVID TEECE

i

*Emblaze Ltd. v. Apple, Inc.,*
Case No. 5:11-CV-01079-PSG

19056779

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apple Inc. v. Motorola, Inc.*,
   Nos. 2012–1548, 2012–1549, 2014 WL 1646435 (Fed. Cir. April 25, 2014)...............6

*Carnegie Mellon University v. Marvell Technology Group, Ltd.*,
   286 F.R.D. 266 (W.D. Pa. 2012) ...............................................................................6, 7

*Daubert v. Merrell Dow Pharms. Inc.*,
   509 U.S. 579 (1993)...................................................................................................1, 3, 7

*Guadiana v. State Farm Fire & Cas. Co.*,
   No. CIV 07-326 TUC FRZ (GEE), 2010 U.S. Dist. LEXIS 129588 (D. Ariz. Dec. 7, 2010) .............................................................................................................................5

*Kumho Tire Co. v. Carmichael*,
   526 U.S. 137 (1999).........................................................................................................3

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
   694 F.3d 51 (Fed. Cir. 2012).........................................................................................5, 6

*Multimedia Patent Trust v. Apple Inc.*,
   No. 10-cv-2618-H (KSC), 2012 WL 5873711 (S.D. Cal.. Nov. 20, 2012) ......................5

*Securities and Exchange Comm'n v. Johnson*,
   525 F. Supp. 2d 66 (D.D.C. 2007) ..................................................................................4

*South Yuba River Citizens League v. Nat'l Marine Fisheries Serv.*,
   257 F.R.D. 607 (E.D. Cal. May 6, 2009)........................................................................7

*Theranos, Inc. v. Fuisz Pharma LLC*,
   Case No. 5:11-cv-05236-PSG, 2014 U.S. Dist. LEXIS 30887 (N.D. Cal. Mar. 10, 2014) ...............................................................................................................................3

*Uniloc USA, Inc. v. Microsoft Corp.*,
   632 F.3d 1292 (Fed. Cir. 2011)...................................................................................5, 6

*United States v. Feliciano*,
   2009 U.S. Dist. LEXIS 109317 (D. Ariz. Nov. 6, 2009) ................................................3

**Other Authorities**

Federal Rule of Evidence 702, Advisory Committee Notes (2000) ......................................3

PLAINTIFF EMBLAZE'S MEMORANDUM IN
OPPOSITION TO DEFENDANT APPLE'S
MOTION TO EXCLUDE OPINIONS AND
TESTIMONY OF DAVID TEECE

ii

*Emblaze Ltd. v. Apple, Inc.*,
Case No. 5:11-CV-01079-PSG

19056779

Federal Rule of Evidence 702 ..................................................................................................1, 3, 4, 7

PLAINTIFF EMBLAZE'S MEMORANDUM IN OPPOSITION TO DEFENDANT APPLE'S MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF DAVID TEECE

iii

*Emblaze Ltd. v. Apple, Inc.,*
Case No. 5:11-CV-01079-PSG

19056779

This Memorandum of Points and Authorities is submitted on behalf of Plaintiff Emblaze Ltd. ("Emblaze") in opposition to Defendant Apple Inc.'s ("Apple") Motion to Exclude Opinions and Testimony of David Teece ("Apple Motion") [D.E. 428]. For reasons explained herein, Apple's motion should be denied in its entirety.

**INTRODUCTION**

Apple seeks the drastic remedy of precluding Emblaze's expert, Dr. David Teece, from testifying at trial. The Federal Rules of Evidence have a strong and undeniable preference for admitting evidence having some potential for assisting the trier of fact. Indeed, the rejection of expert testimony is the exception rather than the rule.

In Apple's Motion, Apple studiously ignores the fact that Emblaze's expert Catharine Lawton -- not Dr. Teece -- will testify to the damages suffered by Emblaze due to Apple's infringement of Emblaze's U.S. Patent No. 6,389,473 ("the '473 patent"). Dr. Teece will testify on the convergence between computing and communications, network effects in software, and the implications of digital convergence and network effects for licensing the '473 patent at issue in this case. In her expert report, Ms. Lawton took Dr. Teece's opinions into account, and intends to do likewise at trial.

