NATHAN DOOLEY (CA State Bar No. 224331)
COZEN O'CONNOR
601 South Figueroa Street
Los Angeles, California 90017
Telephone:       (213) 892-7900
Toll Free Phone: (800) 563-1027
Facsimile:       (213) 892-7999

Email:          ndooley@cozen.com

MARTIN B. PAVANE (admitted pro hac vice)
LISA A. FERRARI (admitted pro hac vice)
ANDREW NEMIROFF (admitted pro hac vice)
MARILYN NEIMAN (admitted pro hac vice)
COZEN O'CONNOR
277 Park Avenue
New York, New York 10172
Telephone:       (212) 883-4900
Facsimile:       (212) 986-0604
Email:          mpavane@cozen.com
                lferrari@cozen.com
                anemiroff@cozen.com
                mneiman@cozen.com

MARK V. ISOLA (SBN 154614)
REHON & ROBERTS
A Professional Corporation
830 The Alameda
San Jose, CA 95126
Telephone: (408) 494-0900
Facsimile: (408) 494-0909
Email: misola@rehonroberts.com

Attorneys for Plaintiff Emblaze Ltd.

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| EMBLAZE LTD.,<br><br>     Plaintiff,<br><br>v.<br><br>APPLE INC., a California Corporation,<br><br>     Defendant. | CASE NO.  5:11-cv-01079-PSG<br><br>**PLAINTIFF EMBLAZE'S NOTICE OF MOTION AND <u>MOTION IN LIMINE NO. 1</u> TO EXCLUDE ALON COHEN FROM TESTIFYING AT TRIAL**<br><br>**HEARING DATE:  June 17, 2014**<br>**TIME:  10:00 a.m.**<br>**PLACE: Courtroom 5, 4th Floor**<br><br>Before: Hon. Paul S. Grewal |

## NOTICE OF MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on June 17, 2014, at 10:00 a.m., or as soon thereafter as counsel may be heard, Plaintiff Emblaze Ltd. ("Emblaze") will, and hereby does, respectfully move this Court to prohibit Defendant Apple Inc. ("Apple") from introducing any testimony by Alon Cohen, the named inventor on U.S. Patent No. 5,751,968. Emblaze's motion is based on the following Memorandum of Points and Authorities, the orders, papers and records on file in this action, and such additional argument or evidence as the Court may consider.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Alon Cohen is the named inventor on U.S. Patent No. 5,751,968 ("the '968 patent"), one of the items of prior art relied upon by Apple. Although Apple has been in contact with Mr. Cohen since 2011, Mr. Cohen was not identified to Emblaze until three weeks ago, in Apple's Second Supplemental Initial Disclosures served on May 9, 2014. This untimely disclosure—made long after discovery cut-off and on the eve of trial—is not substantially justified; to the contrary, it is gamesmanship.

The introduction of Mr. Cohen's testimony at trial would severely prejudice Emblaze, who has not had the opportunity to depose, interview or otherwise seek discovery concerning Mr. Cohen's expected testimony. On the other hand, preclusion of this witness would not unduly prejudice Apple, which may continue to rely on the '968 patent through its technical expert, Dr. Orchard. Because Apple's untimely disclosure is neither substantially justified nor harmless, the automatic exclusion sanction of Fed. R. Civ. P. 37(c)(1) should be applied, and testimony by Mr. Cohen should be precluded. Alternatively, Mr. Cohen's expected testimony should be precluded under one or more of Fed. R. Civ. P. 26(a)(2)(B) and Fed. R. Evid. 401, 403.

### II. BACKGROUND

On the eve of trial, and long after the August 30, 2013 discovery cut-off, Apple for the first time identified Alon Cohen as an individual likely to have discoverable information that Apple may

use to support its claims or defenses.  Exhibit A (Defendant Apple Inc.'s Second Supplemental Initial Disclosures dated May 9, 2014) at 7.[1]  Mr. Cohen was not identified in Apple's two earlier Initial Disclosures, nor in any other discovery document.  According to Apple's untimely disclosure, Mr. Cohen is knowledgeable about the '968 patent, and "facts and circumstances related to the invention that led to and embodied in the '968 patent."  *Id.*

In a meet and confer concerning Apple's belated disclosure, Apple informed Emblaze that Apple had retained Mr. Cohen as a consultant in 2011 – three years ago -- concerning document discovery.  Ferrari Dec. ¶ 2.  Apple informed Emblaze that Apple was disclosing him to Emblaze only now because it had just learned that Mr. Cohen had broader information than just document discovery issues.  Ferrari Dec. ¶ 2.  Apple sought to justify its belated disclosure by arguing that Emblaze has known of Mr. Cohen all along, since his name appears on the face of '968 patent.  *Id.*

## III.  ARGUMENT

### A.  <u>Applicable Legal Standards</u>

Federal Rule of Civil Procedure 26(a)(1)(A) requires a party to make certain initial disclosures "without awaiting a discovery request."  *See, e.g., R & R Sails v. Insurance Co. of Pa.,* 673 F.3d 1240, 1245 (9th Cir. 2012).  Among the information required to be disclosed is "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses."  Fed.R.Civ.P. 26(a)(1)(A)(i).  Initial disclosures must be made not later than 14 days after the parties' Rule 26(f) conference.  *See* Fed.R.Civ.P. 26(a)(1)(C).  Parties are under a continuing obligation to timely supplement these disclosures "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Fed.R.Civ.P. 26(e)(1)(A).

