# EXHIBIT E

```
 1  SARAH BARROWS (SBN 253278)
    barrowss@gtlaw.com
 2  Stephen Ullmer (SBN 277537)
    ullmers@gtlaw.com
 3  GREENBERG TRAURIG, LLP
 4  4 Embarcadero Center, Suite 3000
    San Francisco, CA 94111
 5  Telephone: (415) 655-1300
    Facsimile: (415) 707-2010
 6
 7  James J. DeCarlo (Admitted Pro Hac Vice)
    decarloj@gtlaw.com
 8  Michael A. Nicodema (Admitted Pro Hac Vice)
    nicodemam@gtlaw.com
 9  GREENBERG TRAURIG, LLP
    MetLife Building
10  200 Park Avenue, 34th Floor
    New York, New York 10166
11  Tel.: (212) 801-9200
12  Fax: (212) 801-6400
13  Attorneys for Defendant,
    Apple Inc.
14
```

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| EMBLAZE LTD., <br><br> Plaintiff(s), <br><br> v. <br><br> APPLE INC., a California Corporation, <br><br> Defendant(s). | CASE NO. 5:11-CV-01079 PSG <br><br> **APPLE INC.'S RESPONSE TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS** <br><br> **The Hon. Paul Singh Grewal** <br><br> Original Complaint filed: July 28, 2010 |

PROPOUNDING PARTY: EMBLAZE LTD.

ANSWERING PARTY: APPLE INC.

SET: FOUR

---

APPLE'S RESPONSES AND OBJECTIONS TO
EMBLAZE'S FOURTH SET OF REQUESTS FOR
THE PRODUCTION OF DOCUMENTS

CASE NO. 5:11-CV-01079 PSG

**Response To Request For Production No. 106:**

Apple objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead the discovery of admissible evidence, to the extent that it seeks production of documents not relevant to any issue in this case. Apple objects to this Request as vague and ambiguous as to the phrase "related accessories." Apple further objects that this Request seeks documents that are not relevant as to the requested time period. Apple objects to this Request to the extent it is duplicative of a prior request. Apple objects to this Request to the extent it calls for the production of documents and things that are in the public domain and, therefore, of no greater burden for Emblaze than Apple to obtain.

Subject to the Preliminary Statement, General Objections and the foregoing objections, and pursuant to the Stipulated Protective Order (Dkt. No. 80), Apple will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

**Request For Production No. 107:**

Studies, strategic plans, forecasts, projections, budgets, and other documents relating to Apple's expectations for prices, sales, costs, profits, profit margins, and cash flow for HTTP Live Streaming and the Accused Products and Related accessories, supplies and services, on a product by product, and in total for Accused Products and in total for Related accessories, supplies and services for the period 2000 to present.

**Response To Request For Production No. 107:**

Apple objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead the discovery of admissible evidence, to the extent that it seeks production of documents not relevant to any issue in this case. Apple further objects that this Request seeks documents that are not relevant as to the requested time period. Apple objects to this Request as vague and ambiguous as to the phrase "related accessories." Apple objects to this Request as vague and ambiguous as to the phrase "expectations for prices, sales, costs, profits, profit margins, and cash flow." Apple objects to this Request to the extent it is duplicative of a prior request. Apple objects to this Request to the extent it imposes an obligation on Apple to provide responses on behalf of any other person or entity, or seeks information not in the possession, custody, or control of Apple. Apple objects to this Request to the

**Response To Request For Production No. 125:**

Apple objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead the discovery of admissible evidence, to the extent that it seeks production of documents not relevant to any issue in this case. Apple objects to this Request as vague and ambiguous as to the phrase "related accessories." Apple objects to this Request as vague and ambiguous as to the phrase "considers" and "next generation product." Apple objects to this Request to the extent it is duplicative of a prior request.

**Request For Production No. 126:**

Documents concerning how Apple analyzes and considers financing provisions and their costs in determining price and profit margin for Accused Products and Related accessories, supplies, and services for the period 2005 to present.

**Response To Request For Production No. 126:**

Apple objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead the discovery of admissible evidence, to the extent that it seeks production of documents not relevant to any issue in this case. Apple objects to this Request as vague and ambiguous as to the phrase "related accessories." Apple objects to this Request as vague and ambiguous as to the phrase "considers" and "financing provisions." Apple objects to this Request to the extent it is duplicative of a prior request.

