1  MARK FOWLER (Bar No. 124235)
*mark.fowler@dlapiper.com*
2  ROBERT BUERGI (Bar No. 242910)
*robert.buergi@dlapiper.com*
3  DLA PIPER LLP (US)
2000 University Avenue
4  East Palo Alto, CA  94303-2214
Tel:  650.833.2000
5  Fax:  650.833.2001

6
JOHN ALLCOCK (Bar No. 98895)
7  *john.allcock@dlapiper.com*
ERIN GIBSON (Bar No. 229305)
8  *erin.gibson@dlapiper.com*
ROBERT C. WILLIAMS (Bar. No. 246990)
9  *robert.williams@dlapiper.com*
DLA PIPER LLP (US)
10  401 B Street, Suite 1700
San Diego, CA  92101
11  Tel:  619.699.2700
Fax:  619.699.2701
12

SARAH BARROWS (Bar No. 253278)
*barrowss@gtlaw.com*
STEPHEN ULLMER (Bar No. 277537)
*ullmers@gtlaw.com*
GREENBERG TRAURIG, LLP
4 Embarcadero Center, Suite 3000
San Francisco, CA  94111-5983
Tel.:  415.655.1300
Fax:  415.707.2010

JAMES J. DECARLO (*Pro Hac Vice*)
*decarloj@gtlaw.com*
MICHAEL A. NICODEMA (*Pro Hac Vice*)
*nicodemam@gtlaw.com*
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue, 34th Floor
New York, New York  10166
Tel:  212.801.9200
Fax:  212.801.6400

13  Attorneys for Defendant
APPLE INC.
14

15                    UNITED STATES DISTRICT COURT

16                  NORTHERN DISTRICT OF CALIFORNIA

17                          SAN JOSE DIVISION

18

19  EMBLAZE LTD.,

20            Plaintiff,

21  v.

22  APPLE INC., a California corporation,

23            Defendant.

24

25

26

CASE NO.  5:11-CV-01079 PSG

**DEFENDANT APPLE INC.'S MOTION FOR ORDER PERMITTING APPLE TO FILE A MOTION FOR PARTIAL SUMMARY JUDGMENT ON SHORTENED TIME ON EMBLAZE'S INDUCED INFRINGEMENT CLAIMS IN LIGHT OF THE SUPREME COURT'S JUST-ISSUED *AKAMAI* DECISION**

Civ. L.R. 6-1(b) and 6-3(a)

Judge: Hon. Paul S. Grewal

27

28

APPLE INC.'S MOTION FOR ORDER
SHORTENING TIME

1  **I.    INTRODUCTION AND RELIEF SOUGHT**

2          In light of its potential significant impact on this case, Defendant Apple Inc. ("Apple")

3  previously sought a stay of this case pending the Supreme Court's decision on the issue of

4  induced infringement in *Limelight Networks, Inc. v. Akamai Techs., Inc.*, Case No. 12-786.  D.E.

5  317, 333.  The Court declined to stay the case at that time.  D.E. 361.  On June 2, 2014, the

6  Supreme Court issued its decision in *Akamai*.  *Limelight Networks, Inc. v. Akamai Techs., Inc.*,

7  No. 12-786, 2014 WL 2440535 (U.S. June 2, 2014) (Ex. A to the Gibson Decl. submitted

8  herewith).  In its decision, the Supreme Court reversed the Federal Circuit's prior *en banc* holding

9  in the case and held that a defendant cannot be liable for induced infringement of a method claim

10 under 35 U.S.C. § 271(b) unless the practice of each step of the method claim is attributable to a

11 single party as required by 35 U.S.C. § 271(a) and the Federal Circuit's decision in *Muniauction,*

12 *Inc. v. Thompson Corp.*, 532 F.3d 1318 (Fed. Cir. 2008).

