1  MARK FOWLER (Bar No. 124235)
   mark.fowler@dlapiper.com
2  ROBERT BUERGI (Bar No. 242910)
   robert.buergi@dlapiper.com
3  DLA PIPER LLP (US)
   2000 University Avenue
4  East Palo Alto, CA  94303-2214
   Tel:  650.833.2000
5  Fax:  650.833.2001

6  JOHN ALLCOCK (Bar No. 98895)
   john.allcock@dlapiper.com
7  ERIN GIBSON (Bar No. 229305)
   erin.gibson@dlapiper.com
8  ROBERT C. WILLIAMS (Bar. No. 246990)
   robert.williams@dlapiper.com
9  DLA PIPER LLP (US)
   401 B Street, Suite 1700
10 San Diego, CA  92101
   Tel:  619.699.2700
11 Fax:  619.699.2701

12 Attorneys for Defendant
   APPLE INC.

   SARAH BARROWS (Bar No. 253278)
   barrowss@gtlaw.com
   WILLIAM SLOAN COATS (Bar No. 94864)
   coatsw@gtlaw.com
   STEPHEN ULLMER (Bar No. 277537)
   ullmers@gtlaw.com
   GREENBERG TAURIG, LLP
   4 Embarcadero Center, Suite 3000
   San Francisco, CA  94111-5983
   Tel.:  415.655.1300
   Fax:  415.707.2010

   JAMES J. DECARLO (*Pro Hac Vice*)
   decarloj@gtlaw.com
   MICHAEL A. NICODEMA (*Pro Hac Vice*)
   nicodemam@gtlaw.com
   GREENBERG TRAURIG, LLP
   MetLife Building
   200 Park Avenue, 34th Floor
   New York, New York  10166
   Tel:  212.801.9200
   Fax:  212.801.6400

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EMBLAZE LTD.,<br><br>  Plaintiff;<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>  Defendant. | CASE NO.  5:11-CV-01079 PSG<br><br>**DEFENDANT APPLE INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT OF PLAINTIFF EMBLAZE'S INDUCED INFRINGEMENT CLAIMS**<br><br>Date:  June 17, 2014<br>Time:  10:00 a.m.<br>Place:  Courtroom 5, 4th Floor<br>Judge:  Hon. Paul S. Grewal |

## TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ................................................................................................ 1
RELIEF REQUESTED ........................................................................................................................ 1
STATEMENT OF THE ISSUE TO BE DECIDED ............................................................................ 1
MEMORANDUM OF POINTS AND AUTHORITIES ..................................................................... 2
    I.      INTRODUCTION ................................................................................................................ 2
    II.     STATEMENT OF FACTS .................................................................................................. 2
           A.     Independent Claim 1 And Dependent Claims 21, 23, and 24 ....................................... 3
           B.     Dependent Claims 2 and 8-14 ....................................................................................... 3
           C.     The Supreme Court Reversed The Federal Circuit's Akamai Decision ...................... 4
    III.    LEGAL STANDARDS FOR SUMMARY JUDGMENT ................................................... 5
    IV.    ARGUMENT ........................................................................................................................ 6
           A.     Akamai Precludes Emblaze's Infringement Theory For The Asserted Method
                  Claims As A Matter Of Law ......................................................................................... 6
                1.     Independent Claim 1 And Dependent Claims 21, 23, and 24 ........................... 6
                2.     The "Client Computer" Dependent Claims (Claims 2 and 8-14) ...................... 9
    V.     CONCLUSION ................................................................................................................... 11

# TABLE OF AUTHORITIES

**CASES**

*Akamai Technologies, Inc. v. Limelight Networks, Inc.*,
 692 F.3d 1301 (Fed. Cir. 2012) .......................................................................................... 4

*Anderson v. Liberty Lobby, Inc.*,
 477 U.S. 242 (1986) ............................................................................................................ 5

*Barmag Barmer Maschinenfabrik AG v. Murata Mach., Ltd.*,
 731 F.2d 831 (Fed. Cir. 1984) ............................................................................................. 5

*BMC Resources, Inc. v. Paymentech, L.P.*,
 498 F.3d 1373 (Fed. Cir. 2007) ........................................................................................... 4

*Celotex Corp. v. Catrett*,
 477 U.S. 317 (1986) ............................................................................................................ 5

