MARTIN B. PAVANE (admitted pro hac vice)
LISA A. FERRARI (admitted pro hac vice)
ANDREW NEMIROFF (admitted pro hac vice)
MARILYN NEIMAN (admitted pro hac vice)
COZEN O'CONNOR
277 Park Avenue
New York, New York 10172
Telephone: (212) 883-4900
Facsimile: (212) 986-0604
Email: mpavane@cozen.com
lferrari@cozen.com
anemiroff@cozen.com
mneiman@cozen.com

MARK V. ISOLA (SBN 154614)
REHON & ROBERTS
A Professional Corporation
830 The Alameda
San Jose, CA 95126
Telephone: (408) 494-0900
Facsimile: (408) 494-0909
Email: misola@rehonroberts.com

NATHAN DOOLEY (CA State Bar No. 224331)
COZEN O'CONNOR
601 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 892-7900
Toll Free Phone: (800) 563-1027
Facsimile: (213) 892-7999
Email: ndooley@cozen.com

*Attorneys for Plaintiff Emblaze Ltd.*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| EMBLAZE LTD.,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., a California Corporation,<br><br>Defendant. | CASE NO. 5:11-cv-01079-PSG<br><br>**PLAINTIFF EMBLAZE LTD.'S MEMORANDUM IN OPPOSITION TO DEFENDANT APPLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT NON INFRINGEMENT**<br><br>Date: June 17, 2014<br>Time: 10:00 am<br>Place: Courtroom 5, 4th Floor<br>Judge: Hon. Paul S. Grewal |

### I.     INTRODUCTION

Plaintiff Emblaze Ltd. ("Emblaze") submits this Memorandum in Opposition to Defendant Apple Inc.'s Motion for Partial Summary Judgment of Non-Infringement of Plaintiff Emblaze's Induced Infringement Claims ("Motion") [D.E. 469].

PLAINTIFF EMBLAZE LTD.'S MEMORANDUM IN OPPOSITION
TO DEFENDANT APPLE INC.'S MOTION FOR PARTIAL
SUMMARY JUDGMENT OF NON INFRINGEMENT

LEGAL\19351852\1

LEGAL\19351852\1

The sole impact that the Supreme Court's decision in *Limelight Networks, Inc. v. Akamai Technologies, Inc.*, 2014 WL 2440535 (June 2, 2014) ("*Akamai*") has on Emblaze's induced infringement claims is that the fact finder must now also determine:

(1) whether a single entity performed all of the steps of the asserted method claims; and

(2) to the extent multiple entities performed the steps, whether performance of all of the steps can be attributed to a single entity.

As set forth herein, and contrary to Apple's contention, Emblaze's expert, Dr. Madisetti, has opined that a single entity performs all of the steps of some of the asserted method claims of the suit patent, namely, claims 1, 21, 23, and 24. Emblaze agrees, however, that other dependent claims, namely, claims 2 and 8-14, require multiple parties, e.g., a content provider and someone operating a client computer (i.e., an iPhone, iPads etc.), and therefore Emblaze agrees to withdraw those claims form this case in view of *Akamai*.

## II. STATEMENT OF FACTS

### A. Emblaze's Patented Method of Live Streaming

Emblaze's method claims that are the subject of Apple's Motion ((claims 1, 2, 8-14, 21, 23, 24 of U.S. Patent No. 6,389,473 ("the '473 patent"))[1] are directed to a method for real-time streaming to devices over a network, such as over the internet, by chopping up the stream into slices, which are then rendered as files, such that the sequence of files can be uploaded and downloaded without the need for devoted streaming servers, and such that software in the client viewing devices

---

[1] Apple does not argue that its present motion impacts the apparatus claims of Emblaze's '473 patent. Likewise, Apple's present motion does not address whether or not Apple's conduct would constitute inducement of infringement, assuming that at least one party is directly infringing. Rather, Apple's motion is directed solely to the issue of whether Emblaze has asserted that any one party is directly infringing any of the asserted method claims, such that a claim of inducement can be made under the law post-*Akamai*.

2

PLAINTIFF EMBLAZE LTD.'S MEMORANDUM IN
OPPOSITION TO DEFENDANT APPLE INC.'S MOTION FOR
PARTIAL SUMMARY JUDGMENT OF NON INFRINGEMENT

LEGAL\19351852\1

(e.g., iPhones, iPads, etc.) can select among multiple bit rate streams for providing the best viewing experience. Emblaze first unveiled its live streaming technology when it live streamed the Easter Egg Roll from the White House lawn in April 1998. *See* Orders dated November 27, 2012 [D.E. 137] and April 24, 2014 [D.E. 424].

