UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EMBLAZE LTD., | Case No. 5:11-cv-01079-PSG |
| Plaintiff, | **ORDER RE: PRE-TRIAL MOTIONS** |
| v. | |
| APPLE INC., | **(Re: Docket Nos. 432, 443, 444, 445, 447, 452, 453, 455, 456, 458, 459, 460, 461, 463, 484, 487, 490 and 493)** |
| Defendant. | |

Before the court are the parties' *Daubert* and in limine motions. As previewed at yesterday's pre-trial conference, the court rules as follows[1]:

---

[1] The court will issue separate orders addressing Apple's *Daubert* and summary judgment motions.

| DN | Motion | Order |
|---|---|---|
| 432 | Emblaze's *Daubert* Motion to Exclude Opinion and Testimony of James Malackowski | DENIED. Apple and Emblaze's factual dispute over the hypothetical negotiation date is a matter for cross-examination—not grounds to exclude Apple's damages expert's opinions in its entirety. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1392 (Fed. Cir. 2003) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); Fed. R. Evid. 702, Advisory Committee's Note ("When facts are in dispute, experts sometimes reach different conclusions based on competing versions of the facts. The emphasis in the amendment on 'sufficient facts or data' is not intended to authorize a trial court to exclude an expert's testimony on the ground that the court believes one version of the facts and not the other."). <br><br>IT IS ORDERED that Emblaze shall be permitted to depose Daniel Quinn, Rhonda Stratton and Roger Pantos for two hours each. Any deposition shall take place at a location of Emblaze's choosing by Tuesday, June 24, 2014. |
| 443 | Emblaze's MIL No. 1 – To Exclude Alan Cohen From Testifying at Trial | GRANTED. Mr. Cohen was not timely disclosed as a percipient witness. He may not testify. |
| 444 | Sealing Motion | Sealing of Ex. A is DENIED. <br><br>The fact that "Apple refers to their main line of business products, Mac computers, iPads, iPhones and iPods as 'hero products'" internally is well known. It is not sealable. *See, e.g.*, http://www.theverge.com/2012/8/3/3217057/day-two-testimony-apple-samsung-trial ("10:02 AM Schiller sums up Apple's product-first advertising strategy nicely: 'We call it 'product as hero'.'"). Nor are "Apple's Strategic Technology Acquisitions" – including those from over a decade ago – a secret. *See, e.g.* http://en.wikipedia.org/wiki/Pixo ("In 2001, Pixo was hired by Apple to adapt their system software for use in the iPod."). <br><br>Sealing of Ex. B is GRANTED. |
| 445 | Apple's MIL No. 1 – To Exclude Reference to Apple's Total Revenues, Profits, Cash, Earnings and Similar Finances | GRANTED. Emblaze shall not introduce evidence or argument on Apple's U.S. and worldwide gross revenues, gross margins, profits, earnings, cash, investments, income and income projections, including total profits or revenues from Apple products. *See LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 68 (Fed. Cir. 2012) ("Admission of such overall revenues, which have no demonstrated correlation to the value of the patented feature alone, only serve to make a patentee's proffered damages amount appear modest by comparison, and to artificially inflate the jury's damages calculation beyond that which is adequate to compensate for the infringement."). |

