UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EMBLAZE LTD., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Case No. 5:11-cv-01079-PSG <br><br> **ORDER GRANTING-IN-PART APPLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT OF EMBLAZE'S ACCUSED METHOD CLAIMS** <br><br> **(Re: Docket No. 469)** |

Before the court is Defendant Apple Inc.'s motion for partial summary judgment of non-infringement of Plaintiff Emblaze Ltd.'s asserted method claims in this patent case. Emblaze opposes Apple's motion, but only in-part. Emblaze now concedes it may not pursue certain method claims in light of the Supreme Court's recent opinion in *Limelight Networks, Inc. v. Akamai Technologies, Inc.*[1] After considering the arguments, both in the papers and at the pre-trial conference, the court GRANTS Apple's motion, but only IN-PART.[2]

---

[1] 134 S.Ct. 2111, 2117 (2014).

[2] In the interests of providing expedient guidance to the parties on the eve of trial, the court turns directly to the motion before it. Background information on the case can be gleaned from the docket. *See, e.g.*, Docket No. 424

1

Case No. 5:11-cv-01079-PSG
ORDER GRANTING-IN-PART APPLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT
OF NON-INFRINGEMENT OF EMBLAZE'S ACCUSED METHOD CLAIMS

## I. LEGAL STANDARDS

The Patent Act provides four categories of statutory subject matter eligible for patent protection: process, machine, manufacture, and composition of matter.[3] If a claim is not directed to one of the four subject matter categories, it is invalid. At issue here are process or "method" patent claims. The Patent Act also provides for both direct and indirect infringement.[4]

Direct infringement, codified in Section 271(a), provides: "Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent."

Induced infringement, found in Section 271(b), continues: "Whoever actively induces infringement of a patent shall be liable as an infringer."

---

[3] *See* 35 U.S.C. 101 ("Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title."); *see also* MPEP § 2106.

  A summary of the four categories of invention, as they have been defined by the courts, are:

  i. Process – an act, or a series of acts or steps. *See Gottschalk v. Benson*, 409 U.S. 63, 70, (1972) ("A process is a mode of treatment of certain materials to produce a given result. It is an act, or a series of acts, performed upon the subject-matter to be transformed and reduced to a different state or thing." (quoting *Cochrane v. Deener*, 94 U.S. 780, 788 (1876)); *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1316 (Fed. Cir. 2005) ("A process is a series of acts." (quoting *Minton v. Natl. Ass'n. of Securities Dealers*, 336 F.3d 1373 (Fed. Cir. 2003))). *See also* 35 U.S.C. 100(b); *Bilski v. Kappos*, 130 S. Ct. 3218 (2010).

  ii. Machine – a concrete thing, consisting of parts, or of certain devices and combination of devices. *Burr v. Duryee*, 68 U.S. (1 Wall.) 531 (1863). This includes every mechanical device or combination of mechanical powers and devices to perform some function and produce a certain effect or result. *Corning v. Burden*, 56 U.S. 252, 267, 14 L. Ed. 683 (1854).

  iii. Manufacture – an article produced from raw or prepared materials by giving to these materials new forms, qualities, properties, or combinations, whether by handlabor or by machinery. *Diamond v. Chakrabarty*, 447 U.S. 303, 308 (1980) (quoting *Am. Fruit Growers, Inc. v. Brogdex Co.*, 283 U.S. 1, 11 (1931)).

  iv. Composition of matter – all compositions of two or more substances and all composite articles, whether they be the results of chemical union, or of mechanical mixture, or whether they be gases, fluids, powders or solids, for example. *Chakrabarty*, 447 U.S. at 308.

[4] *See* 35 U.S.C. § 271.

The interplay of those two sections is at issue in Apple's motion. Liability "for inducement must be predicated on direct infringement."[5] "A method patent claims a number of steps; under [the Supreme Court's] case law, the patent is not infringed unless all the steps are carried out."[6] A "method's steps have not all been performed as claimed by the patent unless they are all attributable to the same defendant, either because the defendant actually performed those steps or because he directed or controlled others who performed them."[7] Apple thus cannot be liable for inducement if "performance of all the claimed steps cannot be attributed to a single" actor.[8]

## II. DISCUSSION

Apple urges summary judgment of non-infringement of the '473 patent as to method claims 1-2, 8-14, 21 and 23-24 is warranted because Emblaze's induced infringement theory attributes performance of the various steps of the method claims to multiple entities. Emblaze concedes that dependent "claims 2 and 8-14, require multiple parties, e.g., a content provider and someone operating a client computer (i.e., an iPhone, iPads etc.), and therefore Emblaze agrees to withdraw those claims form this case in view of *Akamai*."[9] While Emblaze's offer is appreciated, in light of its concession that it has insufficient proof, the appropriate outcome regarding those claims is not withdrawal, but summary judgment in favor of Apple.

---

[5] *Akamai*, 134 S. Ct. 2111, 2117 (explaining that "inducement liability may arise 'if, but only if, [there is] . . . direct infringement'") (quoting *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 365 U.S. 336, 341 (1961)); *id.* (Where "there has been no direct infringement, there can be no inducement of infringement under § 271(b).").

[6] *Akamai*, 134 S. Ct. 2111, 2117 (citing *Aro*, supra, at 344, 81 S.Ct. 599 (a "patent covers only the totality of the elements in the claim and . . . no element, separately viewed, is within the grant")).

