| | |
|---|---|
| MARK FOWLER (Bar No. 124235) <br> mark.fowler@dlapiper.com <br> ROBERT BUERGI (Bar No. 242910) <br> robert.buergi@dlapiper.com <br> DLA PIPER LLP (US) <br> 2000 University Avenue <br> East Palo Alto, CA  94303-2214 <br> Tel:  650.833.2000 <br> Fax:  650.833.2001 | SARAH BARROWS (Bar No. 253278) <br> barrowss@gtlaw.com <br> STEPHEN ULLMER (Bar No. 277537) <br> ullmers@gtlaw.com <br> GREENBERG TAURIG, LLP <br> 4 Embarcadero Center, Suite 3000 <br> San Francisco, CA  94111-5983 <br> Tel.: 415.655.1300 <br> Fax: 415.707.2010 |
| JOHN ALLCOCK (Bar No. 98895) <br> john.allcock@dlapiper.com <br> ERIN GIBSON (Bar No. 229305) <br> erin.gibson@dlapiper.com <br> ROBERT C. WILLIAMS (Bar No. 246990) <br> robert.williams@dlapiper.com <br> DLA PIPER LLP (US) <br> 401 B Street, Suite 1700 <br> San Diego, CA  92101 <br> Tel:  619.699.2700 <br> Fax:  619.699.2701 | JAMES J. DECARLO (*Pro Hac Vice*) <br> decarloj@gtlaw.com <br> MICHAEL A. NICODEMA (*Pro Hac Vice*) <br> nicodemam@gtlaw.com <br> GREENBERG TRAURIG, LLP <br> MetLife Building <br> 200 Park Avenue, 34th Floor <br> New York, New York  10166 <br> Tel:  212.801.9200 <br> Fax:  212.801.6400 |

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EMBLAZE LTD., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., a California corporation, <br><br> Defendant. | CASE NO.  5:11-CV-01079 PSG <br><br> **DEFENDANT APPLE INC.'S BENCH BRIEF ON RELEVANCE OF APPLE'S HLS PATENTS TO DAMAGES, NON-INFRINGEMENT AND LACK OF SPECIFIC INTENT FOR INDUCEMENT** <br><br> Date:     July 7, 2014 <br> Time:    8:30 a.m. <br> Place:    Courtroom 5, 4th Floor <br> Judge:   Hon. Paul S. Grewal |

## I. INTRODUCTION

Defendant Apple Inc.'s ("Apple's") patents on the accused HTTP Live Streaming ("HLS") technology are relevant to the determination of the amount of any reasonable royalty damages, non-infringement, and specific intent required for inducement in this case. The Model Jury Instructions for the Northern District of California acknowledge that evidence of an accused infringer's patents or improvements upon the accused patent is "relevant to some issues [the jury] will be asked to decide… ." Ex. A, Model Instruction A.3.

Indeed, evidence of Apple's patents covering the accused HLS technology is required. Emblaze is not entitled to claim damages based upon Apple's own "valuable improvements" and "other patents" used in the accused devices. *Westinghouse Elec. & Mfg. Co. v. Wagner Elec. & Mfg. Co.*, 225 U.S. 604, 614-15 (1912), citing *Garretson v. Clark*, 11 U.S. 120, 121 (1884). Emblaze contends its $2 per unit running royalty rate would fairly compensate Emblaze for the alleged infringement. 7/3/14 Trial Tr. at 901:1-9. However, the accused device units indisputably contain hundreds and hundreds of unaccused hardware and software features. The jury must decide whether Emblaze's proposed running royalty of $2 per iPhone, iPad, Apple TV, iPod touch and iOS 3.0 upgrade properly excludes the value of Apple's own "valuable improvements" and "other patents" covering the accused technology.

Federal Circuit law also confirms that a defendant's patents on the accused technology are relevant to non-infringement. *Siemens Med. Solutions USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*, 637 F.3d 1269, 1281 (Fed. Cir. 2011) ("The fact of separate patentability is relevant, and is entitled to due weight."); *Nat'l Presto Indus., Inc. v. W. Bend Co.*, 76 F.3d 1185, 1191-92 (Fed. Cir. 1996) (evidence of defendant's patents "warrants consideration by the trier of fact.. ."). Furthermore, Apple's HLS patents, which support Apple's reasonable belief that HLS does not infringe the '473 patent, are relevant to a lack of specific intent required for Emblaze to prove induced infringement.

