| | |
|---|---|
| MARTIN B. PAVANE (admitted pro hac vice) | MARK V. ISOLA (SBN 154614) |
| LISA A. FERRARI (admitted pro hac vice) | REHON & ROBERTS |
| ANDREW NEMIROFF (admitted pro hac vice) | A Professional Corporation |
| MARILYN NEIMAN (admitted pro hac vice) | 830 The Alameda |
| DARREN S. MOGIL (admitted pro hac vice) | San Jose, CA 95126 |
| COZEN O'CONNOR | Telephone: (408) 494-0900 |
| 277 Park Avenue | Facsimile: (408) 494-0909 |
| New York, New York 10172 | Email: misola@rehonroberts.com |
| Telephone: (212) 883-4900 | |
| Facsimile: (212) 986-0604 | |
| Email: mpavane@cozen.com | |
| lferrari@cozen.com | |
| anemiroff@cozen.com | |
| mneiman@cozen.com | |
| dmogil@cozen.com | |

NATHAN DOOLEY (CA State Bar No. 224331)
COZEN O'CONNOR
601 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 892-7900
Toll Free Phone: (800) 563-1027
Facsimile: (213) 892-7999
Email: ndooley@cozen.com

*Attorneys for Plaintiff Emblaze Ltd.*

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| EMBLAZE LTD., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., a California Corporation, <br><br> Defendant. | CASE NO. 5:11-cv-01079-PSG <br><br> **PLAINTIFF EMBLAZE LTD.'S BENCH BRIEF CONCERNING APPLE INC.'S USE OF ITS OWN PATENTS AS A DEFENSE TO INFRINGEMENT** <br><br> **DATE:** July 7, 2014 <br> **TIME:** 8:00 a.m. <br> **PLACE:** Courtroom 5, 4th Floor <br> **JUDGE:** Hon. Paul Singh Grewal |

Plaintiff Emblaze Ltd. ("Emblaze") submits this bench brief concerning the issue of Apple Inc.'s ("Apple") intended use during trial of certain patents owned by Apple and related to Apple's HLS technology.

## I. INTRODUCTION

Pursuant to the Joint Pretrial Statement [D.E. 454, p. 15], Apple informed Emblaze on July 2, 2014 of the exhibits Apple intended to use during its direct examination of its witness Roger Pantos. Among the exhibits disclosed by Apple were U.S. Patent No. 8,301,725 (DTX-688), U.S. Patent No. 8,099,473 (DTX-689), U.S. Patent No. 8,099,476 (DTX-690), and U.S. Patent No. 8,156,089 (DTX-705) (collectively, "Apple Patents").[1] The Apple Patents are all owned by Apple and concern Apple's HLS technology.

Also pursuant to the Joint Pretrial Statement, on July 2, 2014, Emblaze objected to Apple's intended use at trial of the Apple Patents.

Because the Apple Patents have no relevance to a claim or defense at issue in this case, Apple should be precluded from introducing the Apple Patents into evidence or referring to the Apple Patents at trial.

## II. ARGUMENT

To be admitted into evidence, the Apple Patents must be relevant to an issue in this case. *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible); *Arista Records LLC v. Lime Group LLC*, 784 F. Supp. 2d 398, 419 (S.D.N.Y. 2011) ("Evidence must be relevant in order to be admissible"). Of significance here, "it is well-established that the existence of one's own patent does not constitute a defense to infringement of someone else's patent. It is elementary that a patent grants only the right to exclude others and confers no right on its holder to make, use, or sell." *Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.*, 944 F.2d 870, 879 n.4 (Fed. Cir. 1991); *Bio-Technology Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1559 (Fed. Cir. 1996) (same).

Pursuant to the procedures in the Joint Pretrial Statement, the parties' counsel conferred about Emblaze's objections to Apple's use of the Apple Patents. Apple's counsel argued that the

---

[1] The earliest application for the Apple Patents is December 31, 2008.

Apple Patents were relevant to the issue of whether Apple had the requisite intent to induce infringement. Apple's counsel acknowledged that they did not have authority directly supporting their position, and relied instead on authority finding that a party's own patents could be relevant to the issue of willfulness. Emblaze also has not found any case finding that a party's own patents are relevant to whether that party had the requisite intent to induce infringement.

The lack of case law supporting Apple's position is not surprising because, as noted above, "it is well-established that the existence of one's own patent does not constitute a defense to infringement of someone else's patent." *Vaupel Textilmaschinen KG*, 944 F.2d at 879 n.4. Like here, induced infringement was an issue in *Vaupel*. *See id.* at 873, 881.

