NATHAN DOOLEY (CA State Bar No. 224331)
COZEN O'CONNOR
601 South Figueroa Street
Los Angeles, California  90017
Telephone:       (213) 892-7900
Toll Free Phone: (800) 563-1027
Facsimile:       (213) 892-7999
Email:           ndooley@cozen.com

MARTIN B. PAVANE *(admitted pro hac vice)*
LISA A. FERRARI *(admitted pro hac vice)*
ANDREW NEMIROFF *(admitted pro hac vice)*
MARILYN NEIMAN *(admitted pro hac vice)*
COZEN O'CONNOR
277 Park Avenue
New York, New York 10172
Telephone:       (212) 883-4900
Facsimile:       (212) 986-0604
Email:           mpavane@cozen.com
                 lferrari@cozen.com
                 anemiroff@cozen.com
                 mneiman@cozen.com

MARK V. ISOLA (SBN 154614)
REHON & ROBERTS
A Professional Corporation
830 The Alameda
San Jose, CA 95126
Telephone: (408) 494-0900
Facsimile: (408) 494-0909
Email: misola@rehonroberts.com

*Attorneys for Plaintiff Emblaze Ltd.*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| EMBLAZE LTD.,<br><br>    Plaintiff,<br><br>v.<br><br>APPLE INC., a California Corporation,<br><br>    Defendant. | CASE NO.  5:11-cv-01079-PSG<br><br>**PLAINTIFF EMBLAZE'S NOTICE OF MOTION AND MOTION SEEKING REVIEW OF CLERK'S TAXATION OF COSTS**<br><br>**HEARING DATE:  December 9, 2014<br>TIME:  10:00 a.m.<br>PLACE: Courtroom 5, 4th Floor**<br><br>Before: Hon. Paul S. Grewal |

PLAINTIFF EMBLAZE'S NOTICE OF MOTION AND
MOTION SEEKING REVIEW OF CLERK'S
TAXATION OF COSTS
LEGAL\21138348\1

*Emblaze Ltd. v. Apple, Inc.,*
*Case No. 5:11-CV-01079-PSG*

**TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION ........................................................................................................................1

RELIEF REQUESTED .......................................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................................1

I.  INTRODUCTION .................................................................................................................1

II. BACKGROUND ...................................................................................................................2

III. ARGUMENT .........................................................................................................................4

    A.  The Court Should Defer A Decision on Costs Until After Appeal...................................4

    B.  In The Alternative, The Court Should Order Each Party to Bear Its Own Costs. ............5

    C.  If Costs Are Awarded to Apple, They Should be Reduced. .............................................9

        1.  Court Transcripts ........................................................................................................9

        2.  Deposition Transcripts ..............................................................................................11

IV. CONCLUSION ....................................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Affymetric, Inc. v. Multilyte Ltd.*,
  2005 WL 2072113 (N.D. Cal. Aug. 26, 2005) ...........................................................................10, 12

*Amarel v. Connell*,
  102 F.3d 1494 (9th Cir. 1996) .......................................................................................................5

*Apple Inc. v. Samsung Electronics Co.*,
  Case No. 11-CV-01846-LHK, 2014 WL 4745933 (N.D. Cal. Sept. 19, 2014) ..............................5

*B. Braun Medical, Inc. v. Abbott Labs*,
  38 F. Supp.2d 393 (E.D. Pa. 1999) ................................................................................................7

*CollegeNet, Inc. v. ApplyYourself, Inc.*,
  Nos. CV-02-484, CV-02-1359-HU, 2004 WL 2050488 (D. Oreg. Feb. 10, 2004) ........................6

*Compro-Frink Co. v. Valk Mfg. Co.*,
  595 F. Supp. 302 (E.D. Pa. 1982) ..................................................................................................7

*Farrar v. Hobby*,
  506 U.S. 103 (1992) ...................................................................................................................5, 6

*HTC Corp. v. Technology Properties Ltd.*,
  Case No. 5:08-cv-00882-PSG, 2014 WL 3706617 (N.D. Cal. July 21, 2014)
  (Grewal, J.) ..................................................................................................................................6, 7

*Indep. Iron Works, Inc. v. U.S. Steel Corp.*,
  322 F.2d 656, 678 (9th Cir. 1963)). .............................................................................................11

*Ishida Co., Ltd. v. Taylor*,
  No. C-02-01617-JF, 2004 U.S. Dist. LEXIS 24480 (N.D. Cal. Nov. 29, 2004) ............................5

