1  MARK FOWLER (Bar No. 124235)
   mark.fowler@dlapiper.com
2  ROBERT BUERGI (Bar No. 242910)
   robert.buergi@dlapiper.com
3  DLA PIPER LLP (US)
   2000 University Avenue
4  East Palo Alto, CA  94303-2214
   Tel:  650.833.2000
5  Fax:  650.833.2001

6
   JOHN ALLCOCK (Bar No. 98895)
7  john.allcock@dlapiper.com
   ERIN GIBSON (Bar No. 229305)
8  erin.gibson@dlapiper.com
   ROBERT C. WILLIAMS (Bar No. 246990)
9  robert.williams@dlapiper.com
   DLA PIPER LLP (US)
10 401 B Street, Suite 1700
   San Diego, CA  92101
11 Tel:  619.699.2700
   Fax:  619.699.2701
12

   SARAH BARROWS (Bar No. 253278)
   barrowss@gtlaw.com
   STEPHEN ULLMER (Bar No. 277537)
   ullmers@gtlaw.com
   GREENBERG TAURIG, LLP
   4 Embarcadero Center, Suite 3000
   San Francisco, CA  94111-5983
   Tel.: 415.655.1300
   Fax: 415.707.2010

   JAMES J. DECARLO (*Pro Hac Vice*)
   decarloj@gtlaw.com
   MICHAEL A. NICODEMA (*Pro Hac Vice*)
   nicodemam@gtlaw.com
   GREENBERG TRAURIG, LLP
   MetLife Building
   200 Park Avenue, 34th Floor
   New York, New York  10166
   Tel: 212.801.9200
   Fax: 212.801.6400

13 Attorneys for Defendant
   APPLE INC.

14

15                     UNITED STATES DISTRICT COURT

16                    NORTHERN DISTRICT OF CALIFORNIA

17                            SAN JOSE DIVISION

18

| | |
|---|---|
| 19  EMBLAZE LTD., | CASE NO.  5:11-CV-01079 PSG |
| 20              Plaintiff, | **DEFENDANT APPLE INC.'S OPPOSITION TO PLAINTIFF EMBLAZE'S MOTION SEEKING REVIEW OF CLERK'S TAXATION OF COSTS** |
| 21  v. | |
| 22  APPLE INC., a California corporation, | |
| 23              Defendant. | Date:  December 9, 2014<br>Time:  10:00 a.m.<br>Place: Courtroom 5, 4th Floor<br>Judge: Hon. Paul S. Grewal |

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ............................................................................................................... 1

II. EMBLAZE HAS FAILED TO ESTABLISH THAT THE COURT SHOULD DEFER THE TAXATION OF COSTS ............................................................................. 1

III. EMBLAZE'S REQUEST THAT EACH PARTY BEAR ITS OWN COSTS SHOULD BE DENIED ...................................................................................................... 3

    A. Apple is the Prevailing Party ................................................................................. 4

    B. Emblaze Has Not Rebutted The Heavy Presumption That Apple Should Receive Its Taxable Costs ....................................................................................... 6

IV. EMBLAZE HAS FAILED TO DEMONSTRATE WHY COSTS AWARDED TO APPLE SHOULD BE FURTHER REDUCED ................................................................... 7

    A. Court Transcripts .................................................................................................... 7

    B. Deposition Transcripts ........................................................................................... 9

V. CONCLUSION ................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page**

### CASES

*Affymetrix, Inc. v. Multilyte Ltd.*,
   C 03-03779 WHA, 2005 WL 2072113 (N.D. Cal. Aug. 26, 2005) ......................................... 8

*Ancora Technologies, Inc. v. Apple, Inc.*,
   11-CV-06357 YGR, 2013 WL 4532927 (N.D. Cal. Aug. 26, 2013) ........................................ 9

*Apple Inc. v. Samsung Elecs. Co.*,
   11-CV-01846-LHK, 2014 WL 4745933 (N.D. Cal. Sept. 19, 2014) ............................... passim

*ASIS Internet Servs. v. Optin Global, Inc.*,
   No. C-05-5124 JCS, 2008 WL 5245931 (N.D. Cal. Dec. 17, 2008), *aff'd sub nom.
   ASIS Internet Servs. v. Azoogle.com, Inc.*, 357 F. App'x 112 (9th Cir. 2009) .......................... 2

*Ass'n of Mexican-Am. Educators v. California*,
   231 F.3d 572 (9th Cir. 2000) (en banc) ................................................................................... 6

