UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EMBLAZE LTD., ) | Case No. 5:11-cv-01079-PSG |
| ) | |
| Plaintiff, ) | **ORDER GRANTING-IN-PART** |
| v. ) | **MOTIONS SEEKING REVIEW OF** |
| ) | **CLERK'S TAXATION OF COSTS** |
| APPLE INC., ) | |
| ) | **(Re: Docket Nos. 657, 658)** |
| Defendant. ) | |
| ) | |

If trial is the feature film of any civil lawsuit, the taxation of costs and motions seeking review are in many ways the closing credits. Plaintiff Emblaze Ltd. and Defendant Apple Inc. both seek review of costs taxed against Emblaze after a jury found that Emblaze's patent-in-suit was neither invalid nor infringed. Reflecting the mixed merit of both parties' arguments, the court GRANTS both motions, but only IN-PART.

**I.**

While attorney's fees remain off limits in most civil cases, including patent cases, Fed. R. Civ. P. 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action."[1]

---
[1] Fed. R. Civ. P. 54(d).

After an eight-day trial last summer, the jury returned its verdict that none of Apple's accused products infringed Emblaze's U.S. Patent No. 6,389,473.[2] The jury further found that Apple had failed to prove the patent invalid. Shortly thereafter, Apple submitted its bill of costs, seeking a total of $577,014.40 in four categories of taxable costs: printed or electronically recorded transcripts, fees for witnesses, exemplification and the costs of making copies and compensation of interpreters.[3] Emblaze objected to several of Apple's claimed costs,[4] prompting Apple to file an amended bill of costs in which Apple waived all costs associated with obtaining multiple copies of trial transcripts, all costs associated with the rental of copying equipment or other related trial equipment and certain costs related to Apple's document production through its e-discovery vendor. The result was an amended total of $327,978.37.[5]

Good, said Emblaze, but not good enough. More formally, Emblaze objected to the amended bill of costs as well. After the Clerk taxed costs in the amount of $73,108.83,[6] both parties subsequently filed motions seeking review. Emblaze asks the court to further reduce Apple's recoverable costs for court and deposition transcripts. Apple seeks an increase in recoverable costs for exemplification and copies.

**II.**

This court has jurisdiction under 28 U.S.C. §§ 1331 and 1338. The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).

---

[2] Docket No. 609.

[3] *See* Docket No. 623.

[4] *See* Docket No. 627.

[5] *See* Docket No. 635.

[6] *See* Docket No. 655 (disallowing $32,310.48 of the $93,187.81 in transcript costs as "outside the ambit of LR 54-3(b), (c);" $3,014.40 of the $6,945.90 in fees for witnesses as "outside the ambit of LR 54-3(3);" $219,544.66 of the $220,644.66 in costs for exemplification and copies as "outside the ambit of LR 54-3(d)" and allowing $7,200.00 in costs for interpreters at depositions).

**III.**

Before it can do anything else, the court must first consider whether it should defer issuing a ruling on the bill of costs until after the Federal Circuit has ruled on Emblaze's appeal of the verdict. Rule 54(d) is clear that the court may review the clerk's taxation of costs and make any necessary adjustments.[7] What is less clear is whether this makes sense while an appeal on the underlying merits is pending. Although not explicitly contemplated by the plain language of the rule itself, the Advisory Committee Notes to Rule 54(d) only state that the decision is the trial court's to make: "If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved."[8] While Emblaze represents that courts within the Ninth Circuit "have routinely applied this committee note to claims for costs as well as claims for fees,"[9] the undersigned's own review of published opinions suggests that such courts in fact have rarely chosen to do so.[10]

In assessing whether to stay an order pending appeal, courts consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."[11] In considering these factors, courts in this district have repeatedly denied requests to stay

---

[7] Fed. R. Civ. P. 54(d).

[8] Advisory Committee Notes to Rule 54(d).

[9] Docket No. 657 at 5.

[10] *See, e.g.*, *Apple Inc. v. Samsung Elecs. Co.*, Case No. 11-cv-01846, 2014 WL 4745933, *4 (N.D. Cal. Sept. 19, 2014) (acknowledging that the court has discretion to defer but declining to exercise such discretion); *Friends of Tahoe Forest Access v. U.S. Dep't of Agric.*, Case No. 12-cv-01876, 2014 WL 1575622, at *1 (E.D. Cal. Apr. 17, 2014) (finding no basis to defer a decision on the bill of costs pending plaintiffs' appeal).