As explained below, Dr. Teece's expert opinions meet the standards of Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms. Inc.,* as (1) Dr. Teece is qualified, (2) his testimony will address a subject matter on which the factfinder can be assisted by an expert, (3) his testimony will be the product of reliable principles and methods, and (4) his testimony "fits" the facts of the case.

**STATEMENT OF FACTS**

On November 8, 2013, Dr. David Teece submitted an expert report on behalf of Emblaze. As Dr. Teece's expert report makes clear, he was asked "to address three topics: the convergence between computing and communications, network effects in software, and the implications of digital convergence and network effects for licensing the '473 patent at issue in this case." D.E. 428-2, Expert Report of David J. Teece, ¶14. In Section III of his expert report, Dr. Teece discussed the

PLAINTIFF EMBLAZE'S MEMORANDUM IN OPPOSITION TO DEFENDANT APPLE'S MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF DAVID TEECE

1

*Emblaze Ltd. v. Apple, Inc.,*
Case No. 5:11-CV-01079-PSG

convergence between computers and communications, also known as "digital convergence."  In Section IV, Dr. Teece discussed network effects in software.  Finally, in Section V, Dr. Teece discussed the implications of digital convergence and network effects for licensing the '473 patent.  Dr. Teece's opinions are relevant to a key disputed issue in this case, *i.e.*, reasonable royalty damages.  *See, e.g.*, Section V of Dr. Teece's Expert Report.  However, Dr. Teece was not retained by Emblaze to opine on the amount of damages Emblaze sustained as a result of Apple's infringement of the '473 patent.

On November 9, 2013,[1] Catharine M. Lawton, an intellectual property damages expert, submitted an expert report on behalf of Emblaze.  *See* Ex. A,[2] p.1.  Ms. Lawton was retained by Emblaze to investigate and provide her opinions regarding the amount of damages Emblaze sustained as a result of Apple's infringement of the '473 patent.  *See* Ex. A, ¶¶1,2.  In so doing, Ms. Lawton took into account Dr. Teece's opinions concerning the convergence between computing and communications, network effects in software, and the implications of digital convergence and network effects for licensing the '473 patent.  *See, e.g.*, Ex. A, ¶¶ 601-651.

## ARGUMENT

### I. STANDARD FOR EXCLUDING EXPERT TESTIMONY

The exclusion of expert testimony is the exception, rather than the rule.  Indeed, as this Court recently recognized:

> A witness qualified as an expert by knowledge, skill, experience, training, or education may testify about scientific, technical, or other specialized knowledge if it will assist a jury to understand the evidence or to determine a fact in issue, provided: (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.
> …
> The Advisory Committee Notes to Rule 702 state that in certain fields, experience is the predominant, if not sole, basis for a great deal of reliable expert testimony.

---

[1] Ms. Lawton served a corrected expert report on November 20, 2013.
[2] References to "Ex. __" herein are to exhibits attached to the Declaration of Lisa A. Ferrari submitted concurrently herewith.

PLAINTIFF EMBLAZE'S MEMORANDUM IN OPPOSITION TO DEFENDANT APPLE'S MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF DAVID TEECE

2

*Emblaze Ltd. v. Apple, Inc.,*
Case No. 5:11-CV-01079-PSG

19056779

> …
> In light of the Rules liberal thrust and strong and undeniable preference for admitting any evidence having some potential for assisting the trier of fact, rejection of expert testimony has been the exception rather than the rule. Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.

*Theranos, Inc. v. Fuisz Pharma LLC*, Case No. 5:11-cv-05236-PSG, 2014 U.S. Dist. LEXIS 30887, *3-*5 (N.D. Cal. Mar. 10, 2014) (quotations and citations omitted).

## II. DR. TEECE'S TESTIMONY MEETS THE REQUIREMENTS OF RULE 702 AND *DAUBERT*

In 2000, Federal Rule of Evidence 702 was amended to take into account the Supreme Court's decision in *Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579, 591 (1993), and cases applying *Daubert*, such as *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). *See* Fed. R. Evid. 702, Advisory Committee Notes (2000). The 2000 Advisory Committee Notes make clear that Fed. R. Evid. 702 permits the type of testimony that Dr. Teece would offer in this case:

> it might also be important in some cases for an expert to educate the factfinder about general principles, without ever attempting to apply these principles to the specific facts of the case. For example, experts might instruct the factfinder on the principles of thermodynamics, or bloodclotting, or on how financial markets respond to corporate reports, without ever knowing about or trying to tie their testimony to the facts of the case. The amendment does not alter the venerable practice of using expert testimony to educate the factfinder on general principles. For this kind of generalized testimony, Rule 702 simply requires that: (1) the expert be qualified; (2) the testimony address a subject matter on which the factfinder can be assisted by an expert; (3) the testimony be reliable; and (4) the testimony "fit" the facts of the case.