Parties who fail to disclose the information mandated by Rule 26 "become subject to Federal Rule of Civil Procedure 37."  *Tessera, Inc. v. Sony Corp*., No. 5:11-cv-04399, 2013 U.S. Dist. LEXIS

---

[1]  Exhibits accompany the Declaration of Lisa A. Ferrari ("Ferrari Dec."), submitted herewith.

40654, *4 (N.D.Cal. 2013). Under Rule 37(c)(1), if a party fails to make the disclosures mandated by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." This sanction, as the Advisory Committee Note rule indicates, is a "self-executing," "automatic" sanction that "provides a strong inducement for disclosure of material" that must be disclosed pursuant to Rule 26. *Tamburri v. Suntrust Mortg., Inc.*, No. 11-cv-02899, 2013 U.S. Dist. LEXIS 86375, *3-4 (N.D.Cal. 2013). In this way, "Rule 37(c)(1) gives teeth to [the requirements of Rule 26(a)] by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." *R & R Sails,* 673 F.3d at 1246.

Courts in the Ninth Circuit and elsewhere have routinely imposed the sanction of preclusion for failure to timely disclose the identity of a witness. *See, e.g., Beem v. Providence Health & Servs.*, No. 10-CV-0037, 2012 U.S. Dist. LEXIS 62991, *1-4 (E.D.Wa. 2012); *Debose v. Broward Health*, No. 08-61411, 2009 U.S. Dist. LEXIS 45546, *15-*17 (S.D.Fla. 2009). "Rule 37 sanctions to exclude evidence or witnesses will more likely be imposed when a party makes the initial disclosure shortly before trial or substantially after discovery has closed." *Patton v. Wal-Mart Stores, Inc.*, No. 2:12-cv-002142, 2013 U.S. Dist. LEXIS 77757, *11 (D.Nev. 2013). Only where the preclusion sanction would be tantamount to a dismissal of the non-disclosing parties' claims is a finding of willfulness or bad faith necessary to impose such a sanction. *Beem*, 2012 U.S. Dist. LEXIS 62991, at *3-*4.

**B.**     **Apple's Failure to Timely Disclose the Identity of Alon Cohen Was Neither Substantially Justified Nor Harmless.**

Because Apple cannot make a showing that its failure to timely disclose the identity of Alon Cohen was substantially justified and harmless, Mr. Cohen should be precluded from testifying at trial. Indeed, Apple has offered no justification for its failure to comply with the disclosure rules except to say that its untimely disclosure was "based on information reasonably available to Apple

PLAINTIFF EMBLAZE'S NOTICE OF MOTION     3     *Emblaze Ltd. v. Apple, Inc.,*
AND MOTION IN LIMINE TO EXCLUDE ALON     Case No. 5:11-CV-01079-PSG
COHEN FROM TESTIFYING AT TRIAL

as of this date [May 9, 2014]." Exhibit A at 1-2. This vague assertion hardly fulfills Apple's burden of establishing a substantial justification for its untimely disclosure, especially considering Apple's acknowledgment that it first engaged Mr. Cohen as a consultant three years ago. See *id*. at 7.

Nor is it sufficient that Mr. Cohen's name appears on the face of the '968 patent. Apple identified approximately 75 pieces of prior art in its Initial Invalidity Contentions. Ferrari Dec. ¶ 3. Should Emblaze have been on notice that the hundreds of inventors and authors disclosed on the face of that prior art might have information supporting Apple's claims or defenses, such that Emblaze should have interviewed/deposed them all? Of course not. The issue is not whether Mr. Cohen's name was somehow known to Emblaze, but whether Apple timely informed Emblaze that it may use Mr. Cohen to support Apple's claims or defenses, something that Emblaze had no knowledge of until May 9, 2014.

Allowing Mr. Cohen to testify at trial would severely prejudice Emblaze. Emblaze has not had the opportunity to depose him, and at this point—after the Court's discovery deadline has expired and mere weeks before trial—Emblaze cannot do so, and in any event would have no opportunity for follow-up discovery. Apple, on the other hand, will present its claims and defenses concerning the '968 patent though its technical expert, and will not be prejudiced by preclusion of Mr. Cohen's testimony.

Apple's disclosure of Mr. Cohen on the eve of trial, and its failure to offer any legitimate justification for its late disclosure, is a clear violation of Fed.R.Civ.P. 26(a), and, therefore, the automatic sanction of preclusion in by Rule 37 should be applied.