**Request For Production No. 127:**

Documents sufficient to identify Apple's actual, forecasted, planned and/or budgeted sales of Accused Products and Related accessories, supplies, and services for the period 2005 to present on an annual basis.

**Response To Request For Production No. 127:**

Apple objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead the discovery of admissible evidence, to the extent that it seeks production of documents not relevant to any issue in this case. Apple objects to this Request as vague and ambiguous as to the phrase "related accessories." Apple objects to this Request as unduly burdensome to the extent it requires Apple to produce documents or compilations in a form other than that which is kept in the ordinary

course of business. Apple objects to this Request to the extent it is duplicative of a prior request. Apple objects to this Request to the extent it calls for the production of documents and things that are in the public domain and, therefore, of no greater burden for Emblaze than Apple to obtain.

Subject to the Preliminary Statement, General Objections and the foregoing objections, and pursuant to the Stipulated Protective Order (Dkt. No. 80), Apple will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

**Request For Production No. 128:**

Documents sufficient to identify Apple's sales, costs, gross margin analysis, and expense analysis for each model of Accused Product, and Related accessories, supplies, and service, on a monthly basis for the period 2005 to present.

**Response To Request For Production No. 128:**

Apple objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead the discovery of admissible evidence, to the extent that it seeks production of documents not relevant to any issue in this case. Apple objects to this Request as vague and ambiguous as to the phrase "related accessories." Apple objects to this Request as unduly burdensome to the extent it requires Apple to produce documents or compilations in a form other than that which is kept in the ordinary course of business. Apple objects to this Request to the extent it is duplicative of a prior request.

Subject to the Preliminary Statement, General Objections and the foregoing objections, and pursuant to the Stipulated Protective Order (Dkt. No. 80), Apple will produce responsive, non-privileged documents to the extent such documents exist and are located after a reasonable search.

**Request For Production No. 129:**

Documents sufficient to identify Apple's sales order history and shipment history on a monthly basis for each model of Accused Product, and for Related accessories, supplies, and service, for the period 2005 to present.

**Response To Request For Production No. 129:**

Apple objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead the discovery of admissible evidence, to the extent that it seeks production of documents not relevant to any issue in this case. Apple objects to this Request as vague and ambiguous as to the phrase

**Response To Request For Production No. 186:**

Apple objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead the discovery of admissible evidence, to the extent that it seeks production of documents not relevant to any issue in this case. Apple objects to this Request to the extent it calls for the production of documents and things that are in the public domain and, therefore, of no greater burden for Emblaze than Apple to obtain.

**Request For Production No. 187:**

All Apple produced documents that were trial exhibits admitted in evidence in *Apple, Inc. v. Samsung Electronics Co., Ltd., et al.*, N.D. California, San Jose Division, Case No. 11-cv-01846-LHK (PSG))

**Response To Request For Production No. 187:**

Apple objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead the discovery of admissible evidence, to the extent that it seeks production of documents not relevant to any issue in this case. Apple objects to this Request to the extent it calls for the production of documents and things that are in the public domain and, therefore, of no greater burden for Emblaze than Apple to obtain.

DATED: July 1, 2013                               GREENBERG TRAURIG, LLP

                                                  By:  /s/
                                                       Sarah Barrows

                                                  Attorneys for Defendant,
                                                  Apple Inc.

                                                  Stephen Ullmer (SBN 277537)
                                                  ullmers@gtlaw.com
                                                  GREENBERG TRAURIG, LLP
                                                  4 Embarcadero Center, Suite 3000
                                                  San Francisco, CA 94111
                                                  Telephone:  (415) 655-1300
                                                  Facsimile:  (415) 707-2010

                                                  James J. DeCarlo (Admitted Pro Hac Vice)
                                                  decarloj@gtlaw.com
                                                  Michael A. Nicodema (Admitted Pro Hac Vice)
                                                  nicodemam@gtlaw.com

GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue, 34th Floor
New York, New York 10166
Tel.: (212) 801-9200
Fax: (212) 801-6400J.

APPLE'S RESPONSES AND OBJECTIONS TO
EMBLAZE'S FOURTH SET OF REQUESTS FOR
THE PRODUCTION OF DOCUMENTS

CASE NO. 5:11-CV-01079 PSG