13         In the present case, the Court already has ruled that Apple does not directly infringe the

14 patent-in-suit, U.S. Patent No. 6,389,473 (Ex. B to the Gibson Decl.), and Emblaze's

15 infringement claims are now limited to induced infringement.  D.E. 424 at 18.  The Supreme

16 Court's *Akamai* decision precludes Emblaze's continued assertion of induced infringement of the

17 asserted method claims.  Specifically, as established below, Emblaze's infringement theory relies

18 on multiple entities and persons as collectively practicing the various steps of the asserted method

19 claims.  This infringement theory is squarely precluded by *Akamai*, is subject to summary

20 judgment, and should not reach the jury at the currently scheduled June 30, 2014 trial.  Although

21 Apple requested that Emblaze drop the method claims from the case in light of *Akamai*, Emblaze

22 has thus far declined to do so.  Apple therefore requests the following relief from the Court

23 pursuant to Civil Local Rules 6-1(b) and 6-3(a):

24     1.  Permission to file a motion for partial summary judgment of non-infringement that is

25         based on the ground that Emblaze's claims of induced infringement of the asserted

26         method claims are precluded by *Akamai*.

27     2.  That the Court set the following briefing and hearing schedule for Apple's motion:

28         •  Apple's moving papers to be filed by the later of Friday June 6, 2014, or the date on

---

APPLE INC.'S MOTION FOR ORDER                    -1-                    CASE No. 5:11-CV-01079 PSG
SHORTENING TIME

1    which the Court grants the present motion.

2    • Emblaze files its opposition papers on Thursday June 12 by 10:00 a.m.

3    • Apple waives the filing of reply papers.

4    • The Court hears the motion at the June 17, 2014 Pre-Trial Conference.

5    Should the Court not grant Apple's request to file its summary judgment motion on

6  shortened time, Apple requests, in the alternative, that the Court stay the trial pending the hearing

7  of a regularly noticed summary judgment motion.

8    II.    **ARGUMENT**

9    A.    **Reasons For The Requested Enlargement And Shortening Of Time**

10    In light of the Supreme Court's *Akamai* decision, Apple requested that Emblaze dismiss

11  its infringement claims that are based upon the asserted method claims.  Emblaze has thus far

12  declined, stating that it needs until June 13, 2014 to make a decision.  Gibson Decl. at ¶¶ 6-9.

13  The deadline for filing dispositive motions was February 14, 2014 [D.E. 336] and trial is set to

14  begin on June 30, 2014.  *Id.* at ¶ 4.  Due to the *Akamai* decision and the resulting preclusion of

15  Emblaze's infringement theory on the asserted method claims – which occurred after the deadline

16  for dispositive motions and shortly before trial is set to begin – Apple requests permission to now

17  file a motion for partial summary judgment on shortened time.

18    B.    **Efforts The Parties Have Made To Obtain A Stipulation To The Time**
         **Change**
19

20    Apple requested that Emblaze stipulate to Apple filing its summary judgment motion and

21  to the motion being briefed and heard on shortened time.  Gibson Decl. at ¶¶ 6-9.  Emblaze did

22  not agree.  *Id.*

23    C.    **Apple Would Suffer Substantial Prejudice If The Court Does Not Grant The**
         **Requested Relief**
24

25    If Emblaze refuses to dismiss its infringement claims based upon the asserted method

26  claims, and if the Court does not hear Apple's summary judgment motion and those claims

27  instead proceed to trial, Apple will suffer substantial prejudice because: (1) the Court likely will

28  place limits on Apple's time to present its case at trial and Apple would be required to devote

APPLE INC.'S MOTION FOR ORDER          -2-          CASE No. 5:11-CV-01079 PSG
SHORTENING TIME

1    substantial trial time to addressing the patent's method claims (both as to non-infringement and

2    invalidity) when Emblaze's infringement theory on those claims is precluded as a matter of law;

3    and (2) as Emblaze's infringement theory on the method claims is contrary to the law, any

4    evidence and argument submitted by Emblaze at trial pertaining to the those claims would likely

5    result in jury confusion.  Fed. R. Evid. 403.