*Exigent Tech., Inc. v. Atrana Solutions, Inc.*,
 442 F.3d 1301 (Fed. Cir. 2006) ........................................................................................... 5

*Forest Labs., Inc. v. Abbott Labs.*,
 239 F.3d 1305 (Fed. Cir. 2001) ........................................................................................... 5

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
 Case No. 12-786 .................................................................................................................. 2

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
 No. 12-786, 2014 WL 2440535 (U.S. June 2, 2014) ................................................... passim

*MEMC Electronic Materials, Inc. v. Mitsubishi Materials Silicon Corp.*,
 420 F.3d 1369 (Fed. Cir. 2005) ........................................................................................... 5

*Muniauction, Inc. v. Thompson Corp.*,
 532 F.3d 1318 (Fed. Cir. 2008) ..................................................................................... passim

*Telemac Cellular Corp. v. Topp Telecom, Inc.*,
 247 F.3d 1316 (Fed. Cir. 2001) ........................................................................................... 5

*Warner-Lambert Co. v. Teva Pharm. USA, Inc.*,
 418 F.3d 1326 (Fed. Cir. 2005) ........................................................................................... 5

**STATUTES**

35 U.S.C. § 271(a) ................................................................................................................. 2, 4

35 U.S.C. § 271(b) ................................................................................................................. 2, 4

**OTHER AUTHORITIES**

Fed. R. Civ. P. 56 ................................................................................................................ 1

Fed. R. Civ. P. 56(a) ........................................................................................................ 5, 6

## NOTICE OF MOTION AND MOTION

To Plaintiff Emblaze Ltd. ("Emblaze") and its counsel of record:

PLEASE TAKE NOTICE that on June 17, 2014, Defendant Apple Inc. ("Apple") shall and hereby does, move for an order granting Apple partial summary of non-infringement of U.S. Patent No. 6,389, 473 (the "'473 patent") as to method claims 1-2, 8-14, 21, and 23-24 ("the asserted method claims") in light of the Supreme Court's just-issued decision *Limelight Networks, Inc. v. Akamai Techs., Inc.*, No. 12-786, 2014 WL 2440535 (U.S. June 2, 2014). This motion is based on this notice of motion, the accompanying memorandum of points and authorities in support thereof, the Declaration of Erin Gibson ("Gibson Decl.") and exhibits attached thereto, and any such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

## RELIEF REQUESTED

The Court already has ruled that Apple does not directly infringe the patent-in-suit, the '473 patent, and Emblaze's infringement claims are now limited to a theory of induced infringement. D.E. 424 (Order granting in part Apple's motions for summary judgment of non-infringement) at 18. The Supreme Court's *Akamai* decision precludes Emblaze's continued assertion of induced infringement of the asserted method claims. Specifically, Emblaze's infringement theory relies on multiple entities and persons collectively practicing the various steps of the asserted method claims. This infringement theory is squarely precluded by *Akamai* and should not reach the jury at the currently scheduled June 30, 2014 trial. Pursuant to Federal Rule of Civil Procedure 56, Apple seeks an order granting partial summary judgment of non-infringement of the '473 patent as to method claims 1-2, 8-14, 21, and 23-24.

## STATEMENT OF THE ISSUE TO BE DECIDED

1. Whether Apple is entitled to summary judgment of non-infringement of the '473 patent as to method claims 1-2, 8-14, 21, and 23-24 where Emblaze's induced infringement theory attributes performance of the various steps of the method claims to multiple entities, in contravention of *Akamai*.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In light of its potential significant impact on this case, Apple previously sought a stay of this case pending the Supreme Court's decision on the issue of induced infringement in *Limelight Networks, Inc. v. Akamai Techs., Inc.,* Case No. 12-786. D.E. 317, 333. The Court declined to stay the case at that time. D.E. 361. On June 2, 2014, the Supreme Court issued its decision in *Akamai*. *Limelight Networks, Inc. v. Akamai Techs., Inc.*, No. 12-786, 2014 WL 2440535 (U.S. June 2, 2014). In its decision, the Supreme Court reversed the Federal Circuit's *en banc* holding in the case and held that a defendant cannot be liable for induced infringement of a method claim under 35 U.S.C. § 271(b) unless the practice of each step of the method claim is attributable to a single party, as required by 35 U.S.C. § 271(a) and the Federal Circuit's decision in *Muniauction, Inc. v. Thompson Corp.*, 532 F.3d 1318 (Fed. Cir. 2008).