"The '473 patent opened the door to inexpensive and efficient IP [internet protocol]-based streaming of live events over the internet in a manner that allows individual client devices to choose the quality level (determined by the level of compression) of the stream being rendered on the client device, and to download individual files in the stream for display at the client device." *See* Expert Report of Infringement (Vijay Madisetti) ("Madisetti Expert Report") at ¶ 59, p. 26.

Claim 1 of the '473 patent reads:

1. A method for real-time broadcasting from a transmitting computer to one or more client computers over a network, comprising:

providing at the transmitting computer a data stream having a given data rate;

dividing the stream into a sequence of slices, each slice having a predetermined data size associated therewith;

encoding the slices in a corresponding sequence of files, each file having a respective index; and

uploading the sequence to a server at an upload rate generally equal to the data rate of the stream, such that the one or more client computers can download the sequence over the network from the server at a download rate generally equal to the data rate.

As is apparent, claim 1 does not require participation by a client computer. Rather, the final element of claim 1 only calls for "uploading the sequence to a server . . . "such that" client computers can download the sequence. In other words, claim 1 does not require actually downloading the sequence to a client computer.

Likewise, claims 21, 23, and 24 do not include any step requiring participation by a client computer. Those claims read:

3

PLAINTIFF EMBLAZE LTD.'S MEMORANDUM IN OPPOSITION TO DEFENDANT APPLE INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON INFRINGEMENT

LEGAL\19351852\1

21. A method according to claim 1, wherein uploading the sequence comprises uploading a sequence using an Internet Protocol.

23. A method according to claim 1, wherein dividing he stream into the sequence of slices comprises dividing the stream into a sequence of time slices, each having a predetermined duration associated therewith.

24. A method according to claim 1, wherein the data stream comprises multimedia data.

Contrary to Apple's implication, Emblaze's expert, Dr. Madisetti, has opined that a single entity does practice all of the steps of claim 1[2].

Q. So is it your position that at least some of the Claim 1 elements for MLB are performed by Akamai?
A. No. It's an opinion that I offer two parallel analyses of the claim. In the first, MLB by itself satisfies and carries out the limitations of the transmitting computer. In the second independent analysis, MLB, combined with an Akamai server that provides these files to Akamai's edge servers, is also satisfying the steps required to be performed by the transmitting computer.

. . .

Q. Let me ask it differently. How does the encoder perform the upload step with respect to the MLB by itself implementation that you described?
A. As per the testimony of MLB, they carry out the steps performed in the HLS specification; they segment the stream at five seconds duration; they encode the segments as files with indices. And Mr. Inzerillo [MLB's 30(b)(6) witness deposed in this case] describes how the indexing is done. And then they upload it to Akamai's CDN. And it's all described in my review of -- in my report and through Mr. Inzerillo's testimony.

Dep. Tr., Dr. Vijay Madisetti, pp. 338, 340 (emphasis and bracketed subject matter added).

Dr. Madisetti's deposition testimony is consistent with his expert report:

97: In my opinion and for the reasons discussed below, Apple has infringed Claim 1 of the '473 Patent by inducing MLB Advanced Media LP ("MLB Advanced Media") to carry out the steps in claim 1. More particularly, Apple induced third parties such as MLB Advanced Media to practice Apple's HLS protocol in an app entitled "MLB.com AT BAT" (hereinafter "MLB AT BAT") that utilizes HLS. Apple encourages third parties (such as MLB Advanced Media) to practice all of the limitations of this and each of the Asserted Claims by distributing literature, such as the Apple Overview and the IETF Specification, which explains how to implement Apple's HLS, by selling Apple client devices that can play multimedia live streamed using Apple's HLS protocol, and by encouraging app developers to develop apps for Apple client devices that facilitate the live streaming of multimedia to Apple client devices.

Madisetti Expert Report, ¶97 (emphasis added).