| | | |
|---|---|---|
| | Apple's MIL No. 2 – To Exclude Reference to Unrelated Litigations, Investigations, Accusations, Settlements and/or Prior Alleged Bad Acts Involving Apple or Steve Jobs | GRANTED-IN-PART. Emblaze shall not offer evidence or argument regarding alleged past misconduct and the alleged poor character of Apple or Steve Jobs, as well as any prior unrelated litigations, investigations, accusations, or settlements involving Apple or Mr. Jobs. *See* Fed. R. Evid. 401, 403 and 404(a)(1) ("Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."). To be clear, litigation settlements authorized pursuant to *ResQNet* are not excluded by this order.[2]<br><br>Apple similarly shall not introduce evidence or argument related to poor character of Emblaze or its leadership. |
| | Apple's MIL No. 3 – To Exclude Any Evidence or Argument Regarding Apple or Steve Jobs Copying of Others | GRANTED. Emblaze shall not offer any evidence or argument regarding Apple or Steve Jobs alleged copying of third party products, ideas or inventions. *See* Fed. R. Evid. 401 and 403. |
| | Apple's MIL No. 4 – To Exclude Reference to Any Discovery Decisions or Disputes, and Purported Discovery Failures of Apple | DENIED. The court will consider any appropriate objection during trial, but a blanket prophylactic order is not warranted. The court will not countenance speculation as to documents impermissibly withheld. |
| | Apple's MIL No. 5 – To Exclude Expert Testimony Beyond the Scope of Expert Reports, And Any Other Evidence or Argument Regarding Non-Infringing Streams | GRANTED. With summary judgment of non-infringement entered as to unanalyzed streams, Emblaze shall not introduce evidence or argument at trial that these non-infringing streams practice the asserted claims. Dr. Madisetti will be held to those opinions disclosed in his expert report in this case. |

---

[2] *See ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 872-73 (Fed. Cir. 2010).

This court observes as well that the most reliable license in this record arose out of litigation. On other occasions, this court has acknowledged that the hypothetical reasonable royalty calculation occurs before litigation and that litigation itself can skew the results of the hypothetical negotiation. Similarly this court has long recognized that a reasonable royalty can be different than a given royalty when, for example, widespread infringement artificially depressed past licenses. And a reasonable royalty may permissibly reflect the fact that an infringer had to be ordered by a court to pay damages, rather than agreeing to a reasonable royalty.

On remand, the district court will have the opportunity to reconsider the reasonable royalty calculation. At that time, the district court may also consider the panoply of events and facts that occurred thereafter and that could not have been known to or predicted by the hypothesized negotiators. During that remand, however, the trial court should not rely on unrelated licenses to increase the reasonable royalty rate above rates more clearly linked to the economic demand for the claimed technology.

In sum, the district court erred by considering ResQNet's re-bundling licenses to significantly adjust upward the reasonable royalty without any factual findings that accounted for the technological and economic differences between those licenses and the '075 patent. A reasonable royalty based on such speculative evidence violates the statutory requirement that damages under § 284 be "adequate to compensate for the infringement." (internal quotations and citations omitted).

3

Case No. 5:11-cv-01079-PSG
ORDER RE: PRE-TRIAL MOTIONS

| | | Apple's MIL No. 6 – To Exclude Evidence or Argument that Apple Directly Infringes or that Anyone Infringes Under the Doctrine of Equivalents | GRANTED-IN-PART. Emblaze may offer evidence that Apple directly infringes Emblaze's patent only to support its 35 U.S.C. § 271(b) inducement claims, not any 35 U.S.C. § 271(a) direct infringement claims – which are no longer in the case.[3] |
|---|---|---|---|
| | | Apple's MIL No. 7 – To Exclude Any Evidence or Argument Regarding Expert Testimony Previously Excluded in Unrelated Litigation | GRANTED. Although Malackowski's prior experience as an expert witness is relevant, the danger of unfair prejudice to Apple substantially outweighs the probative value of the evidence pursuant to Fed. R. Evid. 403. *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."). <br><br> Apple, too, may not discredit any Emblaze expert's prior experience as an expert witness in independent litigation absent a preliminary showing as to the probative nature of the evidence. |
| | | Apple's MIL No. 8 – To Exclude Any Evidence or Argument Regarding Apple's Alleged Copying of Emblaze or Other Secondary Considerations of Non-Obviousness That Emblaze Intentionally Withdrew in this Case | GRANTED. Emblaze's counsel represented Emblaze would not rely on the commercial success of Emblaze's products and services and that it would not assert the failure of others or copying when it declined to reply with a Rule 30(b)(6) witness on topics propounded by Apple during discovery in this case. Emblaze therefore shall not marshal evidence or argument regarding Apple's alleged copying of Emblaze or other secondary considerations of non-obviousness that Emblaze withdrew earlier in this case. |
| | 447 | Sealing Motion | Sealing of the opposition is GRANTED. The request is narrowly tailored. <br> Sealing of Ex. D is GRANTED. The material is sealable. <br> Sealing of Ex. E is GRANTED. The material is sealable. <br> Sealing of Ex. L is DENIED. The request is not narrowly tailored. <br> Sealing of Ex. 1 is GRANTED. The material is sealable. <br> Sealing of Ex. 2 is DENIED. The material is not sealable. <br> Sealing of Ex. 3 is DENIED. The material is not sealable. <br> Sealing of Ex. 4 is DENIED. The material is not sealable. <br> Sealing of Ex. 5 is GRANTED. The material is sealable. <br> Sealing of Ex. 6 is GRANTED. The material is sealable. <br> Sealing of Ex. 7 is GRANTED. The material is sealable. <br> Sealing of Ex. 8 is GRANTED. The material is sealable. |