[7] *Id.* (citing *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329-30 (Fed. Cir. 2008) ("In this case, Thomson neither performed every step of the claimed methods nor had another party perform steps on its behalf, and Muniauction has identified no legal theory under which Thomson might be vicariously liable for the actions of the bidders. Therefore, Thomson does not infringe the asserted claims as a matter of law.")

[8] *Id.* at 1218.

[9] Docket No. 500 at 2.

3
Case No. 5:11-cv-01079-PSG
ORDER GRANTING-IN-PART APPLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT
OF NON-INFRINGEMENT OF EMBLAZE'S ACCUSED METHOD CLAIMS

What Emblaze does dispute is Apple's suggestion that performance of the steps of method claims 1, 21, 23 and 24 has only been attributed to more than a single actor. According to Emblaze, its expert Vijay Madisetti tendered an analysis supporting infringement by the content providers acting alone. Because Madisetti's solo theory survives *Akamai*, Emblaze says, summary judgment as to claims 1, 21, 23 and 24 is not warranted.

While the bulk of Madisetti's analysis focuses on a multiple actor theory now discredited by *Akamai*, there is language in Madisetti's report that MLB Advanced Media, on its own, practices all of the limitations at issue in claim 1 – and unchallenged dependent claims 21, 23 and 24. The key language from the report, paragraph 97, reads:

> 97.   In my opinion and for the reasons discussed below, Apple has infringed Claim 1 of the '473 Patent by inducing MLB Advanced Media LP ("MLB Advanced Media") to carry out the steps in claim 1. More particularly, Apple induced third parties such as MLB Advanced Media to practice Apple's HLS protocol in an app entitled "MLB.com AT BAT" (hereinafter "MLB AT BAT") that utilizes HLS. Apple encourages third parties (such as MLB Advanced Media) to practice all of the limitations of this and each of the Asserted Claims by distributing literature, such as the Apple Overview and the IETF Specification, which explains how to implement Apple's HLS, by selling Apple client devices that can play multimedia live streamed using Apple's HLS protocol, and by encouraging app developers to develop apps for Apple client devices that facilitate the live streaming of multimedia to Apple client devices.

This language, while hardly a model of conviction or clarity, is enough to avoid summary judgment. Madisetti's approach is bolstered by his deposition testimony in which he offered "two parallel analyses of the claim."[10] The reason is this: the court cannot say that no reasonable jury would credit Madisetti's pleading in the alternative analysis. Perhaps this hedging will expose Madisetti in cross examination. But that is Emblaze's problem, not Apple's. In any event, Apple can examine his theories and the jury can assess whether they credit his opinion.

---

[10] *See* Madisetti Depo Tr. at 338-40.

> Q. So is it your position that at least some of the Claim 1 elements for MLB are performed by Akamai? A. No. It's an opinion that I offer two parallel analyses of the claim. In the first, MLB by itself satisfies and carries out the limitations of the transmitting computer. In the second independent analysis, MLB, combined with an Akamai server that provides these files to Akamai's edge servers, is also satisfying the steps required to be performed by the transmitting computer.

4
Case No. 5:11-cv-01079-PSG
ORDER GRANTING-IN-PART APPLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT
OF NON-INFRINGEMENT OF EMBLAZE'S ACCUSED METHOD CLAIMS

Because Madisetti's analysis of other streams relies on his analysis of the MLB At Bat stream they, too, remain plausible even in light of *Akamai*.[11] Madisetti's seemingly inconsistent deposition testimony with regard to these other accused live streams – that the combined actions of multiple parties, rather than any one party acting alone, practice the asserted method claims – also might make for an uncomfortable cross.[12] But in light of the report language and other deposition testimony discussed above, summary judgment on this aspect of Emblaze's claim is not warranted.

**IT IS SO ORDERED.**

Dated: June 18, 2014



PAUL S. GREWAL
United States Magistrate Judge

---

[11] *See* Docket No 469-3, Ex. B at 96.

> In view of the foregoing, and for reasons already explained above in connection with my analysis of MLB AT BAT, it is my opinion that Apple induces the direct infringement by third parties of each of the Asserted Claims of the '473 patent that occurs when client devices access live football games using NFL Live.

*See also id.* at 101 (same for the accused iTunes Festival stream), 106 (same for the accused PGA stream), 111 (same for the accused Apple Keynote stream), 115 (same for the accused ABC News stream), 116 (same for the accused ESPN stream).

[12] *See* Docket No. 469-4, Ex. C at 412:1-10

> [Q.] What particular third parties are you referring to that Apple induces in connection with the NFL Live stream? A. You mean the identities of the third parties? Q. Yes. A. Based on my technical analysis and my review of the deposition testimony, I would say it is NFL and whoever is their content provider, which -- which may be nuelion.com.

*Id.* at 418:6-11

> [Q.] Who are the third parties who, in your opinion, are induced with respect to the PGA app? A. In my opinion, it would be -- it would be PGA through CBS, or CBS through PGA. And at least Akamai.

*Id.* at 420:10-18

> [Q.] What are -- who are the third parties that you believe are induced in connection with the ABC news live stream? A. Based on my technical analysis and review of the depositions for the ABC live stream, it's my opinion that ABC and Akamai would be the third parties that were induced to infringe the asserted claims of the '473 patent.

5

Case No. 5:11-cv-01079-PSG
ORDER GRANTING-IN-PART APPLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT
OF NON-INFRINGEMENT OF EMBLAZE'S ACCUSED METHOD CLAIMS