The Northern District's model jury instruction on the relevance of a defendant's patents will resolve any purported prejudice to Emblaze, whereas exclusion of Apple's relevant HLS patents would prejudice Apple. A jury instruction that "a party can still infringe even if it has its

own patents in the same area" (Ex. A) is a better solution than exclusion of relevant evidence.

## II.    STATEMENT OF FACTS

Apple seeks to introduce evidence of four Apple patents covering HLS technology:

- DTX-688, U.S. Patent No. 8,301,725, titled "Variant Streams for Real-Time or Near Real-Time Streaming," which issued to inventors David Biderman, William May, Roger Pantos, Alan Tseng, and James Batson;

- DTX-689, U.S. Patent No. 8,099,473, also titled "Variant Streams for Real-Time or Near Real-Time Streaming," which issued to the same inventors;

- DTX-690, U.S. Patent No. 8,099,476, titled "Updatable Real-Time or Near Real-Time Streaming," which also issued to the same inventors; and

- DTX-705, U.S. Patent No. 8,156,089, titled "Real-Time or Near Real-Time Streaming With Compressed Playlists," which issued to inventors Mr. Pantos and Mr. Batson.

Emblaze deposed Mr. Pantos, Mr. Biderman and Mr. May on one of the patents (DTX-688) and why it covers HLS. *See, e.g.,* Ex. C, Biderman Depo. at 40:22-41:1 (Q. "So – and is this patent directed to certain aspects of the HTTP live streaming?" THE WITNESS: "This patent is about how HTTP live streaming is defined in terms of the protocol."); *see id.* at 40:22-43:3. Emblaze did not depose witnesses on the other HLS patents that Apple produced.

Before these patents issued, Apple disclosed the fact of its pending unpublished patent applications to the IETF. Ex. D, DTX-453 (May 5, 2009 Disclosure). Apple stated that "Apple has one or more pending unpublished patent applications that include one or more claims that Apple believes may be essential for implement technology set forth in Informational Internet Draft 'HTTP Live Streaming' ('Essential Claims')." *Id.* After Emblaze filed this lawsuit, Apple disclosed the Emblaze patent to the Patent Office during prosecution of U.S. Patent No. 8,099,473 (DTX-689). The Patent Office issued Apple's HLS patent over the Emblaze patent. Ex. B, References Considered by Examiner.

## III.    ARGUMENT

### A.    Apple's Patents On The Accused Technology Are Relevant To Damages.

Evidence of Apple's HLS patents is highly relevant to the damages apportionment analysis in this case. The parties agree that the entire market value rule does not apply, and thus Emblaze can seek damages based only on the value that the '473 patent allegedly contributes to

the accused products. The parties also agree that the accused products have hundreds and hundreds of valuable features unrelated to live streaming or HLS. 7/3/14 Trial Tr. at 910:9-14 (original iPhone did not have HLS); *id.* at 910:17-20 (iOS 3.0 added "over 100 other features that were not related to live streaming or HLS."). Emblaze bears the burden to prove the damages it seeks (a) compensate <u>only</u> for the value the '473 patent allegedly adds to the accused products, and (b) exclude the value of Apple's own patents and innovations.

In *Westinghouse*, the Supreme Court articulated the existing apportionment requirement with respect to lost profits damages. The court recognized that, following its precedent in *Garretson v. Clark*, the value of a defendant's own "valuable improvements" and "other patents" used in accused products must be apportioned out of any damages award. *Westinghouse*, 225 U.S. at 614-15, citing *Garretson*, 11 U.S. at 121. The Federal Circuit affirmed in *Lucent Techs., Inc. v. Gateway, Inc.* that where "[t]he vast majority of the features, when used, do not infringe," the value of those non-infringing features must be apportioned out of any reasonable royalty award. 580 F.3d 1301, 1337 (Fed. Cir. 2009). In *LaserDynamics, Inc. v. Quanta Computer, Inc.*, the Federal Circuit applied the apportionment rule articulated in *Garretson* after finding that "[w]here small elements of multi-component products are accused of infringement, calculating a royalty on the entire product carries a considerable risk that the patentee will be improperly compensated for non-infringing components of that product." 694 F.3d 15, 66-67 (Fed. Cir. 2012).