The case law Apple cited to Emblaze (finding that a party's own patents could be relevant to the issue of willfulness) is not relevant here, as willfulness is no longer at issue, and the Federal Circuit has held that the intent necessary to establish inducement is different from the intent necessary to establish willfulness. *See Wordtech Sys. v. Integrated Networks Solutions, Inc.*, 609 F.3d 1308, 1316 (Fed. Cir. 2010) ("However, the legal standards for willfulness and inducement, such as the requisite intent, are not identical"); *Broadcom Corp. v. Qualcomm, Inc.*, 543 F.3d 683, 699 (Fed. Cir. 2008) ("Despite Qualcomm's assertion that the intent standard for inducement is higher than that for willful infringement, a lack of culpability for willful infringement does not compel a finding of non-infringement under an inducement theory. Qualcomm's argument reflects a misunderstanding of our holding in *DSU*"); *see also Fujitsu Ltd. v. Belkin Int'l, Inc.*, Case No.: 10-CV-03972-LHK, 2012 U.S. Dist. LEXIS 142102 (N.D. Cal. Sept. 28, 2012) (citing *Broadcom*, and finding that "a lack of culpability for willful infringement does not compel a finding of non-infringement under an inducement theory"); *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 2:07-cv-00331-PMP-PAL, 2013 U.S. Dist. LEXIS 117190 (D. Nev. Aug. 16, 2013) ("[t]he Court's holding that Halo did not prove the objective component of willfulness by clear and convincing evidence does not affect the jury's verdict finding by a preponderance of the evidence that Pulse had knowledge that its actions were inducing infringement.")

For the Apple Patents to be relevant to Apple's intent to induce infringement, Apple would have to argue that it believed the Apple Patents gave Apple the right to practice the technology

claimed in those patents -- an argument that a company with Apple's sophistication cannot make. Moreover, Apple has not submitted an expert report mapping any of the claims of the Apple Patents to Apple's devices or HLS technology.

In Apple's opening statement, Apple's counsel asserted that the Apple Patents are relevant to the issue of damages because "if the jury were to conclude that some part of HLS comes from [Apple's] patent, then if HLS consists of more than that, which it does, much, much more, then Apple is entitled to show that there are other aspects of HLS that provide value." June 30, 2014 Trial Transcript, 213:8-11. One of the *Georgia-Pacific* factors for determining a reasonable royalty is "[t]he portion of the realizable profits that should be credited to the invention as distinguished from nonpatented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer." Accordingly, Apple is free to argue that its accused devices also include features not covered by Emblaze's '473 patent, but the fact that Apple has <u>patents</u> concerning those features is irrelevant and not necessary to that argument. Indeed, during the parties' meet and confer, Apple's counsel did not argue that the Apple Patents are relevant to the issue of damages. And as noted above, Apple has not submitted an expert report mapping any of the claims of the Apple Patents to Apple's devices or HLS technology.

Because the Apple Patents are irrelevant to any claim or defense in this trial, they should be excluded. *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible").

Additionally or alternatively, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see also United States v. Brooke*, 4 F.3d 1480, 1486 (9th Cir. 1993) ("The trial court must exclude evidence, even if relevant, if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice"). In similar situations, where the plaintiff may suffer prejudice from introduction of the defendant's patents, courts have excluded the evidence. *See, e.g.*, *Glaros v. H.H. Robertson Co.*, 797 F.2d 1564, 1572-1573 (Fed. Cir. 1986) (affirming district court's denial of motion for new trial for failure to introduce evidence of defendant's patents because "[i]ntroduction of that evidence would have injected frolics and detours

PLAINTIFF EMBLAZE LTD.'S BENCH BRIEF
CONCERNING APPLE INC.'S USE OF ITS OWN
PATENTS AS A DEFENSE TO INFRINGEMENT

3

*Emblaze Ltd. v. Apple, Inc.*,
Case No. 5:11-CV-01079-PSG

and would have required introduction of counter-evidence, all likely to create side issues that would have unduly distracted the jury from the main issues" and finding exclusion under Fed. R. Evid. 403 was proper); *Cameco Indus. v. Louisiana Cane Mfg.*, Civ. A. No. 92-3158(SSV), 1995 U.S. Dist. LEXIS 11294, *14-*17 (E.D. La. July 27, 1995) (granting motion *in limine* precluding defendants from offering evidence of its patent at trial).

Accordingly, for the additional, independent reason that informing the jury of the Apple Patents would prejudice Emblaze as it may confuse the jury into thinking that the Apple Patents gave Apple the right to practice what is claimed therein, the Apple Patents should be excluded. This is especially so because, as noted above, Apple has not offered any expert report explaining what is claimed in the Apple Patents, and introduction of the Apple Patents would inevitably lead to "frolics and detours." *Glaros*, 797 F.2d at 1572-1573.

## III. CONCLUSION

For the above reasons, Emblaze respectfully requests that this Court preclude Apple from introducing the Apple Patents into evidence or referring to the Apple Patents at trial.

Respectfully Submitted,

DATED: July 6, 2014

REHON & ROBERTS
COZEN O'CONNOR

By: /s/ Martin B. Pavane
    Martin B. Pavane *(admitted pro hac vice)*

*Attorneys for Plaintiff Emblaze Ltd.*

LEGAL\19500324\2