*K-S-H Plastics, Inc. v. Carolite, Inc.*,
  408 F.2d 54 (9th Cir.), *cert. denied,* 396 U.S. 825 (1969) ...............................................................6

*KiSKA Constr. Corp. USA v. Washington Metro. Area Transit Auth.*,
  No. 97-2677, 2002 WL 393082 (D.D.C. Mar. 11, 2002) ...............................................................5

*Lasic v. Moreno*,
  No. 2:05-cv-0161-MCE, 2007 U.S. Dist. LEXIS 88608 (E.D. Cal. Nov. 21, 2007) .....................5

*Makreas v. First Nat'l Bank of Northern California*,
  Case No. 3:11-cv-02234-JST, 2014 WL 2582027, *9 (N.D. Cal. June 9, 2014) ...........................6

*Manildra Mill Corp. v. Ogilvie Mills, Inc.*,
   76 F.3d 1178 (Fed.Cir.1996)..................................................................................5, 6

*Plantronics, Inc. v. Aliph, Inc.*,
   No. C 09-01714 WHA (LB), 2012 WL 6761576 (N.D. Cal. Oct. 23, 2012) .........10, 12

*Postx Corp. v. Secure Data in Motion, Inc.*,
   3:02-cv-04483-SI, 2006 WL 2067080 (N.D. Cal. July 24, 2006) ...................................6

*Quan v. Computer Sciences Corp.*,
   623 F.3d 870 (9th Cir. 2010) ........................................................................................8

*Save Our Valley v. Sound Transit*,
   335 F.3d 932, 944-45 (9th Cir. 2003) ..........................................................................6

*Senior Technologies, Inc. v. R.F. Technologies, Inc.*,
   190 F.R.D. 642 (D. Neb. 2000) ....................................................................................7

*Shum v. Intel Corp.*,
   629 F.3d 1360 (Fed.Cir. 2010) ..................................................................................6, 7

*Silicon Graphics, Inc. v. ATI Technologies, Inc.*,
   569 F. Supp.2d 819 (D. Wis. 2008) ..............................................................................7

*TransPerfect Global, Inc. v. MotionPoint Corp.*,
   2014 WL 1364792 (N.D. Cal. April 4, 2014)...............................................10, 11, 12

**Statutes**

28 U.S.C. § 1920..............................................................................................4, 10, 11, 12

**Other Authorities**

Fed.R.Civ.P. 54(d) .....................................................................................................4, 5, 6, 7

L.R. 54-3(c)(1) ...................................................................................................4, 11, 12

L.R. 54-3(c)(3) .............................................................................................................4

L.R. 54-3(d)(2) .............................................................................................................4

L.R. 54-3(d)(4) .............................................................................................................4

L.R. 54-3(d)(5) .............................................................................................................4

L.R. 54-3 ..............................................................................................................4, 8, 10

### NOTICE OF MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on December 9, 2014, at 10:00 a.m., or as soon thereafter as counsel may be heard, Plaintiff Emblaze Ltd. (now known as B.S.D. Crown Ltd. but referred to herein as "Emblaze") will, and hereby does, respectfully move this Court either to stay review of the Taxation of Costs entered by the Clerk of Court on October 10, 2014 [D.E. 655] or, alternatively, to review the Taxation of Costs and enter an Order that each party shall bear its own costs, but in the event that costs are awarded, it should be in an amount no greater than $39,001.69. Emblaze's motion is based on the following Memorandum of Points and Authorities, the Declaration of Lisa A. Ferrari, the orders, papers and records on file in this action, and such additional argument or evidence as the Court may consider.

### RELIEF REQUESTED

Emblaze requests that the Court stay review of the Clerk's Taxation of Costs [D.E. 655] and postpone resolving the issue of costs until after the appeal process is complete, including any further litigation that may occur as a result. Alternatively, Emblaze requests that the Court vacate the Clerk's Taxation of Costs and order that each side shall bear its own costs, but if costs are awarded, the amount should be reduced to $39,001.69.

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.  INTRODUCTION**

It will be an inefficient use of judicial and party resources for the Court to resolve Apple's request for costs at this stage. Emblaze's post-trial motions are pending, and Emblaze intends to appeal to the Federal Circuit in the event that the Court's final judgment is adverse to it. A reversal or modification of the judgment will render the time expended to review the award an unnecessary exercise.