*Asyst Techs. v. Emtrak Inc., C 98-20451 JF(HRL)*,
   2009 WL 668727 (N.D. Cal. Mar. 13, 2009) .......................................................................... 8

*Brooks Furniture Mfg., Inc. v. Dutailier Int'l., Inc.*,
   393 F.3d 1378 (Fed. Cir. 2005) ............................................................................................ 4, 5

*Champion Produce, Inc. v. Rudy Robinson Co.*,
   342 F.3d 1016 (9th Cir. 2003) .................................................................................................. 6

*City of Alameda v. Nuveen Mun. High Income Opportunity Fund*,
   No. C 08-4575 SI, 2012 WL 177566 (N.D. Cal. Jan. 23, 2012) ................................................ 3

*eBay Inc. v. Kelora Sys.*,
   LLC, C 10-4947 CW (LB), 2013 WL 1402736 (N.D. Cal. Apr. 5, 2013) ................................ 8

*Friends of Tahoe Forest Access v. U.S. Dep't of Agric.*,
   No. 12- CV-01876 JAM-CKD, 2014 WL 1575622 (E.D. Cal. Apr. 17, 2014) ........................ 1

*Hilton v. Braunskill*,
   481 U.S. 770 (1987) .................................................................................................................. 2

*HTC Corp. v. Technology Properties Ltd.*,
   Case No. 5:08-cv-00882-PSG, 2014 WL 3706617 (N.D. Cal. July 21, 2014) ......................... 5

*In re Ricoh Co., Ltd. Patent Litig.*,
   No. C 03-02289 JW, 2010 WL 8961328 (N.D. Cal. Sept. 29, 2010) ....................................... 2

*In re Ricoh Co.*,
   *No*. C 03- 02289 JW, 2010 U.S. Dist. LEXIS 144033 (N.D. Cal. Sept. 29, 2010) ................... 9

**TABLE OF AUTHORITIES**
(cont'd)

**Page**

*Indep. Iron Works, Inc. v. U.S. Steel Corp.*,
   322 F.2d 656 (9th Cir. 1963) .................................................................................................. 10

*Jones v. City of Orange Cove*,
   No. 1:08CV0775 DLB, 2010 WL 4875681 (E.D. Cal. Nov. 23, 2010) ..................................... 3

*Kilopass Tech. Inc. v. Sidense Corp.*,
   *No*. C 10-02066 SI, 2013 WL 843104 (N.D. Cal. Mar. 6, 2013) ............................................... 3

*Kinzenbaw v. Case LLC*,
   No. 05-1483, 2006 WL 1096683 (Fed. Cir. Apr. 26, 2006) ................................................. 5, 8

*Miles v. California*,
   320 F.3d 986 (9th Cir. 2003) .................................................................................................... 6

*Manildra Milling Corp. v. Ogilvie Mills, Inc.*,
   76 F.3d 1178 (Fed. Cir. 1996) ......................................................................................... 4, 9, 10

*Mformation Techs., Inc. v. Research in Motion Ltd.*,
   No. C-08-4990 EMC, 2012 WL 6025746 (N.D. Cal. Dec. 4, 2012) ......................................... 2

*Nat'l Info. Servs. v. TRW, Inc.*,
   51 F.3d 1470 (9th Cir. 1995) .................................................................................................... 6

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
   134 S. Ct. 1749 (2014) ......................................................................................................... 4, 5

*Petroliam Nasional Berhad v. GoDaddy.com, Inc.*,
   No. C 09-5939 PJH, 2012 U.S. Dist. LEXIS 64555 (N.D. Cal May 8, 2012) .......................... 9

*Pixion Inc. v. PlaceWare Inc.*,
   No. C 03-02909 SI, 2005 WL 3955889 (N.D. Cal. May 26, 2005) .......................................... 2

*Quan v. Computer Sciences Corp.*,
   623 F.3d 870 (9th Cir. 2010) .................................................................................................... 7

*Save Our Valley v. Sound Transit*,
   335 F.3d 932 (9th Cir. 2003) .................................................................................................... 6

*Shum v. Intel Corp.*,
   629 F.3d 1360 (Fed. Cir. 2010) ................................................................................................ 4

*Stanley v. Univ. of S. Cal.*,
   178 F.3d 1069 (9th Cir. 1999) .................................................................................................. 6

DLA Piper LLP (US)
East Palo Alto

WEST\251468865.1

-iii-
APPLE'S OPPOSITION TO EMBLAZE'S MOTION SEEKING
REVIEW OF CLERK'S TAXATION OF COSTS 5:11-CV-01079 PSG

# TABLE OF AUTHORITIES
(cont'd)

**Page**

*United Access Techs., LLC v. EarthLink, Inc.*,
   CIV.A. 02-272-MPT, 2012 WL 2175786 (D. Del. June 14, 2012) .......................................... 5