[11] *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

3
Case No. 5:11-cv-01079-PSG
ORDER GRANTING-IN-PART MOTIONS SEEKING REVIEW OF CLERK'S TAXATION OF COSTS

taxation of costs.[12] Here, an assessment of these four factors confirms the absence of any basis to defer consideration of a case award to Apple.

*First*, Emblaze makes no showing that it is likely to succeed on the merits on appeal. Indeed, this court denied Emblaze's motions for judgment as a matter of law and for new trial on the issues on which it appealed, finding that a reasonable jury would have a legally sufficient evidentiary basis to find for Apple on those issues.[13] There is no reason to expect that the Federal Circuit would find otherwise.

*Second*, Emblaze makes no showing that it will be irreparably injured absent a stay. Emblaze offers no evidence that it lacks assets sufficient to satisfy a cost award. A party's "substantial assets mitigate any financial harm caused by the denial of a stay."[14] Further, the mere fact that reversal on appeal would also entail reversal or reassessment of costs does not qualify as an irreparable injury and is not a sufficient basis to stay taxation of costs.[15] Where, as here, a party has failed to "show[] that it will be irreparably harmed absent a stay," there is "no basis to defer a decision on the bill of costs pending [] appeal."[16]

---

[12] *See, e.g.*, *Mformation Techs., Inc. v. Research in Motion Ltd.*, Case No. 08-cv-04990, 2012 U.S. Dist. LEXIS 172071, at *14-17 (N.D. Cal. Dec. 4, 2012) (finding that none of four *Hilton* factors weighed in favor of staying taxation of costs); *ASIS Internet Servs. v. Optin Global, Inc.*, Case No. 05-cv-05124, 2008 U.S. Dist. LEXIS 103932, at *5 (N.D. Cal. Dec. 17, 2008) (considering factors and finding that stay of taxation of costs was not warranted), *aff'd sub nom.*, *ASIS Internet Servs. v. Azoogle.com, Inc.*, 357 F. App'x 112 (9th Cir. 2009); *Pizion Inc. v. PlaceWare Inc.*, Case No. 03-cv-02909, 2005 U.S. Dist. LEXIS 11351, at *4-5 (N.D. Cal. May 26, 2005) (denying request to stay taxation of costs pending appeal).

[13] *See* Docket No. 667.

[14] *In re Ricoh, Ltd. Patent Litig.*, Case No. 03-cv-02289, 2010 U.S. Dist. LEXIS 144033, at *11 (N.D. Cal. Sept. 29, 2010) *aff'd in part, rev'd in part*, 661 F.3d 1361 (Fed. Cir. 2011).

[15] *Kilopass Tech. Inc. v. Sidense Corp.*, Case No. 10-cv-02066, 2013 U.S. Dist. LEXIS, at *12 (N.D. Cal. Mar. 6, 2013) (finding that perceived burden in having to return or reassess costs if judgment were reversed on appeal was "a mere inconvenience, and not an irreparable injury"); *Jones v. City of Orange Cove*, Case No. 08-cv-00775, 2010 U.S. Dist. LEXIS 128578, at *4 (E.D. Cal. Nov. 23, 2010) (denying taxation of costs pending appeal because pending appeal "is not a sufficient [] basis to stay taxation of costs").

[16] *City of Alameda v. Nuveen Mun. High Income Opportunity Fund*, Case No. 08-cv-04575, 2012 U.S. Dist. LEXIS 7403, at *8 (N.D. Cal. Jan. 23, 2012).

4
Case No. 5:11-cv-01079-PSG
ORDER GRANTING-IN-PART MOTIONS SEEKING REVIEW OF CLERK'S TAXATION OF COSTS

***Third***, Emblaze fails to address the presumptive injury to Apple from further delay of taxation of costs. The prevailing party has an interest in prompt payment of its taxable costs.[17] Judgment was entered in this case on July 11, 2014. Further delay is prejudicial to Apple as the prevailing party under Rule 54(d).

***Fourth***, Emblaze has not demonstrated that the public interest weighs in favor of staying the consideration of costs. To the contrary, public policy favors prompt recovery of costs.