*See also United States v. Feliciano*, 2009 U.S. Dist. LEXIS 109317, *12 (D. Ariz. Nov. 6, 2009) ("As the Advisory Committee Note to Rule 702 explains, expert witnesses may be used 'to educate the factfinder about general principles, without ever attempting to apply these principles to the specific facts of the case.'").

Here, since Dr. Teece's testimony will be utilized "to educate the factfinder on general principles," Fed. R. Evid. 702 requires that: (1) Dr. Teece be qualified; (2) his testimony address a

PLAINTIFF EMBLAZE'S MEMORANDUM IN OPPOSITION TO DEFENDANT APPLE'S MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF DAVID TEECE

3

*Emblaze Ltd. v. Apple, Inc.,*
Case No. 5:11-CV-01079-PSG

19056779

1 subject matter on which the factfinder can be assisted by an expert; (3) his testimony be reliable; and (4) his testimony "fit" the facts of the case.

Apple does not dispute factors (1) or (3), *i.e.*, that Dr. Teece is qualified and that Dr. Teece's testimony will be the product of reliable principles and methods. The bases upon which Apple relies to preclude Dr. Teece's testimony are factors (2) and (4). In Apple's Motion, Apple argues that: (a) "Prof. Teece's opinions do not comply with the requirement under Federal Rule of Evidence 702(a) that the expert's knowledge 'will help the trier of fact to understand the evidence or to determine a fact in issue'"; and (b) "Prof. Teece's opinions do not comply with the related requirement under Federal Rule of Evidence 702(d) that 'the expert has reliably applied the principles and methods to the facts of the case.'" Neither argument has merit.

As noted above, Dr. Teece was not retained by Emblaze to opine on the amount of damages Emblaze sustained as a result of Apple's infringement of the '473 patent. Another Emblaze expert, Ms. Lawton, took into account Dr. Teece's opinions concerning the convergence between computing and communications, network effects in software, and the implications of digital convergence and network effects for licensing the '473 patent when opining on the amount of damages Emblaze suffered as a result of Apple's infringement of the patent in suit. *See, e.g.*, Ex. A, ¶¶ 601-651. The purpose of Dr. Teece's testimony at trial will be to elucidate for the jury and the Court the issues discussed in his expert report, *e.g.*, economic principles concerning the relevant industry in this case.

Accordingly, Dr. Teece's testimony will satisfy factors (2) and (4) above, *i.e.*, Dr. Teece's testimony will address a subject matter on which the factfinder can be assisted by an expert and Dr. Teece's testimony "fits" the facts of the case. *See Securities and Exchange Comm'n v. Johnson*, 525 F. Supp. 2d 66, 69 (D.D.C. 2007) ("[t]he dispositive question with respect to 'fit' or relevance is whether the testimony will 'assist the trier of fact to understand the evidence or to determine a fact in issue.'") Dr. Teece's testimony will help the jury and the Court understand Ms. Lawton's testimony and the damages suffered by Emblaze, *i.e.*, Dr. Teece's testimony will address and help the jury and Court understand the evidence and facts (such as the amount of damages) in dispute.

PLAINTIFF EMBLAZE'S MEMORANDUM IN OPPOSITION TO DEFENDANT APPLE'S MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF DAVID TEECE

4

*Emblaze Ltd. v. Apple, Inc.*,
Case No. 5:11-CV-01079-PSG

19056779

Moreover, in arguing that Dr. Teece's testimony will not "reliably appl[y] the principles and methods to the facts of the case," Apple ignores the purpose of Dr. Teece's testimony, *i.e.*, general background on the economic principles concerning the relevant industry in this case, upon which some of Ms. Lawton's opinions are based. As one court stated:

> [I]f one wanted to explain to a jury how a bumblebee is able to fly, an aeronautical engineer might be a helpful witness. Since flight principles have some universality, the expert could apply general principles to the case of the bumblebee. Conceivably, even if he had never seen a bumblebee, he still would be qualified to testify, as long as he was familiar with its component parts.
>
> On the other hand, if one wanted to prove that bumblebees always take off into the wind, a beekeeper with no scientific training at all would be an acceptable expert witness if a proper foundation were laid for his conclusions. The foundation would not relate to his formal training, but to his firsthand observations. In other words, the beekeeper does not know any more about flight principles than the jurors, but he has seen a lot more bumblebees than they have.