**C.** **Mr. Cohen Should Also be Excluded Under One or More of Fed. R. Civ. P. 26(a)(2)(B) and Fed. R. Evid. 401, 403**

Even if Apple's conduct did not warrant the preclusion of Mr. Cohen, his testimony should nevertheless be excluded under one or more of Fed. R. Civ. P. 26(a)(2)(B) and Fed. R. Evid. 401, 403, because Apple has not provided an expert report for Mr. Cohen, and because his factual testimony would not be relevant, and even if of marginal relevance, it would result in unfair prejudice, confusion, misleading of the jury and/or a waste of time.

Apple asserts that Mr. Cohen is knowledgeable concerning "facts and circumstances related to the invention that led to and is embodied in the '968 patent." Exhibit A at 7. Of course, what Apple wants to do through Mr. Cohen is embellish the disclosure of the '968 patent and/or have Mr. Cohen offer opinions as to the teachings of the''968 patent. Neither is permitted or appropriate.

As for opinions, the deadline for expert disclosures under Fed. R. Civ. P. 26(a)(2)(B) has long since passed, and so Mr. Cohen cannot offer opinion testimony concerning the '968 patent, which in any event would be cumulative to testimony of Apple's technical expert. Regarding relevance under Fed. R. Evid. 401, "the patent speaks for itself," and as a fact witness, Mr. Cohen's testimony concerning the '968 patent "is largely irrelevant." *Eugene Baratto, Textures v. Brushstrokes Fine Art*, 701 F. Supp. 2d 1068, 1074 (W.D. Wis. 2010). Even if Mr. Cohen's testimony were purely factual and somehow deemed relevant – which it is not – any such relevance would be far outweighed by the risk of unfair prejudice, confusion, misleading the jury, and/or wasting time. *See* Fed. R. Evid. 403.

The Federal Circuit's reasoning in *Innogenics, N.V. v. Abbott Laboratories*, 512 F.3d 1363, 1375 (Fed. Cir. 2008) is particularly apt:

> For purposes of showing that the claims of the '704 patent were anticipated by prior art and thus invalid, Abbott sought to introduce at trial the testimony of Dr. Tai-An Cha, the inventor and author of three prior art references, including the Cha PCT application, which was before the jury. The district court confined Dr. Cha's testimony to the actual words and content of the Cha PCT application because an expert report was required even though Abbott had only disclosed Dr. Cha as "a fact witness and, pursuant to Fed. R. Civ. P. 26(a)(2)(A), as an expert who had not been specially retained." The district court concluded that, given Dr. Cha's role as the inventor behind the application, the mere fact that he was not receiving compensation for his scientific testimony did not exempt Abbott from furnishing an expert report. Without information about the proposed content of Dr. Cha's de facto expert testimony, Innogenics would not have been able to prepare an adequate deposition or cross-examination.
>
> . . .
>
> The district court also concluded that Dr. Cha's testimony should be limited because any information he might have to offer beyond the words of the Cha PCT application would be irrelevant to the issue before the jury of "whether the Cha [PCT] application was sufficient in itself to have informed a person of ordinary skill in the art in 1992 how to distinguish among HCV genotypes by using probes in the 5' UTR." As the inventor behind the Cha PCT application, Dr. Cha could have

added information that might not have been understood by a person of ordinary skill in the art just from reading the application, such as the conditions he used for his experiments or explanations for anomalous results. Again, Abbott fails to address the district court's reasoning or discuss how Dr. Cha's testimony would inform the jury of how the ordinary artisan would understand the disclosures of the Cha PCT application. Therefore, we affirm the district court's evidentiary ruling because it was not an abuse of its discretion.

*See also Borgwarner, Inc. and BorgWarner Turbo Systems, Inc. v. Honeywell International, Inc.,* 750 F. Supp. 2d 596 (W.D.N.C. 2010).

Thus, Mr. Cohen's testimony also should be excluded because it would constitute improper expert testimony, because it would not be relevant, and/or because even if of marginal relevance, its probative value would be far outweighed by the risk of unfair prejudice, confusion, misleading the jury, and/or wasting time.

## IV.    CONCLUSION

Apple's failure to timely disclose Alon Cohen was neither substantially justified nor harmless. The automatic sanction of Fed. R. Civ. P. 37 should be applied to preclude Mr. Cohen from testifying at trial, and alternatively he should be precluded from testifying under one or more of Fed. R. Civ. P. 26(a)(2)(B) and Fed. R. Evid. 401, 403.

A Proposed Order is submitted herewith.

Respectfully Submitted,

DATED:  June 3, 2014

REHON & ROBERTS
COZEN O'CONNOR

By: _/s/ Lisa A. Ferrari_
     Lisa A. Ferrari *(admitted pro hac vice)*

*Attorneys for Plaintiff Emblaze Ltd.*

LEGAL\19134724\1