6           **D.      Nature Of The Underlying Dispute To Be Addressed In The Motion And The
7                     Parties' Positions**

8           Apple's proposed motion for partial summary judgment would seek judgment on

9    Emblaze's claims of induced infringement of the asserted method claims of the '473 patent.

10          Emblaze currently is asserting infringement of 22 claims of the '473 patent, 12 of which

11   are method claims and 10 of which are apparatus claims.  D.E. 361 at 2; D.E. 346-4 (Madisetti

12   Infringement Report) at 3; Gibson Decl., Ex. B ('473 patent) at 14:18-16:64.  The asserted

13   method claims are independent claim 1 and dependent claims 2, 8-14, 21, and 23-24.  D.E. 346-4

14   (Madisetti Report) at 3; Gibson Decl., Ex. B at 14:18-15:62.  The Court previously granted Apple

15   summary judgment on Emblaze's direct infringement claims, and Emblaze's infringement claims

16   are now limited to induced infringement.  D.E. 424 at 18.

17          The Supreme Court's decision in *Akamai* makes clear that a defendant cannot be liable for

18   induced infringement of a method claim unless the practice of each step of the method claim is

19   attributable to a single person or entity.  *Akamai*, 2014 WL 2440535, at *1, 4-6 (citing

20   *Muniauction*, 532 F.3d at 1329-30).  Emblaze's infringement theory on the asserted method

21   claims runs afoul of this requirement.

22          **1.      The "Client Computer" Dependent Claims (Claims 2 and 8-14)**

23          Each of the following dependent method claims of the '473 patent recites method steps

24   taken by a claimed "client computer":  2 (client computer downloads the sequence over the

25   network from the server), 8 (client computer decodes the sequence), 9 (client computer reads the

26   index file to play back the sequence), 10, 12, 13 (add further requirements to the downloading

27   performed by the client computer) and 14 (requires a plurality of client computers).  Dependent

28   method claim 11 does not itself recite any action by the client computer, but does depend on

APPLE INC.'S MOTION FOR ORDER                    -3-              CASE NO. 5:11-CV-01079 PSG
SHORTENING TIME

1 claim 2, which recites such a limitation (and therefore claim 11 incorporates such a limitation).

2 Gibson Decl., Ex. B at 14:18-15:62.

3 Emblaze's expert Dr. Madisetti asserts that the accused Apple products (*e.g.*, the iPhone

4 and the iPad) are the claimed "client computer." D.E. 346-4 (Madisetti Report) at 45 ("All of the

5 Accused Products qualify as client computers"); *id.* at 17-21 (identifying Apple's iPhone, iPad,

6 Mac and Apple TV products as the Accused Products). Dr. Madisetti points to the use of

7 application and HLS software on the Apple "client computers" as performing the method steps of

8 the claimed client computer in these dependent method claims. D.E. 346-5 (Madisetti Report) at

9 68, 70-75, 79-83 (using the accused MLB At Bat application as an example).

10 **2. Independent Claim 1 And Dependent Claims 21, 23 And 24**

11 Independent method claim 1 recites, among other limitations, a "transmitting computer"

12 and a "server," each of which is associated with required method steps. Gibson Decl., Ex. B at

13 14:18-32. Dependent claims 21, 23 and 24 depend from claim 1 and impose additional

14 requirements on functions pertaining to the transmitting computer or the server. *Id.* at 15:52-62.

15 In analyzing claim 1, Dr. Madisetti points to "transmitting computers" and "servers" that

16 he identifies as being distinct from the Apple "client computers," and which he identifies in his

17 expert report as being owned or operated by (in the case of the accused MLB At Bat application)

18 MLB Advance Media and Akamai. D.E. 346-4 (Madisetti Report) at 45, 48-50, 52. During

19 deposition, Dr. Madisetti testified (again, with respect to the accused MLB At Bat application)

20 that Apple allegedly induces MLB, Akamai and Verizon to collectively practice the limitations of

21 claim 1. D.E. 333-3 at 278-280, 283.