In the present case, the Court already has ruled that Apple does not directly infringe the patent-in-suit, the '473 patent, and Emblaze's infringement claims are now limited to a theory of induced infringement. D.E. 424 at 18. The Supreme Court's *Akamai* decision precludes Emblaze's continued assertion of its induced infringement theory for the asserted method claims. Specifically, as established below, Emblaze's infringement theory relies on multiple third parties collectively practicing the steps of the asserted method claims. This infringement theory is squarely precluded by *Akamai*, is subject to summary judgment, and should not reach the jury at the currently scheduled June 30, 2014 trial.

## II. STATEMENT OF FACTS

The Court previously granted Apple summary judgment of non-infringement on Emblaze's direct infringement claims, and Emblaze's infringement claims are now limited to induced infringement. D.E. 424 at 18. Emblaze currently is asserting infringement of 22 claims of the '473 patent, 12 of which are method claims and 10 of which are apparatus claims. D.E. 361 at 2; Ex. B[1] (Madisetti Infringement Report) at 3; Ex. A ('473 patent) at 14:18-16:64. The asserted method

---

[1] All exhibit citations are to exhibits to the accompanying Declaration of Erin Gibson.

claims are independent claim 1 and dependent claims 2, 8-14, 21, and 23-24. Ex. B (Madisetti Report) at 3; Ex. A ('473 patent) at 14:18-15:62.

### A. Independent Claim 1 And Dependent Claims 21, 23, and 24

Emblaze alleges that Apple has induced third parties to directly infringe twelve method claims of the '473 patent. Claim 1 is the only asserted independent method claim. Claim 1 recites:

> 1. A method for real-time broadcasting from a transmitting computer to one or more client computers over a network, comprising:
>
> providing at the *transmitting computer* a data stream having a given data rate;
>
> dividing the stream into a sequence of slices, each slice having a predetermined data size associated therewith;
>
> encoding the slices in a corresponding sequence of files, each file having a respective index; and
>
> uploading the sequence to *a server* at an upload rate generally equal to the data rate of the stream, such that the one or more client computers can download the sequence over the network from the server at a download rate generally equal to the data rate.

Ex. A ('473 patent) at 14:18-32 (emphasis added). As shown above, claim 1 recites, among other limitations, a "transmitting computer" and a "server" and various functions relating to each. *Id.*

Dependent claims 21, 23, and 24 depend from claim 1 and impose additional limitations on the functions of the transmitting computer and the server. *Id.* at 15:52-62.

### B. Dependent Claims 2 and 8-14

Dependent method claims 2 and 8-14 of the '473 patent each ultimately depends on independent claim 1. *Id.* at 14:33-35, 61-67, 15:1-26, 52-54, 57-62. As shown above, the last limitation of claim 1 recites in part "that the one or more *client computers* can download the sequence over the network from the server." *Id.* at 14:30-32 (emphasis added). Dependent claims 2 and 8-14 pick up where claim 1 leaves off and recite various method steps taken by the claimed "client computer." More specifically:

- Claim 2 requires that the client computers use an Internet protocol when they download the sequence as recited in claim 1. *Id.* at 14:33-35.

- Claim 8 requires the client computer to decode the sequence and play back the data stream. *Id.* at 14:61-63.
- Claim 9 requires the client computer to read the index file to play back the sequence. *Id.* at 14:65-15:2.
- Claims 10, 12 and 13 each add further requirements to the downloading performed by the client computer. *Id.* at 15:3-7, 13-21.
- Claim 14 requires a plurality of client computers. *Id.* at 15:22-26.

Dependent method claim 11 does not itself recite any action by the claimed client computer, but does depend on claim 2, which recites such a limitation, and therefore claim 11 also includes such a limitation. *Id*. at 14:18-15:62.