---

[2] Apple does not separately treat dependent claims 21, 23, and 24 separately from its treatment of claim 1 (Apple Motion, pp. 6-9)

4

PLAINTIFF EMBLAZE LTD.'S MEMORANDUM IN
OPPOSITION TO DEFENDANT APPLE INC.'S MOTION FOR
PARTIAL SUMMARY JUDGMENT OF NON INFRINGEMENT

LEGAL\19351852\1

And as Apple acknowledges, Dr. Madisetti's opinion for the providers of the other accused streams (i.e., NFL, PGA, etc.) is the same as his opinion for MLB Advanced Media. (Apple Motion, p. 8).

### III. THE LAW

#### A. Legal Standard for Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed. 2d 202 (1986).

#### B. Induced Infringement After *Akamai*

Following the Supreme Court's decision in *Akamai,* to sustain a claim for inducement of infringement under 35 U.S.C. §271(b), the patentee must establish by a preponderance of evidence that a single party has directly infringed, and that the accused party has induced that infringement. *Limelight Networks, Inc. v. Akamai Technologies, Inc.*, 2014 WL 2440535 (June 2, 2014) ("*Akamai*") at *1, 4-6.

### IV. ARGUMENT

#### A. Because a Single Entity Performs All Of The Steps of Claims 1, 21, 23, and 24, Apple's Motion Should Be Denied As To Those Claims

As demonstrated above, independent method claim 1, and claims 21, 23, and 24 dependent on claim 1, do not recite any step requiring participation by a client computer. Rather, the final

5

PLAINTIFF EMBLAZE LTD.'S MEMORANDUM IN
OPPOSITION TO DEFENDANT APPLE INC.'S MOTION FOR
PARTIAL SUMMARY JUDGMENT OF NON INFRINGEMENT

LEGAL\19351852\1

element of claim 1 says only that the sequence of files is uploaded to a server "such that the one or more client computers can download the sequence over the network from the server at a download rate generally equal to the data rate." It is well established that a "such that" clause that merely states the intended result of other claim limitations is not itself a claim limitation. *See Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 498 F. Supp. 2d 1131, 1210 (N.D. Iowa 2007) ("Each of these 'whereby,' 'such that,' or 'so that' clauses is a 'laudatory one characterizing the result of the executing step,' and as such, does not state a claim limitation"); *see also Minton v. NASD*, 336 F.3d 1373, 1381 (Fed. Cir. 2003) ("A whereby clause in a method claim is not given weight when it simply expresses the intended result of a process step positively recited.")

As shown above, Dr. Madisetti has opined that MLB Advance Media alone practices all of the limitations of claim 1, which renders MLB Advance Media a direct infringer of claim 1. (*See also* Emblaze's Opposition to Apple's Motion to Stay [D.E. 325] at p. 5 ("Emblaze's expert testified at his deposition (and stated in his report) that MLB alone performed all the steps of claim 1 of the '473 patent.")). And as Apple notes, Dr. Madisetti's opinion regarding infringement of claim 1 is the same for the providers of the other accused streams (e.g., NFL, PGA, etc.) and any entity that live streams using HLS. Apple's Motion, p. 8. Accordingly, Apple's motion for summary judgment as to claim 1 based on *Akamai* should be denied, especially considering that on this motion all reasonable inferences must be drawn in Emblaze's favor. Similarly, because Apple's Motion as to claims 21, 23, and 24 is premised on its reasoning for claim 1 (Apple's Motion, pp. 6-9), Apple's Motion as to those claims should be denied for the same reasons that its Motion as to claim 1 should be denied. Moreover, and as Apple implicitly acknowledges, it is self-evident that the party that performs the steps of claim 1 is also performing the steps of dependent claims 21, 23, and 24.

6
PLAINTIFF EMBLAZE LTD.'S MEMORANDUM IN
OPPOSITION TO DEFENDANT APPLE INC.'S MOTION FOR
PARTIAL SUMMARY JUDGMENT OF NON INFRINGEMENT

LEGAL\19351852\1

## V. CONCLUSION

For the aforementioned reasons, Emblaze respectfully requests that this Court deny Apple's motion for partial summary judgment as to claims 1, 21, 23, and 24.

Respectfully submitted,

REHON & ROBERTS
COZEN O'CONNOR

Dated:  June 12, 2014

By:   /s/  Martin B. Pavane
            Martin B. Pavane

Attorneys for Plaintiff Emblaze Ltd.

PLAINTIFF EMBLAZE LTD.'S MEMORANDUM IN OPPOSITION TO DEFENDANT APPLE INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON INFRINGEMENT

LEGAL\19351852\1