---

[3] *See* Docket No. 424 at 18 ("Because Madisetti only opined that Apple induced but did not directly infringe the '473 patent – and in light of Emblaze's concession to the same at the hearing – summary judgment that Apple did not directly infringe the '473 patent is warranted.").

| 452 | Sealing Motion[4] | GRANTED-IN-PART. Apple represented that the opposition and Ex. B need not be filed under seal. The opposition and Ex. B will not be sealed. The more narrowly-tailored redactions to Ex. A may be filed under seal. |
|---|---|---|
| 453 | Emblaze's MIL No. 3 – To Exclude Testimony Concerning Vocaltec Communications | DENIED. Emblaze's challenge to the probative value of the license and Malackowski's reliance on the license can be addressed through cross-examination. |
| 455 | Sealing Motion[4] | GRANTED-IN-PART. Apple represented that Emblaze's MIL No. 4 need not be filed under seal. MIL No. 4 will not be sealed. The more narrowly-tailored redactions to Ex. A may be filed under seal. Sealing of Ex. B is DENIED. The proposed sealing is not narrowly tailored. |
| 456 | Emblaze's MIL No. 4 – To Exclude Testimony Relating to the Burst.com and Multi-Format, Inc. Agreements | DENIED. Without evidence that certain licenses are significantly more probative and targeted of the technology at issue, Malackowski may rely on Dr. Polish's representations as to the relevance of the licenses to the '473 patent. Any perceived differences may be drawn out through Malackowski's cross-examination or direct examination of Emblaze witnesses. |
| 458 | Sealing Motion[4] | DENIED. Apple represented that Emblaze's MIL No. 5 need not be filed under seal. MIL No. 5 will not be sealed. Apple's declaration does not point out with particularity why sealing of Ex. A is warranted. |
| 459 | Emblaze's MIL No. 5 – To Exclude Testimony Beyond the Scope of Mr. Malackowski's Expert Report and Expertise | GRANTED. Malackowski's testimony shall be limited to the scope of his expert report and his expertise. |
| 460 | Sealing Motion | DENIED. No timely declaration was submitted pursuant to Civil L.R. 79-5(e)(1). *See* Civil L.R. 79-5(e)(1) ("Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable."). |

---

[4] Although no timely declaration was submitted pursuant to Civil L.R. 79-5(e)(1), the court nevertheless will consider Apple's declaration because Apple's company representative was occupied by a separate Apple trial before the undersigned. *See* Civil L.R. 79-5(e)(1) ("Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable.").