Here, even if a royalty base including all iPhone, iPad, iPod touch, and Apple TV device units were an apportioned "smallest salable unit" royalty base—and it is not—Emblaze's apportionment analysis cannot stop at that royalty base. Because Emblaze is not entitled to damages beyond the value the '473 patent allegedly contributes to the accused products, Emblaze must remove the value that Apple's own "valuable improvements" and "other patents" from its royalty demand. *Westinghouse*, 225 U.S. at 614-15; *Dynetix Design Solutions, Inc. v. Synopsys, Inc.*, C 11-05973 PSG, 2013 WL 4538210, at *3 (N.D. Cal. Aug. 22, 2013) (further apportionment is required). Indeed, the Patent Office issued one of Apple's HLS patents over the asserted '473 patent (Ex. B), which at a minimum shows that Apple made improvements to HLS

1   beyond any invention claimed in the '473 patent.  Emblaze is not entitled to claim damages on the

2   value of these patented improvements.  *Garretson*, 11 U.S. at 121; *LaserDynamics*, 694 F.3d at

3   66-67; *Lucent*, 580 F.3d at 1337; *Dynetix*, 2013 WL 4538210, at *3.

4       In sum, regardless of how Emblaze may argue that it has removed the value of Apple's

5   own patents and innovations from Emblaze's damages demand, evidence of Apple's HLS patents

6   is both highly relevant and necessary to the jury's analysis of damages.  The jury should be

7   allowed to consider Apple's HLS patents in determining whether Emblaze's reasonable royalty

8   demand would compensate <u>only</u> for the value of the '473 patent.

9       **B.    Apple's Patents On The Accused Technology Are Relevant To Non-Infringement And Lack of Specific Intent For Induced Infringement.**

10

11       Federal Circuit law affirms that a defendant's patents on the accused technology are

12   relevant to non-infringement.  In both *Siemens* and *National Presto*, the Federal Circuit held that

13   the trier of fact should consider a defendant's patents on the accused technology in determining

14   infringement.  *Siemens*, 637 F.3d at 1281 ("The fact of separate patentability is relevant, and is

15   entitled to due weight."); *Nat'l Presto*, 76 F.3d at 1192 (separate patentability "warrants

16   consideration by the trier of fact" in determining infringement "literally or by equivalency").

17   Thus, Apple's HLS patents can support a reasonable belief that HLS is not infringing.

18       Apple's HLS patents also are relevant to a lack of specific intent required for induced

19   infringement.  *Commil USA, LLC v. Cisco Sys., Inc.*, 720 F.3d 1361, 1367-68 (Fed. Cir. 2013),

20   *reh'g denied* (Oct. 25, 2013) ("[I]t is clear that a good-faith belief of non-infringement is relevant

21   evidence that tends to show that an accused inducer lacked the intent required to be held liable for

22   induced infringement."); *Ecolab, Inc. v. FMC Corp.*, 569 F.3d 1335, 1351 (Fed. Cir. 2009) (good-

23   faith belief can be established by showing the accused inducer reasonably believed accused

24   product did not infringe).  In *Presidio Components Inc. v. Am. Technical Ceramics Corp.*, 723 F.