Alternatively, upon a review of the Clerk's Taxation of Costs, the Court should exercise its discretion and order that each party bear its own costs. Apple prevailed on the issue of non-infringement but Emblaze prevailed on the issue of invalidity. Given the mixed nature of the judgment, as well as the closeness of the issues, Emblaze's good faith, and Apple's conduct during

PLAINTIFF EMBLAZE'S NOTICE OF MOTION AND
MOTION SEEKING REVIEW OF CLERK'S
TAXATION OF COSTS
LEGAL\21138348\1

1

*Emblaze Ltd. v. Apple, Inc.,*
*Case No. 5:11-CV-01079-PSG*

the litigation, having each party bear its own costs is the equitable result in this case. Moreover, if costs are awarded, the amount should be reduced as set forth herein.

## II.  BACKGROUND

Emblaze filed its initial Complaint on July 28, 2010 [D.E. 1], alleging the infringement by Apple of Emblaze's U.S. Patent No. 6,389,473 ("the '473 Patent"). Apple answered the Complaint on September 10, 2010 [D.E. 7], interposing affirmative defenses of non-infringement and invalidity. Apple also filed counterclaims, seeking a declaration of non-infringement and a declaration that the '473 Patent was invalid. *Id.*

During discovery, Emblaze was forced to make a motion to compel based on Apple's failure to produce knowledgeable 30(b)(6) witnesses on financial and damages issues, licensing issues, and marketing issues, or to produce various documents that had been requested. D.E. 246. The Court granted-in-part Emblaze's motion [D.E. 294] and ordered Apple to produce its financial witness for a four-hour deposition, and to provide a sworn declaration describing how Apple determined whether revenue was generated within or beyond the U.S. The Court ordered further that Apple would not be allowed to rely on various cost, sales, earnings and forecast data, and marketing materials, nor would it be allowed at trial to "criticize Emblaze's failure to rely on or consider such data." D.E. 294 at 2.

Following the close of discovery, Apple made four motions for summary judgment [D.E. 343, 346, 348, 359], two of which were denied in their entireties (summary judgment of non-infringement of specific content providers and of invalidity), one of which was granted in part (summary judgment of non-infringement as to all accused streams), and one of which was granted (summary judgment of no willful infringement). D.E. 424.

Immediately before trial and long after the close of discovery, Apple served supplemental Initial Disclosures in which it identified Alon Cohen, the named inventor on one of the main pieces of prior art asserted by Apple, as an individual with discoverable information that Apple might use to support its claims or defenses. Not only had Mr. Cohen never been disclosed to Emblaze, but Apple admitted that it had been in contact with Mr. Cohen since 2011, three years earlier,

PLAINTIFF EMBLAZE'S NOTICE OF MOTION AND
MOTION SEEKING REVIEW OF CLERK'S TAXATION
OF COSTS

2

*Emblaze Ltd. v. Apple, Inc.,*
Case No. 5:11-CV-01079-PSG

concerning issues in the case. The Court excluded Mr. Cohen in response to a motion *in limine* brought by Emblaze. D.E. 443.

Apple's lead witness, Roger Pantos, recanted parts of his deposition testimony on the eve of trial. In response to Emblaze's motion to exclude the testimony of Apple's damages expert, Pantos submitted a Declaration contradicting testimony he had given in his deposition one year earlier. Although Mr. Pantos stated that he realized shortly after the deposition that his testimony had been incorrect, neither Mr. Pantos nor Apple provided any explanation as to why the recantation had not been brought to Emblaze's attention sooner. *See* D.E. 448-14.

Emblaze also made a *Daubert* motion to exclude Apple's damages expert, James Malackowski, from relying upon information provided by Daniel Quinn and Rhonda Stratton, two Apple employees who were never disclosed to Emblaze in discovery, but who were identified in the damages expert report as having provided significant information to Mr. Malackowski. D.E. 432.

The Court ordered Apple to produce Mr. Pantos, Ms. Stratton and Mr. Quinn for two-hour depositions each, at a location of Emblaze's choosing. D.E. 519. The depositions took place two days before jury selection commenced.

During trial itself, Apple's tactics included attacking Emblaze with inflammatory and false allegations ("These folks are all about suing people"; "Did you see a single employee of Emblaze at the trial? . . . Do we even know if they have any employees?"; "They're about suing companies, like Apple, who actually do something") (Ferrari Dec., Ex. A), and bombarding Emblaze's damages witness, Catharine Lawton, with documents from the Akamai website that were never produced to Emblaze.

On July 11, 2014, after trial, the jury returned its verdict, finding in favor of Apple on Emblaze's claim of infringement and in favor of Emblaze on Apple's invalidity claims. The jury verdict form asked jurors to answer whether the patent was invalid by reason of anticipation and/or by reason of obviousness. D.E. 609. The verdict form advised jurors that "[a]n answer of YES is a finding for Apple. An answer of NO is a finding for Emblaze." Answering "No" to each set of questions on anticipation and invalidity, the jury found in favor of Emblaze.