**STATUTES**

28 U.S.C. § 1920(2) ................................................................................................................... 9

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 54(d)(1) ............................................................................... 1, 6

Local Rule 54-3 ....................................................................................................................... 7, 9

Local Rule 54-3(c)(1) .................................................................................................................. 9

Local Rule 54-3(c)(3) .................................................................................................................. 9

Rule 54(d) ......................................................................................................................... 4, 6, 7

## I. INTRODUCTION

Emblaze asks this Court to reduce costs awarded following Apple's defense verdict in a half billion dollar patent trial to less than $40,000, or nothing at all. Apple's pending motion for review of the Clerk's cost award demonstrates that Apple's requested costs are recoverable and should be awarded.[1] By contrast, Emblaze's motion seeks to delay Apple's recovery of costs, notwithstanding authority in this District supporting the prompt award of costs after trial. In the alternative, Emblaze seeks to have each party bear its own costs, but the Federal Circuit has rejected similar arguments. Emblaze also tries to shift taxable costs by bashing Apple by rehashing the same stale discovery disputes that the Court has already ruled upon, often in Apple's favor. Finally, if Emblaze does have to pay Apple's costs—and it does here—Emblaze argues that the Court should further slash the Clerk's award to less than $40,000. This is a small fraction of Apple's recoverable costs, to which Apple is presumptively entitled. Emblaze's motion should be denied in its entirety, and Apple's currently pending motion for review of the Clerk's cost award should be granted.

## II. EMBLAZE HAS FAILED TO ESTABLISH THAT THE COURT SHOULD DEFER THE TAXATION OF COSTS.

Under Federal Rule of Civil Procedure 54(d)(1), prevailing parties are routinely awarded their costs promptly following judgment. Emblaze seeks to delay the taxation of costs simply because it is intends to appeal the judgment, but that alone is not a valid basis for a stay absent exceptional circumstances. *See Friends of Tahoe Forest Access v. U.S. Dep't of Agric.*, No. 12-CV-01876 JAM-CKD, 2014 WL 1575622, at *1 (E.D. Cal. Apr. 17, 2014) (finding no basis to defer decision on bill of costs pending appeal). After four years of litigation, having prevailed on

---

[1] Apple filed its own motion for review of Clerks taxation of costs on October 17, 2014 (ECF No. 658) challenging only the specific category of "fees for exemplification and costs of making copies" taxed at just $1,100 by the Clerk. However, in its Motion Emblaze challenges this Court's review of taxable costs in the category of "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." ECF No. 657. Apple respectfully requests that should the Court review the Clerk's taxing of costs in this transcript category pursuant to Emblaze's Motion, Apple requests that the full amount of $93,187.81 previously requested in its Amended Bill of Costs be taxed. ECF No. 635.

-1-

1  its noninfringement defense at trial, Apple is now entitled to the reasonable costs it incurred in
2  defending against a half billion dollar patent lawsuit.

3        Emblaze has not satisfied the test for a stay of the taxation of costs pending the outcome
4  of an appeal.  In assessing whether to issue a stay pending appeal, courts consider: "(1) whether
5  the stay applicant has made a strong showing that he is likely to succeed on the merits; (2)
6  whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay
7  will substantially injure the other parties interested in the proceeding; and (4) where the public
8  interest lies."  *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).  In considering these factors, courts
9  in this district have routinely denied requests to stay taxation of costs.  *Mformation Techs., Inc. v.*
10 *Research in Motion Ltd.,* No. C-08-4990 EMC, 2012 WL 6025746, at *5 (N.D. Cal. Dec. 4,
11 2012) (finding that none of four Hilton factors weighed in favor of staying taxation of  costs);
12 *ASIS Internet Servs. v. Optin Global, Inc*., No. C-05-5124 JCS, 2008 WL 5245931, at *1 (N.D.
13 Cal. Dec. 17, 2008) (considering factors and finding that stay of taxation of costs was not
14 warranted), *aff'd sub nom. ASIS Internet Servs. v. Azoogle.com, Inc*., 357 F. App'x 112 (9th Cir.
15 2009); *Pixion Inc. v. PlaceWare Inc*., No. C 03-02909 SI, 2005 WL 3955889, at *2 (N.D. Cal.
16 May 26, 2005) (denying request to stay taxation of costs pending appeal).