Deferring judgment at this point also would increase the burden to the Federal Circuit by presenting a possible second appeal. This of course says nothing of the burden on this court in reengaging with the facts of this case many months in the future, long after law clerks familiar with this record have moved on and the undersigned's memory has begun to fade. Better to dig into these matters now while present faculties may be tapped.

The court must next determine whether there was a prevailing party so as to justify an award of costs at all.[18] To those less familiar with litigation, this must seem an odd question. Trial, after all, is portrayed in popular culture as a game, with one winner and one loser. But patent cases, including this patent case, illustrate the reality that many trial outcomes are more nuanced. A party "prevails when actual relief on the merits of [its] claim materially alters the legal relationship between the parties,"[19] and there can only be one prevailing party within the meaning of Rule 54(d).[20] Only if the court determines that under this standard there is a distinct prevailing party may the court exercise its discretion to award costs.[21]

---

[17] *See Kilopass*, 2013 U.S. Dist. LEXIS 31945, at *12 (finding that prevailing party had "an interest in the immediate payment of its taxable costs" and denying stay of taxation of costs).

[18] *See Farrar v. Hobby*, 506 U.S. 103, 113 (1992).

[19] *Manildra Mill Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1182 (Fed. Cir. 1996) (internal quotation marks omitted).

[20] *See Shum v. Intel Corp*, 629 F.3d 1360, 1367 (Fed. Cir. 2010).

[21] *See Manildra*, 76 F.3d at 1183 ("As the Supreme Court noted in *Farrar*, even if a party satisfies the definition of prevailing party, the district court judge retains broad discretion as to how much to award, if anything.").

5
Case No. 5:11-cv-01079-PSG
ORDER GRANTING-IN-PART MOTIONS SEEKING REVIEW OF CLERK'S TAXATION OF COSTS

Emblaze argues that there is no clear prevailing party because while Apple was able to prevail on its non-infringement theory, the jury made a finding of no invalidity. The crux of its argument is that because Emblaze's patent survived jury scrutiny, Apple cannot be said to have ultimately prevailed. But case law is clear that Apple is not required to prevail on every one of its claims in order be the prevailing party for the purpose of Rule 54(d).[22] Rather, the "[d]etermination of the prevailing party is based on the relation of the litigation result to the overall objective of the litigation, and not on the count of the number of claims and defenses" on which each party succeeded.[23]

For example, in *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, "Brooks raised several defenses to the charge of patent infringement, any of which would have achieved Brooks' goal. Thus when Brooks established its non-infringement of the Dutailier patent, it prevailed in the litigation. That other defenses, such as invalidity of the patent, were unsuccessful or withdrawn, does not change the outcome in Brooks' favor."[24] Similarly, in *Kinzenbaw v. Case LLC*, the Federal Circuit held that even though the patent remained intact after the verdict the accused infringer prevailed for purposes of Rule 54(d).[25] Specifically, the court explained that "Kinze's objective in bringing this litigation was to obtain a verdict of patent infringement. It did not obtain that verdict, even though its patent was ruled not invalid. Case's objective, however, was to avoid liability, and it achieved exactly that. . . . [W]e hold that Case was the 'prevailing party' within the meaning of Rule 54(d)(1)."[26]

---

[22] *See Apple Inc.*, 2014 WL 4745933, at *5.

[23] *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005) (abrogated on other grounds by *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014)).

[24] *Id.*

[25] *Kinzenbaw v. Case LLC*, Case No. 05-cv-01483, 2006 WL 1096683, at *3 (Fed. Cir. Apr. 26, 2006).

[26] *Id.*

6
Case No. 5:11-cv-01079-PSG
ORDER GRANTING-IN-PART MOTIONS SEEKING REVIEW OF CLERK'S TAXATION OF COSTS

This case is no different. Emblaze brought suit against Apple. When the jury found non-infringement in Apple's favor, Emblaze lost. Emblaze therefore did not achieve its litigation objective. That Apple did not succeed in its additional objective—invalidating Emblaze's patent—does not change the fact that Apple did achieve its primary objective—avoiding liability. In short, Apple is the prevailing party.

This leads the court to whether the clerk's taxation of costs[27] was appropriate—an inquiry that must be analyzed according to the law of the regional circuit.[28] In the Ninth Circuit, there is a "strong presumption" in favor of awarding costs to the prevailing party.[29] By contrast, the burden is on the non-prevailing party to show why taxable costs should not be awarded.[30] To deny such an award, the district court must provide specific reasons identifying why a particular case is not ordinary and that special circumstances exist.[31] These circumstances are extremely limited.[32]

---

[27] *See* Docket No. 655.