*Guadiana v. State Farm Fire & Cas. Co.*, No. CIV 07-326 TUC FRZ (GEE), 2010 U.S. Dist. LEXIS 129588, *17-*18 (D. Ariz. Dec. 7, 2010), quoting *Berry v. City of Detroit*, 25 F.3d 1342, 1349-1350 (6th Cir. 1994).

Likewise here, Dr. Teece's testimony about general economic principles concerning the relevant industry in this case can be applied to the specific facts of this case and, indeed, have been so applied by Ms. Lawton in her expert report. *See, e.g.*, Ex. A, ¶¶ 601-651.

Apple relies heavily on *Multimedia Patent Trust v. Apple Inc.*, No. 10-cv-2618-H (KSC), 2012 WL 5873711 (S.D. Cal. Nov. 20, 2012), a case in which the court excluded part of Dr. Teece's testimony. But Apple overlooks the fact that the court in *Multimedia Patent Trust* excluded Dr. Teece's testimony "to the extent it relies on or is based on generic industry data **as part of [his] damages analysis**." *Id.* at *9 (emphasis added). Here, as explained above, Dr. Teece will not provide a damages analysis; Ms. Lawton will provide the damages analysis. And Ms. Lawton (unlike the damages analysis in the *Multimedia Patent Trust* case) will tie the economic principles about which Dr. Teece opined to the Apple products at issue in this case, as evidenced by Ms. Lawton's expert report. *See, e.g.*, Ex. A, ¶¶ 601-651.

PLAINTIFF EMBLAZE'S MEMORANDUM IN OPPOSITION TO DEFENDANT APPLE'S MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF DAVID TEECE

5

*Emblaze Ltd. v. Apple, Inc.,* Case No. 5:11-CV-01079-PSG

19056779

Apple's reliance on *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292 (Fed. Cir. 2011) and *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51 (Fed. Cir. 2012) is misguided for a similar reason. In *Uniloc*, the Federal Circuit stated that "expert testimony **opining on a reasonable royalty rate** must 'carefully tie proof of damages to the claimed invention's footprint in the market place.'" *Id.*, 632 F.3d at 1318 (citation omitted; emphasis added). In *LaserDynamics*, the Federal Circuit found that the "**royalty rate was untethered from the patented technology** at issue and the many licenses thereto and, as such, was arbitrary and speculative." *Id.*, 694 F.3d at 81 (emphasis added). Apple again ignores that it is Ms. Lawton -- not Dr. Teece -- that is opining on the amount of damages suffered by Emblaze, and that Ms. Lawton's opinions are tethered to the patented technology.

### III. COURTS ROUTINELY ALLOW EXPERTS TO OPINE ON INDUSTRY STANDARDS AND CONDITIONS

Not only is Dr. Teece's testimony necessary for the jury and the Court to understand Ms. Lawton's damages analysis, it is classic -- and permissible -- expert testimony. *See, e.g., Apple Inc. v. Motorola, Inc.*, Nos. 2012–1548, 2012–1549, 2014 WL 1646435, *24-*25 (Fed. Cir. April 25, 2014) ("The district court's exclusion of Napper's proposed testimony was erroneous. The district court's decision states a rule that neither exists nor is correct. Experts routinely rely upon other experts hired by the party they represent for expertise outside of their field").