22 **3. *Akamai* Precludes Emblaze's Method Claim Induced Infringement
23 Theory As A Matter Of Law**

24 Pursuant to the Supreme Court's decision in *Akamai*, Apple cannot – as a matter of law –

25 be held liable for induced infringement of the asserted method claims of the '473 patent unless

26 the practice of each step of the method claims is attributable to a <u>single</u> third party. *Akamai*, 2014

27 WL 2440535 at *1, 4-6 (citing *Muniauction*, 532 F.3d at 1329-30). However, as established

28 above, that is not the case here. As to claim 1 and dependent claims 21, 23 and 24, Dr. Madisetti

1   points to multiple companies (at least MLB, Akamai and Verizon) as collectively performing the

2   method steps of claim 1.  Emblaze's infringement theory therefore necessarily fails as to those

3   claims because the practice of the method steps is not attributable to a single third party.

4        Second, because dependent claims 2 and 8-14 each requires not only the performance of

5   the steps asserted in that claim itself, but also the steps required by independent claim 1 (upon

6   which each of these dependent claims ultimately depends), Apple cannot possibly have induced

7   direct infringement of these claims because Dr. Madisetti (1) points to the Apple products (and

8   their users) as practicing the steps recited in these dependent claims, while he (2) points to some

9   combination of at least MLB, Akamai and Verizon as practicing the steps of claim 1.  Thus,

10   Emblaze's infringement theory as to these dependent claims necessarily fails under *Akamai*

11   because Emblaze cannot attribute the practice of each step of the claims to a single third party.

        **4.**       **Emblaze's Current Position In Light Of *Akamai***

12

13        Emblaze has not yet articulated a position regarding the impact of the *Akamai* decision on

14   its assertion of induced infringement of the asserted method claims, other than to say that it

15   disagrees with Apple's position (without explaining in what way Apple allegedly is incorrect).

16           **E.**       **Previous Time Modifications In The Case**

17        All prior time modifications in the case are set forth in paragraph 11 of the Gibson Decl.

18           **F.**       **The Effect The Requested Time Modification Would Have On The Schedule**
                **For The Case**

19

20        Apple's request to file a summary judgment motion on shortened time would not impact

21   any other case deadline.  Apple's alternative request to stay the trial pending the hearing of a

22   regularly noticed summary judgment motion would stay all further case deadlines.

23   **III.**    **CONCLUSION**

24        For the foregoing reasons, Apple requests that the Court grant the requested relief.

25   Dated:  June 5, 2014               DLA PIPER LLP (US)

26                         By:_ /s/ *Mark Fowler*_____
                        Mark Fowler (Bar No. 124235)
27                           mark.fowler@dlapiper.com
                        Robert Buergi (Bar No. 242910)
28

robert.buergi@dlapiper.com
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, California 94303
T: 650.833.2000
F: 650.833.2001

John Allcock (Bar No. 98895)
john.allcock@dlapiper.com
Erin Gibson (Bar No. 229305)
erin.gibson@dlapiper.com
Robert Williams (Bar No. 246990)
robert.williams@dlapiper.com
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, California 92101
T: 619.699.2862
F: 619.764.6662


Sarah Barrows (SBN 253278)
barrowss@gtlaw.com
Stephen Ullmer (SBN 277537)
ullmers@gtlaw.com
GREENBERG TRAURIG, LLP
4 Embarcadero Center, Suite 3000
San Francisco, CA 94111-5983
Telephone: (415) 655-1300
Facsimile: (415) 707-2010

James J. DeCarlo (Admitted *Pro Hac Vice*)
decarloj@gtlaw.com
Michael A. Nicodema (Admitted *Pro Hac Vice*)
nicodemam@gtlaw.com
GREENBERG TRAURIG, LLP
200 Park Avenue, 34th Floor
New York, New York 10166
Tel.: (212) 801-9200
Fax: (212) 801-6400

*Attorneys for Defendant Apple Inc.*