**C. The Supreme Court Reversed The Federal Circuit's *Akamai* Decision**

Prior to the Federal Circuit's 2012 *Akamai* decision, it was well settled that "in order for a party to be liable for induced infringement, some other single entity must be liable for direct infringement." *Akamai Technologies, Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301, 1306 (Fed. Cir. 2012) (citing *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373 (Fed. Cir. 2007)). In *Akamai*, the Federal Circuit reversed its prior precedent, holding that while "all the steps of a claimed method must be performed in order to find induced infringement, … it is not necessary to prove that all the steps were committed by a single entity." *Id.*

On January 10, 2014, the Supreme Court granted *certiorari* in *Akamai* to determine "[w]hether the Federal Circuit erred in holding that a defendant may be held liable for inducing patent infringement under 35 U.S.C. § 271(b) even though no one has committed direct infringement under § 271(a)." *Akamai*, 2014 WL 2440535 at *7. Thereafter, on June 2, 2014 the Supreme Court reversed the Federal Circuit's holding and held that a defendant cannot be liable for induced infringement of a method claim under 35 U.S.C. § 271(b) unless the practice of each step of the method claim is attributable to a single party as required by 35 U.S.C. § 271(a) and the Federal Circuit's decision in *Muniauction, Inc. v. Thompson Corp.*, 532 F.3d 1318 (Fed. Cir. 2008). *Id.* at *1, 4-6.

## III. LEGAL STANDARDS FOR SUMMARY JUDGMENT

Summary judgment is appropriate when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Summary judgment is an "integral part of the Federal Rules" aimed at securing "the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

A moving party which does not bear the burden of proof on an issue at trial discharges its burden on summary judgment by pointing out the absence of evidence to support the nonmoving party's case. *See Exigent Tech., Inc. v. Atrana Solutions, Inc.*, 442 F.3d 1301, 1307-08 (Fed. Cir. 2006). When the movant makes a prima facie showing that it is entitled to summary judgment, the burden shifts to the non-movant to present specific evidence identifying a genuine issue for trial. *MEMC Electronic Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1373 (Fed. Cir. 2005) (citing *Anderson*, 477 U.S. at 248.). The non-movant, as the party bearing the burden of proof, cannot defeat summary judgment by merely asserting that disputed facts exist. *See Barmag Barmer Maschinenfabrik AG v. Murata Mach., Ltd.*, 731 F.2d 831, 836 (Fed. Cir. 1984) ("Mere denials or conclusory statements are insufficient."). Instead, the non-movant "must present proof that the accused product meets each and every claim limitation." *Forest Labs., Inc. v. Abbott Labs.*, 239 F.3d 1305, 1310 (Fed. Cir. 2001).

To prove inducement of infringement of any claim, Emblaze must show that: (1) a single third party has directly infringed any claim; and (2) Apple actively induced that third party to directly infringe that claim. *See Akamai*, 2014 WL 2440535 at *1, 4-6; *Warner-Lambert Co. v. Teva Pharm. USA, Inc.*, 418 F.3d 1326, 1341 n.15 (Fed. Cir. 2005). Where, as here, a plaintiff cannot meet this evidentiary burden (Emblaze can point to no evidence of direct infringement of the asserted method claims attributable to a single third party) summary judgment of non-infringement is appropriate and proper. *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1323 (Fed. Cir. 2001) ("Summary judgment of noninfringement is appropriate where the patent owner's proof is deficient in meeting an essential part of the legal standard for infringement, since such failure will render all other facts immaterial."); Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the

movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

## IV. ARGUMENT

### A. *Akamai* Precludes Emblaze's Infringement Theory For The Asserted Method Claims As A Matter Of Law

The Supreme Court's decision in *Akamai* makes clear that Apple cannot be liable for induced infringement of the asserted method claims unless the practice of all of the steps of each method claim is attributable to a single third party. *Akamai*, 2014 WL 2440535 at * 1, 4-6 (citing *Muniauction*, 532 F.3d at 1329-30). Emblaze's infringement theory for the asserted method claims runs afoul of this requirement.

#### 1. Independent Claim 1 And Dependent Claims 21, 23, and 24

Independent method claim 1 recites, among other limitations, a "transmitting computer" and a "server," each of which is associated with certain of the claim's recited method steps. Ex. A ('473 patent) at 14:18-32. Dependent claims 21, 23, and 24 depend from claim 1 and impose additional limitations on the functions of the transmitting computer and the server. *Id.* at 15:52-62. For claim 1, and therefore also for dependent claims 21, 23, and 24, Emblaze's expert, Dr. Madisetti, points to multiple entities (at least MLB Advanced Media, Akamai and Verizon) as collectively performing the recited steps that relate to the transmitting computer and the server.