5

Case No. 5:11-cv-01079-PSG
ORDER RE: PRE-TRIAL MOTIONS

| | | |
|---|---|---|
| 461 | Emblaze's MIL No. 2 – To Exclude All Testimony that Does Not Comply with the Court's October 22, 2013, Order | GRANTED.  Apple shall not suggest that Emblaze had an obligation to create data or information that otherwise does not exist, nor shall Apple elicit any testimony in violation of the court's October 22, 2013, order.  *See* Docket No. 294. |
| 463 | Sealing Motion[4] | GRANTED-IN-PART.<br>Sealing of the opposition is DENIED.  It is not narrowly tailored.<br>The redactions to Ex. A are not narrowly tailored, target historical information and not well supported by a particularized declaration.  Only Table 15 and Schedules 17A and 18A may be filed under seal.<br>Sealing of Ex. B is DENIED.  The request is not narrowly tailored.<br>Sealing of Ex. C is DENIED.  The request is not narrowly tailored.<br>Sealing of Ex. F is GRANTED.  The material is sealable.<br>Sealing of Ex. I is GRANTED.  The material is sealable.<br>Sealing of Ex. J is DENIED.  The material is not sealable.<br>Sealing of Ex. K is DENIED. The material is not sealable.<br>Sealing of Ex. L is DENIED.  The material is not sealable.<br>Sealing of Ex. M is GRANTED.  The material is sealable.<br>Sealing of Ex. N is DENIED.  The request is not narrowly tailored.<br>Sealing of Ex. O is GRANTED.  The material is sealable.<br>Apple represented that Exs. G, H, P and Q need not be filed under seal.  Exs. G, H, P and Q will not be sealed. |
| 484 | Sealing Motion | Sealing of Apple's opposition is GRANTED.<br>Sealing of Ex. A is GRANTED. |
| 487 | Sealing Motion | Apple's declaration does not point out with particularity why sealing of Ex. A is warranted. |
| 490 | Sealing Motion | Sealing of the reply brief is GRANTED.<br>Sealing of Ex. 2 is DENIED.  No supporting declaration has been filed.<br>Sealing of Ex. 3 is GRANTED.<br>Sealing of Ex. 6 is GRANTED. |

6

Case No. 5:11-cv-01079-PSG
ORDER RE: PRE-TRIAL MOTIONS

| 493 | Sealing Motion[4] | Apple has agreed to publicly file Exs. F, G, H, K, O, X, and DD. Those documents shall not be filed under seal. |
| | | Sealing of the reply brief is GRANTED. The request is narrowly tailored. |
| | | Sealing of Ex. B is GRANTED. A significant portion of the deposition testimony constitutes sealable material and the exhibit contains only selected portions of the deposition transcript. |
| | | Sealing of Ex. J is GRANTED. The material is sealable. |
| | | Sealing of Ex. L is GRANTED. The material is sealable. |
| | | Sealing of Ex. M is GRANTED. The material is sealable. |
| | | Sealing of Ex. N is GRANTED. The material is sealable. |
| | | Sealing of Ex. P is GRANTED. The material is sealable. |
| | | Sealing of Ex. Q is GRANTED. The material is sealable. |
| | | Sealing of Ex. R is GRANTED. The material is sealable. |
| | | Sealing of Ex. S is GRANTED. The material is sealable. |
| | | Sealing of Ex. T is GRANTED. The material is sealable. |
| | | Sealing of Ex. U is GRANTED. The material is sealable. |
| | | Sealing of Ex. V is DENIED. The material is not sealable. |
| | | Sealing of Ex. W is DENIED. The material is not sealable. |
| | | Sealing of Ex. Z is DENIED. The material is not sealable. |
| | | Sealing of Ex. AA is GRANTED. The material is sealable. |
| | | Sealing of Ex. BB is GRANTED. The material is sealable. |
| | | Sealing of Ex. CC is GRANTED. The material is sealable. |

**IT IS SO ORDERED.**

Dated: June 18, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge

Case No. 5:11-cv-01079-PSG
ORDER RE: PRE-TRIAL MOTIONS