25   Supp. 2d 1284 (S.D. Cal. 2010), *aff'd in part*, 702 F.3d 1351 (Fed. Cir. 2012), the court

26   overturned a jury's willful infringement verdict on JMOL and found insufficient evidence of

27   intent where, among other considerations, the Patent Office granted the defendant a patent on its

28   accused product over the asserted patent.  *Id.* at 1323.  Although the willful infringement standard

is different than the induced infringement standard, proof of lack of intent for willful infringement also can constitute proof of lack of intent for induced infringement. *nCUBE Corp. v. SeaChange Int'l Inc.*, 313 F. Supp. 2d 361, 375 (D. Del. 2004), *aff'd* 436 F.3d 1317 (Fed. Cir. 2006) (proof of good-faith reliance on opinion of counsel, presented as defense to willful infringement, also related to whether substantial evidence supported intent for induced infringement); *Informatica Corp. v. Bus. Objects Data Integration, Inc.*, C 02-03378 EDL, 2007 WL 607792 (N.D. Cal. Feb. 23, 2007) (recognizing "overlap of evidence relevant to intent to induce infringement and willfulness"). As in *Presidio*, Apple obtained patents that cover HLS. Ex. C at 40:22-41:1; Ex. D, DTX-0453. The Patent Office issued one of Apple's HLS patents over the '473 patent. Ex. B. The jury should be allowed to consider this evidence in determining whether Apple reasonably believed HLS did not infringe the '473 patent and thus lacked the specific intent required for induced infringement.

### C. The Court Should Resolve Emblaze's Purported Prejudice Concerns By Instructing The Jury, Not By Excluding Apple's HLS Patents.

Excluding evidence of Apple's HLS patents would prejudice Apple, whereas the Northern District's model jury instruction on this point will resolve any purported prejudice to Emblaze. The Court previously permitted Apple to tell the jury it would hear evidence about Apple's patents on HLS. 6/30/14 Trial Tr. at 213:24-25 (The Court: "It's evidence of lack of intent."), 214:8 ("DDTX 022 will be permitted."). Excluding this evidence now would prejudice Apple because the jury would not hear evidence that Apple told the jury it would hear. A better solution to Emblaze's purported prejudice concern is to give the jury the relevant portion of Northern District of California Model Jury Instruction A.3, which admonishes that "a party can still infringe even if it has its own patents in the same area." Ex. A.

Dated: July 6, 2014                              DLA PIPER LLP (US)

                                                 By: /s/Mark Fowler
                                                     Mark Fowler (Bar No. 124235)
                                                     mark.fowler@dlapiper.com
                                                     Robert Buergi (Bar No. 242910)
                                                     robert.buergi@dlapiper.com
                                                     DLA PIPER LLP (US)

| | |
|---|---|
| 1 | |
| 2 | 2000 University Avenue<br>East Palo Alto, California 94303<br>T: 650.833.2000<br>F: 650.833.2001 |
| 3 | |
| 4 | John Allcock (Bar No. 98895)<br>john.allcock@dlapiper.com |
| 5 | Erin Gibson (Bar No. 229305)<br>erin.gibson@dlapiper.com |
| 6 | Robert Williams (Bar No. 246990)<br>robert.williams@dlapiper.com |
| 7 | DLA PIPER LLP (US)<br>401 B Street, Suite 1700<br>San Diego, California 92101 |
| 8 | T: 619.699.2862<br>F: 619.764.6662 |
| 9 | |
| 10 | GREENBERG TRAURIG, LLP<br>Sarah Barrows (SBN 253278)<br>barrowss@gtlaw.com |
| 11 | Stephen Ullmer (SBN 277537)<br>ullmers@gtlaw.com |
| 12 | GREENBERG TRAURIG, LLP<br>4 Embarcadero Center, Suite 3000 |
| 13 | San Francisco, CA 94111-5983<br>Telephone: (415) 655-1300 |
| 14 | Facsimile: (415) 707-2010 |
| 15 | James J. DeCarlo (Admitted *Pro Hac Vice*)<br>decarloj@gtlaw.com |
| 16 | Michael A. Nicodema (Admitted *Pro Hac Vice*) |
| 17 | nicodemam@gtlaw.com<br>GREENBERG TRAURIG, LLP |
| 18 | MetLife Building<br>200 Park Avenue, 34th Floor |
| 19 | New York, New York 10166<br>Tel.: (212) 801-9200 |
| 20 | Fax: (212) 801-6400 |
| 21 | *Attorneys for Defendant Apple Inc.* |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

-6-
APPLE'S BENCH BRIEF ON RELEVANCE OF APPLE'S HLS PATENTS
5:11-CV-01079 PSG