Apple filed an initial Bill of Costs [D.E. 623] on July 25, 2014, seeking $577,014.40 in costs. Emblaze objected [D.E. 627] and, in response, Apple filed an Amended Bill of Costs [D.E. 635], reducing its cost request to $327,978.37. Although Apple claimed to be "waiving" disputed costs, these were costs that Apple was not entitled to in the first place and that were subject to denial under 28 U.S.C. § 1920 and Local Rule 54-3. Emblaze filed supplemental objections on September 2, 2014 [D.E. 644]. On October 10, 2014, the Clerk reduced Apple's request still further, and taxed costs against Emblaze in the amount of $73,108.83. D.E. 655.

In addition, Emblaze incurred costs as defined in Local Rule 54-3 to defend against Apple's invalidity allegations, including obtaining the transcripts of the depositions of Apple's invalidity witness (Dr. Polish) and Emblaze's validity witness (Dr. Madisetti) (L.R. 54-3(c)(1)), reproducing exhibits associated with those depositions (L.R. 54-3(c)(3)), reproducing discovery documents concerning Apple's invalidity allegations (L.R. 54-3(d)(2)), reproducing trial exhibits associated with Apple's invalidity allegations (L.R. 54-3(d)(4)), and costs for preparing charts, diagrams, videotapes and other visual aids for use in examining Dr. Madisetti on validity issues and cross-examining Dr. Polish on those issues (L.R. 54-3(d)(5)). Declaration of Lisa A. Ferrari ("Ferrari Dec.") ¶ 2.

On timely motion, Emblaze now requests that the Court defer the taxation of costs against Emblaze until after appeals are complete or, in the alternative, vacate the taxation of costs entered by the Clerk and order that each side bear its own costs; at a minimum, any cost award against Emblaze should be further reduced.

### III. ARGUMENT

#### A. The Court Should Defer A Decision on Costs Until After Appeal.

Federal Rule of Civil Procedure 54(d) provides:

> Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

The Advisory Committee Notes to Rule 54(d) state: "If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the

motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." Courts within the Ninth Circuit have routinely applied this committee note to claims for costs as well as claims for fees. *Apple Inc. v. Samsung Electronics Co.,* Case No. 11-CV-01846-LHK, 2014 WL 4745933, *4 (N.D. Cal. Sept. 19, 2014).

Reversal of a district court's judgment for the prevailing party, even if only in part, also reverses the "underlying judgment and the taxation of costs undertaken pursuant to that judgment." *Amarel v. Connell,* 102 F.3d 1494, 1523 (9th Cir. 1996). Thus, courts have stayed the taxation of costs to avoid the "wasteful, academic exercise" that will have been undertaken in the event that the judgment is overturned or modified on appeal. *KiSKA Constr. Corp.-USA v. Washington Metro. Area Transit Auth.,* No. 97-2677, 2002 WL 393082, *1 (D.D.C. Mar. 11, 2002); *see Lasic v. Moreno,* No. 2:05-cv-0161-MCE, 2007 WL 4180655, *1 (E.D. Cal. Nov. 21, 2007) ("It would be an inefficient use of judicial resources to rule on the Bill of Costs at this time, and then to later reevaluate the issue after the appeal is completed"); *Ishida Co., Ltd. v. Taylor,* No. C-02-01617-JF, 2004 WL 2713067, *1 (N.D. Cal. Nov. 29, 2004) (motion to review taxed costs "ripe for disposition" only after Federal Circuit appeal resolved).

Here, the Court has not yet considered Emblaze's JMOL and new trial motions. In addition, in the event that Emblaze's post-trial motions are denied, Emblaze intends to appeal to the Federal Circuit following the Court's entry of final judgment. In the event that a judgment is reversed on appeal, it will have been a waste of judicial resources to have reviewed the Clerk's taxation of costs. For these reasons, this Court should exercise its discretion to defer the issue of costs until after appeals on the merits are decided, or the time for appeal expires.

**B.    In The Alternative, The Court Should Order Each Party to Bear Its Own Costs**.

In assessing costs under Rule 54(d) in patent litigation, the Federal Circuit has adopted the two-step inquiry outlined in *Farrar v. Hobby*, 506 U.S. 103, 113 (1992): first, there is a threshold inquiry as to whether a party is a prevailing party, after which the court determines whether costs are warranted based on "the amount and nature" of the party's success. *See Manildra Mill Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1182 (Fed.Cir.1996). Whether a party is a "prevailing party" is a

matter of Federal Circuit law. *Id.* at 1182–83. A party "'prevails' when actual relief on the merits of [its] claim materially alters the legal relationship between the parties." *Id*. at 1182 (quoting *Farrar*, 506 U.S. at 111–13). There may only be one "prevailing party" within the meaning of Rule 54(d). *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed.Cir. 2010).