17       Here, Emblaze makes no showing that it is likely to succeed on the merits on appeal, and
18 instead simply states that the Court has not yet considered Emblaze's JMOL motion.  There is no
19 reason to assume that Emblaze is likely to succeed in reversing the jury's verdict, either with
20 JMOL motions or an appeal to the Federal Circuit.

21       Emblaze also makes no showing that it will be irreparably injured absent a stay.  Emblaze
22 was acquired before trial and was recently renamed BSD Crown Ltd., a company traded on the
23 London Stock Exchange with an approximately 23.5 million pound market capitalization as of
24 October 31, 2014.  Thus, Emblaze has substantial assets and is more than able to satisfy the costs
25 award.  *In re Ricoh Co., Ltd. Patent Litig.*, No. C 03-02289 JW, 2010 WL 8961328, at *4 (N.D.
26 Cal. Sept. 29, 2010) (A party's "substantial assets mitigate any financial harm caused by the
27 denial of a stay.").  The mere fact that reversal on appeal would also entail reversal or
28 reassessment of costs does not qualify as an irreparable injury and is not a sufficient basis to stay

1  taxation of costs. *Kilopass Tech. Inc. v. Sidense Corp., No*. C 10-02066 SI, 2013 WL 843104, at

2  *5 (N.D. Cal. Mar. 6, 2013) (finding that perceived burden in having to return or reassess costs if

3  judgment was reversed on appeal was "a mere inconvenience, and not an irreparable injury");

4  *Jones v. City of Orange Cove*, No. 1:08CV0775 DLB, 2010 WL 4875681, at *2 (E.D. Cal. Nov.

5  23, 2010) (denying request to stay taxation of costs pending appeal because pending appeal "is

6  not a sufficient [] basis to stay taxation of costs"). Where, as here, a party has failed to "show[]

7  that it will be irreparably harmed absent a stay," "there is no basis to defer a decision on the bill

8  of costs pending [] appeal." *City of Alameda v. Nuveen Mun. High Income Opportunity Fund*, No.

9  C 08-4575 SI, 2012 WL 177566, at *2 (N.D. Cal. Jan. 23, 2012).

10  Emblaze also fails to address the presumptive injury that Apple would suffer from further

11  delay of taxation of costs. When a party incurs costs successfully defending its intellectual

12  property, it has an interest in swift recovery of those costs. *See Kilopass*, 2013 WL 843104, at *5

13  (finding that party "had an interest in the immediate payment of its taxable costs" and denying

14  stay of taxation of costs). Delay in reimbursement of costs cuts against the public policy of

15  promoting and protecting innovation by deterring those who are legally innovating from

16  defending against certain patent holders. The Court should reject any further delay.

17  Finally, Emblaze has not demonstrated that the public interest weighs in favor of granting

18  a stay. To the contrary, as noted above, public policy favors prompt recovery of costs. Apple

19  should be awarded the costs it incurred in protecting its innovative, proprietary technologies.

20  Because Emblaze has not satisfied the test for a stay of the taxation of costs pending the outcome

21  of an appeal, Emblaze's request for a stay of the taxation of costs should be denied.

22  **III.   EMBLAZE'S REQUEST THAT EACH PARTY BEAR ITS OWN COSTS
23         SHOULD BE DENIED.**

24  This is not a mixed judgment case. The jury found that Apple did not infringe a single

25  one of the asserted claims and awarded no damages to Emblaze. (Dkt. 609.) Apple is the

26  prevailing party, and Emblaze has not overcome the heavy presumption that Apple should be

27  awarded its taxable costs.

28

A.  **Apple Is the Prevailing Party.**

Federal Circuit law determines the identity of the prevailing party in patent litigation, and Apple is the prevailing party within the meaning of Rule 54(d). *See Apple Inc. v. Samsung Elecs. Co.*, 11-CV-01846-LHK, 2014 WL 4745933, at *4 (N.D. Cal. Sept. 19, 2014), *citing Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1182 (Fed. Cir. 1996). There may only be one "prevailing party" within the meaning of Rule 54(d). *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010). To be the prevailing party, Federal Circuit precedent requires that the party have received at least some relief on the merits and that relief must materially alter the legal relationship between the parties by modifying one party's behavior in a way that directly benefits the opposing party. *Id*. A party need not prevail on every one of its claims in order to be the prevailing party. *Apple*, 2014 WL 4745933, at *5. Here, the jury held that Apple did not infringe any of the asserted claims of the '473 patent brought by Emblaze, and the jury awarded no damages to Emblaze. (Dkt. 609.) Emblaze is now unable to exclude any of Apple's actions based on the '473 patent. Thus, Emblaze's behavior was modified in a way that directly benefits Apple, and Apple is the prevailing party under Rule 54(d).