[28] *See Manildra*, 76 F.3d at 1183("Even if a party satisfies the definition of prevailing party, the district court judge retains broad discretion as to how much to award, if anything.").

[29] *Apple Inc.*, 2014 WL 4745933, at*5 (citing *Miles v. California*, 320 F.3d 986, 988 (9th Cir. 2003)).

[30] *Id.*

[31] *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003); *Champion Produce, Inc. v. Rudy Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003).

[32] The Ninth Circuit has held that proper grounds for denying costs under Rule 54 include:

> (1) a losing party's limited financial resources; (2) misconduct by the prevailing party; and (3) the chilling effect of imposing . . . high costs on future . . . litigants, as well as (4) whether the issues in the case were close and difficult; (5) whether the prevailing party's recovery was nominal or partial; (6) whether the losing party litigated in good faith; and (7) whether the case presented a landmark issue of national importance. *Quan v. Computer Sciences Corp.*, 623 F.3d 870, 888-89 (9th Cir. 2010) (internal citation and quotation marks omitted).

While Emblaze may try to argue that—as a small company—it falls into the first category, this category typically covers indigent plaintiffs or low-income individuals or groups in civil rights cases who appropriately receive an exception under the Ninth Circuit standard. *See, e.g.*, *Assoc. of Mex.-Am. Educators v. State of Cal.*, 231 F.3d 572 (9th Cir. 2000); *Bowoto v. Chevron Corp.*, Case No. 99-cv-02506, 2009 WL 1081096 (N.D. Cal. Apr. 22, 2009); *Schaulis v. CTB/McGraw-Hill, Inc.*, 496 F. Supp. 666 (N.D. Cal. 1980). Under this precedent, Emblaze's "limited financial resources" in the context of a patent case simply do not appear to count.

Emblaze takes issue with the Clerk's taxation of costs associated with trial transcripts and deposition transcripts and is seeking a further reduction in costs taxed from $60,877.33 to $26,770.19—thereby reducing the overall cost award from $73,108.83 to $39,001.69. Emblaze specifically challenges those costs associated with expedited delivery of trial transcripts or the use of realtime transcription in the courtroom.

Pursuant to 28 U.S.C. § 1920, a prevailing party may recover "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." While this court does not award these types of costs as a matter of course,[33] the undersigned's experience with patent trials like the one in this case has been that expedited trial transcripts and real-time transcription are in fact "necessarily obtained." When trial judges push hard on parties at trial to raise objections and motions promptly—so as to minimize the burden on both judge and jury from delay—it is difficult to conclude otherwise.[34]

Recognizing that Section 1920 and our local rules generally provide for the costs of deposition transcripts,[35] Emblaze nevertheless seeks to reduce the award of costs for deposition transcripts under two alternative theories: that Apple has made no showing that each of the subject depositions were necessary for trial and that Apple has sought to recover deposition-related costs that are impermissible, such as costs for expedited transcripts and shipping and handling charges, among others.

Emblaze first takes issue with the deposition costs for 14 witnesses that did not testify at trial, arguing that Apple failed to establish that the depositions were necessary for trial rather than

---

[33] *See, e.g.*, *TransPerfect Global, Inc. v. MotionPoint Corp.*, Case No. 10-cv-02590, 2014 WL 1364792, at *4 (N.D. Cal. Apr. 4, 2014) (denying costs for trial transcripts delivered hourly and costs for RealTime); *Apple Inc.*, 2014 WL 4745933, at *7 (N.D. Cal. Sept. 19, 2014) (awarding only standard daily transcripts, but noting that Apple had withdrawn its costs request for expedited transcripts).

[34] *See Kinzenbaw*, 2006 WL 1096683, at *6. Because *Kinzenbaw* originated in the District of Iowa, the district court applied Eighth Circuit rather than Ninth Circuit law. But Emblaze offers no clear Ninth Circuit authority suggesting a different standard.

[35] *See* 28 U.S.C. § 1920; Civ. L.R. 54-3(c)(1).