In *Carnegie Mellon University v. Marvell Technology Group, Ltd.*, 286 F.R.D. 266 (W.D. Pa. 2012), defendant Marvell moved to exclude expert testimony for reasons similar to those in Apple's Motion. In denying Marvell's motion to the extent Carnegie Mellon's expert sought to testify on matters in his area of expertise (which is the case here, as Apple has not moved to exclude Dr. Teece's testimony on the ground that he lacks expertise), the court found:

> With respect to his non-technical, market-oriented opinions, Dr. Bajorek [Carnegie Mellon's expert] is clearly qualified. Entirely aside from his Ph.D. in electrical engineering and business economics, Dr. Bajorek's significant experience in the HDD [hard disk drive] industry, as described in his Curriculum Vitae … has given him "skill or knowledge [about the HDD industry] greater than the average layman." *Waldorf*, 142 F.3d at 625 (internal quotations and citations omitted). He is qualified to present his opinions on general market
PLAINTIFF EMBLAZE'S MEMORANDUM IN OPPOSITION TO DEFENDANT APPLE'S MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF DAVID TEECE

6

*Emblaze Ltd. v. Apple, Inc.*,
Case No. 5:11-CV-01079-PSG

19056779

| | |
|---|---|
| 1 | matters, such as the typical HDD industry sales cycle and market demand for signal-to-noise ratio ("SNR") gain. He is also qualified to discuss what "industry standard" technologies are, in general, and the consequences of not including the same in a product. |

*Id*. at 270.

Additionally, the court noted that, like Apple here:

> Marvell's final challenges to the opinions at hand are directed to the "fit" of Dr. Bajorek's "industry standard" and "sales cycle" testimony in this case. With respect to Dr. Bajorek's opinions on the industry standard, Marvell observes that "[e]xpert testimony based on assumptions lacking factual foundation in the record is properly excluded." … To this end, Marvell argues that Dr. Bajorek has not examined the industry or performed a technical analysis of the alleged industry standard.

*Id*. at 272.

In rejecting Marvell's argument that Dr. Bajorek's expert testimony was "based on assumptions lacking factual foundation in the record," the court explained:

> Expert testimony must "aid the jury in resolving a factual dispute." *Lauria v. Amtrak*, 145 F.3d 593, 599 (3d Cir. 1998). The task is left to the trial judge to "ensur[e] that an expert's testimony both rests on a reliable foundation and is *relevant to the task at hand*." *Daubert*, 509 U.S. at 597 (emphasis added). The fact that a technology is the "industry standard" surely plays a role in determining the value as "between the patented feature and the unpatented features" of the Accused Chips. *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1317-18 (Fed. Cir. 2011). Likewise, Dr. Bajorek's description of the sales cycle -- and the interaction between Marvell and its customers -- may be relevant in determining several forms of infringement.

*Id*. at 273. *See also South Yuba River Citizens League v. Nat'l Marine Fisheries Serv.*, 257 F.R.D. 607, 616 (E.D. Cal. May 6, 2009) ("[In a case concerning the Daguerre and Engelbright dams on the South Yuba River, and the related South Yuba-Brophy water diversion, operated by YCWA] YCWA argue[d] that the Cavallo [expert] declaration does not satisfy [the Rule 702] standard because it is not based on any research (whether conducted by Cavallo or others) specific to the Yuba river. However, the rules of evidence impose no such requirement. An expert may appropriately apply principles discerned through general studies to the facts presented by a particular scenario, as Cavallo did here. The lack of site-specific studies does not render Cavallo's testimony unreliable *per se*.")

PLAINTIFF EMBLAZE'S MEMORANDUM IN OPPOSITION TO DEFENDANT APPLE'S MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF DAVID TEECE

7

*Emblaze Ltd. v. Apple, Inc.*,
Case No. 5:11-CV-01079-PSG

19056779

As was the case in *Carnegie Mellon* and *South Yuba River Citizens League*, and for the reasons explained above, Dr. Teece's anticipated testimony meets the standard of Fed. R. Evid. 702 and *Daubert*, and, therefore, should not be precluded.

## **CONCLUSION**

For the reasons stated herein, Emblaze respectfully submits that Apple's Motion to exclude the opinions and testimony of David Teece should be denied in its entirety. *See* Proposed Order filed herewith.

Respectfully Submitted,

DATED: June 3, 2014

REHON & ROBERTS
COZEN O'CONNOR

By: /s/ Lisa A. Ferrari
    Lisa A. Ferrari *(admitted pro hac vice)*

*Attorneys for Plaintiff Emblaze Ltd.*

PLAINTIFF EMBLAZE'S MEMORANDUM IN OPPOSITION TO DEFENDANT APPLE'S MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF DAVID TEECE

8

*Emblaze Ltd. v. Apple, Inc.,*
Case No. 5:11-CV-01079-PSG

19056779