In analyzing claim 1, Dr. Madisetti's expert report points to "transmitting computers" and "servers" that he identifies as being owned or operated by, in the case of the accused MLB At Bat stream, MLB Advanced Media and Akamai, respectively. Ex. B (Madisetti Infringement Report) at 45, 48-50, 52. In this regard, Dr. Madisetti's expert report identifies MLB Advanced Media as operating the transmitting computer: "MLB Advanced Media utilizes media encoders and processors, such as Cisco's Media Processor," and depicts the use of the Cisco Media Processor as an alleged transmitting computer in Figure 1 from a Cisco document. *Id.* at 48-49, ¶¶ 105-107, Fig. 1. However, Dr. Madisetti's expert report alleges that a different entity, Akamai, satisfies the "server" limitation of claim 1 that receives an uploaded sequence of files from the transmitting computer "such that the one or more client computers can download the sequence over the network." Ex. A

('473 patent) at 14:28-31. Specifically, Dr. Madisetti relies on Akamai's operation of a content distribution network (CDN) to practice the server limitations, stating that "Akamai Technologies … operates as a Content Distribution Network for certain companies, including MLB Advanced Media," and that the allegedly infringing "HLS streaming technology consists of three parts," one of which allegedly is the "Akamai Network (CDN)." Ex. B at 50. Not surprisingly, then, Dr. Madisetti's expert report later concludes, with respect to the accused MLB At Bat stream, that Apple induces infringement of claim 1 because "Apple encourages third parties" (<u>plural</u>) "to practice this claim." *Id*. at 67.

At his deposition, Dr. Madisetti testified (again, with respect to the accused MLB At Bat stream) that he contends multiple entities collectively practice the limitations of claim 1. For example, Dr. Madisetti testified that MLB, Akamai, Verizon, and Apple "together" provide the accused MLB At Bat stream. Ex. C (Madisetti Depo. Tr.) at 278:16-279:6 ("it's my opinion that MLB, Akamai, Verizon, and Apple all have worked together to provide such a service"). For claim 1, Dr. Madisetti testified that Apple induced at least MLB, Akamai, and Verizon to allegedly practice the claim. *Id*. at 279:8-280:1 ("Apple encourages third parties, such as MLB, Akamai, and Verizon, to practice all the limitations of this and each asserted claim"). As established above, this testimony is consistent with Dr. Madisetti's report, in which he relies on at least MLB and Akamai together to allegedly satisfy the limitations of claim 1.

When he was specifically asked what limitation of claim 1 he believes Akamai is practicing for the MLB At Bat stream, Dr. Madisetti answered that the content delivery network providers (*e.g.*, Akamai) provide access to servers that allow the clients to download the live streams:

> Q. And I'm not asking you about what document that the – I'm really asking from a technical matter, <u>what element do you believe that Akamai is practicing with respect to Claim 1 of the patent for the MLB stream</u>?
>
> [objection omitted]
>
> A. Again, I don't – I'm not answering it from a legal point of view. From a technical point of view, <u>the content delivery networks provide access to the servers, including their edge servers, that allow Apple devices and clients to download these live streams from different content providers</u>, using the HLS protocol.

Ex. C (Madisetti Depo. Tr.) at 280:11-281:1 (emphasis added). Dr. Madisetti therefore expressly identified content delivery networks such as Akamai as the entities practicing the server limitation of claim 1, again confirming the opinions from his expert report discussed above.

Emblaze's recent April 23, 2014, second revised Patent L.R. 3-1 and 3-2 disclosures (infringement contentions) confirm that Emblaze is relying on multiple parties to perform the method steps of claim 1. More specifically, Emblaze's recent infringement contentions confirm that it is relying on content delivery network providers such as Akamai, Brightcove, and Limelight Networks to satisfy at least some limitations of claim 1:

> <u>The remainder of the limitations in claims 1</u>, 2, 8, 9, 10, 11, 12, 13, 14, 21, 23, 24, 25, 26, 27, 28, 29, 36, 37, 38, 40, 41 of the '473 patent <u>are performed by or incorporated in devices operated by the following third parties</u> that use Apple's HTTP Live Streaming to stream content to users:
> 2. <u>Akamai Technologies, Inc.</u>, 8 Cambridge Center, Cambridge, MA 02142.
> 3. <u>Brightcove, Inc.</u>, One Cambridge Center, Cambridge, MA 02142.
> 4. <u>Limelight Networks, Inc.</u>, 222 South Mill Avenue, Suite 800, Tempe, AZ 85281.