Regional circuit law guides the second *Farrar* step, *i.e.,* whether the court should exercise its discretion to award costs. *Manildra*, 76 F.3d at 1183 ("As the Supreme Court noted in *Farrar*, [506 U.S. at 115], even if a party satisfies the definition of prevailing party, the district court judge retains broad discretion as to how much to award, if anything"). Rule 54(d) creates a presumption for awarding costs to the prevailing party, and the losing party must show why costs should not be awarded. *HTC Corp. v. Technology Properties Ltd.,* Case No. 5:08-cv-00882-PSG, 2014 WL 3706617, *3 (N.D. Cal. July 21, 2014) (Grewal, J.) (quoting *Save Our Valley v. Sound Transit,* 335 F.3d 932, 944-45 (9th Cir. 2003)).

"In the event of a mixed judgment, however, it is within the discretion of a district court to require each party bear its own costs.'" *HTC Corp.,* 2014 WL 3706617, at *3 (quoting *Amarel,* 102 F.3d at 1523); *see CollegeNet, Inc. v. ApplyYourself, Inc.,* Nos. CV-02-484, CV-02-1359-HU, 2004 WL 2050488, *5 (D. Oreg. Feb. 10, 2004) ("[c]ourts frequently disallow costs when both parties have achieved some success"). Applying this discretion, courts in the Northern District of California, including this one, have frequently ordered parties in mixed judgment cases to bear their own costs. *See, e.g., HTC Corp.,* 2014 WL 3706617, at *6 (ordering parties to bear own costs in patent infringement case involving five patents where one side prevailed on two patents, neither side prevailed on two patents, and other side prevailed on one patent; citing *Makreas v. First Nat'l Bank of Northern California,* Case No. 3:11-cv-02234-JST, 2014 WL 2582027, *9 (N.D. Cal. June 9, 2014) (ordering each party to bear own costs where plaintiff prevailed on two of ten claims and defendant prevailed on other eight); *Postx Corp. v. Secure Data in Motion, Inc.,* 3:02-cv-04483-SI, 2006 WL 2067080, *2 (N.D. Cal. July 24, 2006) (ordering each party to bear own costs where plaintiff prevailed on one claim and defendant prevailed on other three claims)); *see also K-S-H Plastics, Inc. v. Carolite, Inc.,* 408 F.2d 54, 60 (9th Cir.), *cert. denied,* 396 U.S. 825 (1969) (court did not abuse discretion in awarding partial costs to prevailing party who was only partially successful).

Moreover, in *Shum,* 629 F.3d at 1363-64, the Federal Circuit upheld Judge Jensen's ruling offsetting the non-prevailing party's costs against those of the prevailing party because of the mixed nature of the judgment (the non-prevailing party won on co-inventorship claims and the prevailing party secured dismissal of some state law claims and summary judgment and JMOL relief on its remaining state law claims). This Court has noted that having each party bear its own costs in a case of a mixed judgment is often the "equitable result", "[h]owever unsatisfying." *HTC Corp.,* 2014 WL 3706617, at *6.

Moreover, there are numerous cases holding that where the defendant prevailed on non-infringement but lost on invalidity, each side should bear its own costs. *See, e.g., Senior Technologies, Inc. v. R.F. Technologies, Inc.*, 190 F.R.D. 642 (D. Neb. 2000); *Compro-Frink Co. v. Valk Mfg. Co.*, 595 F. Supp. 302 (E.D. Pa. 1982); *B. Braun Medical, Inc. v. Abbott Labs*, 38 F. Supp.2d 393 (E.D. Pa. 1999); *Silicon Graphics, Inc. v. ATI Technologies, Inc.*, 569 F. Supp.2d 819 (D. Wis. 2008). Although these cases were decided pre-*Shum* and held that neither side was a prevailing party, they remain persuasive and valid for their conclusion that the equitable result where the parties split the baby on infringement and validity is for each party to bear its own costs. In reasoning that applies equally to this case, the Court in *Compro-Frink Co.,* 595 F. Supp. at 304, stated:

> It is clear that both parties gained something by the action, while at the same time being unsuccessful in establishing any wrongdoing on the part of the other. Defendant may continue to manufacture the accused [products]; plaintiff has a judicial declaration of patent validity; neither was able to establish that the other was liable in damages.