Emblaze argues that, because the jury did not find the asserted patent invalid, Apple is not entitled to its costs as the prevailing party. Emblaze's argument is directly contrary to Federal Circuit law. The "[d]etermination of the prevailing party is based on the relation of the litigation result to the overall objective of the litigation, and not on a count of the number of claims and defenses" on which each party succeeded. *Brooks Furniture Mfg., Inc. v. Dutailier Int'l., Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005), abrogated on other grounds by *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014). Indeed, as recently held in this District, "a party need not win on every single one of its claims in order to be the prevailing party." *Apple Inc.*, 2014 WL 4745933, at *5. "Rather, the test is whether [one party] has obtained relief that materially alter[s] the legal relationship between the parties by modifying [the other party's] behavior in a way that directly benefits [the first party]." *Id.* (internal quotations omitted). Here, the denial of any damages award to Emblaze, as well as Emblaze's loss of the ability to exclude any of Apple's actions based on the '473 patent, clearly "materially alter[ed] the legal relationship

-4-

between the parties." *Id.*

Notably, Emblaze cites legal precedent outside of this District to purportedly support that each party should bear its own costs. The Federal Circuit has rejected similar arguments. In *Kinzenbaw v. Case LLC*, No. 05-1483, 2006 WL 1096683 (Fed. Cir. Apr. 26, 2006), the plaintiff argued "that even though it failed in its claim for patent infringement, because [defendant] also failed in its counterclaim for a declaration of invalidity of the '168 patent, neither party is a "prevailing party." *Id.*, at *3. The Federal Circuit rejected that argument, stating:

> Kinze's objective in bringing this litigation was to obtain a verdict of patent infringement. It did not obtain that verdict, even though its patent was ruled not invalid. Case's objective, however, was to avoid liability, and it achieved exactly that. Employing the functional analysis described in *Brooks Furniture*, we hold that Case was the "prevailing party" within the meaning of Rule 54(d)(1). We turn now to the various costs at issue.

*Id.*, citing *Brooks Furniture Mfg.*, 393 F.3d at 1381 (finding "when Brooks established its non-infringement of the Dutailier patent, it prevailed in the litigation" despite losing on its invalidity defense). Numerous other cases have reached the same conclusion. *United Access Techs., LLC v. EarthLink, Inc.*, CIV.A. 02-272-MPT, 2012 WL 2175786 (D. Del. June 14, 2012) ("[A]lthough EarthLink was not ultimately successful on its invalidity positions, because of the finding of noninfringement and Original Plaintiffs' loss of the right to exclude, EarthLink is the prevailing party.").

Emblaze also cites *HTC Corp. v. Tech. Properties Ltd.*, Case No. 5:08-cv-00882-PSG, 2014 WL 3706617 (N.D. Cal. July 21, 2014), as support for its position that the judgment in this case was mixed. However, *HTC* is inapposite, because that case involved five patent infringement claims and the infringement result was, indeed, mixed. One party prevailed on two patents, neither side prevailed on two patents (the claims were dismissed), and the other party prevailed on one patent (the jury awarded damages at trial). *Id.*, at *3-6. Here, Emblaze did not prevail on any of its claims. Emblaze asserted only one patent, and on that patent Emblaze did not secure a verdict of damages or infringement. Apple on the other hand, secured a verdict of noninfringement and is not liable for any damages, and may continue to practice the accused methods.

In sum, this is not a mixed-judgment case, because Emblaze's behavior was modified in a way that directly benefits Apple. Apple is the prevailing party and thus presumptively entitled to recover its taxable costs. Fed. R. Civ. P. 54(d)(1).

### B. Emblaze Has Not Rebutted The Heavy Presumption That Apple Should Receive Its Taxable Costs.

As the prevailing party, Apple is presumptively entitled to recover the entirety of its taxable costs. Fed. R. Civ. P. 54(d)(1). The Ninth Circuit has described the presumption in favor of awarding costs to the prevailing party as a "strong presumption" with a heavy burden on the non-prevailing party to show why taxable costs are not recoverable. *Apple Inc.*, 2014 WL 4745933, at *5, citing *Miles v. California*, 320 F.3d 986, 988 (9th Cir. 2003). A district court need not give reasons for abiding by the presumption and awarding taxable costs to the prevailing party. *See Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003) ("The presumption itself provides all the reason a court needs for awarding costs...."). On the other hand, a district court must "specify reasons" for refusing to award taxable costs to the prevailing party. *Id*. The court must "explain why a case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs." *Champion Produce, Inc. v. Rudy Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003) (internal quotation marks omitted). "Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999); *see also Nat'l Info. Servs. v. TRW, Inc.*, 51 F.3d 1470, 1472 (9th Cir. 1995) (finding that losing party bears burden of making showing that award would be inequitable under circumstances), overruled in part on other grounds, *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572 (9th Cir. 2000) (en banc).