8
Case No. 5:11-cv-01079-PSG
ORDER GRANTING-IN-PART MOTIONS SEEKING REVIEW OF CLERK'S TAXATION OF COSTS

"merely useful for discovery."[36] But the mere fact that Apple did not present all of its witnesses at trial does not mean that those it omitted were not necessary to its case.[37] Taken to its logical conclusion, such a requirement would incent parties to put on as many witnesses as possible at trial merely to ensure they could recoup costs upon prevailing. Even if that made sense, Emblaze has failed to show that in fact Apple found them "merely useful for discovery." Considering that nearly all of the 14 non-testifying witnesses were named on one or both of the parties' initial trial witness lists, Apple has established that the 14 depositions were necessarily obtained.

Emblaze fares better when it comes to the issue of deposition-related costs above and beyond standard costs for deposition transcripts and video costs. Numerous courts in this district have found that costs for expedited deposition transcripts are not recoverable.[38] And other courts have found that shipping charges related to deposition transcripts cannot be taxed.[39] Unfortunately, the information provided by Apple in support of its deposition charges does not differentiate between the cost of an expedited deposition transcript and the cost of a standard deposition transcript. As a result, this court has nothing on which to base a measured reduction of the over $80,000 in costs it seeks for depositions. Although it would be within the discretion of the court to deny costs for all deposition expenses here, Emblaze only raised objections as to the 14 non-

---

[36] *TransPerfect Global, Inc.*, 2014 WL 1364792 at *4 (quoting *Indep. Iron Works, Inc. v. U.S. Steel Corp.*, 322 F.2d 656, 678 (9th Cir. 1963)).

[37] *See Manildra*, 76 F.3d at 1184 (Fed. Cir. 1996) ("Although use at trial is direct evidence of necessity, an item may still be reasonably necessary for use in the case even if unused at trial."); *Apple Inc.*, 2014 WL 4745933, at *6 ("Although depositions that are merely useful for discovery are not taxable, the fact that a party took the deposition of an individual who ultimately did not testify at trial or who testified on an issue on which the party ultimately did not prevail does not mean that the deposition was therefore merely useful for discovery." (internal citation and quotation marks omitted)).

[38] *See, e.g.*, *Apple Inc.*, 2014 WL 4745933, at *6-7; *Plantronics, Inc. v. Aliph, Inc.*, Case No. 09-cv-01714, 2012 WL 6761576, at *6 (N.D. Cal. Oct. 23, 2012); *City of Alameda v. Nuveen Mun. High Income Opportunity Fund*, Case No. 08-cv-04575, 2012 WL 177566, at *3 (N.D. Cal. Jan. 23, 2012).

[39] *See, e.g.*, *Petroliam Nasional Berhad v. GoDaddy.com, Inc.*, Case No. 09-cv-5939, 2012 U.S. Dist. LEXIS 64555, at *6 (N.D. Cal. May 8, 2012) ("[T]he court finds that the charge for 'shipping and handling' can reasonably be viewed as part of 'the cost of an original and one copy of any deposition.'"); *In re Ricoh Co.*, Case No. 03-cv-02289, 2010 U.S. Dist. LEXIS 144033, at *17 (N.D. Cal. Sept. 29, 2010) (holding "shipping costs for deposition transcripts are taxable.").

9
Case No. 5:11-cv-01079-PSG
ORDER GRANTING-IN-PART MOTIONS SEEKING REVIEW OF CLERK'S TAXATION OF COSTS

testifying witnesses. The court therefore will exclude only the deposition costs associated with those 14 witnesses—$28,137.69.[40] The remaining deposition costs will stand in full.

Apple also raises issues with the award of costs. In particular, Apple seeks review of the Clerk's denial of $219,544.66 of its requested $220,644.66 in exemplification costs. Under our rules, "[t]he cost of reproducing disclosure or formal discovery documents when used for any purpose in the case is allowable," and "[t]he cost of preparing charts, diagrams, videotapes, and other visual aids to be used as exhibits is allowable if such exhibits are reasonably necessary to assist the jury or the Court in understanding the issues at the trial."[41] Apple's requested costs break down into three primary categories: reproduction of necessary documents, trial graphics and demonstratives and electronic discovery file processing and uploads. The court will address each category in turn.