Ex. D (Emblaze's Second Revised Patent Disclosures) at 5 (emphasis added). Dr. Madisetti's infringement theory attributing the performance of certain method steps of claim 1 to a content provider (*e.g.*, MLB Advanced Media) and Emblaze attributing "the remainder of the limtations" of claim 1 to a content delivery network provider (*e.g.*, Akamai) is squarely prohibited by *Akamai*. *Akamai,* 2014 WL 2440535 at *1, 4-6.

With regard to the six accused streams other than the accused MLB At Bat stream, Dr. Madisetti provides only a cursory analysis of such streams and then opines that those streams practice claim 1 for the same reasons he offered for the MLB At Bat stream. Ex. B (Madisetti Report) at 96 ("for reasons already explained in connection with my analysis of MLB AT BAT, it is my opinion that Apple induces the direct infringement by third parties of each of the Asserted Claims of the '473 patent that occurs when client devices access live football games using NFL Live"), 101 (same for the accused iTunes Festival stream), 106 (same for the accused PGA stream), 111 (same for the accused Apple Keynote stream), 115 (same for the accused ABC News stream), 116 (same for the accused ESPN stream). Consistent with these opinions, Dr. Madisetti testified that the combined

actions of multiple parties practice the asserted method claims with regard to these other accused live streams. *See, e.g.,* Ex. C (Madisetti Depo. Tr.) at 412:1-10 (identifying the combined actions of multiple parties, the NFL and neulion.com, for the NFL stream), 418:6-11 (identifying the combined actions of multiple parties, the PGA and Akamai, for the PGA stream), and 420:10-18 (identifying the combined actions of multiple parties, ABC and Akamai, for the ABC News stream).

In sum, Emblaze and Dr. Madisetti attribute the alleged direct infringement of asserted method claim 1 to multiple parties in direct violation of *Akamai*. *Akamai,* 2014 WL 2440535 at *1, 4-6. Accordingly, Apple is entitled to summary judgment of non-infringement of claim 1 and its dependent claims 21, 23, and 24.

### 2. The "Client Computer" Dependent Claims (Claims 2 and 8-14)

Dependent method claims 2 and 8-14 of the '473 patent each ultimately depends from claim 1 and therefore are subject to summary judgment of non-infringement for at least the reasons above.

In addition, as established above, each of these dependent method claims recites steps taken by a "client computer:" claim 2 (client computer downloads the sequence over the network from the server); claim 8 (client computer decodes the sequence and plays back the data stream); claim 9 (client computer reads the index file to play back the sequence); claims 10, 12, 13 (add further requirements to the downloading performed by the client computer); and claim 14 (requires a plurality of client computers). As also established above, dependent method claim 11 does not itself recite any action by the claimed client computer, but it does depend on claim 2, which recites such a limitation, and therefore claim 11 also includes such a limitation. Ex. A ('473 patent) at 14:18-15:62.

Dr. Madisetti asserts that the accused Apple products (*e.g.*, the iPhone and the iPad) are the claimed "client computer." Ex. B (Madisetti Infringement Report) at 45 ("All of the Accused Products qualify as client computers"); *id.* at 17-21 (identifying Apple's iPhone, iPad, Mac, and Apple TV products as the Accused Products). Dr. Madisetti points to the use of application and HLS software on the Apple accused products as performing the client computer steps of these dependent method claims. *Id.* at 68, 70-75, 79-83 (using the accused MLB At Bat stream as an example).

Specifically, Dr. Madisetti opines that method claims 2 and 8-14 are practiced by actions taken on iPhones and iPads by Apple customers. Dr. Madisetti makes the following assertions:

- Claim 2: "the MLB AT BAT <u>application on iPads and iPhones utilizes</u> Internet protocols … to download multimedia video and audio files for display on the client device." Ex. B (Madisetti Infringement Report) at 68, ¶ 2 (emphasis added).

- Claim 8: "<u>Apple client devices (e.g., iPads and iPhones) played back</u> the live event." *Id.* at 70, ¶ 144 (emphasis added).

- Claim 9: "<u>the client first obtains</u> the Playlist file and then obtains and plays each media segment in the Playlist." *Id.* at 71, ¶ 147. "<u>[T]he client devices must read</u> the index file … to play back a live media stream." *Id.* at 73, ¶ 154 (emphasis added).