Assuming here that Apple was the "prevailing party" within the meaning of Rule 54(d), *see Shum,* 629 F.3d at 1367, an award of costs to Apple is not appropriate because of the mixed nature of the judgment. Although Apple prevailed on Emblaze's claims of infringement, Emblaze prevailed with respect to Apple's affirmative defense and counterclaim for patent invalidity. Neither party secured a money judgment against the other.

Apple's JMOL and new trial motions, and its premature Notice of Appeal, demonstrate the mixed nature of the judgment and Apple's recognition of same. Although Apple has made these filings conditional on the outcome of Emblaze's post-trial motions, Apple's motion seeks to set aside

the verdict or obtain a new trial on its invalidity claims, and its Notice of Appeal seeks to appeal the adverse judgment on these issues.

The Ninth Circuit has held that proper grounds for denying costs under Rule 54 include:

> (1) a losing party's limited financial resources; (2) misconduct by the prevailing party; and (3) the chilling effect of imposing ... high costs on future . . . litigants, as well as (4) whether the issues in the case were close and difficult; (5) whether the prevailing party's recovery was nominal or partial; (6) whether the losing party litigated in good faith; and (7) whether the case presented a landmark issue of national importance.

*Quan v. Computer Sciences Corp.*, 623 F.3d 870, 888–89 (9th Cir. 2010) (internal citation and quotation marks omitted). The mixed nature of the judgment goes to the closeness of the issues in the case (*Quan* Factor No. 4); whether Apple's recovery was nominal or partial (*Quan* Factor No. 5); and whether Emblaze litigated in good faith (*Quan* Factor No. 6), and all weigh in favor of denying Apple's request for costs.

In addition, the closeness of the issues in the case, and Emblaze's good faith, are demonstrated by the Court's denial of Apple's main motions for summary judgment. Moreover, misconduct by Apple in this case led to the Court (1) granting in part Emblaze's motion to compel the production of documents and additional deposition testimony; (2) ordering that Emblaze be entitled to take three depositions of Apple's employees, days before trial, when Emblaze demonstrated that Apple had failed to provide the names of two of the witnesses, and the third witness had changed his testimony on the eve of trial; and (3) excluding Alon Cohen from testifying because Apple had failed to identify Mr. Cohen, despite having first made contact with him three years earlier. At trial itself, Apple pulled out all the stops, attacking Emblaze with false and inflammatory accusations regarding Emblaze's absence from the trial and its supposed penchant for lawsuits, and cross-examining Emblaze's damages expert with documents that Apple had claimed during discovery were not available to it.

When it came time for costs, Apple sought a walloping $577,014.40 from Emblaze, claiming, *inter alia,* that Emblaze should pay Apple's third-party vendor for monthly e-discovery storage costs; the hourly courtroom services of its trial graphics "hot-seat" person, without any showing that the individual was engaged in the creation of visual aids or other work covered by Local Rule 54-3;

PLAINTIFF EMBLAZE'S NOTICE OF MOTION AND
MOTION SEEKING REVIEW OF CLERK'S TAXATION
OF COSTS

8

*Emblaze Ltd. v. Apple, Inc.,*
Case No. 5:11-CV-01079-PSG

and the copier equipment that Apple used in its private "warroom" to make copies. Following Emblaze's objections, Apple unilaterally reduced its request to $327,978.37, and thereafter, the Clerk reduced the amount even further, to $73,108.83.

A small but determined Israeli technology company, Emblaze pursued its belief that the behemoth Apple was infringing Emblaze's '473 patent. Apple brought all its resources to bear, including expensive third-party electronic discovery vendors and graphics, two law firms with multiple attorneys and staff, and hard-ball trial tactics. In the end, Emblaze prevailed on Apple's affirmative defense and counterclaim for patent invalidity, and incurred its own costs in doing so. *See* Ferrari Dec. ¶ 2. Given these circumstances, the equitable result is to have each party bear its own costs.

### C.  If Costs Are Awarded to Apple, They Should be Reduced.

In the event that the Court determines that costs should be awarded to Apple, Emblaze maintains that the amount awarded for "printed or electronically recorded transcripts necessarily obtained for use in the case" should be reduced from $60,877.33 to $26,770.19, thus reducing the overall cost award from $73,108.83 to $39,001.69.