Apple is entitled to be awarded its recoverable costs for three reasons.

First, as stated above, this is unquestionably not a mixed judgment case. The jury did not find infringement of a single one of Emblaze's asserted claims, and awarded Emblaze no damages.

Second, Emblaze has failed to overcome the heavy presumption that costs should be

1  awarded to the prevailing party based on any of the other factors enumerated in *Quan v.*
2  *Computer Sciences Corp.*, 623 F.3d 870, 888-89 (9th Cir. 2010).  Emblaze sought half a billion
3  dollars in damages, and Apple appropriately defended itself through trial against Emblaze's
4  infringement claim.  Emblaze's recitation of resolved discovery disputes and new complaints
5  about Apple's trial conduct do not equate to misconduct that would overcome the presumption of
6  awarding Apple costs here.  For example, Emblaze cannot credibly argue that Apple's
7  impeachment of Emblaze's damages expert with public documents was trial misconduct, and the
8  Court ruled at trial on all objections that were raised.  Any other trial-related objections should
9  have been raised at trial.  Moreover, Emblaze itself was faulted for its discovery conduct during
10 the course of this lawsuit.  When the Court granted Apple's motion to compel based on Emblaze
11 withholding relevant information and documents, the Court stated: "This is no way to conduct
12 document discovery."  ECF No. 198 at 2.  Furthermore, the Court in ruling on pre-trial motions,
13 specifically cautioned Emblaze against continuing its discovery misconduct "speculation" before
14 the jury.  *See* ECF No. 519 ("The court will not countenance speculation as to documents
15 impermissibly withheld."); *see also* Trial Tr. at 881:18-23 (again cautioning Emblaze).
16    Third, Emblaze (in its current form as BSD Crown Ltd.) has a market capitalization of
17 about 23.5 million pounds.  Emblaze therefore cannot legitimately argue that it has limited
18 financial resources that might weigh against awarding Apple its costs.
19    In sum, Apple is the prevailing party under Rule 54(d), and Emblaze has not rebutted the
20 presumption that Apple is entitled to its taxable costs.
21 **IV.    EMBLAZE HAS FAILED TO DEMONSTRATE WHY COSTS AWARDED TO
         APPLE SHOULD BE FURTHER REDUCED.**
22
23    Apple's Amended Bill of Costs requests $93,187.81 for "printed or electronically
24 recorded transcripts necessarily obtained for use in the case."  ECF No. 635.  The Clerk taxed
25 only $60,877.33 of these costs (ECF No. 655), an amount that Emblaze now challenges.  This
26 District's Civil Local Rule 54-3 provides specific guidelines for taxing costs in this category, and
27 Apple's requested costs are proper under those guidelines.  Should the Court review the Clerk's
28 award for "printed or electronically recorded transcripts necessarily obtained for use in the case,"

the Court should deny Emblaze's motion and grant Apple its requested costs in full.

### A. Court Transcripts

Apple's Amended Bill of Costs seeks costs associated with only one copy of each trial or hearing transcript, in the total amount of $11,509.75. The costs of important trial transcripts are routinely held taxable in this district. *See Affymetrix, Inc. v. Multilyte Ltd.*, C 03-03779 WHA, 2005 WL 2072113 (N.D. Cal. Aug. 26, 2005) (finding that "[i]t was reasonable for [the prevailing party] to incur the expense of transcripts for all court proceedings, given that [the] case was so contentiously litigated" and awarding court reporter's fees for "the cost of all hearing transcripts because they were 'necessarily obtained'"); *Apple Inc.*, 2014 WL 4745933, at *8 (awarding costs for trial and hearing transcripts). This includes the costs of transcripts obtained of important hearings, such as summary judgment hearings. *See eBay Inc. v. Kelora Sys.*, LLC, C 10-4947 CW (LB), 2013 WL 1402736 (N.D. Cal. Apr. 5, 2013) ("[C]ourts allow costs for transcripts of important hearings."). The trial and hearing transcripts for which Apple seeks costs were necessarily requested for use in the case, including for use in trial briefing such as anticipated JMOL motions. Recovery for trial transcripts is especially supported in cases such as this, where given the high damages number, it was virtually certain that all trial transcripts could be needed for appeal purposes. *See Asyst Techs. v. Emtrak Inc., C 98-20451 JF(HRL)*, 2009 WL 668727 (N.D. Cal. Mar. 13, 2009) (holding that the cost of trial transcripts were recoverable where "given the amount of damages sought by Asyst, Jenoptik would have had no choice but to appeal an adverse judgment").