As to reproduction of necessary documents, the primary issue is whether reproduction was indeed necessary and whether the information that Apple provided the court in support of its bill of costs is sufficient to establish necessity. The court finds that—for the most part—these costs are appropriately recoverable. While Emblaze points to *Apple v. Samsung* to support its contention that Apple's identification of "blowbacks" is insufficient because it does not specify whether the copies were made for formal discovery, for the convenience of the court or for the purposes of trial, the situation here is different. In *Apple v. Samsung*, Judge Koh was presented with documents that were identified only as having been used in discovery, and in that scenario—without more—there was no way for the court to determine whether the blowbacks properly fell within the bounds of Local Rule 54-3(d).[42] Here, Apple clearly seeks recovery for blowbacks created for trial. The invoices that Apple submitted identify the projects as ones associated with trial preparation, such as

---

[40] Apple's request in this category—$81,678.06—is reduced by the cost of the 14 non-testifying witnesses—$28,137.69—for a total cost award of $53,540.37. *Cf.*, *TransPerfect Global, Inc.*, 2014 WL 1364792 at *5.

[41] Civ. L.R. 54-3(d)(2), (5).

[42] *See Apple Inc.*, 2014 WL 4745933, at *9.

10
Case No. 5:11-cv-01079-PSG
ORDER GRANTING-IN-PART MOTIONS SEEKING REVIEW OF CLERK'S TAXATION OF COSTS

"Apple Trial Exhibits" and "Emblaze Trial Exhibits."[43]  Plus, the invoices date from just a few weeks before trial, through trial itself.[44]  There is no plausible argument that these blowbacks were created for any other reason.

As to delivery charges that Apple tried to squeeze into its reimbursement under Civ. L.R. 54-3(d), the court finds that deliveries to the court for a "Bench Brief" and "Mtn for Judgment, Amended" are not within the ambit of trial exhibits and are therefore not taxable.[45]  But the delivery charge associated with the lodging of deposition designations with the court is necessarily related to trial and trial exhibits and thus is permissible under the local rule.  In all, the court awards costs to Apple associated with reproduction for trial in the amount of $67,996.71.[46]

Apple also seeks costs for creation of trial graphics and demonstratives.  Although the parties dispute the timeliness of Apple's submission of certain invoices *in camera* for review, the court has no problem with Apple's good-faith attempt to provide the court with all information necessary to make a reasoned determination about whether to tax costs.  Further, the court is unpersuaded by Emblaze's unsupported argument that Apple should not be able to recover based on invoices that it will not share-in-full with Emblaze due to attorney-client privilege.[47]  This case is exactly the type of complex litigation that requires high-quality demonstratives for the edification of the jury.[48]

---

[43] *See* Docket No. 623-5 (as determined upon review of unredacted invoices submitted *in camera* per Docket Nos. 638, 641).

[44] *See Am. Color Graphics, Inc. v. Travelers Prop. Cas. Ins. Co.*, Case No. 04-cv-03518, 2007 WL 832935, at *5 (N.D. Cal. Mar. 19, 2007) (allowing recovery of costs associated with trial exhibits and necessary witness binders where "[t]his Court does expect that counsel will provide the Court with a copy of such materials and a copy to be furnished to opposing counsel.").

[45] Civ. L.R. 54-3(d)(3) ("[t]he cost of reproducing copies of motions, pleadings, notices, and other routine case papers is not allowable.").

[46] Apple's request in this category—$68,097.96—is reduced by the cost of delivery of courtesy copies to the court ($48.75 plus $52.50).

[47] Emblaze's attempt to parallel taxation of costs with an award of attorney's fees is equally unpersuasive.

[48] *See, e.g.*, *Computer Cache Coherency Corp. v. Intel Corp.*, Case No. 05-cv-01766, 2009 WL 5114002 (N.D. Cal. Dec. 18, 2009) (allowing recovery of costs for animated presentations where "[t]he court finds that the animated presentations were useful and reasonably necessary given the

That being said, upon review of the unredacted versions of the invoices that Apple submitted *in camera*, the court is not convinced that reimbursement is required for the full amount of $68,180.00 that Apple seeks. Specifically, included in the invoice itemization is time spent delivering materials to the courthouse and time spent meeting with individuals about demonstratives. Because our local rules only support "the physical preparation and supplication of documents[,] and not the intellectual effort involved in their production[,]" time spent in meetings related to these documents cannot be taxed. And Apple has offered no reasonable justification for how the $400.95 delivery charge from First Legal Support for picking up rolling carts and boxes from the courtroom can readily be included as a cost under reproduction and exemplification. The court finds that this type of delivery charge is not warranted under Civ. L.R. 54-3 as it was incurred as a convenience rather than out of necessity for trial. In all, the court grants Apple $66,005.00 for trial graphics and demonstratives.[49]