- Claim 10: "to play a stream, <u>the client</u> first obtains the Playlist file and then obtains and plays each media segment in the Playlist." *Id.* at 74, ¶ 156 (emphasis added).

- Claim 12: "<u>the client device determines</u> the bandwidth conditions of the network between the server and the client device and selects one of the available streams, i.e., quality levels, in response to that determination." *Id.* at 79, ¶ 171 (emphasis added).

- Claim 13: "the usage of the HTTP protocol during live event broadcasts to <u>Apple client devices using MLB AT BAT</u>." *Id.* at 81, ¶ 175 (emphasis added).

- Claim 14: "[t]he <u>use of MLB AT BAT on Apple client devices</u>, including iPads and iPhones, comprises a plurality of client computers that substantially simultaneously download and playback the live event broadcasts." *Id.* at 82, ¶ 177 (emphasis added).

Dr. Madisetti's expert report therefore confirms that the alleged practice of each of these asserted dependent method claims is alleged to require steps taken by a third party user operating a "client computer," in addition to the steps separately taken by at least the content providers (*e.g.*, MLB Advanced Media) that are alleged to satisfy certain limitations of independent claim 1. Emblaze's recent April 23, 2014, second revised infringement contentions further confirm that limitations of claims 2, 8-10, and 12-14 are performed by "<u>[c]lients, i.e., end users</u>, through devices that support Apple's HTTP Live Streaming, e.g., the devices listed above" (*e.g.*, the iPhone and iPad). Ex. D (Emblaze's Second Revised Patent Disclosures) at 4. Accordingly, there is no dispute that Emblaze's infringement theory regarding these dependent claims includes <u>both</u> the practice of some method steps by the users of the accused Apple products <u>and</u> the practice of other method steps

by content providers and content delivery networks. There is therefore no question that Emblaze is attributing the practice of the claimed method steps to multiple parties.

In summary, both Emblaze and Dr. Madisetti allege that direct infringement of dependent claims 2 and 8-14 is attributable to multiple entities, including at least third party content providers and the third party end users of the accused Apple products. Apple therefore is entitled to summary judgment of non-infringement of these claims. *Akamai,* 2014 WL 2440535 at *1, 4-6.

## V. CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court grant summary judgment of non-infringement of the '473 patent as to all asserted method claims, claims 1-2, 8-14, 21, and 23-24.

Dated: June 6, 2014

                                                                      DLA PIPER LLP (US)

                                                                       By: /s/ Mark Fowler
                                                                       Mark Fowler (Bar No. 124235)
                                                                       mark.fowler@dlapiper.com
                                                                       Robert Buergi (Bar No. 242910)
                                                                       robert.buergi@dlapiper.com
                                                                       DLA PIPER LLP (US)
                                                                       2000 University Avenue
                                                                       East Palo Alto, California 94303
                                                                       T: 650.833.2000
                                                                       F: 650.833.2001

                                                                       John Allcock (Bar No. 98895)
                                                                       john.allcock@dlapiper.com
                                                                       Erin Gibson (Bar No. 229305)
                                                                       erin.gibson@dlapiper.com
                                                                       Robert Williams (Bar No. 246990)
                                                                       robert.williams@dlapiper.com
                                                                       DLA PIPER LLP (US)
                                                                       401 B Street, Suite 1700
                                                                       San Diego, California 92101
                                                                       T: 619.699.2862
                                                                       F: 619.764.6662

GREENBERG TRAURIG, LLP

Sarah Barrows (SBN 253278)
barrowss@gtlaw.com
William Coats (SBN 94864)
coatsw@gtlaw.com
Stephen Ullmer (SBN 277537)
ullmers@gtlaw.com
GREENBERG TRAURIG, LLP
4 Embarcadero Center, Suite 3000
San Francisco, CA 94111-5983
Telephone: (415) 655-1300
Facsimile: (415) 707-2010


James J. DeCarlo (Admitted *Pro Hac Vice*)
decarloj@gtlaw.com
Michael A. Nicodema (Admitted *Pro Hac Vice*)
nicodemam@gtlaw.com
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue, 34th Floor
New York, New York 10166
Tel.: (212) 801-9200
Fax: (212) 801-6400

*Attorneys for Defendant Apple Inc.*