Apple's revised request in this category was for the amount of $93,187.81. *See* D.E. 635. Emblaze objected to Apple's request, arguing that this category should be reduced to $26,770.19 or, at a minimum, to $30,990.89. D.E. 644 at 9.

As shown in the Taxation of Costs [D.E. 655], the Clerk reduced Apple's request from $93,187.81 to $60,877.33. The Taxation of Costs states that the Clerk "[d]isallowed $32,310.48 [in this category] as outside the ambit of LR 54-3(b) [and] (c)." *Id*. But the Clerk did not indicate which of Emblaze's arguments, if any, it adopted, nor were any details provided as to which parts of Apple's cost request were disallowed. Not having this information, Emblaze sets forth below its arguments concerning this category in full.

#### 1.  Court Transcripts

Apple's initial Bill of Costs sought reimbursement for multiple copies of court transcripts. D.E. 623-2, Schedule A to Apple Bill of Costs. Although the Amended Bill of Costs properly eliminated Apple's request for multiple copies, Apple continued to seek reimbursement for

expedited, daily, and even hourly delivery of transcripts, and for RealTime used in the courtroom, all of which are improper and should be disallowed.

These costs are not properly recoverable under 28 U.S.C. § 1920 (allowing recovery of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case") or Civil Local Rule 54-3 (allowing recovery for "[t]he cost of transcripts necessarily obtained for an appeal"), upon which Apple relied. Indeed, requests for exactly this type of costs have been denied by courts in this district. *See, e.g., TransPerfect Global, Inc. v. MotionPoint Corp.*, 2014 WL 1364792, *4 (N.D. Cal. April 4, 2014) (denying recovery for multiple copies of each day's trial transcripts, hourly delivery of transcripts, and costs for RealTime). Even *Affymetric, Inc. v. Multilyte Ltd.*, 2005 WL 2072113, *2 (N.D. Cal. Aug. 26, 2005), relied upon by Apple in its request, denied recovery of expedited delivery of transcripts.

To be sure, expedited delivery and RealTime have nothing to do with an appeal and so Local Rule 54-3(b)(1) does not support Apple's request. *See* 623-1 ¶ 9 (Declaration of Erin Gibson in Support of Apple Inc.'s Bill of Costs) (arguing for reimbursement because "it is virtually certain that all trial transcripts will be needed for appeal purposes"). Although Apple claims that expedited transcripts were necessary "for use in trial briefing such as anticipated JMOL motions" [635-1] ¶ 6 (Supplemental Declaration of Erin Gibson in Support of Apple Inc.'s Bill of Costs), Apple's requests for reimbursement included jury selection (6/27/14), and every single day of trial. Apple has overreached in suggesting that transcripts of every minute of jury selection, attorney arguments, and trial were necessary to its preparation of motions.

Apple's request for $11,509.75 in connection with court transcripts should therefore be denied for Apple's failure to remove RealTime or limit its request to ordinary transcript delivery. *See Plantronics, Inc. v. Aliph, Inc.*, No. C 09-01714 WHA (LB), 2012 WL 6761576, *2 (N.D. Cal. Oct. 23, 2012) ("[i]nflated costs sometimes result in diminished awards and sometimes result in denying of taxable costs altogether") (internal citation omitted).[1]

---

[1] At a minimum, Apple should be denied RealTime costs, which total $4,077.85, in which case the remaining request for $7,431.90 in transcript costs should be reduced to $4,220.70, which would be the rate for these transcripts were they prepared at the ordinary rate of $3.65 per page and not the expedited and hourly rates sought by Apple. Accordingly, if Apple is awarded any amount, its

### 2. Deposition Transcripts

Apple sought the following amounts as costs incurred in connection with the taking of depositions: $2,455.15 (Schedule B) [D.E. 623-3]; $59,585.81 (Exhibit G) [623-9]; and $19,637.10 (Exhibit H) [D.E. 623-10]. Emblaze objects to such an award because (1) no showing has been made that the subject depositions were necessary for trial as opposed to being merely useful for discovery; and (2) Apple has sought to recover "extras" not recoverable under section 1920, including costs for expedited transcripts, shipping and handling charges, "evening pages", Real-time, ASCII copies of transcripts, video service fees, "MPEG, split, burn & sync" fees associated with the creation of videotapes, multiple copies of videotapes, and multiple copies of exhibits (color and black & white).

Although Local Rule 54-3(c)(1) allows recovery for depositions "taken for any purpose in connection with the case", the Ninth Circuit has held that if depositions "are merely useful for discovery then they [are] not taxable items and their expense should [be] borne by the party taking them, as incidental to normal preparation for trial." *TransPerfect Global, Inc.*, 2014 WL 1364792 at *4 (quoting *Indep. Iron Works, Inc. v. U.S. Steel Corp.*, 322 F.2d 656, 678 (9th Cir. 1963)).