Furthermore, despite Emblaze's statements to the contrary, the expedited or hourly trial and hearing transcripts were necessarily incurred for use in this case, including for use in trial briefing such as mid-trial JMOL motions, and the urgent motion practice that was conducted during trial. *See, e.g.,* ECF No. 569 (Apple's Bench Brief On and Objections to Emblaze's Proposed Revised Claim Constructions), ECF No. 581 (Bench Brief on Relevance of Apple's HLS Patents), ECF No. 593 (Apple's Motion for Judgment as a Matter of Law). The Federal Circuit and this District have held that Realtime costs associated with deposition and trial transcripts are also recoverable as they were necessarily incurred. *See Kinzenbaw v. Case LLC*,

1   05-1483, 2006 WL 1096683, at *6 (Fed. Cir. Apr. 26, 2006) ([B]ecause the district court found

2   that realtime trial transcription was necessary, we uphold the district court's tax of $6,828.60 for

3   this service."); *Ancora Technologies, Inc. v. Apple, Inc.*, 11-CV-06357 YGR, 2013 WL 4532927,

4   at *5-6 (N.D. Cal. Aug. 26, 2013) (allowing recovery of realtime deposition costs).

5         The Court should therefore award Apple the full amount of $11,509.75 for hearing and

6   trial transcripts requested in Apple's Amended Bill of Costs. ECF No. 635-1 at 3.

7         **B.**     **Deposition Transcripts**

8         Apple seeks costs of deposition transcripts in the amount of $2,455.15 (DLA Piper Costs)

9   and $79,222.91 (Greenberg Costs).  *See* Exhibits B, G and H to Apple's Bill of Costs (ECF 623-

10  3, 623-9, 623-10).  Pursuant to Civil Local Rule 54-3, Apple is only requesting costs associated

11  with <u>one</u> original and <u>one</u> copy of any deposition (including videotaped depositions) taken in this

12  case.  Specifically, for each deposition in this case, Apple seeks the costs of a paper copy of the

13  written transcript, an electronic copy of the written transcript, a copy of the videotape, a copy of

14  the deposition exhibits, and any recoverable shipping and handling costs.

15        Under 28 U.S.C. § 1920(2) and Civil Local Rule 54-3, Apple's costs for deposition

16  transcripts and videotapes are recoverable.  Civil Local Rule 54-3(c)(1) allows "[t]he cost of an

17  original and one copy of any deposition (including videotaped depositions) taken for any purpose

18  in connection with the case."  The cost of reproducing exhibits for depositions is also recoverable.

19  *See* Civil Local Rule 54-3(c)(3) ("The cost of reproducing exhibits to depositions is allowable if

20  the cost of the deposition is allowable.").  Moreover, Courts in this District have taxed shipping

21  and handling charges associated with deposition transcripts.  *See Petroliam Nasional Berhad v.*

22  *GoDaddy.com*, Inc., No. C 09-5939 PJH, 2012 U.S. Dist. LEXIS 64555, at *6 (N.D. Cal. May 8,

23  2012) ("[T]he court finds that the charge for 'shipping and handling' can reasonably be viewed as

24  part of 'the cost of an original and one copy of any deposition.'"); *In re Ricoh Co., No*. C 03-

25  02289 JW, 2010 U.S. Dist. LEXIS 144033, at *17 (N.D. Cal. Sept. 29, 2010) (holding "shipping

26  costs for deposition transcripts are taxable.").

27        Moreover, all depositions costs were reasonably necessarly for use in this case.  Emblaze

28  erroneously argues that Apple should be denied the costs of deposition transcripts not used at

1    trial.  This is not the governing standard.  "Although use at trial is direct evidence of necessity, an

2    item may still be reasonably necessary for use in the case even if unused at trial." *Manildra*

3    *Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1184 (Fed. Cir. 1996).  "Although depositions

4    that are 'merely useful for discovery' are not taxable, *Indep. Iron Works, Inc. v. U.S. Steel Corp.*,

5    322 F.2d 656, 678 (9th Cir. 1963), the fact that a party took the deposition of an individual who

6    ultimately did not testify at trial or who testified on an issue on which the party ultimately did not

7    prevail does not mean that the deposition was therefore 'merely useful for discovery.'" *Apple*

8    *Inc.*, 2014 WL 4745933, at *6.