This leaves the court with whether Apple can seek reimbursement for its in-court technician. As a rule, in complex patent litigations in this district, "[t]he in-court technician time and the equipment costs associated therewith are . . . permitted" when "the Court acknowledges that the demonstratives could not have been presented without the appropriate technical resources."[50] There are two sets of costs itemized on the invoice—charges for pre-trial services and on-site services during trial. But based on the invoices themselves, the court cannot determine exactly what the technician was doing for the collective 309 hours he consulted for Apple. At most, the court can presume that the time he spent in the courtroom during trial was related to the presentation of demonstrative exhibits for which reimbursement is allowed. In this trial, where the

---

complexity of the issues in this case."); *Competitive Techs. v. Fujitsu Ltd.*, Case No. 02-cv-01673, 2006 WL 6338914, at *9 (N.D. Cal. Aug. 23, 2006) (granting an award of costs for demonstratives where "[g]iven the potential financial impact of this lawsuit, the cost of the demonstratives was reasonable in light of their usefulness.").

[49] Apple's request in this category—$68,180.00—is reduced by time spent in meetings and time spent delivering materials to the court house ($25.00 plus $350.00 plus $18,00.00) plus the First Legal Support delivery charge ($400.95).

[50] *Shum v. Intel Corp.*, 682 F. Supp. 2d 992, 1000 (N.D. Cal. 2009).

jury commenced deliberations on day eight,[51] the court can only reasonably assume that services for eight days from 9:00AM to 4:30PM[52] fall within the statutory requirement.[53] Absent more specificity, the court can make no further determination. At the technician's rate of $225.00 per hour, the court grants Apple costs related to this work in the amount of $11,700.00.[54]

The final dispute concerns what aspects of "e-discovery" can be appropriately taxed. Apple seeks $23,710.75, which it argues is based solely on the costs associated with electronic documents actually produced to Emblaze in response to discovery requests. Cost recovery for e-discovery is generally slated under exemplification and copies costs[55]—the idea being that electronic discovery and production costs are recoverable only to the extent analogous to an exchange of hardcopy information.[56] And in the Northern District, only costs incurred specifically to produce documents to the opposing party are recoverable.[57] The challenge in calculating e-discovery costs tends to

---

[51] *See* Docket No. 605.

[52] The court will consider the length of the trial day for these purposes to be six and one-half hours—to account for a daily one-hour lunch break.

[53] *See* Docket No. 539.

[54] Apple's request in this category—$60,225.00—is reduced to time spent in trial (6.5 hours per day times 8 days) at the rate of $225.00 per hour.

[55] *See* 28 U.S.C. § 1920(4) (allowing recovery of costs for "exemplification and copies of papers necessarily obtained for use in the case"); Civ. L.R. 54-3(d)(2) (allowing recovery of costs for "[t]he cost of reproducing disclosure or formal discovery documents when used for any purpose in the case").

[56] *See In re Online DVD-Rental Antitrust Litig.*, Case Nos. 11-cv-18034, 12-cv-16160, 12-cv-16183, 2014 WL 845842, at *8 (9th Cir. Feb. 27, 2015) (adopting a "narrow construction of § 1920(4)"); *eBay Inc. v. Kelora Sys., LLC*, Case No. 10-cv-04947 et al., 2013 WL 1402736, at *5 (N.D. Cal. Apr. 5, 2013) (awarding e-discovery costs analogous to "making copies" but not for the parties' convenience or related to the "intellectual effort" involved in document production); *Petroliam Nasional Berhad*, 2012 WL 1610979, at *4 (allowing recovery of e-discovery costs that were "necessary to convert computer data into a readable format"), *aff'd*, 737 F.3d 546 (9th Cir. 2013); *see also Race Tires Am. Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 171 (3d Cir. 2012); Preston Register, *How Much Do I Owe You for That Copy? Defining Awards Under 28 U.S.C. § 1920(4)*, 65 Ala. L. Rev. 1087, 1102 (2014).