Here, Apple sought costs for deposition transcripts but failed to provide any specificity as to why the depositions were necessarily incurred and not "merely useful for discovery." The schedules supporting Apple's Bills of Costs simply listed the individuals who were deposed. The two supporting Declarations [D.E. 623-1 and 623-8] do not even address the issue, and simply assert that deposition costs are recoverable. Apple's unsupported and conclusory assertion that it is entitled to costs simply because the depositions were taken is insufficient and does not justify an award of $81,678.06 in deposition costs. *See TransPerfect Global, Inc.*, 2014 WL 1364792 at *5 (noting that court has discretion to deny costs for deposition expenses where party makes no showing that depositions were "necessarily obtained").

---

request for $11,509.75 for court transcripts should be reduced to $4,220.70 ($11,509.75 less $4,077.85 (RealTime costs), and less $3,211.20 (amount of transcript costs attributable to expedited transcript rates instead of ordinary rate of $3.65 per page). It is this calculation that resulted in Emblaze's alternative request that, at a minimum, Apple be awarded $30,990.89 for printed or electronically recorded transcripts. *See* D.E. 644 at 9.

At a minimum, Apple should be denied recovery of deposition costs for witnesses who did not testify at trial and whose depositions were never used or referred to by Apple at trial, including Rhonda Stratton, Daniel Quinn, Ziv Eliraz, Hagit Gal, Moshe Dgani, Tzur Daboosh, Edan Ayal, Julian Cohen, Clifford Mass, Joel Swensson, C.K. Haun, Dan Rabinowitz, Frederick Brueck, and Beth Kellerman. Clearly, these depositions "were merely useful for discovery" and their expense should be borne by Apple as incidental to normal preparation for trial. *Id*. at *4 (quoting *Indep. Iron Works, Inc*., 322 F.2d at 678). Using the summaries provided by Apple at D.E. 623-3, 623-9 and 623-10, Emblaze calculated the costs for these 14 non-testifying witnesses at $28,137.69.

Also, Apple's request for deposition costs should be sharply reduced to remove costs for "extras" not recoverable under section 1920, including expedited transcript delivery, multiple copies of videotapes, shipping charges, and ASCII charges. Courts in this district have consistently held that the costs of expedited transcript delivery "are not recoverable generally", *Plantronics, Inc*., 2012 WL 6761576, at *6, and there are no circumstances in this case that warrant deviating from this general rule. Not only did Apple seek recovery for videotaped depositions, but it impermissibly sought recovery for multiple copies of such tapes (*see* D.E. 623-10), and recovery for thousands of dollars in videographer fees. *See, e.g*., D.E. 623-9 at page 6. Local Rule 54-3(c)(1) allows for the narrow recovery of "an original and one copy of any deposition (including videotaped depositions)"; it does not require that Emblaze reimburse Apple for all costs associated with its videotaping of depositions. Shipping charges and "'extra' charges such as ASCII/Mini/E-transcripts . . . are not allowed", *Affymetrix, Inc*., 2005 WL 2072113, at *2, and those charges must therefore also be eliminated. *See, e.g*., D.E. 623-3.

Accordingly, after deducting the total costs for depositions of witnesses who never testified at trial ($28.137.69), the remaining deposition costs should be reduced by half, resulting in a total cost award of $26,770.19 for deposition transcripts ($81,678.06 less $28,137.69 (witnesses who did not testify) divided by 2).

## IV. CONCLUSION

For the foregoing reasons, the Court should stay review of the Clerk's taxation of costs until all appeals are resolved. Alternatively, the Court should review the taxation of costs and issue an

PLAINTIFF EMBLAZE'S NOTICE OF MOTION AND
MOTION SEEKING REVIEW OF CLERK'S TAXATION
OF COSTS

12

*Emblaze Ltd. v. Apple, Inc.*,
Case No. 5:11-CV-01079-PSG

Order that each party shall bear its own costs. If the Court determines that Apple should be awarded costs, the Clerk's Taxation of Costs should be reduced to $39,001.69.

A Proposed Order is submitted herewith.

Respectfully Submitted,

DATED: October 17, 2014

REHON & ROBERTS
COZEN O'CONNOR

By: /s/ Lisa A. Ferrari
   Lisa A. Ferrari *(admitted pro hac vice)*

*Attorneys for Plaintiff Emblaze Ltd.*

#21138348