9            Here, Emblaze and Apple sought deposition testimony relating to damages and technical

10   issues related to Apple devices and accused HLS streams, as well as Apple's counterclaims and

11   affirmative defenses related to the asserted patent.  Given the extensive scope of the case, all the

12   depositions "reasonably seemed necessary at the time they were taken." *Manildra*, 76 F.3d at

13   1184.  Emblaze ignores that it took an equal number of depositions in this case—depositions that

14   Emblaze can hardly now claim were unnecessary.  Moreover, of the approximately 30 witnesses

15   deposed in this case, Apple designated 25 of these witnesses in its amended witness list (ECF.

16   No. 467), and Emblaze designated 24 (ECF. No. 450).  In fact, almost all of the specific witness

17   depositions costs Emblaze objects to, including Ziv Eliraz, Hagit Gal, Moshe Dgani, Tzur

18   Daboosh, Edan Ayal, Joel Swensson, C.K. Haun, Dan Rabinowitz, Frederick Brueck, and Beth

19   Kellerman, were named on one or both of the parties initial trial witness lists.  *Id*.  Moreover, one

20   or both parties initially designated each of these witnesses' testimony for use at trial.  ECF Nos.

21   538 and 530.

22           Accordingly, Apple is entitled to recover all costs of deposition transcripts in the amount

23   of $2,455.15 (DLA Piper Costs) and $79,222.91 (Greenberg Costs). See Exhibits B, G and H to

24   Apple's Bill of Costs (ECF 623-3, 623-9, 623-10).

25   **V.    CONCLUSION**

26           For the foregoing reasons, Apple respectfully requests that the Court deny Emblaze's

27   request to stay the taxation of costs; find Apple to be the prevailing party and deny Emblaze's

28   request that each party bear its own costs; and award Apple its requested costs in the amount of

1  $324,963.97 comprising the following costs:

2  - $93,187.81 for fees for printed or electronically recorded transcripts [taxation
3    amount challenged by Emblaze]
4  - $3,931.50 for fees for witnesses [taxation amount not challenged by either party];
5  - $220,644.66 for fees for exemplification and costs of making copies [as requested
6    in Apple's motion for review of clerk's taxation of costs (ECF No. 658) ]; and
7  - $7,200 for compensation of interpreters [taxation amount not challenged by either
8    party].

9  Dated:  October 31, 2014            DLA PIPER LLP (US)

11                        By: /s/Erin Gibson
                              Mark Fowler (Bar No. 124235)
12                            mark.fowler@dlapiper.com
                              Robert Buergi (Bar No. 242910)
13                            robert.buergi@dlapiper.com
                              DLA PIPER LLP (US)
14                            2000 University Avenue
                              East Palo Alto, California 94303
15                            T: 650.833.2000
                              F: 650.833.2001

16                            John Allcock (Bar No. 98895)
                              john.allcock@dlapiper.com
17                            Erin Gibson (Bar No. 229305)
                              erin.gibson@dlapiper.com
18                            Robert Williams (Bar No. 246990)
                              robert.williams@dlapiper.com
19                            DLA PIPER LLP (US)
                              401 B Street, Suite 1700
20                            San Diego, California 92101
                              T: 619.699.2862
21                            F: 619.764.6662

22                            GREENBERG TRAURIG, LLP
                              Sarah Barrows (SBN 253278)
23                            barrowss@gtlaw.com
                              Stephen Ullmer (SBN 277537)
24                            ullmers@gtlaw.com
                              GREENBERG TRAURIG, LLP
25                            4 Embarcadero Center, Suite 3000
                              San Francisco, CA 94111-5983
26                            Telephone: (415) 655-1300
                              Facsimile: (415) 707-2010
27

28

| | |
|---|---|
| 1 | James J. DeCarlo (Admitted *Pro Hac Vice*) |
|   | decarloj@gtlaw.com |
| 2 | Michael A. Nicodema (Admitted *Pro Hac Vice*) |
| 3 | nicodemam@gtlaw.com |
|   | GREENBERG TRAURIG, LLP |
| 4 | MetLife Building |
|   | 200 Park Avenue, 34th Floor |
| 5 | New York, New York 10166 |
|   | Tel.: (212) 801-9200 |
| 6 | Fax: (212) 801-6400 |
| 7 | *Attorneys for Defendant Apple Inc.* |