[57] *See* Civ. L.R. 54-3(d)(2); *see also Kwan Software Eng'g, Inc. v. Foray Techs., LLC*, Case No. 12-03762, 2014 WL 1860298, at *5 (N.D. Cal. May 8, 2014) (rejecting all e-discovery costs associated with unproduced documents); *In re Ricoh Comp., Ltd.*, 661 F.3d 1361, 1368 (Fed. Cir. 2011) (rejecting costs when it was unclear which party received the claimed production).

arise from how to allocate overall e-discovery costs without having to parse—document by document—what went where. Other courts in this district have approved a method that calculates what percentage of overall documents were produced to the opposing party and then applies that percentage to production-related costs in the vendor's invoices.[58]

Following their lead, Apple calculated that approximately eleven percent of the records its document vendor hosted were actually produced to Emblaze in response to its discovery requests. The court approves this calculus for charges associated with Fast Track upload and work to prepare upload files.[59] But the court cannot grant costs for the Variable License Fee—even at the modest eleven percent that Apple has put forth. The law in this district is clear that "the court does not tax hosting fees."[60] Apple—in its opening brief—describes the "variable license fee" as "the monthly storage cost for storing data (i.e. documents for review and production in response to Emblaze's discovery requests.)"[61] No authority suggests that there is any exception for denial of hosting fees simply because the fees are associated with document production to the other party—indeed all

---

[58] *See, e.g.*, *Apple Inc.*, 2014 WL 4745933, at *12 (calculating the approximate percentage of e-discovery costs that were spent on document production to opposing party and awarding costs accordingly).

[59] *See Kwan Software Eng'g, Inc.*, 2014 WL 1860298, at *4 (finding recoverable fees for ".TIFF and OCR conversion, Bates stamping, load file and other physical media generation" (citing *Alzheimer's Inst. of Am., Inc. v. Elan Corp. PLC*, Case No. 10-cv-00482, 2013 U.S. Dist. LEXIS 31952, at *16 (N.D. Cal. Jan. 31, 2013))); *eBay Inc.*, 2013 WL 1402736, at *7 (finding recoverable fees related to "scanning paper documents, electronic scanning and conversion to PDF, TIFF conversion, OCR, image endorsement/Bates stamping, slip sheet preparation, blowback scanning paper documents, media hardware used for production, electronically stamping Bates numbers, slipsheet preparation, blowback preparation, and OCR conversion.").

[60] *eBay Inc.*, 2013 WL 1402736, at *17; *see Kwan Software Eng'g, Inc.*, 2014 WL 1860298, at *4 ("[T]he Ninth Circuit and the courts of this district have long held that costs compensable under section 1920 are only permitted for preparation and duplication of documents, not the efforts incurred in assembling, collecting, or processing those documents. Therefore, e-discovery storage costs are non-compensable under Section 1920." (internal quotation marks omitted) (citing *Ancora Techs., Inc. v. Apple, Inc.*, Case No. 11-cv-06357, 2013 U.S. Dist. LEXIS 121225, at *7-8 (N.D. Cal. Aug. 26, 2013))).

[61] Docket No. 658 at 9-10.

14
Case No. 5:11-cv-01079-PSG
ORDER GRANTING-IN-PART MOTIONS SEEKING REVIEW OF CLERK'S TAXATION OF COSTS

hosting fees are so associated. Ultimately, the court awards Apple $8,511.24 in e-discovery costs.[62]

IV.

The court awards Apple $199,184.09 in costs based on the following adjustments:

| | |
|---|---|
| **Original Clerk's Taxation of Costs:** | $73,108.83 |
| Trial Transcripts | $0 |
| Deposition Transcripts | ($28,137.69) |
| Document Reproduction | $67,996.71 |
| Trial Graphics/Demostratives | $66,005.00 |
| Court Technician | $11,700.00 |
| E-Discovery | $8,511.24 |
| **TOTAL COSTS TAXED:** | **$199,184.09** |

SO ORDERED.

Dated: March 20, 2015

                                           _____
                                           PAUL S. GREWAL
                                           United States Magistrate Judge

---

[62] Apple's request in this category—$23,710.75—is reduced by 11% of the variable license fee ($15,199.51).

15

Case No. 5:11-cv-01079-PSG
ORDER GRANTING-IN-PART MOTIONS SEEKING REVIEW OF CLERK'S TAXATION OF COSTS